

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 4, 2023

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Robert Menendez, et. al*,
      23 Cr. 490 (SHS)

Dear Judge Stein:

  The Government respectfully writes to request that the Court enter a protective order pursuant to Federal Rule of Criminal Procedure 16(d). A proposed order is attached as Exhibit A. Despite negotiations over the past week with the defense, we understand that the defense has a few remaining objections to the entry of the Government's proposed protective order that the parties have been unable to resolve. As explained below, good cause supports the entry of the Government's proposed order.

  **I.** **Background**

  On September 21, 2023, a grand jury in this district returned Indictment 23 Cr. 490 (SHS), which charges Robert Menendez, Nadine Menendez, a/k/a "Nadine Arslanian," Wael Hana, a/k/a "Will Hana," Jose Uribe, and Fred Daibes in three counts, arising from a corrupt relationship in which Menendez and Nadine Menendez agreed to and did accept hundreds of thousands of dollars of bribes in exchange for using Menendez's power and influence as a Senator to seek to protect and enrich Hana, Uribe, and Daibes, and to benefit the Arab Republic of Egypt. Count One charges all defendants with conspiring to commit bribery of a federal employee, in violation of 18 U.S.C. §§ 201(b)(1)(A) and (C) and (b)(2)(A) and (C), and 371; Count Two charges all defendants with conspiring to commit honest services fraud, in violation of 18 U.S.C. § 1349; and Count Three charges Menendez and Nadine Menendez with conspiring to commit extortion under color of official right, in violation of 18 U.S.C. § 1951.

Honorable Sidney H. Stein
October 4, 2023
Page 2

Hana was arrested on September 26, 2023, and was presented and arraigned before Magistrate Judge Ona T. Wang the same day. The other defendants each appeared pursuant to a summons and were presented and arraigned before Magistrate Judge Wang on September 27, 2023. Later on September 27, the Government proposed to all counsel a standard protective order similar to those routinely used in this district, and asked the defendants to confirm they were requesting discovery; on September 29, the defendants, through counsel, confirmed they were requesting discovery. Over the past week, the Government discussed the proposed protective order with all defendants' counsel on multiple occasions and agreed to make multiple modifications based on those discussions.

The Government has begun the process of making productions of materials that would not be subject to a protective order, but, as mentioned at Monday's initial pretrial conference, the bulk of the discovery in this case requires a protective order in order to facilitate the efficient and speedy production of those materials. And, as the Government has explained to defense counsel, the Government has already spent weeks of time preparing and processing materials with the expectation that a standard protective order would be entered promptly in this case.

**II.   Applicable Law**

Under Federal Rule of Criminal Procedure 16(d), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). "[T]he Supreme Court has held that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *United States v. Smith*, 985 F. Supp. 2d 506, 521 (S.D.N.Y. 2013) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

In evaluating good cause, the Court can consider "the safety of witnesses and others," the "particular danger [of] perjury or witness intimidation," and the protection of business enterprises from economic reprisals. *United States v. Urena*, 989 F. Supp. 2d 253, 262 (S.D.N.Y. 2013) (quoting Fed. R. Crim. P. 16, Advisory Committee Notes, 1966 Amendment). And courts routinely find good cause for protective orders in this district to protect the identities of witnesses, *see, e.g.*, *Urena*, 989 F. Supp. 2d at 262, and to address "countervailing law enforcement concerns," *United States v. Kerik*, No. 07 Cr. 1027 (LAP), 2014 WL 12710346, at *2 (S.D.N.Y. July 23, 2014). Protective orders are frequently necessary in cases (like this one) in which the Government intends to "provide a vast amount and array of discovery materials, including audio recordings, transcripts, computer files, business records, telephone records, and other materials." *Smith*, 985 F. Supp. 2d at 546.

When the Government seeks a protective order, it bears the burden of establishing good cause. *See, e.g.*, *United States v. Jackson*, No. 21 Cr. 537 (LTS), 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022). In cases involving voluminous materials, like this one, courts frequently issue "[b]lanket or umbrella protective orders," under which "everything is tentatively protected until otherwise ordered." *Smith*, 985 F. Supp. 2d at 545.

Honorable Sidney H. Stein
October 4, 2023
Page 3

### III. Good Cause Supports Entry of the Protective Order

There is good cause for a protective order relating to the discovery materials the Government anticipates producing in this case. Those materials include, among other things, the contents of numerous electronic devices, which contain communications among many people other than the defendants or those engaged in misconduct; law enforcement records, including records discussing persons other than the defendants; recordings by law enforcement and related records; financial records, including those of third parties; travel records; business records from internet and cell phone providers and social media companies; business records produced by and relating to various other non-parties and witnesses; and Government records relating to, among other things, sensitive matters of foreign policy. A protective order governing the use and publication of those records is necessary because their broad dissemination would pose at least four specific risks.

*First*, the materials include, among other things, information pertaining to the Government of Egypt, information from various sources about potential Egyptian operations in the United States, information regarding the operations and activities of certain federal and state government bodies, and documents relating to law enforcement's sources and methods. None of the materials that will be subject to this protective order is classified—the Government has determined that they can appropriately be produced to the defendants in order to comply with and exceed the Government's discovery obligations—but there would still be law enforcement and national security consequences to their public disclosure, or to their dissemination to individuals abroad or affiliated with a foreign government. Moreover, the sensitives presented here are particularly acute because, as noted at the initial pretrial conference, the Government is seeking declassification of certain currently classified documents in order to produce them to the defense subject to an appropriate protective order.

*Second*, the protective order is necessary to protect the privacy interests of uncharged third parties whose personal information is contained in the discovery materials, and the commercial interests of private businesses. Those materials include, for instance, phone records containing the names and phone numbers of numerous third parties; financial records containing the names, dates of birth, contact information, and financial information of numerous third parties; and private communications of third parties, including those concerning foreign policy or lobbying. Absent a protective order, those materials could be disseminated online, or to the press, or to countless others, revealing sensitive private information and strategy. Similarly, the Government's discovery production includes information sought from, or concerning, multiple private businesses, including information that the Government believes could if widely disseminated cause financial loss or other harm to a business entity.

*Third*, and relatedly, the discovery in this case includes documents that could lead to the identification of a number of potential witnesses in the case. Those documents include not only the records described above, but also other information provided by potential witnesses to law enforcement either voluntarily or in response to subpoenas. The public revelation of the identities of witnesses in this case could endanger those individuals' privacy and economic well-being, especially given the significant media attention this case has garnered thus far. The Government

Honorable Sidney H. Stein
October 4, 2023
Page 4

has a strong interest in protecting the identities, privacy, and safety of civilian witnesses who have provided information in this case and who may testify at trial.

*Fourth*, certain of the discovery in this case will reveal the scope and focus of the Government's ongoing investigation, and the public dissemination of it could jeopardize the Government's continuing investigation, not all aspects of which are public.

Moreover, the proposed protective order will greatly facilitate the swift provision of voluminous discovery. Numerous documents within the Government's production, if they could be produced without a protective order in any form, would at a minimum require highly time-consuming redactions that would be inconsistent with the schedule set by the Court.

Finally, although the Government understands that defense counsel objects to certain aspects of the proposed protective order, this order includes multiple features intended to accommodate case-specific requests made by the defense, including providing a structured process for the defense to seek relief from the Court regarding certain aspects of the order, on a document-by-document basis, under a framework intended to accommodate defense counsel's legitimate interests and to provide the Court with the information needed to assess the advisability of such document-specific relief.

In sum, good cause exists to protect the information the Government wishes to disclose to the defendants. The Government's proposed order is appropriate under the circumstances, and we respectfully request that the Court should enter it to facilitate the prompt production of discovery materials.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Eli J. Mark
      Eli J. Mark
      Paul M. Monteleoni
      Daniel C. Richenthal
      Lara Pomerantz
      Assistant United States Attorneys
      (212) 637-2431/2219/2109/2243

Enclosure

cc:     (by ECF)

        Counsel of Record