

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2023

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Robert Menendez, et. al,***
            **23 Cr. 490 (SHS)**

Dear Judge Stein:

      The Government respectfully writes to request that the Court hold a hearing, pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), with respect to Lawrence Lustberg, Esq. and Anne Collart, Esq., counsel to defendant Wael Hana, in the above-captioned matter. In advance of the hearing, the Government will submit a proposed colloquy for the Court's consideration.

      As discussed at the October 2, 2023 initial pretrial conference, Mr. Lustberg presently represents co-defendant Fred Daibes in his pending federal case in the District of New Jersey, which case is related to the charges in this matter. *See, e.g.*, Indictment ¶ 38. Ms. Collart likewise also represents Daibes in the pending New Jersey federal case. Since the initial conference before Your Honor earlier this week, the district judge in the District of New Jersey has rejected Daibes's plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), increasing the likelihood of future litigation in that case. This representation presents at least a potential conflict-of-interest regarding Mr. Lustberg's and Ms. Collart's ongoing duty to Daibes, including their duty to maintain confidences. *See, e.g.*, *United States v. Perez*, 325 F.3d 115, 127 (2d Cir. 2003).

      In addition, as discussed at the initial pretrial conference, Mr. Lustberg has personal knowledge of certain facts relevant to this matter. *See, e.g.*, Indictment ¶¶ 40, 44(c). Such knowledge raises two related, but distinct concerns: First, the Government at trial may seek to call Mr. Lustberg and/or enter into evidence materials or elicit testimony from other witnesses regarding events with which Mr. Lustberg was involved. Second, Mr. Lustberg (and his co-counsel) may be limited in their ability to make certain arguments to the Court or the jury at trial,

Honorable Sidney H. Stein
October 6, 2023
Page 2

irrespective of whether their client, Hana, wishes them to make these arguments.  Although the Court need not resolve the question now, the first of these issues could present an "unsworn witness" issue regarding at least Mr. Lustberg.  *See, e.g.*, *United States v. Locascio*, 6 F.3d 924, 933-34 (2d Cir. 1993); *United States v. Kerik*, 531 F. Supp. 2d 610, 614-16 (S.D.N.Y. 2008).  The Government believes that the second of these issues is waivable by the defendant.  *See, e.g.*, *Perez*, 325 F.3d at 125-27.

Accordingly, the Government requests that the Court hold a *Curcio* hearing to ensure that Hana understands and knowingly waives the multiple issues arising from his continued retention of Mr. Lustberg and Ms. Collart.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Daniel C. Richenthal
Eli J. Mark
Paul M. Monteleoni
Daniel C. Richenthal
Lara Pomerantz
Assistant United States Attorneys
(212) 637-2431/2219/2109/2243

cc:   (by ECF)

Counsel of Record