## *United States v. Wael Hana, et al.*, S1 23 Cr. 490 (SHS) – Proposed Colloquy for *Curcio* Hearing

- Good afternoon.  Please state your full name.

- Do you speak and understand English fluently?

- If you would nevertheless like for an Arabic or other interpreter to be present for this or any other proceeding, will you let me know?

- How old are you?

- What is your highest level of education?

- Where did you receive that education?

- In the past 24 hours, have you taken any pills, drugs, or medication of any kind that would affect your ability to hear or understand this proceeding?

- In the past 24 hours, have you had any alcoholic beverages?

- Have you ever been treated or hospitalized for any mental illness, or alcohol or substance abuse?

- Are you now, or have you recently been, under the care of a doctor or psychiatrist?

- Do you feel alert, awake, and clear-headed today?

- Defense counsel, do you have any doubt about Mr. Hana's competence to proceed today with this *Curcio* hearing?

- Mr. Hana, you are currently represented by Mr. Lustberg and Ms. Collart, along with others from their law firm, Gibbons P.C., correct?

- Are you satisfied with their representation?

- An issue has arisen as to whether or not there is a conflict of interest or other potential problem with respect to Mr. Lustberg, Ms. Collart, and their firm in continuing to represent you, based on (1) their current representation of your co-defendant Fred Daibes in what is alleged to be a related federal case, and (2) Mr. Lustberg's personal knowledge of certain facts that the Government has alleged are relevant to this case.  Each of these things raises separate potential concerns.

- Now I want to be clear: I have not made any conclusions that either or both of them, or their law firm, have any actual conflict of interest, or whether any other problem may arise from their representation, but you have a right to conflict-free counsel, and I need to make sure that you understand what the potential conflict or other issues are.  It is up to you to decide whether or not, in light of the potential risks posed by their serving as your

- counsel, you wish to continue with them as your lawyers or whether you want to find new lawyers. And while I intend to reference the two of them specifically in the remainder of my questions, you should know that it is possible that the risks posed by their serving as your counsel may extend to their law firm as a whole, including any other counsel who are also representing you or may represent you from the same firm. Do you understand that?

- The purpose of this proceeding is for me to describe to you what this possible conflict is, and other risks, to make sure you understand them, and then for you to determine whether or not you want to go forward with Mr. Lustberg and Ms. Collart as your lawyers. Do you understand the purpose of this proceeding?

- As I go through these questions, I will offer you the opportunity to speak with another lawyer, not from their law firm, about the potential conflict or other risks, to the extent you have not already done so. You do not have to talk to another lawyer, but that is available to you. Do you understand that?

- You may also retain another lawyer, not from their law firm, to confer with about the issues we'll be discussing today. And you may do so while also continuing to be represented by Mr. Lustberg and Ms. Collart. Do you understand that?

- Do you also understand that, if you cannot afford counsel at any point during this case, one can be appointed for you, at no cost to you?

- Have you previously spoken to another lawyer, not from Gibbons, about the potential conflict or other risks?

- Let me also note that if you would like to take a break at any point during this proceeding, to consider what I have said, or to talk with your lawyers, just let me know. Do you understand that?

- I am now going to describe the potential risks in proceeding with Mr. Lustberg and Ms. Collart, and ask you some questions to ensure that you understand them.

Duties of Loyalty and Confidentiality

- In the United States, an attorney has to represent his or her client to the best of his or her ability. This obligation of that attorney is 100 percent to that client. Do you understand that?

- An attorney has a duty of loyalty to that client, not to anybody else, regardless of who may be paying the attorney's bills, and regardless of the nature of the proceeding. Do you understand that?

- An attorney also has a duty of confidentiality. Anything you tell your attorneys, as long as it's done in the context of his or her representation of you and in the context of you seeking legal advice, is confidential. Your attorney cannot tell anyone else about what

- you have been telling them, and they cannot use anything you have been telling them in any way without your consent, except in certain very limited circumstances.  Do you understand that?

- So, in this matter, Mr. Lustberg and Ms. Collart have both a duty of loyalty to you, and *only you*, and a duty of confidentiality that arises out of their representation of you.  Do you understand that?

- Now, Mr. Lustberg and Ms. Collart have also previously formed an attorney-client relationship with Fred Daibes, a co-defendant in this case, in connection with a different matter that is not before this Court, but is alleged to be related to the matter before this Court.  Do you understand that?

- I am referring to Mr. Daibes's pending federal criminal case in the District of New Jersey.  Are you aware that he has that case?

- Are you aware that it is pending, that is, ongoing?

- Are you aware that the Government has alleged that that case is related to this case in certain ways?  I am not taking a position on that allegation, or any other allegation in this case, but I want to ensure that you understand that they are alleged to be related.  As relevant here, in sum, both the original indictment and the superseding indictment allege that both you and Mr. Daibes, along with others, participated in a conspiracy in which your co-defendant Robert Menendez received bribes, including through his wife, your co-defendant Nadine Menendez, in exchange for, among other things, promising and seeking to interfere with Mr. Daibes's pending federal criminal case in the District of New Jersey.  Are you aware of that allegation?

- Have you reviewed the superseding indictment?

- Without telling me what they have said, have Mr. Lustberg and Ms. Collart discussed this allegation and the potential conflict of interest that it and their representation of Mr. Daibes poses with you?

- As a client of Mr. Lustberg and Ms. Collart in that other matter, they owe a duty of loyalty and confidentiality to Mr. Daibes.  Do you understand that?

- And in particular, if they learned something confidential in their representation of Mr. Daibes in the other matter that might be helpful to you, they cannot use it to help you without Mr. Daibes's consent.  This holds true even if it would not harm Mr. Daibes, because they have that duty of loyalty and duty of confidentiality to Mr. Daibes.  Do you understand that?

- And this potential conflict extends both to questioning witnesses and to arguments they might make to me or the jury.  Do you understand that?

3

- This is the essence of the potential conflict:  Mr. Lustberg and Ms. Collart could not do something to help you in this case, to the extent they would be otherwise obligated to, if doing so conflicted with their duty of loyalty or duty of confidentiality to Mr. Daibes.  Do you understand that?

- Further, Mr. Lustberg and Ms. Collart might, because they have these duties to Mr. Daibes, be limited in what advice they could give you.  For example, and I am not suggesting this is necessarily the case, they might otherwise recommend that you cooperate, testify, or take other actions in defending this case—but those actions might hurt Mr. Daibes in this case or his other case, which means that their duty to you and duty to him may conflict.  Do you understand that?

- This is true even if they ended their attorney-client relationship with Mr. Daibes in that other matter, or if he ended it.  Do you understand that?

- This is also true if Mr. Daibes's other case were to be completed.  Do you understand that?

- Do you understand, in sum, that this all could conceivably affect the way in which Mr. Lustberg and Ms. Collart represent you in this case, including advice they give you, actions they undertake on your behalf, and arguments they make to me or the jury?

- Do you understand that this potential conflict has existed throughout the time when Mr. Lustberg and Ms. Collart represented both Mr. Daibes and you?

- In short, the potential conflict did not start when you were charged.  Do you understand that?

- I cannot tell you every potential way that this potential conflict could arise because I do not know what is going to happen in this case, but, given the importance of this issue, I want to be specific about certain things that could arise.

- For example, it may be that Mr. Daibes has told Mr. Lustberg or Ms. Collart confidential information in connection with that other matter that they could use to make arguments to me or the jury or to question witnesses in this case.  Unless Mr. Daibes were to consent, neither Mr. Lustberg nor Ms. Collart could use that information, even if doing so would help you.  Again, I am not suggesting that this is in fact the case, only that it is a possibility.  Do you understand that?

- It is also possible that Mr. Daibes could be a witness against you at trial or in other proceedings in this case.  If Mr. Daibes testifies, you have the right to cross-examine him through your lawyers.  But again, Mr. Lustberg and Ms. Collart could not use any confidential information that they obtained or learned from Mr. Daibes to cross-examine Mr. Daibes if he were to testify.  Do you understand that?

- It may also be that there might be a different witness or witnesses whom Mr. Lustberg and Ms. Collart would want to call in your defense.  Unless Mr. Daibes were to consent,

Mr. Lustberg and Ms. Collart could not use any confidential information they learned from their representation of Mr. Daibes to question that witness or witnesses.  Do you understand that?

- Generally, any duty of loyalty or confidentiality that Mr. Lustberg and Ms. Collart have to Mr. Daibes could cause them to question witnesses less vigorously or less effectively than an un-conflicted attorney might do.  Do you understand that?

- Mr. Lustberg and Ms. Collart may also refrain from or be limited in their ability to make certain arguments to me or at trial, should the case go to trial, or at some other proceeding regarding the evidence in this case, even though such arguments may be beneficial to you because of their ongoing duties of loyalty and confidentiality to Mr. Daibes.  Do you understand that?

- It is important to understand that no one can predict with any certainty the course that this case will take or how the restrictions on Mr. Lustberg's and Ms. Collart's ability to represent you will affect you in this case.  Do you understand that?

- These restrictions continue beyond trial.  In the event that you were to be convicted, the same restrictions would apply at sentencing, and any appeal or other proceeding.  Do you understand that?

- The examples I have given you are just examples—I cannot tell you precisely how any potential conflict may arise.  Do you understand that?

- Do you want me to appoint another attorney, who is independent, to discuss this potential conflict, and how it could play out or hinder your defense, with you?

- Because this potential conflict issue is so important, and neither I nor anyone else can foresee all the ways in which that potential conflict may arise, I want to make sure that you fully understand what this potential conflict is.  So, can you explain in your own words what you understand the potential conflict to be, and how it could affect your defense?

- If you do decide that you want Mr. Lustberg and Ms. Collart to continue to represent you in this case, you cannot in the future argue that they did not adequately represent you because they had the potential conflict I have described.  Do you understand that?

- In short, if you decide to proceed with Mr. Lustberg and Ms. Collart even though they have a potential conflict of interest, you cannot argue in the future that they did not do a sufficient job defending you in light of the potential conflict.  Do you understand that?

- In addition, I have set a trial date in this matter for May 6, 2024, and as I said at the initial conference, I expect you and your co-defendants to be prepared to proceed to trial on that date.  That means that if you decide in the future to change counsel, for any reason, you will need to do so sufficiently before the trial date for that counsel to get up to speed and proceed with trial on May 6, 2024.  Do you understand that?

- Is there anything that I've said to you or that I brought up that you wish to have explained further, or that you have any question about?

- In light of everything I have said, do you wish to have Mr. Lustberg and Ms. Collart continue to represent you in connection with the charges against you in this case?

- Is that your own decision?

- Have you had sufficient time to think about it?

- Have you received any threat, inducement, payment, or other promise that may have influence your decision on this issue?

Attorney's Personal Knowledge of Certain Facts

- Now I will turn to a different potential issue in this case. As I understand it, Mr. Lustberg has personal knowledge of certain facts alleged to be relevant to the charges here. Mr. Lustberg's knowledge arises from his representation of Mr. Daibes. Do you understand that?

- Ms. Collart, because she also represents Mr. Daibes, may similarly have personal knowledge of the same facts or have discussed them with Mr. Lustberg at the time he learned them. Do you understand that?

- In short, Mr. Lustberg, at least according to the Government, is a potential witness in this case. The Government alleges that Mr. Lustberg participated in, among other things, relevant conversations with your co-defendants Robert Menendez and Fred Daibes. And there is at least a chance that Ms. Collart is also a potential witness as to the same facts. Do you understand that?

- Now I am not taking a position on the facts, or what evidence is admissible, or whether either Mr. Lustberg or Ms. Collart could be a witness, but it is important that you understand that the fact that he is a potential witness, and that she may be, presents multiple risks to you. Do you understand that?

- Without telling me what they have told you, have you talked about this issue with Mr. Lustberg and Ms. Collart?

- As I mentioned earlier, if you would like, I will appoint an independent lawyer to talk with you about this issue. Would you like me to do so?

- Have you previously talked with a lawyer not affiliated with Gibbons about this issue?

- There are at least two risks to you from one or both of your counsel being a potential witness. First, neither counsel, nor anyone else from their firm, can make arguments to me or the jury that are not consistent with their personal knowledge of the facts. In short,

if either knows something to be true, neither them nor others from their firm can argue to me that it is false.  Do you understand that?

- They also cannot question other witnesses in a manner suggesting that a fact that they personally know is true is false.  Do you understand that?

- As with the potential conflict of interest I described earlier, in short, this could affect the advice you receive, arguments that your lawyers make, or their questioning of witnesses.  Do you understand that?

- The second risk to Mr. Lustberg or Ms. Collart being a potential witness is that he or she might in fact be called as a witness by the Government.  Now again, I am not making any decision today about what would happen if that were to occur, but it is important for you to understand that if the Government were to call one or both of them as a witness, there is at least the possibility that might mean that one or both of them would have to withdraw as your counsel.   Do you understand that?

- Put differently, generally, a lawyer cannot serve as both a lawyer and testify as a witness.  Do you understand that?

- It is also important for you to understand that no one can predict with certainty right now whether the Government will decide to call Mr. Lustberg or Ms. Collart as a witness.  That decision will be made closer to trial—yet as I have told you, I expect you to be ready to proceed to trial on May 6, even if you decide to change counsel.  By continuing with Mr. Lustberg and Ms. Collart, you are therefore taking on the risk that you will lose one or both of your attorneys, or their law firm, closer to trial.  Do you understand that?

- It is also possible that the fact that Mr. Lustberg is a potential witness might affect his advice to you, and the same for Ms. Collart, or the advice of their colleagues, because they may prefer not to be a witness.  Do you understand that?

- Similarly, if you may prefer that they not be a witness, it could affect your ability to follow their advice or to make certain decisions.  Do you understand that?

- Relatedly, even if Mr. Lustberg and Ms. Collart are not called as witnesses it is possible that *other* witnesses may be aware that either was personally involved in or has knowledge of certain facts, and that may create challenges for them or others to cross-examine those witnesses, which would not be an issue with a different lawyer who had no personal knowledge of the facts.  Do you understand that?

- Although I am not making any decision today or attempting to predict the future, it is possible that in light of what other witnesses know or say, or what certain documents show, Mr. Lustberg or Ms. Collart might have to withdraw as counsel even if they were not themselves actually testifying witnesses.  Do you understand that?

- As I said earlier, because it is so important, and neither I nor anyone else can foresee all the ways in which that potential conflict or other issue may arise, I want to make sure that you fully understand the risks to you.  So, can you explain in your own words what you understand the potential conflict to be concerning Mr. Lustberg or Ms. Collart being a potential witness, and how it could affect your defense?

- If you do decide that you want them to continue to represent you in this case, you cannot in the future argue that they did not adequately represent you because either had the potential conflict I have described.  Do you understand that?

- In addition, as I have said, I expect you and your co-defendants to be prepared to proceed to trial on May 6, 2024.  That means that if Mr. Lustberg or Ms. Collart has to withdraw, even if close to trial, there is no guarantee that the trial will be adjourned.  Do you understand that?

- If your current counsel were to withdraw, any new counsel may have less time to prepare for trial.  Do you understand that?

- Although I am using the word "withdraw," there is the possibility that I may order them to do so, that is, the decision is not solely theirs to make.  I am not at all saying that I will do that, but I want you to understand that there is a possibility that the Government or another party may ask me to make a decision as to whether Mr. Lustberg and/or Ms. Collart may continue to represent you, and even if they or you object, I may have to decide that they cannot continue to represent you, or that their law firm as a whole cannot.  Do you understand that?

- Is there anything that I've said to you or that I brought up that you wish to have explained further, or that you have any question about?

- In light of everything I have said, do you wish to have Mr. Lustberg and Ms. Collart continue to represent you in connection with the charges against you in this case?

- It that your own decision?

- Have you had sufficient time to think about it?

- Have you received any threat, inducement, payment, or other promise that may have influenced your decision on this issue?

- Do you understand that, with respect to Mr. Lustberg or Ms. Collart being a potential witness, we may have to revisit this issue before trial, that is, your decision to continue to proceed with them today does not necessarily mean that they can be your counsel for trial?