NA25menC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                          23 Cr. 490 (SHS)

 5   ROBERT MENENDEZ,
     NADINE MENENDEZ,
 6   WAEL HANA,
     JOSE URIBE,
 7   FRED DAIBES,

 8
                      Defendants.
 9
     ------------------------------x
10
                                           October 2, 2023
11                                         2:30 p.m.

12
     Before:
13
                        HON. SIDNEY H. STEIN,
14
                                           U.S. District Judge
15

16

17                           APPEARANCES

18   DAMIAN WILLIAMS
          United States Attorney for the
19        Southern District of New York
     BY:   PAUL M. MONTELEONI
20         ELI J. MARK
           LARA E. POMERANTZ
21         DANIEL C. RICHENTHAL
           Assistant United States Attorneys
22
     WINSTON & STRAWN, LLP
23        Attorneys for Defendant R. Menendez
     BY: SETH C. FARBER
24        DAVID A. KOLANSKY

25            (Appearances continued next page)
```

NA25menC

1

2                                    APPEARANCES

3

4    SCHERTLER ONORATO MEAD & SEARS
          Attorneys for Defendant N. Menendez
5    BY:  DANNY C. ONORATO

6    GIBBONS P.C.
          Attorneys for Defendant Hana
7    BY:  LAWRENCE S. LUSTBERG
          ANNE M. COLLART
8         RICARDO SOLANO, JR.

9    KRIEGER KIM & LEWIN LLP
          Attorneys for Defendant Uribe
10   BY:  NICHOLAS J. LEWIN

11   PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
          Attorneys for Defendant Daibes
12   BY:  ROBERTO FINZI
               -and-
13   ARLEO & DONOHUE, LLC
     BY:  TIMOTHY M. DONOHUE

14

15

16

17

18

19

20

21

22

23

24

25

NA25menC

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your names

3     for the record.

4          MR. MONTELEONI:  Good afternoon, your Honor.  Paul

5     Monteleoni for the government.  With me at counsel table are my

6     colleagues Eli Mark, Lara Pomerantz and Daniel Richenthal.

7          THE COURT:  Good afternoon.  You may be seated in the

8     front row.

9          MR. FARBER:  Good afternoon, hour Honor.  Seth Farber

10    and David Kolansky for Senator Menendez.

11         THE COURT:  Good afternoon.  Mr. Farber, you requested

12    that I waive your client's appearance today and I granted that;

13    is that correct?

14         MR. FARBER:  That is, your Honor.  We appreciate the

15    Court's accommodation.

16         THE COURT:  Next.

17         MR. ONORATO:  Your Honor, good afternoon.  Danny

18    Onorato on behalf of it Nadine Menendez, who is in court with

19    me.

20         THE COURT:  Good afternoon.

21         MR. LUSTBERG:  Good afternoon, your Honor.  Lawrence

22    Lustberg, Gibbons P.C., on behalf of the defendant Wael Hana.

23    Mr. Hana is present.  With me are my partners Anne Collart and

24    Ricardo Solano.

25         THE COURT:  Good afternoon.  Please be seated.

NA25menC

| | |
|---|---|
| 1 | MR. LEWIN:  Good afternoon, Judge.  Nick Lewin for |
| 2 | Jose Uribe who is standing to my left. |
| 3 | THE COURT:  Good afternoon. |
| 4 | MR. LEWIN:  Good afternoon. |
| 5 | MR. FINZI:  Good afternoon, your Honor.  Roberto Finzi |
| 6 | and Timothy Donohue for defendant Fred Daibes who is with us at |
| 7 | counsel table. |
| 8 | THE COURT:  And Mr. Daibes is? |
| 9 | MR. FINZI:  In the middle. |
| 10 | THE COURT:  Good afternoon.  Please, be seated. |
| 11 | This is an indictment alleging conspiracy to commit |
| 12 | bribery against the defendants, conspiracy to commit honest |
| 13 | services fraud against all of the defendants, and conspiracy to |
| 14 | commit extortion under color of official right alleged against |
| 15 | Mr. and Mrs. Menendez. |
| 16 | Government, tell me what the status of discovery is, |
| 17 | what you have produced, what it consists of, when you can |
| 18 | complete your discovery obligations.  And I gather the record |
| 19 | reflects that the magistrate judge read the Rule 5(f) order to |
| 20 | you? |
| 21 | MR. MONTELEONI:  That's correct, your Honor, and we |
| 22 | confirmed our acceptance with and our compliance with our |
| 23 | obligations at the presentments of the defendants last week. |
| 24 | We have not yet been able to make productions of |
| 25 | discovery because we need a protective order to be in place. |

NA25menC

```
 1    On September 27, the date that the defendants were presented --

 2    the final defendants were presented, we sent over a proposed

 3    protective order to defendants.  We have had discussions with

 4    them this afternoon and several hours ago, those discussions

 5    are ongoing.  Our plan for discovery is that discovery in this

 6    case is going to be quite voluminous.  As you can imagine from

 7    the indictment, our investigation was lengthy and extensive and

 8    I should note that it is ongoing.  So our plan is to proceed in

 9    stages to get the defendants as much and as useful information

10    as quickly as practicable including materials that may be

11    relevant to any motions.  Discovery in this case involves the

12    investigation involves hundreds of subpoenas, approximately 50

13    different electronic accounts or devices that contents of which

14    were obtained pursuant to search warrants, and as I will get to

15    in a minute, there are also issues involving classified

16    information but first I would like to address the other aspects

17    of discovery.

18           We expect that as a result of our discussions with

19    defense counsel we will, at some point, be in a position to

20    propose a protective order to the Court and the Court will

21    enter an order, we expect, and shorty after the entry of that

22    order we plan to make an initial production of several thousand

23    pages of documents which are intended to be among the highest

24    priority documents.  We have engaged a vendor, we are producing

25    much of the discovery in a format that the defendants can load
```

NA25menC

1    into a document review database so that they can easily search

2    through the materials despite the volume.

3           Now, the initial production is going to be of moderate

4    volume but the next significant tranche of discovery will

5    encompass the bulk of the documents that we obtained pursuant

6    to grand jury subpoenas, among other documents.  Given the

7    volume of this production, we expect it will take a week or two

8    to complete our QC of that production, which is under way, and

9    for the vendor to process and provide the materials for the

10   defense.  In our experience, when dealing with volumes like

11   this, sometimes various technical snags and hiccups arise but

12   we presently expect that this production will be complete

13   within, perhaps, three to five weeks.  So, as I mentioned, we

14   have obtained voluminous electronically stored information from

15   a series of search warrants, and while we have completed a

16   responsiveness review pursuant to those warrants for a few

17   devices, it is ongoing for the variety majority of devices and

18   accounts and we expect it will take several months to complete

19   the responsiveness review.

20           THE COURT:  Several months, sir?

21           MR. MONTELEONI:  Yes, your Honor.  So we are talking

22   about approximately 50 accounts and devices which were over the

23   course of a lengthy investigation, and we recently obtained a

24   Rule 41 warrant on the contents of those accounts to expand our

25   search for additional subject offenses.  As a result, we are

NA25menC

1   hoping that we could have the responsiveness review done by the

2   end of the calendar year that could perhaps take a little bit

3   longer.

4           THE COURT:  Or a little bit shorter.

5           MR. MONTELEONI:  Or a little bit shorter.

6           THE COURT:  I am quite surprised you are talking about

7   the end of this calendar year.

8           MR. MONTELEONI:  Well, your Honor, it is October now

9   so that's --

10          THE COURT:  When do you think this case can be tried?

11          MR. MONTELEONI:  We think sometime next year, though

12  there is an issue that I would like to flag about certain forms

13  of motion practice when we get do that, but our proposal is

14  that with all of these we propose to be, we believe we can be

15  substantially complete with discovery by about the end of

16  January.  We are additionally going to be doing the

17  responsiveness reviews completing them on a rolling basis, we

18  are going to be prioritizing them, and we are also going to be

19  addressing, on a rolling basis throughout the rest of this year

20  or as long as it takes, hopefully not that long, the remaining

21  items of discovery that don't involve classification issues.

22  We would expect that we don't think the defendants will have

23  every last page of discovery by December, but by December there

24  will be enough of the discovery that will have been in their

25  hands, especially with our front-loading of the non-search

NA25menC

warrant-related productions that it would perhaps make sense to
have another conference then to address potential motions.

        I do have something related to timing to say about
motions.

        THE COURT:  When we are talking about December, can we
talk about the beginning of December rather than the end of
December?

        MR. MONTELEONI:  That's fine for the government, your
Honor.

        THE COURT:  So you believe your production will be
essentially complete by the beginning of December?

        MR. MONTELEONI:  Well, that's not exactly what I meant
to convey, your Honor.  We think it will go likely into
January.  We are being realistic.  We have, as the Court may
appreciate, we are dealing with large volumes of data, we are
dealing with a number of different collections of large volumes
of data, and we have --

        THE COURT:  I understand that, but that doesn't mean
the large volumes of data are all relevant.

        MR. MONTELEONI:  That is true.  We do believe -- we
are prioritizing in our productions the most relevant items and
we will definitely endeavor to have produced the highest
priority items by December as much as we are able to.  Being
realistic, though, I think that it's -- I wouldn't want to be
able to represent definitively the beginning of December for

NA25menC

1    everything that might be relevant and then find that

2    contingencies make it drag on a bit.  But, understanding that

3    that is the Court's desire, we will do everything that we can

4    to meet that.

5              THE COURT:  Go ahead.

6              MR. MONTELEONI:  So, regarding classified issues --

7              THE COURT:  From my standpoint we are talking about

8    the beginning of December.  Go ahead.  I understand your issues

9    with that.  Next.

10             MR. MONTELEONI:  So we are working to declassify some

11   material so that we can produce it in discovery but we do

12   expect there will be some litigation pursuant to the Classified

13   Information Procedures Act potentially, a limited amount of

14   classified discovery in this matter.  We will be requesting the

15   appointment, at the beginning, of a classified information

16   security officer so that defense counsel can begin the security

17   clearance process with respect to more details about the

18   nature, the volume, and the timing of classified issues.

19             THE COURT:  I believe the CISO -- Classified

20   Information Security Officer -- has already been appointed.

21             MR. MONTELEONI:  I don't have that information but

22   that's great if that is true.  I will check with my colleagues.

23             THE COURT:  All right.

24             MR. MONTELEONI:  We expect to provide --

25             THE COURT:  That may simply be in the works.  I don't

NA25menC

1    know.  Go ahead.

2                    (Counsel conferring)

3            MR. MONTELEONI:  That is great.  If it is in the works

4    that will speed things up.  There is likely to be some level of

5    litigation under CIPA and we propose to inform the Court more

6    about the nature of the volume and timing of that litigation in

7    a secure, *ex parte* setting.

8            Looking ahead to motions, one issue that we do want to

9    draw the Court's attention to now is the speech or debate

10   clause.  That clause creates a privilege that can attach to

11   certain information related to a member of Congress.  We, in

12   our investigation, have been mindful of that privilege, we have

13   been engaging with counsel for Menendez regarding this

14   privilege in connection with our review of his materials

15   including his electronic accounts and devices.  We don't

16   believe that anything in our approach to the case implicates

17   the speech or debate clause but obviously Menendez may

18   disagree, and what we would like to bring to the Court's

19   attention now is the possibility that if he does make a motion

20   on the grounds of the speech or debate clause, it is possible

21   in certain circumstances whichever party loses that motion may

22   have the right to take an interlocutory appeal, and as a

23   result, we expect at the next conference to be encouraging the

24   Court to consider setting an earlier schedule for any speech or

25   debate motions than other motions to minimize the delays that

NA25menC

1    they may have on trial.

2              There are a few other issues regarding the background

3    of the case that we would like to mention at some point, if

4    this is a convenient time.

5              THE COURT:  Go ahead.  What I have so far is your

6    reluctant acceptance of the beginning of December is certainly

7    a goal but not guarantee that it will be done or complete by

8    then for the bulk of the production by the government.  You

9    have indicated that there may be, due to the possibility of

10   interlocutory appeal on the speech or debate clause issue, that

11   may be an interlocutory appeal there and therefore the motion

12   should be sooner rather than later.

13             To the extent you have classified information, that

14   will have to be run through the classified information security

15   officer sort of quarterbacking that, if I can use that term.

16             What was the government considering in terms of

17   motions, motion date?

18             (Counsel conferring)

19             MR. MONTELEONI:  Your Honor, we understood that the

20   Court's practice was usually to set a schedule for motions at

21   the next conference so we would propose -- it is really the

22   defense's schedule to make -- but perhaps a month after the

23   next conference for initial filing of motions.

24             THE COURT:  I would rather get this moving and rather

25   set some dates now to the extent I can.  What else did you want

NA25menC

```
 1   to tell me?
 2              MR. MONTELEONI:  First of all, as I mentioned, the
 3   investigation continues.  It is possible that there may be a
 4   superseding indictment in this matter.  If so, we don't expect
 5   it to materially affect the schedule or any of these issues
 6   that we have been discussing.  We think that it is not going to
 7   significantly affect the discovery.  I should also say that one
 8   of the defendants, Wael Hana's counsel, Larry Lustberg, he also
 9   represents Fred Daibes, another of the defendants here, in
10   Davies' separate prosecution in the District of New Jersey.
11   That prosecution is pending sentencing and we believe that
12   Mr. Lustberg has personal knowledge of some facts that may make
13   him ultimately a witness in this case though it is too soon to
14   know for sure whether that would be necessary.  We have been
15   speaking with Mr. Lustberg and exploring the best ways to
16   address those issues but we believe that at least a Curcio
17   hearing is required and we expect to be bringing a proposed
18   Curcio inquiry before the Court in the near future.
19              THE COURT:  Do that sooner rather than later.
20              MR. MONTELEONI:  Yes, your Honor.
21              THE COURT:  What else?
22              MR. MONTELEONI:  Well, when the Court does set a new
23   conference we will move to exclude time under the Speedy Trial
24   Act in order to allow the defendants to review the discovery
25   that we will be producing and to allow us to engage in
```

NA25menC

1   discussions regarding potential dispositions in the case.

2                 THE COURT:  What is the projected length of trial from

3   the standpoint of the government?

4                 MR. MONTELEONI:  Well, a lot depends on how many

5   defendants there are.

6                 THE COURT:  I understand.  There are five defendants.

7   Go ahead.

8                 MR. MONTELEONI:  If there still are five at the time

9   of trial it is -- still a lot depends on their approach to

10  cross-examination -- but we would estimate perhaps four to six

11  weeks.

12                THE COURT:  What else did you want to tell me?

13                MR. MONTELEONI:  Nothing, besides answering any

14  further questions the Court may have.

15                THE COURT:  Mr. Farber, what would you like to tell

16  me, sir, if anything?

17                MR. FARBER:  Good afternoon, your Honor.

18                I think having heard all of that and based on some of

19  the discussions we have had with the government just in the

20  days leading up to this, our preference would be to schedule a

21  conference in, say, the second week of December after we have

22  received as much of that discovery as possible, at which time I

23  think we will have a much better feel for certainly for the

24  evidence and for the case and we can then discuss a motion

25  schedule and other dates.

NA25menC

```
1          THE COURT:  Well, I would like to move this case along
2     and not put it off for setting a trial date.  How long do you
3     think -- let's use that early December date for the bulk of the
4     government's production.  How long do you think you will need
5     for motions after you receive that?
6          MR. FARBER:  I would say six weeks, your Honor.
7          THE COURT:  For motions?
8          MR. FARBER:  Yes, your Honor.
9          THE COURT:  When you are going to be getting
10    documents, when is the first tranche of documents coming, sir?
11    Let's assume a rather pro forma protective order is entered
12    into within the next day or two.
13         MR. MONTELEONI:  Within a week.
14         THE COURT:  All right.  Is that still your position?
15         MR. MONTELEONI:  Well, Judge, if this is not stuff
16    that is backloaded into December then I would say 30 days.
17         THE COURT:  Mr. Onorato.
18         MR. ONORATO:  Thank you, your Honor.
19         THE COURT:  Sir.
20         MR. ONORATO:  Your Honor, I would echo what counsel
21    said, with the proviso that the government did say they had 50
22    devices and it is voluminous.  And while they may have good
23    intentions to make the stuff searchable, we might need
24    additional time to file motions so I would ask the Court to
25    give us a 30-day marker and approach the Court, if necessary at
```

NA25menC

1    that status hearing, to get a little bit of time if we need it.

2    But, our intention is to move this along as expeditiously as

3    possible.

4              THE COURT:  Mr. Lustberg.

5              MR. LUSTBERG:  Thank you.

6              Obviously my name came up but I understand there needs

7    to be a Curcio hearing.  We are, as the government said, in the

8    process of talking about that set of issues which probably will

9    not eviscerate the need for such a hearing, but we will work

10   with the government to --

11             THE COURT:  Does that mean there probably will still

12   be a need for the hearing.

13             MR. LUSTBERG:  That's what I said.

14             THE COURT:  Go ahead.

15             MR. LUSTBERG:  So we will continue to work with

16   Mr. Montelioni and his colleagues in effort to narrow the scope

17   of that and to focus it for the Court, but we will be prepared

18   to proceed with that sooner rather than later because the

19   issues of counsel should be resolved sooner rather than later.

20             THE COURT:  Yes.

21             MR. LUSTBERG:  So we are in complete accord with

22   regard to that.  There may be other motion practice around that

23   that we will also, as I said, attempt to resolve amicably, and

24   if we can't we will bring it before the Court in expeditious

25   fashion.  As far as motion practice, we are in agreement with

NA25menC

1    our co-defendants.

2              THE COURT:  Thank you.

3              Mr. Lewin.

4              MR. LEWIN:  Thank you, Judge.

5              Nothing to add, only other than to simply observe that

6    the government needs to two three months simply to review for

7    relevancy and produce discovery, so with respect to motion

8    practice, it strikes me that if the volume is what they're

9    describing and the complexity is what they have described with

10   some color, that we may need additional time with our resources

11   to review that discovery and be in position to determine what

12   motions we will make.  That said, your Honor, the time frame

13   that has been proposed doesn't seem unreasonable but it does

14   seem aggressive.

15             THE COURT:  That's fair to characterize it that way as

16   appropriately aggressive.  I think that's what I heard you say.

17   So the time frame, as I see it evolving, is the beginning of

18   December for a good faith effort for the bulk, if not the

19   entirety of the government's production; 30 days for motions.

20   That's where it is going now.

21             Next?  Sir?

22             MR. FINZI:  Your Honor, I have nothing to add.

23             THE COURT:  Tell me who you are, sir.

24             MR. FINZI:  Roberto Finzi for Mr. Daibes.  Nothing to

25   add, your Honor.

NA25menC

1          THE COURT:  I have heard from all of the lawyers.

2          In regard to the counsel question, I wish to advise

3    the defendants and Mr. Menendez' counsel will advise him as

4    well, that if at any point you are going to seek new counsel,

5    or if at any point you wish to have -- you feel you can't

6    afford counsel and therefore are going to request that counsel

7    be appointed by me at no cost to you, I'm going to ask that you

8    do that -- to use the phrase we have been talking about --

9    sooner rather than later, because I want to build in enough

10   time for any successor counsel to be prepared.  Or, put another

11   way, I'm not going to adjourn a trial date because somebody

12   wants a new counsel so if you want new counsel to do it, again,

13   to use the term of the day -- sooner rather than later.

14          Assuming we are able to stick to the schedule and have

15   motions in the beginning of January, it seems to me that we can

16   aim for May or June, maybe even an April trial date in this

17   case.  And, as things go along, we may not have five defendants

18   as some counsel have suggested here but I can't and don't

19   intend to plan for that.  It seems to me that that's

20   appropriate, April, May, June.

21          Responses.  Government?

22          MR. MONTELEONI:  Subject to being able to resolve the

23   classified issues in that time frame, the government would be

24   prepared to proceed in that way and we can provide the Court

25   with more information on the classified status *ex parte*.

NA25menC

1          THE COURT:  Yes, do that, and do that expeditiously if

2     you know what they are under the Classified Information

3     Protection Act.

4          Sir?  This is Mr. Farber, right?

5          MR. FARBER:  Yes, your Honor; Mr. Farber.

6          Again, our preference would be to address that issue

7     after we have had a chance to see the discovery, and I say that

8     because at this point it's extremely difficult for us to gauge

9     what's going to be involved in trial preparation and review of

10    the material.  I mean, all we have heard from the government is

11    a description of an extraordinarily voluminous amount of

12    information that they plan on producing and that, as my

13    co-counsel noted, they haven't even managed to review

14    themselves.  So, our request would be to set a date in the

15    early December time frame for status conference, at which we

16    could address that question.

17         THE COURT:  I am reluctant to do that.  I want to set

18    a date, to use a term that's been used here, for no other

19    reason than as a marker but it will be more than a marker, that

20    I want to aim for that to get it done to effectuate the

21    defendants' speedy trial rights.  I understand it is contingent

22    on exactly what the production is.  Actually, I am a little

23    surprised that the production hasn't already been made but I

24    didn't realize that people were still negotiating over a

25    protective order.  But I hear you, sir.

NA25menC

1              Sir, next?  Mr. Onorato, is that correct?

2              MR. ONORATO:  Your Honor, the only question I would

3    raise is the government used the words "superseding indictment"

4    so what does that do to the discovery process?

5              THE COURT:  Fair enough.  Fair enough.  But I did hear

6    no material change.  I think that's correct.

7              Is that the phrase, Mr. Monteleoni that you used?

8              MR. MONTELEONI:  From a scheduling and discovery

9    perspective yes, we did say that.

10             MR. ONORATO:  But from a legal perspective, who knows

11   what counts they're talking about.

12             THE COURT:  I understand.

13             MR. ONORATO:  With that proviso.

14             THE COURT:  I understand.  And you also heard the

15   government say the investigation is continuing.  Neither of

16   those are unusual in cases, everybody lives with those.

17             Mr. Lustberg?

18             MR. LUSTBERG:  Thank you, your Honor.

19             The indictment in this case included a lot of

20   information that, unlike in other investigations, we have never

21   heard before so we really are getting our arms around this now.

22   And I hear the Court and I understand the need to set a trial

23   date as early as possible, there is a lot of reasons for that.

24   I think that when you talk about April, and particularly with

25   motions being filed -- remember that is just motions be filed

NA25menC

```
1    in early January, the government has to respond, there has to
2    be argument, whatever, I think that when you talk about May or
3    June, that seems more likely to me to be realistic than April.
4              THE COURT:  I think that's fair.
5              MR. LUSTBERG:  So, if to the extent that the Court
6    really wants to set a marker date that is more than a mere
7    marker, I think later is probably wiser than sooner and to flip
8    the discussion we have been having today.  Having said all of
9    that, of course, your Honor, you are right, if there is a
10   superseding indictment, that changes things.  If there is an
11   interlocutory appeal, that changes things depending on the
12   process we go through with respect to classified material.  So,
13   I think we should give ourselves a little bit more time than
14   April which is just a few months after when the motions would
15   actually be filed.  I do think we may all know a lot more when
16   we get together again in December and be able to do this more
17   knowledgably and I think that seems like a good way to do it
18   but I defer to the Court.
19             Mr. Lewin, sir.
20             MR. LEWIN:  Nick Lewin for Mr. Uribe.
21             THE COURT:  I'm sorry.  Mr. Lustberg I meant.
22             MR. LUSTBERG:  No worries, no worries.
23             MR. LEWIN:  That was a great insult to Mr. Lustberg.
24             THE COURT:  Mr. Finzi.
25             MR. FINZI:  Your Honor, I think the reality is that
```

NA25menC

1    seven, if I am counting right, seven or eight months for a

2    five-defendant case with this volume of discovery may be a

3    little bit ambitious.  That being said, not having seen the

4    discovery, not knowing what the CIPA issues or possible motions

5    are, I am not in a position to object to it.  I just wanted to

6    kind of lay down the proverbial marker that we could be back

7    asking for more time both on the motions and the trial itself

8    which seems awfully ambitious to go from now to trial in seven

9    or eight months.  But, let's see what happens.

10            THE COURT:  Well, that's April.  Let me set it down,

11   it is more than a marker, we are going to try to keep it.

12            Ms. Blakely, what is the first Monday in April?  Since

13   this is more realistic, Monday, May 6.  Trial commencement:

14   Monday, May 6.  As we get closer I'll set dates for voir dire

15   and jury instructions, motions *in limine*.  We will deal with

16   the motion schedule as it evolves.

17            Right now, the last date for government discovery is

18   December 4.  Last day for motions -- I'm not talking about

19   motions *in limine* regarding trial testimony, last day for

20   motions we will make January 8th; May 6 for trial.

21            All right?  That's the schedule I'm going to set.

22            MR. MONTELEONI:  Your Honor, may we have 30 days to

23   respond to the defense motions given the number of defendants

24   that there will be?  We would also move to exclude time until

25   trial date in order to allow both the discovery review and then

NA25menC

1    the motion preparation and pretrial preparation.

2              THE COURT:  Right now let me give you three weeks and

3    we will see what the motions look like, so that would be

4    January 29 for government response.

5              MR. MONTELEONI:  Thank you.

6              THE COURT:  Your request for an exclusion is until

7    when, sir?

8              MR. MONTELEONI:  Until May 6, your Honor.

9              THE COURT:  Let me hear the response of each of the

10   defendants to the government's request for an exclusion.

11             Mr. Farber?

12             MR. FARBER:  No objection, your Honor, but may we get

13   two weeks to reply to their responses, your Honor?

14             THE COURT:  Let's do one week.

15             MR. FARBER:  Thank you.

16             THE COURT:  So that would be February 5.

17             Mr. Onorato?

18             MR. ONORATO:  No objection to the speedy trial waiver.

19             THE COURT:  Mr. Lustberg.

20             MR. LUSTBERG:  No objection to the exclusion of time,

21   your Honor.

22             THE COURT:  And the basis?

23             MR. LUSTBERG:  I said no objection.

24             THE COURT:  I'm sorry.

25             Mr. Lewin?

NA25menC

1          MR. LEWIN:  No objection, your Honor.

2          THE COURT:  And Mr. Finzi.

3          MR. FINZI:  No objection, your Honor.

4          THE COURT:  The government, having moved for an

5    exclusion of time from today until May 6, 2024, and each

6    defendant, through counsel, having stated they have no

7    objection, I exclude time from today until May 6, 2024 from

8    Speedy Trial Act calculations.  I make the finding that the

9    continuance serves to ensure the effective assistance of

10   counsel and to prevent any miscarriage of justice.  I also find

11   that the ends of justice served by this continuance outweigh

12   the interests of the public and of each of the five defendants

13   in a speedy trial.  This is an (h)(7)(A) exclusion in the

14   interest of justice.

15          Anything else, government?

16          MR. MONTELEONI:  No, your Honor.  Thank you.

17          THE COURT:  Anything else from any of the defendants?

18          MR. FARBER:  Not on behalf of Senator Menendez.

19          MR. ONORATO:  No.  Thank you, your Honor.

20          MR. LUSTBERG:  Nothing further, your Honor.

21          MR. LEWIN:  No, Judge.  Thank you.

22          MR. FINZI:  No, your Honor.  Thank you.

23          THE COURT:  Thank you.

24          I think we made a decent start.  I am certainly going

25   to try to hold to these dates.  I expect the cooperation of all

NA25menC

1    the parties in meeting those dates and the first party that is

2    my concern is obviously the government, so let's get that

3    production out and let's get the case moving.

4              MR. MONTELEONI:  Yes, your Honor.

5              THE COURT:  Thank you.

6                              o0o