

Lawrence S. Lustberg

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731
llustberg@gibbonslaw.com

November 3, 2023

**VIA ECF**

Honorable Sidney H. Stein
United Stated District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, New York 10007

      Re:    *United States of America v. Menendez, et al.*,
                  Dkt. No. 23-cr-490-SHS

Dear Judge Stein:

      As Your Honor is aware, this firm represents defendant Wael Hana in the above-captioned matter. We write, in lieu of more formal motion, to respectfully request a modification to Mr. Hana's conditions of pretrial release to remove the specific curfew hours set forth in the Order and instead vest the Office of Pretrial Services with the discretion to approve Mr. Hana's curfew hours. Specifically, the current Order provides: "Curfew (from 8pm - 8am)" and accordingly grants the Office of Pretrial Services no discretion to approve or adjust curfew hours as it deems appropriate. ECF No. 15 at 5. Mr. Hana does not seek to remove the curfew, but instead merely asks that the Order provide for a curfew with location monitoring, the hours for which are to be approved by the Office of Pretrial Services. We have consulted with the Office of Pretrial Services for both the Southern District of New York (Officer Jonathan Lettieri) and the District of New Jersey (Officer Erika DiPalma), where Mr. Hana is currently being supervised. Both Officers Lettieri and DiPalma have indicated that they have no objection to the requested modification, vesting Pretrial Services with the discretion to approve curfew hours. Officer DiPalma has graciously provided suggested typical language for the modification to the Order, which we have included in the proposed order submitted herewith. We have also consulted with the Government, which opposes the request, instead proposing onerous and inflexible conditions on any day-to-day adjustment in the hours of Mr. Hana's curfew, including conditions that would limit when such adjustments may occur, would require detailed and intrusive disclosures to the Government with regard to any such adjustment and would allow the Government veto power over Pretrial Services' determinations.[1]

---

[1] Mr. Hana did offer to compromise with the Government and agree that, as requested, no adjustment to his curfew could be made that would allow him to stay out past 11:00 pm, without leave of the Court, and that would require that he have his cell phone on and with him at all times. He is agreeable to those kinds of reasonable conditions, of course.

GIBBONS P.C.

November 3, 2023
Page 2

      As the Court is aware, 18 U.S.C. § 3142(c)(1)(B) permits a defendant to be released pending trial, requiring "the least restrictive . . . condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." Under subsection (c)(3) of that same statute, the Court "may at any time amend the order to impose additional or different conditions of release." At Mr. Hana's initial arraignment on September 26, 2023, he was released subject to certain agreed-upon conditions, including a curfew.[2] Although there was, at the time, discussion of different hours for the curfew, the Court set those hours at 8:00 p.m. to 8:00 a.m. on the consent of the parties because those were the typical hours set for curfews enforced the Office of Pretrial Services in the Southern District of New York. Mr. Hana's supervision, including his location monitoring and the enforcement of his curfew is performed by the Office of Pretrial Services in the District of New Jersey; that Office typically sets curfew hours specific to each individual defendant and consistent with that Office's policies. Mr. Hana's general schedule prior to the institution of the curfew was that he would typically leave his home for the office around 7:30 a.m., return home at the end of the work day, and especially since his wife and daughters are not in the country, have dinner in restaurants, typically with friends or business colleagues after work, often lasting until after 8:00 p.m. As well, at times, these dinners are sometimes business-related; indeed, last week there was just such an event, which Mr. Hana was unable to attend because it would have extended beyond 8:00 p.m., and his conditions of release did not allow him to attend, especially because the Government opposed any modification of his conditions or release and we did not have sufficient time to make an application like this one to Your Honor. In any event, each time Mr. Hana has such a business event or dinner that would likely require him to arrive home after the curfew hours, he would need to seek the Government's consent and then present an application to the Court for modification. This is a time consuming process that not only incurs legal fees for Mr. Hana, but also unnecessarily utilizes judicial and government resources for requests that are, at least in the District of New Jersey, where he lives and is being supervised, routinely considered and addressed by the Office of Pretrial Services.

      There has been no suggestion that Mr. Hana is a danger to the community. Accordingly, in evaluating Mr. Hana's request, the Court must consider whether withholding from the Office of Pretrial Services any discretion to set curfew hours is the least restrictive condition to reasonably assure Mr. Hana's appearance in court, especially in light of the other conditions of his bail,

---

[2] As the Court may recall, those conditions provided that Mr. Hana execute a $5 million bond, secured by collateral in the form of cash and a pledge of property, all to be provided on an agreed-upon schedule which he, alone among the defendants, met in a timely fashion. He was also required to surrender all travel documents (which he has done) and was subject to travel restrictions, a curfew and electronic GPS monitoring. *See* ECF Nos. 15, 59. Mr. Hana timely complied with those conditions and has worn the GPS monitoring ankle device and been fully compliant with the terms of his curfew and other conditions of his release, including, of course, appeared in Court as required.

GIBBONS P.C.

November 3, 2023
Page 3

including the continuing GPS location monitoring.  The Government has, in discussions with us, voiced a concern that monitoring and agents are less responsive after 8:00 p.m., and that Mr. Hana would be more difficult to apprehend were he to abscond later in the evening.  But that is not the case in the District of New Jersey, especially where, as here, the case has been designated as "high profile."  More fundamentally, as the Court knows, Mr. Hana returned to the United States from Egypt, leaving behind his wife and three young daughters, as soon as he learned of the indictment so that he could defend himself in this matter.  He has surrendered all travel documents and has no intention of fleeing.  And, given the extensive law enforcement resources dedicated to this case, as well as the very, very extensive media attention to it, it seems highly unlikely that any deviation from his GPS conditions would go unnoticed.[3]  Nevertheless, should the Office of Pretrial Services in the District of New Jersey, where Mr. Hana is being supervised, have limited monitoring resources at any particular time or for any other reason in its discretion, it could, of course, impose appropriate curfew hours accordingly.

Under these circumstances, the Government's opposition to Mr. Hana's application, as to which he is in agreement with the Office of Pretrial Services for the District of New Jersey and the Southern District of New York, is both unnecessary and thus appears to be an effort to punish Mr. Hana rather than to reasonably assure his appearance.  Mr. Hana respectfully submits that the Government's concerns that Mr. Hana's presence in these proceedings cannot be assured under the common condition that curfew hours are to be set at the discretion of the Office of Pretrial are unfounded and that Mr. Hana's conditions of release should be modified to remove the obligation that he present any curfew deviation request to the Court.  A proposed Order embodying this relief is provided herewith, for Your Honor's convenience, should you determine to grant this application.  Of course, counsel is available for oral argument on this matter, either remotely or in person, to the extent it would assist the Court in evaluating Mr. Hana's request.

We thank the Court for its time and kind consideration of this matter.

Respectfully submitted,

s/ Lawrence S. Lustberg
Lawrence S. Lustberg

cc: All counsel of record (via ECF)

---

[3] Nor is it clear how this issue presents a greater risk of flight whether Mr. Hana absconds from his home at 8:05 p.m. or from a nearby restaurant at 9:00 p.m.