# PAUL HASTINGS

December 20, 2023

VIA ECF

**MEMO ENDORSED**

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.at
New York, NY 10007-1312

> 12/21/23
> Motion deadline of Jan 8 adjourned to January 15 on consent. Gov't to respond to this letter by noon on December 26, 2023.
> So ordered.
> Sidney H. Stein
> U.S.D.J.

Re: *United States v. Menendez, et al.*, S1 23 Cr. 490 (SHS)

Dear Judge Stein,

We represent Senator Robert Menendez in the above referenced case, and submit this letter on behalf of all defendants, to request a brief adjournment of the trial date and a modification of the pretrial motion schedule. Specifically, we request that the trial currently scheduled to begin on May 6, 2024, be adjourned by at least two months to early July 2024. We also ask that the current pretrial motions deadline of January 8, 2024, be adjourned by one week to January 15, 2024 (which the government does not oppose) and that pretrial motions be bifurcated so that (i) the January 2024 deadline encompasses motions based on and targeted to the Indictment (*e.g.*, motions to dismiss, for severance, to transfer venue, etc.), and (ii) a second deadline of March 8, 2024 be set for potential motions based on the government's discovery (*e.g.*, motions to suppress).[1]

We do not make this request lightly. We are compelled to do so, however, given the complexity of this case—which includes, for example, an unprecedented foreign-agent charge against a sitting Senator based on a statute the government has never-before prosecuted—the volume and timing of the government's disclosures, and the significant motion practice ahead.

Contrary to the government's overheated statements to the press, this is far from an open-and-shut case. There are substantial meritorious factual and legal defenses that require defense counsel's—and the Court's—attention. But Defendants cannot meaningfully prepare for trial on the timeline the Court set at the initial conference, before the government produced a single page of discovery. Given the massive amounts of discovery produced in the case, the significant and complex motion practice ahead, including regarding constitutional matters that likely will require

---

[1] We have discussed these requests with the government, which does not oppose a one-week extension of the pretrial motions deadline (so long as the government receives a commensurate one week to file its opposition), but does not consent to Defendants' remaining requests.

# PAUL
# HASTINGS

appellate resolution, proceeding with the trial of this matter in May 2024 is impracticable and the motions scheduled envisaged unworkable.[2]

**Government Discovery**: To date, the government has produced over 6.7 million documents (over 15 million pages), consisting of over 3 million emails and text messages, over 20 search warrant and cell site applications, and another 1.5 million documents that lack sufficient metadata to readily categorize them by document type. Approximately half (48%) of those materials have been produced just within the last four weeks. To put the government's discovery in perspective, the government produced over 735 terabytes of data, which is more than 50 times the size of the entire 26-million-book collection in the Library of Congress.[3] The government has not provided any means of identifying the most relevant portions of its disclosures.[4] This volume of discovery is simply massive, and will require several more months just to conduct targeted reviews of a meaningful portion of the relevant discovery. Moreover, classified discovery has not yet even begun. Indeed, defense counsel are still in the process of seeking and obtaining clearance to review classified discovery and participate in the CIPA process.

**Defense Investigation**: Of course, Defendants' review of the government's discovery—which the government has amassed (and reviewed) over at least 4 years—does not begin to approximate the work needed to prepare for trial of this matter. The government, remarkably, has not made a single *Brady* disclosure in this case—an inconceivable circumstance given the substantial factual defenses in this case and the lengthy *Brady* demands made to date. In any event, Defendants need sufficient time to conduct their own investigation, which we expect will include discovery from witnesses located in Egypt and elsewhere. There are substantial, meritorious defenses that the defendants will assert in this case, involving witnesses and evidence overlooked by the government. While we will not go into detail in this forum, it goes without saying that such investigation requires substantial time and effort by the defense teams.

---

[2] We also note that Lawrence S. Lustberg, lead counsel for Defendant Wael Hana, has a trial also scheduled to commence on May 6, 2024, in the United States District Court for the District of New Jersey before the Honorable Michael E. Farbiarz, in *United States v. Coburn, et al.*, Criminal No. 19-120, which will, at that time, have been pending for over five years. That matter is expected to proceed to trial, although Judge Farbiarz has also been informed of the pending trial date in this case.

[3] *See* https://en.wikipedia.org/wiki/Library_of_Congress#cite_ref-82 ("A 2000 study . . . suggested that the amount of uncompressed textual data represented by the 26 million books then in the collection [of the Library of Congress] was 10 terabytes.").

[4] The discovery index provided by the government is rudimentary and inadequate. Although it discloses the identity of approximately 200 producing parties in a generic way—for example, it assigns a 48,000 page Bates number range for the production made by JP Morgan, and another 95,000 page bates-range for the production from Verizon—it does not provide any other information that would permit Defendants to separate the wheat from the chaff.

# PAUL HASTINGS

***Defendants' Pretrial Motions***: We expect there to be substantial, complex motion practice in this case. For example, on behalf of Senator Menendez, we expect to file a partial motion to dismiss based on the Speech and Debate Clause, which may well result in an interlocutory appeal, just as the government itself previewed at a pretrial conference. *See* October 2, 2023 Tr. at 10:8-11:12. Moreover, Senator Menendez expects to file substantial motions challenging: the sufficiency of the Indictment; the constitutionality of the unprecedented foreign-agent charge under 18 U.S.C. § 219; and venue of the case in this District, to name just a few. We understand that the Senator's co-defendants will file similar and additional motions. While all counsel have been diligently working on these pretrial motions, Defendants require additional time to analyze the search warrants in this case (which consist of over 5,000 pages of applications, supporting affidavits and orders). As Your Honor is aware, analysis of the search warrants cannot be done in a vacuum, but instead requires a detailed understanding of the government's evidence and discovery to determine whether there were any material misstatements and omissions in the search warrant affidavits. Any such motion to suppress or other motions targeted to discovery issues should therefore await the completion of Defendants' review of discovery, which will take additional months beyond the January motions deadline.

\*\*\*

The Defendants seek only a modest extension of the trial date—just two months—and a reasonable schedule for pretrial motions in the case. Defendants' requests still put this case on a true "rocket docket," proceeding to trial within 10 months of the filing of the original indictment. Given the complexity of this case and the seriousness of the charges at issue, the speed with which this case is proceeding is extraordinary, but Defendants understand and respect the Court's desire to move this case expeditiously. By contrast, the government would face no prejudice should Defendants' requests be granted.

Accordingly, Defendants respectfully request that the Court (1) adjourn the trial of this matter by two months to a date convenient for the Court in July 2024; (2) adjourn the deadline for pretrial motions going toward the face of the Indictment by one week to January 15, 2024; and (3) schedule a second motion deadline of March 8, 2024 for any pretrial motions that do not concern the indictment but are based on a review of the government's discovery (e.g., suppression motions).

Respectfully submitted,

/s/ *Adam Fee / Avi Weitzman*
Adam Fee / Avi Weitzman

3