N9RIMENC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4                v.                        23 Cr. 490 (SHS)

5  ROBERT MENENDEZ,
   NADINE MENENDEZ,
6  JOSE URIBE, and                         Arraignment
   FRED DAIBES
7            Defendants.

8  ------------------------------x

9                                          New York, N.Y.
                                           September 27, 2023
10                                         11:30 a.m.

11

12  Before:

13                    HON. ONA T. WANG,

14                                        U.S. Magistrate Judge

15                          APPEARANCES

16  DAMIAN WILLIAMS
        United States Attorney for the
17      Southern District of New York
    DANIEL RICHENTHAL
18  ELI J. MARK
    LARA ELIZABETH POMERANTZ
19  PAUL MICHAEL MONTELEONI
        Assistant United States Attorneys

20

21

22

23

24

25

N9RIMENC

APPEARANCES CONTINUED


WINSTON & STRAWN LLP
        Attorneys for Defendant Robert Menendez
BY:  SETH FARBER
        DAVID KOLANSKY


SCHERTLER ONORATO MEAD & SEARS LLP
        Attorneys for Defendant Nadine Menendez
BY:  DAVID SCHERTLER
        DANNY ONORATO


KRIEGER KIM & LEWIN LLP
        Attorneys for Defendant Jose Uribe
BY:  PAUL KREIGER

ARLEO & DONOHUE
        Attorneys for Defendant Fred Daibes
BY:  TIMOTHY M. DONOHUE
        ROBERTO FINZI


Also Present:

TAELOR NISBETH, Pretrial Services Officer
STEPHEN BOOSE, Pretrial Services Officer

N9RIMENC

1              (case called)

2              MR. MARK:  Good morning, your Honor.  Eli Mark on

3    behalf of the government.  With me at counsel's table are my

4    colleagues Daniel Richenthal, Paul Monteleoni, and Lara

5    Pomerantz.

6              THE COURT:  Good morning.

7              MR. FARBER:  Good morning, your Honor.  Seth Farber

8    and David Kolansky from Winston & Strawn for the defendant

9    Senator Menendez for this appearance only.

10             THE COURT:  Good morning.

11             MR. ONORATO:  Good morning, your Honor, Danny Onorato

12   on behalf of Nadine Menendez.  Also with me at counsel's table

13   is my colleague, David Schertler.

14             THE COURT:  Good morning.

15             MR. KRIEGER:  Paul Krieger of Krieger Kim & Lewin on

16   behalf of Mr. Uribe.

17             THE COURT:  Good morning.  Good morning, Mr. Uribe.

18             MR. DONOHUE:  Good morning, your Honor.  Tim Donohue

19   of Arleo & Donohue, West Orange, New Jersey on behalf of Fred

20   Daibes present in court to my right.  Also with me is my

21   co-counsel who will introduce himself.

22             MR. FINZI:  Roberto Finzi, your Honor.

23             THE COURT:  Good morning.

24             MR. FINZI:  Good morning.

25             THE COURT:  All right.  I am going to confirm very

N9RIMENC

| 1 | quickly:  Everybody here can speak and understand English and |
| 2 | does not need an interpreter; right? |
| 3 | MR. DONOHUE:  Correct. |
| 4 | THE COURT:  All right. |
| 5 | Mr. Mark or one of your colleagues, can I have the |
| 6 | time and dates of arrest or surrender? |
| 7 | MR. MARK:  All of the defendants surrendered pursuant |
| 8 | to the summons this morning. |
| 9 | THE COURT:  All right.  Good morning, everyone.  I am |
| 10 | Judge Wang.  You are here because you are charged with certain |
| 11 | crimes by an indictment.  I am going to go down in order.  When |
| 12 | I ask questions, I am going to ask them of Senator Menendez |
| 13 | first and his counsel, then Ms. Menendez, then Mr. Uribe and |
| 14 | then Mr. Daibes. |
| 15 | Senator Menendez and counsel, do you have a copy of |
| 16 | the indictment? |
| 17 | MR. FARBER:  Yes, we do your Honor. |
| 18 | THE COURT:  Ms. Menendez and counsel, do you have a |
| 19 | copy of the indictment? |
| 20 | MR. ONORATO:  Yes, your Honor. |
| 21 | THE COURT:  Mr. Uribe and counsel, do you have a copy |
| 22 | of the indictment? |
| 23 | MR. KRIEGER:  We do, your Honor. |
| 24 | THE COURT:  And Mr. Daibes and counsel? |
| 25 | MR. FINZI:  We do, your Honor. |

N9RIMENC

1          THE COURT:  The purpose of today's proceedings is to

2     advise you of certain rights that you have, inform you of the

3     charges against you, consider whether counsel should be

4     appointed for you, or at least advise you of the right to

5     counsel, and decide under what conditions, if any, you shall be

6     released pending trial.

7          I am now going to explain certain constitutional

8     rights that you have.  You have the right to remain silent.

9     You are not required to make any statements.  Even if you have

10     already made statements to the authorities, you do not need to

11     make any further statements.  Any statements that you do make

12     can be used against you.  You have the right to be released,

13     either conditionally or unconditionally, pending trial unless I

14     find that there are no conditions that would reasonably assure

15     your presence at future court appearances and the safety of the

16     community.  If you are not a United States citizen, you have

17     the right to request that a government attorney or a law

18     enforcement official notify a consular officer from your

19     country of origin that you have been arrested.  In some cases,

20     a treaty or other agreement may require the United States

21     government to give that notice whether you request it or not.

22     You have the right to be represented by an attorney during all

23     court proceedings, including this one, and during all

24     questioning by the authorities.  And you have the right to hire

25     your own attorney.  If you cannot afford an attorney, I can

N9RIMENC

1   appoint one to represent you.

2            Starting with Senator Menendez, do you understand your

3   rights as I have just explained them?

4            DEFENDANT ROBERT MENENDEZ:  Yes, your Honor.

5            THE COURT:  Ms. Menendez, do you understand your

6   rights as I have just explained them?

7            DEFENDANT NADINE MENENDEZ:  Yes, your Honor.

8            THE COURT:  Mr. Uribe, do you understand your rights

9   as I have just explained them?

10            DEFENDANT URIBE:  Yes, your Honor.

11            THE COURT:  Mr. Daibes, do you understand your rights

12   as I have just explained them?

13            DEFENDANT DAIBES:  Yes, your Honor.

14            THE COURT:  All right.  I am recognizing that all of

15   the defendants here have retained counsel, so we do not need to

16   go through the appointment of counsel process.  I am now going

17   to summarize the charges.

18            I understand, Mr. Mark, that we are here for

19   arraignment as well; is that right?

20            MR. MARK:  Yes, your Honor.  Judge Stein has referred

21   this for arraignment as well.

22            THE COURT:  All right.  I am going to summarize the

23   charges and then I am going to go through and proceed with

24   arraignment defendant by defendant in the same order.

25            The grand jury of the Southern District of New York

N9RIMENC

1    has returned an indictment against each of you charging you

2    with certain offenses.  They are as follows:  Count One is

3    conspiracy to commit bribery, 18 U.S.C. 371.  That is charged

4    against all of the defendants who are present here today.

5         Count 2 is conspiracy to commit honest services fraud,

6    18 U.S.C. Section 1349.  That is also charged against all of

7    the defendants present today.

8         And lastly, Count Three, conspiracy to commit

9    extortion under color of official right, 18 United States Code

10   1951.  That is charged against Senator Menendez and

11   Ms. Menendez.

12        I am going to start with Senator Menendez's counsel.

13        Counsel, have you received a copy of the indictment,

14   and have you reviewed it with your client?

15        MR. FARBER:  Yes, your Honor.

16        THE COURT:  Senator Menendez, do you understand the

17   charges that you face?

18        DEFENDANT ROBERT MENENDEZ:  Yes, your Honor.

19        THE COURT:  Counselor, does your client waive the

20   detailed reading of the indictment?

21        MR. FARBER:  Yes, we do, your Honor.

22        THE COURT:  Are you prepared to enter a plea to the

23   indictment at this time?

24        MR. FARBER:  We ask you to enter a plea of not guilty,

25   your Honor.

N9RIMENC

```
 1                THE COURT:  All right.

 2                Ms. Menendez and counsel.  Counsel, have you received

 3    a copy of the indictment?

 4                MR. ONORATO:  Yes, your Honor.

 5                THE COURT:  Have you reviewed it with your client?

 6                MR. ONORATO:  Yes, your Honor.

 7                THE COURT:  Ms. Menendez, do you understand the

 8    charges that you face?

 9                DEFENDANT NADINE MENENDEZ:  Yes, your Honor.

10                THE COURT:  And counselor, does your client waive the

11    detailed reading of the indictment?

12                MR. ONORATO:  Yes, your Honor.

13                THE COURT:  Are you prepared to enter a plea at this

14    time?

15                MR. ONORATO:  Yes, your Honor.  We enter a plea of not

16    guilty.

17                THE COURT:  On to Mr. Uribe and counsel.

18                Mr. Krieger, have you received a copy of the

19    indictment, and have you reviewed it with your client?

20                MR. KRIEGER:  Yes, your Honor, and yes.

21                THE COURT:  Mr. Uribe, do you understand the charges

22    that you face?

23                DEFENDANT URIBE:  Yes, your Honor.

24                THE COURT:  Counsel, does your client waive a detailed

25    reading of the indictment?
```

N9RIMENC

1              MR. KRIEGER:  He does, Judge.

2              THE COURT:  Mr. Uribe, are you prepared to enter a

3    plea to the indictment at this time?

4              DEFENDANT URIBE:  Yes, your Honor.

5              THE COURT:  What is that plea?

6              MR. KRIEGER:  He enters a plea of not guilty, Judge.

7              THE COURT:  Not guilty, all right.

8              Lastly, Mr. Daibes and counsel, Counsel, have you

9    received a copy of the indictment, and have you reviewed it

10   with your client?

11             MR. FINZI:  I have, your Honor.  We waive its public

12   reading.

13             THE COURT:  Mr. Daibes, do you understand the charges

14   that you face?

15             DEFENDANT DAIBES:  Yes, your Honor.

16             THE COURT:  Then are you prepared to enter a plea to

17   the indictment at this time?

18             DEFENDANT DAIBES:  Yes.  Not guilty.

19             THE COURT:  All right.  The plea of not guilty will be

20   entered.  The record should reflect that the defendants are all

21   now arraigned.

22             Has Judge Stein set a conference date?

23             MR. MARK:  Yes.  Judge Stein set an initial conference

24   date for October 2 at 2:30 p.m. in the afternoon.

25             THE COURT:  OK.  Is there any exclusion of time

N9RIMENC

1    necessary until then?

2              MR. MARK:  The government would request that time be

3    excluded under the Speedy Trial Act until that date.  The

4    government respectfully submits exclusion would be in the

5    interest of justice in order to allow the parties to discuss a

6    protective order and initial discovery productions as well as

7    issues regarding the case and preparation for the initial

8    conference.

9              THE COURT:  OK.  Any objection from defense counsel?

10             MR. FARBER:  Not on behalf of Senator Menendez.

11             MR. ONORATO:  No, your Honor.

12             MR. KRIEGER:  No, your Honor.

13             MR. FINZI:  No, Judge.

14             THE COURT:  I grant the exclusion of time under the

15   Speedy Trial Act to October 2 because I find that the means of

16   justice outweigh the best interest of the public and the

17   defendants in a speedy trial based upon the need for the

18   government to prepare for the conference, address issues in

19   preparation for the conference, to get a protective order in

20   place so that they can begin preparing initial discovery and

21   disclosures.

22             All right.  Have the parties discussed conditions of

23   release?

24             MR. MARK:  Yes.  The government has discussed

25   conditions of release with each of the defendant's counsel and

N9RIMENC

1    have submitted to the Court's deputy proposed bail packages for

2    each defendant.

3             THE COURT:  Why don't we start with each defendant in

4    the order as we have been going.  Then after that, if accepted,

5    I will accept each of them and then give the warnings together.

6             Go ahead.

7             MR. MARK:  So, starting with Robert Menendez, agreed

8    conditions of release which include $100,000 personal

9    recognizance bond, pretrial supervision as directed.  There are

10   then additional conditions of Surrender personal passports but

11   not any official passport and travel documents to pretrial

12   services and no new applications for travel documents.  Foreign

13   travel is permitted but only for official business with prior

14   notice to pretrial services.  Otherwise, travel is restricted

15   to the United States.  No contact with co-defendants except for

16   his wife, any witnesses identified by the government other than

17   the Senator's staff, the Senate Foreign Relations Committee

18   staff or political advisers or individuals identified in the

19   indictment outside the presence of counsel.  No contact with

20   individuals on the Senator's staff, SRFC staff, or political

21   advisers who have personal knowledge of the facts the case

22   about the facts of the case outside of the presence of counsel.

23   The defendant would be released on his own signature as well as

24   the surrender of personal passport.

25             THE COURT:  All right.  And there are no other

N9RIMENC

1    conditions that need to be met at a later date; right?

2              MR. MARK:  No, your Honor.

3              THE COURT:  Anything to add to that, Counsel?

4              MR. FARBER:  No, your Honor.

5              THE COURT:  All right.  Based upon my review of the

6    indictment, the pretrial services report and agreement of

7    counsel, I accept the recommendation.

8              Senator Menendez will be released on his own signature

9    today with the surrender of his personal passport and under the

10   following conditions:  $100,000 personal recognizance bond,

11   pretrial supervision as directed, he is to surrender his

12   personal passports, but not any official passport, and such

13   travel documents to pretrial services, make no new applications

14   for travel documents.  Foreign travel is permitted only for

15   official business with prior notice to pretrial services.

16   Otherwise, travel is restricted to the United States.  He is to

17   have no contact with co-defendants except for his wife, no

18   contact with any witnesses identified by the government other

19   than the Senator's staff, the Senate Foreign Relations

20   Committee staff or political advisers or individuals identified

21   in the indictment outside of the presence of counsel.  He is to

22   have no contact with individuals on the Senator's staff, Senate

23   Foreign Relations Committee staff, or political advisers who

24   have personal knowledge of the facts of the case about the

25   facts of the case outside of the presence of counsel.

N9RIMENC

1          All right.  Did I miss anything or misspeak?

2          MR. MARK:  No, your Honor.

3          THE COURT:  All right.  Let's turn next to

4 Ms. Menendez.

5          MR. MARK:  So the agreed upon conditions of release

6 are the following -- I should say the proposed agreed upon

7 conditions of release are the following:  $250,000 personal

8 recognizance bond secured by the defendant's personal residence

9 in Englewood Cliffs, New Jersey, travel restricted to the

10 Southern District of New York, Eastern District of New York,

11 the District of New Jersey, the District of Columbia and points

12 in between, as well as the Southern District of Florida to see

13 family, temporary additional travel upon consent of the

14 government and approval of pretrial services, surrender of

15 travel documents and no new applications to be made, pretrial

16 supervision as directed by pretrial services, and to have no

17 contact with co-defendants, except for the defendant's spouse,

18 or witnesses outside the presence of counsel, and the defendant

19 will be released on her own signature and the surrender of her

20 personal passport with remaining conditions to be met by

21 October 11, which is two weeks from today.

22          THE COURT:  Anything else to add?

23          MR. ONORATO:  Your Honor, the only other things your

24 Honor with respect to the security, I think we have agreed to a

25 two-week period to get that accomplished.  Other than that --

N9RIMENC

| | |
|---|---|
| 1 | THE COURT:  Right.  That is October 11; right?  Two |
| 2 | weeks from now. |
| 3 | MR. ONORATO:  Yes. |
| 4 | THE COURT:  Based upon my review of the indictment, |
| 5 | the pretrial services report for Ms. Menendez, and the |
| 6 | agreement of counsel, I accept the recommendation. |
| 7 | Ms. Menendez will be released on the following conditions, and |
| 8 | she can be released today on her own signature and surrender of |
| 9 | the passport with remaining conditions to be met two weeks from |
| 10 | today, that's October 11.  These are the conditions:  $250,000 |
| 11 | personal recognizance bond secured by her personal residence in |
| 12 | Englewood Cliffs, New Jersey.  Travel is restricted to the |
| 13 | Southern and Eastern Districts of New York, the District of New |
| 14 | Jersey and the District of DC and points in between, as well as |
| 15 | the Southern District of Florida to see family.  Temporary |
| 16 | additional travel is possible upon consent of the government |
| 17 | and approval of pretrial services.  As I said already, I think, |
| 18 | Ms. Menendez is to surrender all travel documents and make no |
| 19 | new applications, pretrial supervision as directed by pretrial |
| 20 | services, and no contact with co-defendants, except her spouse, |
| 21 | or witnesses outside the presence of counsel. |
| 22 | All right.  Did I miss anything or does anything need |
| 23 | clarification? |
| 24 | MR. MARK:  No, your Honor. |
| 25 | MR. ONORATO:  Thank you, your Honor.  No. |

N9RIMENC

```
 1              THE COURT:  Thank you.  Let's turn next to Mr. Uribe.
 2              MR. MARK:  As to Mr. Uribe, the proposed agreed upon
 3    conditions of release are the following:  $1 million personal
 4    recognizance bond secured by his personal residence in Clifton,
 5    New Jersey, travel restricted to the Southern District New
 6    York, the Eastern District of New York, the District of New
 7    Jersey, and the Eastern District of Pennsylvania.  He must
 8    surrender travel documents and make no new applications,
 9    pretrial supervision as directed by pretrial services, the
10    defendant not to possess any firearms, destructive device, or
11    other weapon, additional conditions of no contact with
12    co-defendants and witnesses he does business with regarding the
13    case, except in the presence of counsel, and that he have no
14    contact with any other co-defendants or other witnesses outside
15    of the presence of counsel.  The defendant could be released on
16    his own signature and the surrender of his personal passport
17    with the remaining conditions to be met in two weeks, which is
18    October 11.
19              THE COURT:  All right.  Anything to add to that,
20    Counsel?
21              MR. KRIEGER:  No, your Honor.
22              THE COURT:  Based upon my review of the indictment,
23    Mr. Uribe's pretrial services report, and the agreement of
24    counsel, I accept the recommendation.  The agreed conditions of
25    release shall be:  $1 million personal recognizance bond
```

N9RIMENC

1   secured by defendant's personal residence in Clifton, New

2   Jersey, travel restricted to the Southern and Eastern Districts

3   of New York, the District of New Jersey, and the Eastern

4   District of Pennsylvania, he is to surrender all travel

5   documents and make no new applications, pretrial supervision as

6   directed by pretrial services, he is not to possess a firearm,

7   destructive device, or other weapon, no contact with

8   co-defendants and witnesses he does business with regarding the

9   case, except in the presence of counsel, no contact with other

10  co-defendants or witnesses outside the presence of counsel, and

11  he may be released on his own signature today plus the

12  surrender of personal passport with the remaining conditions to

13  be met by October 11, 2023, which is two weeks from today.

14          Did I miss anything?

15          MR. MARK:  No, your Honor.

16          MR. KRIEGER:  No, Judge.

17          THE COURT:  Just a minute.

18          Let's turn to Mr. Daibes.

19          MR. MARK:  Finally, with regard to Mr. Daibes, the

20  proposed agreed upon conditions of release are the following:

21  $2 million personal recognizance bond to be secured by a

22  commercial property at 500 Route 340 in Sparkill, New York, zip

23  code 10876, travel to be restricted to the Southern District of

24  New York, the Eastern District of New York, the District of New

25  Jersey, and the Southern District of Florida, the defendant

N9RIMENC

| | |
|---|---|
| 1 | surrender travel documents and make no new applications, |
| 2 | pretrial supervision as directed by pretrial services, the |
| 3 | defendant not to possess a firearm, destructive device, or |
| 4 | other weapon, the defendant not to have any contact with |
| 5 | co-defendants and witnesses he does business with regarding the |
| 6 | case, except in the presence of counsel, the defendant have no |
| 7 | contact with other co-defendants or witnesses outside the |
| 8 | presence of counsel.  The last condition makes reference to the |
| 9 | fact that the defendant also has a bond in New Jersey relating |
| 10 | to another case which is USA v. Fred Daibes, 18 CR 655.  This |
| 11 | condition provides that if and when the bond in that case, US |
| 12 | v. Fred Daibes, 18 CR 655, may be exonerated, then the monetary |
| 13 | conditions of that bond will continue to apply to this matter. |
| 14 | The monetary conditions, for the Court's reference, is a |
| 15 | $10 million PRB.  So, in other words, this condition provides |
| 16 | that the SDNY bond, this bond, would be modified to carry over |
| 17 | the $10 million PRB and accompanied security from the NJ bond |
| 18 | if that were to be exonerated.  The defendant would be released |
| 19 | on his own signature as well as the surrender of his personal |
| 20 | passport with the remaining conditions to be met in two weeks, |
| 21 | which is October 11. |
| 22 | THE COURT:  All right.  I just had a question.  This |
| 23 | might be for Mr. Daibes's counsel.  There are no firearms to be |
| 24 | surrendered at this time; right? |
| 25 | MR. FINZI:  That's correct, your Honor. |

N9RIMENC

1          THE COURT:  Have they already been surrendered?

2          MR. FINZI:  They were surrendered in connection with

3     the New Jersey case, your Honor.

4          THE COURT:  All right.  I just wanted to confirm.

5          MS. NISBETH:  Your Honor, if I may.

6          THE COURT:  Yes.

7          MS. NISBETH:  If you could just provide verification

8     to pretrial services of the surrender of the firearms.

9          THE COURT:  OK.  What about the -- I noticed in the

10    pretrial report about the purchase ID cards, does that need to

11    be -- was that surrendered, does that need to be surrendered,

12    does that verification need to be made to pretrial services in

13    this district?

14         MS. NISBETH:  Correct.  The report states he possesses

15    two firearms at his home.

16         THE COURT:  Counsel for Mr. Daibes?

17         MR. FINZI:  My understanding, your Honor -- I think it

18    may say this in the report too -- is that there were two

19    firearms.  The firearms, he's never used and received as gifts.

20    But they were transmitted or given to the son in connection

21    with the charges in New Jersey.  So, my understanding is that

22    they are not in his possession.  So, we will verify that.

23         THE COURT:  They are not with the son who lives with

24    him; is that right?

25         MR. FINZI:  That's correct, Judge.

N9RIMENC

1          THE COURT:  OK.  I will add verified as additional

2     condition, verify to pretrial services that the firearms and

3     purchase IDs have already been given to the son as represented

4     in the report.

5          All right.  Anything else that I need to add or modify

6     in this one?

7          MR. MARK:  Not from the government.

8          MR. FINZI:  No, your Honor.

9          MS. NISBETH:  No, your Honor.

10         THE COURT:  Based upon my review of the indictment,

11    the pretrial services report from Mr. Daibes, and the agreement

12    of counsel, I accept the recommendation.  Mr. Daibes will be

13    released on the following conditions:  The $2 million personal

14    recognizance bond secured by commercial property at 500 Route

15    340 in Sparkill, New York, travel is restricted to the Southern

16    and Eastern Districts of New York, the District of New Jersey,

17    and the Southern District of Florida.  He is to surrender all

18    travel documents and make no new applications, pretrial

19    supervision is as directed by pretrial services, he is not to

20    possess a firearm, destructive device, or other weapon.

21    Mr. Daibes is to have no contact with co-defendants and

22    witnesses he does business with regarding the case, except in

23    the presence of counsel.  He is to have no contact with other

24    co-defendants or witnesses outside of the presence of counsel.

25    He is to verify to pretrial services in the Southern District

N9RIMENC

1    New York that the firearms and any purchase IDs have already

2    been given to his son and he does not have possession of them,

3    and that if and when the bond in the New Jersey case, that is

4    United States of America v. Fred Daibes, 18-CR-655, if that

5    bond is exonerated the monetary conditions of that bond will

6    continue to apply in this matter.  In other words, the Southern

7    District New York bond will be modified to carry over the

8    $10 million personal recognizance bond and the accompanying

9    security from the District of New Jersey bond.  Mr. Daibes also

10   will be released on his own signature plus surrender of

11   personal passport.  So, that can happen today with remaining

12   conditions to be met in two weeks.  That is October 11, 2023.

13          Did I miss anything?  Does anything need

14   clarification?

15          MR. MARK:  No, your Honor.

16          MR. FINZI:  No, your Honor.  Thank you.

17          MS. NISBETH:  No, your Honor.

18          THE COURT:  I will give warnings to everybody.

19          If you fail to appear in court as required or if you

20   violate any of the conditions of the release, one, a warrant

21   will be issued for your arrest, two, you and anyone who signed

22   your bonds will each be responsible for paying their full

23   amounts as I indicated earlier -- there are different amounts

24   for each defendant -- and three, you may be charged with the

25   separate charge of bail jumping which can mean additional jail

N9RIMENC

1   time and/or a fine.  In addition, if you commit a new offense

2   while you are released, in addition to the sentence prescribed

3   for that offense, you would be sentenced to an additional term

4   of imprisonment of not more than ten years if the offense is a

5   felony or not lower than one year if the offense is a

6   misdemeanor.  This term of imprisonment would be executed after

7   any other sentence of imprisonment is completed.

8        While you are awaiting trial, I also must warn you not

9   to have any contact or engage in intimidation of potential or

10  designated witnesses or jurors, not to engage in any

11  intimidation of any court officer, and not to engage in any

12  conduct that would obstruct any investigation by law

13  enforcement.

14       Finally, if you don't agree with any of my decisions

15  here, you have a right to appeal them.

16       I am now going to give the government the Rule 5(f)

17  warning.  It is an oral order.  I direct the prosecution to

18  comply with its obligations under *Brady v. Maryland* and its

19  progeny to disclose to the defense all information, whether

20  admissible or not, that is favorable to the defendant, material

21  either to guilt or to punishment, and known to the prosecution.

22  Possible consequences for noncompliance may include dismissal

23  of individual charges or the entire case, exclusion of

24  evidence, and professional discipline or court sanctions on the

25  attorneys responsible.  I will be entering a written order more

N9RIMENC

1   fully describing this obligation and the possible consequences

2   of failing to meet it, and I direct the prosecution to review

3   and comply with that order.

4           Does the prosecution confirm that it understands its

5   obligations and will fulfill them?

6           MR. MARK:  We fully understand our obligations and

7   will fulfill them, your Honor.

8           THE COURT:  All right.  Is there anything further we

9   need to do at this time?

10           MR. MARK:  Not on behalf of the government.

11           MR. FARBER:  No, your Honor.

12           MR. ONORATO:  No, your Honor.

13           MR. KRIEGER:  No, Judge.

14           MR. DONOHUE:  No, your Honor.

15           THE COURT:  Thank you very much.  We are adjourned.

16           (Adjourned)

17

18

19

20

21

22

23

24

25