**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

        v.

        Case No. 1:23-cr-490 (SHS)

ROBERT MENENDEZ, NADINE
MENENDEZ, WAEL HANA, JOSE URIBE,
and FRED DAIBES,

        Defendants

## DEFENDANT NADINE MENENDEZ' MEMORANDUM IN SUPPORT OF MOTION TO SEVER DEFENDANTS FOR TRIAL

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ............................................................................................1

FACTUAL BACKGROUND ..............................................................................................2

ARGUMENT ......................................................................................................................2

      I.      MS. MENENDEZ'S TRIAL SHOULD BE SEVERED FROM SENATOR
           MENENDEZ'S ............................................................................................2

           A.  Legal Principles .....................................................................................2

                1.   The Standard for Severance Under Rule 14 .....................................2

                2.   The Law of Marital Privilege...........................................................3

           B.  Analysis...................................................................................................4

                1.   A Joint Trial Will Unfairly Compromise Ms. Menendez's Spousal
                    Communications Privilege..................................................................5

                2.   A Joint Trial Will Unfairly Compromise Ms. Menendez's Spousal
                    Testimonial Privilege ........................................................................6

CONCLUSION....................................................................................................................8

## TABLE OF AUTHORITIES

*Blau v. United States,*
    340 U.S. 332 (1951)..................................................................................................4

*Rock v. Arkansas*,
    483 U.S. 44, 51-53 (1987) ......................................................................................7

*Trammel v. United States*,
    445 U.S. 40, 53 (1980)...................................................................................3, 4, 7

*United States v. Ali*,
    2005 U.S. Dist. LEXIS 4719 (E.D. Pa. Mar. 24, 2005).......................................7

*United States v. Ammar*,
    714 F.2d 238 (3d Cir. 1983)...........................................................................4, 5, 6

*United States v. Blanchard*,
    2007 WL 1976359 (E.D. Mich. Jul. 3, 2007) .......................................................7

*United States v. Blunt*,
    930 F.3d 119 (3d Cir. 2019)...........................................................................4, 6, 7

*United States v. Breinig*,
    70 F.3d 850 (6th Cir. 1995) ...................................................................................6

*United States v. Dobson*,
    2003 WL 22427984 (E.D. Pa. 2003) .................................................................4, 7

*United States v. Estes*,
    793 F.2d 465 (2d Cir. 1986) ..................................................................................5

*United States v. Fields*,
    458 F.2d 1194 (3d Cir. 1972)................................................................................5

*United States v. Haynes*,
    16 F.3d 29 (2d Cir. 1994).......................................................................................3

*United States v. Hernandez-Guevara*,
    2019 WL 1261784 (D. Minn. Mar. 4, 2019) ........................................................7

*United States v. Pineda-Mateo*,
    905 F.3d 13 (1st Cir. 2018)....................................................................................7

*United States v. Premises Known as 281 Syosset Woodbury Rd., Woodbury, N.Y.*,
    71 F.3d 1067, 1070 (2d Cir. 1995).....................................................................3, 4

*United States v. Sasso,*
    78 F.R.D. 292 (S.D.N.Y. 1977) ...........................................................................8

*Zafiro v. United States,*
    506 U.S. 534 (1993)...............................................................................1, 3, 8

## <u>PRELIMINARY STATEMENT</u>

Under Federal Rule of Criminal Procedure 14(a), defendant Nadine Menendez moves to sever her trial from that of her husband, Senator Robert Menendez.[1]  Severance under Rule 14(a) is warranted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  This is the precise situation for Ms. Menendez.  A joint trial with Senator Menendez will undoubtedly prejudice Ms. Menendez's right to defend herself at a fair trial. We ask the Court to sever Ms. Menendez's trial from that of Senator Menendez under Rule 14 on the following grounds, considered individually and cumulatively:

- We understand that Senator Menendez may wish to testify at his own trial and that his testimony could include revealing confidential marital communications with Ms. Menendez that Senator Menendez deems essential and material to his defense. However, Ms. Menendez maintains her right to assert, and intends to assert, privilege as to her confidential marital communications.  Thus, at a joint trial of Senator Menendez and Ms. Menendez, the Court would be presented with an irreconcilable conflict between husband and wife with respect to the admissibility of confidential marital communications. Severance of the trial of Senator and Ms. Menendez would enable Senator Menendez to fully exercise his constitutional right to testify in his own defense without subjecting Ms. Menendez to unfair prejudice through the admission of her privileged confidential marital communications.

---

[1] In support of her Motion, Defendant Nadine Menendez also submits the Declaration of Danny C. Onorato *ex parte* and under seal because it reveals attorney work product and trial strategy in connection with Ms. Menendez's defense at trial.

1

- Senator Menendez and Ms. Menendez each has a constitutional right to testify at trial. Each of them also has a fundamental privilege not to testify adversely to their spouse. A joint trial would force the married defendants to make a Hobson's choice, as exercising their right to testify in their own defense may necessitate waiving their privilege against providing testimony adverse to their spouse. A severed trial would permit both Senator Menendez and Ms. Menendez to exercise their Constitutional rights while preserving their adverse spousal testimony privilege.

## FACTUAL BACKGROUND

Defendants Nadine Menendez and Senator Menendez are charged with three counts of conspiring to commit federal bribery—in violation of the federal official bribery statute, 18 U.S.C. § 201 (Count I); the honest-services statute, 18 U.S.C. § 1346 (Count II); and the Hobbs Act, 18 U.S.C. § 1951 (Count III)—as well as one count of conspiring to violate a provision of the Foreign Agents Registration Act (FARA), 18 U.S.C. § 219 (Count IV). *See* Dkt. 115 ("SSI") ¶¶ 71-83.

Senator Menendez and Nadine Menendez began dating in 2018 and were married in October 2020. *See* SSI ¶ 6. Broadly speaking, the Indictment alleges that from approximately 2018 to 2023, Senator Menendez and Nadine Menendez engaged in a corrupt relationship with three New Jersey associates and businessmen, Wael Hana, Fred Daibes, and Jose Uribe, in which the Senator and Ms. Menendez accepted bribes in exchange for certain acts by Senator Menendez. *See* SSI ¶ 1. Both Mrs. Menendez and Senator Menedez are innocent of the charges.

## ARGUMENT

### I. MS. MENENDEZ'S TRIAL SHOULD BE SEVERED FROM SENATOR MENENDEZ'S UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 14(a).

A. <u>Legal Principles</u>

1. <u>The Standard for Severance Under Rule 14</u>

Federal Rule of Criminal Procedure 14 ("Relief from Prejudicial Joinder") permits the court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" when the joinder of offenses or defendants in an indictment "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). If two (or more) defendants have been properly joined under Federal Rule of Criminal Procedure 8(b), a court should grant severance under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. *See United States v. Haynes*, 16 F.3d 29, 32 (2d Cir. 1994). A serious risk of this nature "might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Zafiro*, 506 U.S. at 539. The inverse is also true, *i.e.*, "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable at a joint trial." *Id.*

2.   The Law of Marital Privilege

The marital privilege encompasses "two distinct privileges." *United States v. Premises Known as 281 Syosset Woodbury Rd., Woodbury, N.Y.*, 71 F.3d 1067, 1070 (2d Cir. 1995). First, the privilege against adverse spousal testimony empowers a married person "to refuse to testify in a criminal proceeding against her or his spouse." *Id.* The witness spouse "may be neither compelled to testify [adversely to his or her spouse] nor foreclosed from testifying." *Trammel v. United States*, 445 U.S. 40, 53 (1980). Thus, the choice of whether to invoke the privilege against adverse spousal testimony belongs to the testifying spouse alone. The purpose of the privilege is to "foster[] the harmony and sanctity of the marriage relationship." *Id.* at 44. *See Premises Known*

*as 281 Syosset Woodbury Rd., Woodbury*, N.Y., 71 F.3d at 1070 ("The privilege is described as being 'broadly aimed at protecting marital harmony.') (citation omitted).

The second marital privilege applies to confidential communications between spouses, *i.e.*, "information privately disclosed between husband and wife in the confidence of the marital relationship." *Trammel*, 445 U.S. at 51. Unlike the adverse testimonial privilege that is held only by the testifying spouse, the confidential communications privilege "can be invoked by either spouse to prevent the revelation of such communications." *See Premises Known as 281 Syosset Woodbury Rd., Woodbury, N.Y.*, 71 F.3d at 1070. The marital communications privilege permits either spouse to assert the privilege to bar testimony concerning communications between the spouses during their marriage. *See Blau v. United States*, 340 U.S. 332, 333 (1951). However, testimony essential to a spouse's defense in a criminal case must be permitted even if it discloses confidential communications from the other spouse. *See United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983).

In circumstances where spouses are codefendants in a case and one spouse wishes to testify in his or her own defense without waiving the adverse spousal testimonial privilege, courts have granted severance to ensure the fairness of the moving spouse's trial. *See United States v. Blunt*, 930 F.3d 119 (3d Cir. 2019) (co-defendant spouses being tried jointly must have their cases severed when one spouse (here the wife) must choose between, on the one hand, testifying adversely against her spouse (her husband) in her own defense, and, on the other, exercising her spousal privilege to refuse to testify in order to protect him; may apply to both spousal privileges); *United States v. Dobson*, 2003 WL 22427984 (E.D. Pa. 2003) (holding that it was proper to sever a husband and wife's criminal trial on the basis that otherwise, the husband would have to choose between his right to testify in his own defense and his right under the adverse spousal testimonial

4

privilege not to incriminate his wife). Courts likewise have noted that severance is appropriate when one co-defendant spouse seeks to testify to confidential marital communications, but the other co-defendant spouse wishes to maintain the confidentiality of those privileged communications. *See Ammar*, 714 F.2d at 257 ("Testimony essential to a spouse's criminal defense must be permitted even if it discloses privileged communications. A severance may be granted for a co-defendant spouse, if necessary to protect his or her rights."); *United States v. Fields*, 458 F.2d 1194 (3d Cir. 1972).

   B.  Analysis

   The question before the Court on this motion to sever is whether there is a serious risk that Ms. Menendez's right to defend herself against criminal charges will be seriously compromised by being required to stand trial in the same courtroom and before the same jury as Senator Menendez.  The unequivocal answer is yes.

   1.  A Joint Trial Will Unfairly Compromise Ms. Menendez's Spousal Communications Privilege.

   We understand that Senator Menendez may wish to testify at trial and that his testimony could reveal confidential marital communications with Ms. Menendez that Senator Menendez deems material and essential to his defense. However, Ms. Menendez maintains the right to assert, and will assert, privilege as to her confidential marital communications.  If the Court were to allow Senator Menendez to testify regarding marital confidences at a joint trial with Ms. Menendez, Ms. Menendez would be seriously prejudiced by the admission of testimony that would not be admissible at a separate trial without her spouse.

   Severing the trials of Senator and Ms. Menendez would allow Senator Menendez to fully exercise his right to testify in his own defense without prejudicing Ms. Menendez's right to maintain the privilege of her confidential marital communications.  *See United States v. Estes*, 793

F.2d 465, 466 (2d Cir. 1986) (noting that admission of spouse's testimony concerning a confidential communication was sufficiently prejudicial to require the granting of a new trial).

The Third Circuit's decision in *United States v. Blunt*, 930 F.3d 119 (3d Cir. 2019), is analogous and instructive. In that case, the court was "confronted with the issue of whether co-defendant spouses being tried jointly are required to have their case severed when one spouse must decide between testifying adversely against her spouse in her own defense or exercising her privilege against adverse spousal testimony." *Id*. at 127. The Third Circuit held that the holder of the spousal privilege should be afforded the opportunity "to exercise that privilege without being forced to choose between it and the fundamental right to testify on her own behalf." *Id.; see also Ammar*, 714 F.2d at 257 ("Testimony essential to a spouse's criminal defense must be permitted even if it discloses privileged communications. A severance may be granted for a co-defendant spouse, if necessary to protect his or her rights.").

As in *Blunt*, the dueling rights and privileges of Senator Menendez and Ms. Menendez create a precarious situation that can be avoided through severance. It may be in the interest of Senator Menendez to testify to confidential marital communications that support his defense. But Ms. Menendez has a countervailing compelling privilege to maintain the confidentiality of her marital communications as part of her defense. If Senator Menendez and Ms. Menendez are tried together, either Senator Menendez will be prevented from providing exculpatory testimony in the form of marital communications on his own behalf, or Ms. Menendez will risk the admission of damaging testimony about privileged matters that would be inadmissible if she was tried separately. It would be unfair to require either spouse to sacrifice the right to testify fully in one's own defense or the ability to maintain the confidentiality of privileged marital communications. This is precisely why courts confronted with co-defendant spouses frequently sever their trials.

*See, e.g., United States v. Breinig*, 70 F.3d 850 (6th Cir. 1995) (holding husband and wife should not be tried jointly where wife's defense relied on testimony that implicated her husband); *Dobson*, 2003 U.S. Dist. LEXIS 15491 (severing trial of husband and wife to protect "fundamental rights" not to testify on his own behalf and right not to testify against the spouse); *United States v. Ali*, 2005 U.S. Dist. LEXIS 4719 (E.D. Pa. Mar. 24, 2005) (similar).

### 2. A Joint Trial Will Unfairly Compromise Ms. Menendez's Spousal Testimonial Privilege.

Ms. Menendez's strong interest in exercising her adverse spousal testimonial privilege also weighs in favor of severance under Rule 14.  Ms. Menendez has an absolute constitutional right to testify in her own defense at trial.  *See Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987).  Under *Trammel*, *supra*, Ms. Menendez also as a "time-honored evidentiary privilege" to refuse to testify adversely to her husband.  *See United States v. Pineda-Mateo*, 905 F.3d 13, 26 (1st Cir. 2018).  In the circumstances here, where Ms. Menendez has been indicted jointly with Senator Menendez, Ms. Menendez's constitutional right to testify in her own defense (which Ms. Menendez may wish to exercise) and her privilege to refuse to testify adversely to Senator Menendez (which Ms. Menendez also wishes to exercise) could stand in irreconcilable conflict.  In similar circumstances, a variety of courts have granted severance to ensure the fairness of the moving spouse's trial.  *See Blunt*, 930 F.3d at 127-29 (reversing conviction and ordering separate trial of wife so that she receives "the opportunity to exercise her spousal privilege without being forced to choose between said exercise and testifying in her own defense"); *Dobson*, 2003 WL 22427984, *2; *Ali*, 2005 WL 697482, *1-2 (E.D. Pa. Mar. 24, 2005); *United States v. Blanchard*, 2007 WL 1976359, *7 (E.D. Mich. Jul. 3, 2007) (finding that "[f]orcing a defendant into a 'Catch-22,' to choose one form of legal protection at the expense of another, is inconsistent with the fundamental idea of a fair trial"); *United States v. Hernandez-Guevara*, 2019 WL 1261784, *2 (D. Minn. Mar. 4, 2019) (finding that

wife "should not be forced to choose between her right to testify in her own defense and her desire not to incriminate her husband").  *But see United States v. Sasso,* 78 F.R.D. 292 (S.D.N.Y. 1977) (denying severance).  Accordingly, severance is appropriate here.

## **CONCLUSION**

Ms. Menendez's interests in both maintaining the confidentiality of her privileged marital communications and exercising her spousal testimonial privilege without sacrificing her ability to testify in her own defense collectively support a finding of a "serious risk" that a joint trial will compromise her "specific trial rights."  *Zafiro*, 506 U.S. at 53.  For the foregoing reasons and any others that appear to the Court, Ms. Menendez's trial should be severed from Senator Menendez's under Federal Rule of Criminal Procedure 14(a).

January 15, 2024                                    Respectfully Submitted,

                                                    /s/
                                                    David Schertler, Esq.
                                                    Danny Onorato, Esq.
                                                    Paola Pinto, Esq.
                                                    Schertler Onorato Mead & Sears
                                                    555 13th Street, NW, Suite 500 West
                                                    Washington, DC  20004
                                                    202-628-4199, Facsimile:  202-628-4177
                                                    dschertler@schertlerlaw.com

                                                    *Counsel for Defendant Nadine Menendez*