# Exhibit A

**From:** Pomerantz, Lara (USANYS)
**To:** Weitzman, Avi; Richenthal, Daniel (USANYS); Clark, Christina (NSD); Mark, Eli (USANYS); Monteleoni, Paul (USANYS)
**Cc:** Fee, Adam J.; Luskin, Robert; PH-MenendezTeam
**Subject:** [EXT] RE: Govt Opposition Brief - Venue Allegations
**Date:** Monday, February 12, 2024 12:59:33 PM
**Attachments:** image001.png

--- External Email ---

Avi,

We received your request for additional particulars relating to venue. We do not believe you are entitled to the information you request at this time, much of which seems to ask the Government to provide a preview of its arguments at trial, nor do you provide any case law or other authority supporting your request. We would of course be happy to consider any authority you wish to provide. Moreover, as noted in our December 18, 2023 letter and our February 5, 2024 brief, discovery in this matter provides extensive information regarding the alleged overt acts and charges, including with respect to the evidence underlying these acts, and reasonably prior to trial, the defendant will also receive material pursuant to 18 U.S.C. § 3500.

Lara

**From:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Sent:** Friday, February 9, 2024 3:49 PM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>; Mark, Eli (USANYS) <EMark@usa.doj.gov>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
**Cc:** Fee, Adam J. <adamfee@paulhastings.com>; Luskin, Robert <robertluskin@paulhastings.com>; PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>
**Subject:** [EXTERNAL] Govt Opposition Brief - Venue Allegations

Counsel:

Your opposition to defendants' motions to dismiss make several new assertions with respect to venue that are not included in the Second Superseding Indictment. As you have gone beyond the indictment, we request that you provide the evidence supporting the following assertions:

1. "On [June 30, 2018], while dining together in Manhattan, Menendez, Nadine Menendez, and Hana **arranged for** the July 2018 meeting between Menendez and Egyptian Official-1 (referred to in paragraph 20 of the Indictment)." (Opp. 137) (emphasis added)
2. "[T]hat July 2018 meeting **resulted in** Menendez's notification of Hana, through Nadine Menendez, that he intended to approve a $99 million FMS for tank ammunition." (Opp. 137) (emphasis added). Contrary to the assertion in the government's opposition, the Indictment does not allege that the July 2018 meeting was the cause of Senator Menendez's notifying Hana of this approval.
3. "[The June 30, 2018] dinner in Manhattan **included an agreement** between the bribe recipient and the bribe payor on a date when the bribe recipient would hear a request for official acts . . . ." (Opp. 138) (emphasis added).
4. "**[B]ut for the June 30 Manhattan dinner** scheduling the July 2018 meeting, that meeting and the ensuing promise of an official act (Indictment ¶ 20) would not have happened." (Opp. 138) (emphasis added). Paragraph 20 of the Indictment does not allege that a promise was made, of an official act or otherwise. Please indicate the official act that the government now asserts was promised, when that promise is asserted to have been made, and the government's basis for those assertions.
5. After "the September 21, 2019 dinner attended by Menendez, Hana, Daibes, and another Egyptian official (Egyptian Official-3)," "on or about January 2, 2020, Egyptian Official-3 texted Nadine Menendez that he had been instructed by his boss in Cairo to 'start talks' with Daibes 'regarding what was discussed in NY about Egyptian investments in USA', *i.e.*, referring to the September 21 meeting . . . ." (Opp. 139) Please provide the basis for the government's assertion that the January 2, 2020 text message refers to the September 21, 2019 dinner that occurred over three months earlier.
6. "[T]his message was an invitation for Uribe to join a meeting to help plan Menendez's attempt to pressure Official-2, including necessary details for the meeting, and . . . the meeting was intended to prepare Menendez to perform an act for which he had been bribed . . . ." (Opp. 140-41). What's the basis for the government's assertions that the meeting involved such discussions?
7. The alleged sale of gold bars was done "in a way that concealed the[ir] source . . . ." (Opp. 144). What's the basis for the government's claim that converting the gold bars to cash "concealed" the source of the gold bars?

In light of the pending motion to dismiss for lack of venue, and Defendants' fast-approaching deadline to reply to the government's opposition, please provide the government's basis for the above assertions as soon as possible.

Regards,
Avi



**Avi Weitzman | Partner | Co-Chair – Complex Litigation and Arbitration**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6920 | Mobile:+ 1.917.670.5267 | Fax: +1.212.319.4090
aviweitzman@paulhastings.com | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.