# **Exhibit D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

MARTIN SHKRELI AND EVAN GREEBEL,

    *Defendants.*

------------------------------------------------------------x

ECF Case

No. 15-CR-00637 (KAM)

**ORAL ARGUMENT REQUESTED AND SCHEDULED FOR APRIL 7, 2017**

# DECLARATION OF REED BRODSKY IN SUPPORT OF MR. GREEBEL'S MOTION FOR SEVERANCE

I, Reed Brodsky, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am a partner with the law firm of Gibson Dunn & Crutcher LLP and licensed to practice law in the State of New York. I also am a member of the bar of this Court. I respectfully submit this declaration in support of Mr. Greebel's application for a severance from Mr. Shkreli.

2. Based on our review of most of the discovery produced by the government and our investigation of the charges against Mr. Greebel, it is our present intention as counsel to Mr. Greebel to present evidence at trial that Mr. Shkreli deceived Mr. Greebel and other attorneys at Katten Muchin Rosenman LLP ("Katten Muchin"). Among other things, it is our present intention as counsel to Mr. Greebel to present evidence at trial that:

    a. Mr. Shkreli lied on multiple occasions to Mr. Greebel and other attorneys at Katten Muchin;

    b. Mr. Shkreli failed to disclose on multiple occasions material information to Mr. Greebel and other attorneys at Katten Muchin;

1

  b. Mr. Shkreli failed to disclose on multiple occasions material information to Mr. Greebel and other attorneys at Katten Muchin;

  c. Mr. Shkreli misrepresented to third parties on multiple occasions that Mr. Greebel had offered or provided certain legal advice when in fact the opposite was true;

  d. Mr. Shkreli misrepresented to others at various times that he had obtained legal advice from Mr. Greebel when, in fact, Mr. Shkreli had not conferred with Mr. Greebel at all;

  e. Mr. Shkreli deceived Mr. Greebel and other attorneys at Katten Muchin as pawns in fraudulent schemes unbeknownst to them; and

  f. Mr. Shkreli has a long-term pattern and practice of blaming others for his own misconduct.

  3. Understanding that a defendant has the right to change his mind, including if the government fails to meet its burden of proving the charges against Mr. Greebel in Count Seven and Count Eight beyond a reasonable doubt in its case-in-chief, it is our understanding that Mr. Greebel will testify at the criminal trial. Further, I respectfully proffer to the Court that, if Mr. Greebel takes the witness stand to testify, I anticipate asking Mr. Greebel the following questions, and I would anticipate that Mr. Greebel would give the following answers:

  a. If asked whether during the period from 2011 through 2014, Mr. Greebel has come to learn that Mr. Shkreli lied to him, I anticipate that Mr. Greebel would answer yes.

  b. If asked whether during the period from 2011 through 2014, how Mr. Greebel has come to learn that Mr. Shkreli lied to him, I anticipate that Mr. Greebel would answer that he discovered these lies from his review of documents produced in discovery in this case that he had never seen before prior to the charges filed against him.

2

c.  If asked whether during the period from 2011 through 2014, Mr. Shkreli made misrepresentations to and/or omitted material information from Mr. Greebel relating to, among other things, MSMB entities, consulting agreements, stock transfer agreements, and Fearnow shares, I anticipate that Mr. Greebel would answer yes.

d.  If asked whether Mr. Greebel believes that Mr. Shkreli used Mr. Greebel and other attorneys at Katten Muchin as unknowing pawns in his scheme, Mr. Greebel would answer yes.

4.  Based on our review of the discovery produced by the government to date and our investigation of the charges against Mr. Greebel, it is our present intention as counsel to Mr. Greebel to offer evidence at trial that Mr. Shkreli made misrepresentations, made misleading statements, and omitted material information in his communications with Mr. Greebel and other counsel at Katten Muchin. We will be arguing to the jury that, among other things, Mr. Shkreli is guilty of committing fraud and that Mr. Greebel is not guilty of the charges against him.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 17, 2017
       New York, New York

_____
Reed Brodsky

3