# Exhibit F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT F. MCDONNELL,

Defendant.

Action No. 3:14-CR-12-1

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant Robert F. McDonnell's Motion for Leave to File Supporting Declarations Under Seal and for *Ex Parte In Camera* Review ("Motion") (ECF No. 116). McDonnell seeks to file two declarations in support of Defendants' Motion to Sever Trial (ECF Nos. 114, 120); the first declaration is by William A. Burck, counsel for Maureen G. McDonnell, and the second declaration is by John L. Brownlee and Henry W. Asbill, counsel for Mr. McDonnell (collectively, "Declarations"). For the reasons that follow, the Motion is hereby GRANTED IN PART, to the extent that it requests leave to file the Declarations under seal, and DENIED IN PART, to the extent that it requests *in camera* review of the Declarations.

The Declarations purportedly describe in detail testimony that Defendants expect to offer if the trial is severed. McDonnell asserts that the Declarations reveal testimony subject to the marital communications privilege and that allowing the Government to access the Declarations would impermissibly expose Defendants' trial strategy. The Government asserts that without access to the Declarations, it cannot respond to Defendants' Motion to Sever and the Court will be deprived of an adversarial proceeding in resolving the issue of severance.

The Supreme Court has recognized that "[a]s the need for adversary inquiry is increased by the complexity of the issues presented for adjudication, and by the consequent inadequacy of

1

ex parte procedures as a means for their accurate resolution, the displacement of well-informed advocacy necessarily becomes less justifiable." *Alderman v. United States*, 394 U.S. 165, 184 (1969); *compare United States v. Apple*, 915 F.2d 899, 910 (4th Cir. 1990) (reversing a district court's judgment—which was made after *in camera* review of evidence and without an adversarial proceeding—that evidence was not tainted by a Fourth Amendment violation), *with United States v. Beckford*, 964 F. Supp. 1010, 1028 (E.D. Va. 1997) (finding that an adversarial proceeding was not necessary to apply the legal standard for issuance of a Rule 17 subpoena). Unlike determinations of whether Rule 17 subpoenas should issue, a motion to sever requires a fact-intensive, multi-factored analysis for which there is a heightened need for well-informed advocacy. In this respect, Defendants' Motion to Sever is more akin to the Fourth Amendment analysis considered by the *Alderman* Court than the less complex issues presented in the cases cited by McDonnell. *See United States v. Carriles*, 654 F. Supp. 2d 557, 570 (W.D. Tex. 2009) (allowing memoranda of understanding to be filed ex parte with the court in order to preserve the confidentiality of defense witnesses, while also ensuring that sensitive government information would be handled in compliance with a protective order); *United States v. Lindh*, 198 F. Supp. 2d 739 (E.D. Va. 2002) (same).[1]

Courts "should rarely if ever resort to *in camera, ex parte* examination of evidence or conduct such proceedings." *United States v. Barnette*, 644 F.3d 192, 209 (4th Cir. 2011). The Supreme Court has expressed concern about the accuracy of ex parte determinations and has implied that the burden of justifying such proceedings in complex determinations is high. *See Alderman,* 394 U.S. at 184. Reviewing the Declarations *in camera* and, thereby, allowing Defendants to support their Motion to Sever with argument and evidence not available to the Government would effectively deprive the Court of an adversarial proceeding in a complex determination. McDonnell has not met the high burden to justify such a deprivation.

---

[1] Although McDonnell has pointed to two district courts which allowed ex parte submission of documents in support of motions to sever, the facts and reasoning leading to those courts' opinions are not sufficiently clear to make them persuasive.

2

Accordingly, the Motion is DENIED IN PART to the extent that it seeks ex parte, *in camera* review of the Declarations.[2]

Nevertheless, McDonnell has otherwise met the requirements of Local Criminal Rule 49, and therefore, the Motion is GRANTED IN PART to the extent that it seeks leave to file the Declarations under seal. E.D. Va. Loc. Crim. R. 49(D). The Court finds that it has inherent authority to seal the Declarations, *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984), that McDonnell's interest in maintaining the confidentiality of the Declarations outweighs the public's right of access, and that no member of the public has objected to this Motion. Accordingly, McDonnell may file the Declarations under seal within three (3) days of the date of this Memorandum Order, if he so chooses. Additionally, McDonnell may file the Declarations ex parte under seal only for the purposes of preserving the record on appeal; the Court will not review the Declarations if filed ex parte under seal.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this   17th   day of April 2014.

---

[2] Although McDonnell cites concerns about revealing trial strategy or privileged communications, the Court notes that Defendants' Motion to Sever affirmatively places the facts related to their potential testimony in issue. *See United States v. Parodi*, 703 F.2d 769, 779 (4th Cir. 1983) (delineating the test for severance). Not only would reviewing the Declarations *in camera* inequitably allow Defendants to employ the marital communications privilege as both a sword and a shield, *see Baltimore Scrap Corp. v. David J. Joseph Co.*, No. L-96-827, 1996 U.S. Dist. LEXIS 19617, at *77 (D. Md. Sept. 16, 1996), McDonnell has failed to demonstrate either that the Declarations are privileged or that they necessarily reveal trial strategy.

3