

February 20, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   United States v. Menendez, et al., No. 23 Cr. 490 (SHS)

Dear Judge Stein:

We represent Senator Menendez and respectfully submit this letter to request that the Court set a schedule for pretrial disclosures, including the production of government exhibits, *Giglio* material, and *Jencks* Act material. We have met and conferred with the government regarding these deadlines, but they have insisted that such disclosures be made ***just two weeks*** before the start of the anticipated two month trial in this matter.

In a complex case such as this one, which involves a 5 year investigation, likely dozens of trial witnesses, and allegations that span the globe, it is hard to conceive of a less appropriate – and less fair – schedule for these disclosures. Indeed, with the identity of all individuals referenced in the Indictment disclosed long ago to the defendants, there is no compelling rationale for the government's desire to withhold witness statements, other than to gain an unfair tactical advantage at trial.[1] As for other pretrial deadlines, we have met and conferred with the government and have reached substantial agreement on a schedule for the Court's consideration (summarized at the end of this letter).

Put simply, the government's proposed disclosure schedule would reflect the most government-friendly pretrial schedule implemented in recent history in a case involving an anticipated multi-month trial.  It would ***disable*** the defense's ability to prepare for trial, and very well may necessitate an adjournment if and when the voluminous exhibits, and *Giglio* and *Jencks* materials (likely thousands of pages) are actually disclosed.

The government has offered no rationale for its proposed pretrial disclosure schedule.  In its back-and-forth with the defense, the government has failed even to give lip service to what

---

[1] We have conferred with counsel for Defendants Nadine Menendez, Wael Hana, and Fred Daibes, and each joins in the Senator's requests in this letter.

Paul Hastings LLP  |  200 Park Avenue  |  New York, NY 10166
t: +1.212.318.6000  |  www.paulhastings.com



Hon. Sidney H. Stein
Feb. 20, 2024
Page 2

would presumably be its proffered rationale for such atypically late disclosures – *i.e.*, witness safety – reflecting the hollowness of that reason in this case, where the key witnesses have been known to all parties from the outset and were disclosed by the government to the defense following indictment.

Moreover, as explained below, the parties agree that motions *in limine* should be due on March 22, 2024.  It is impossible for the defense to adequately brief motions *in limine* **before** the government's production of exhibits and *Jencks* Act material.  Until the defendants receive such materials, they will not know what the government's direct case looks like, what sorts of unfairly prejudicial or irrelevant materials the government may seek to introduce at trial, and whether important aspects of the government's anticipated case will be the subject of motions *in limine*.  Thus, the government's own proposed schedule only serves to undermine the Court's ability to issue appropriate pretrial rulings defining the scope of proof at trial.

As this Court is aware, in trials of similar lengths, alleged terrorists, drug traffickers, securities fraudsters, and violent organized crime figures routinely receive exhibits and 3500 materials between one to two months before trial.  *See, e.g.*, *United States v. Hwang*, S1 22 Cr. 240 (AKH), Dkt. No. 141 (S.D.N.Y. Jan 23, 2024) (in racketeering and securities fraud case, 3500 material to be provided **6 weeks** in advance of trial); *United States v. Loera ("El Chapo")*, 2015 WL 2744701, at *2 (E.D.N.Y. June 7, 2018) (in kingpin narcotics trafficking case, 3500 and *Giglio* material provided **one month** in advance of trial); *United States v. Percoco, et al.*, 16 Cr. 776 (VEC), Dkt. No. 647 (S.D.N.Y. May 3, 2018) (in multi-defendant public corruption case, *Jencks* and *Giglio* material provided **one month** in advance of trial); *United States v. Bonventre*, 2013 WL 2303726, at *9 (S.D.N.Y. May 28, 2013) (in securities fraud case arising from Madoff *Ponzi* scheme, *Jencks* materials to be provided **two months** in advance of trial); *United States v. Seabrook*, 10 Cr. 87 (RAP), Minute entry for 9/21/11 proceedings (S.D.N.Y. Sept. 23, 2011) (in public corruption case, *Jencks* material provided **6 to 8 weeks** in advance of trial).

Pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, the Court has the authority to monitor and override the timing provisions set forth in the *Jencks* Act and in Rule 26.2. Indeed, Rule 26.2, unlike its predecessor the *Jencks* Act, contains no language precluding the disclosure of witness statements before trial. *Compare* Fed. R. Crim. P. 26.2 *with* 18 U.S.C. § 3500(a). Rule 26.2 and related cases also acknowledge the risk to the trial schedule as a result of insufficient time for the defense to make use of *Jencks* Act material. *See* Fed. R. Crim. P. 26.2(d) ("Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial."); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980).



Hon. Sidney H. Stein
Feb. 20, 2024
Page 3

Here, in order to prepare effectively for trial, the defense must obtain the government's exhibits and *Jencks* and *Giglio* materials many weeks before the jury is sworn. If such disclosures are denied, the defense may very well be required to seek recesses pursuant to Rule 26.2(d) in the trial proceedings, merely to process the expected large volumes of witness-related material generated during the years of government investigation and questioning of witnesses. The defense has no desire to interfere with the court's calendar or the trial in this way, particularly given the risk that the jury will view defendants as responsible for the delays and for the overall length of the trial, which would unfairly prejudice the defendants' Fifth and Sixth Amendment rights.

The remedy is obvious. It is overwhelmingly common in this and other Districts for cases of similar (and even lesser) length for the government to agree or for the Court to order early disclosure of government exhibit and *Jencks* Act material. Accordingly, we propose that government exhibits, *Giglio* material, and *Jencks* Act material each be produced on March 8, *i.e.*, eight weeks before the start of trial, understanding that it will be a rolling production subject to supplementation made in good faith.

Despite the parties' disagreement as to the schedule for disclosure of government exhibits, *Giglio* material, and *Jencks* material, the parties have made substantial progress on a proposed schedule for other pretrial deadlines, with some modest remaining disagreements. Specifically, the parties propose the following:

- *In Limine Motions*: The parties mutually propose to file motions *in limine* on or before March 22 (i.e., 45 days before the start of trial), with responses due on April 12 and any replies due on April 19.

- *Expert Disclosures*: The government proposes that both parties' expert disclosures be due on March 7, with any rebuttal expert disclosures due on March 15. The defendants counter-propose that the government's expert disclosures be due on March 6 (because the government bears the burden of proof in the case), and the defendants' expert disclosures due on March 20, with any rebuttal expert witness reports due March 27.

- *Rule 404(b)/Affirmative Defenses*: The parties mutually propose that Rule 404(b) notice and notice of any advice of counsel or public authority defense be due on March 15.

- *Defense Exhibits and Defense Witnesses*: the parties mutually agree that Defendants will produce any exhibits they intend to introduce during the Government's case-in-chief on April 29, and that at least seven days before the anticipated start of the defense case, the defendants will provide (i) exhibits they reasonably expect to seek to introduce during their cases, (ii) a list of witnesses they reasonably expect to call in their cases, and (iii)



Hon. Sidney H. Stein
Feb. 20, 2024
Page 4

    Rule 26.2 material for those witnesses (in a rolling production subject to supplementation made in good faith).

We thank the Court for its consideration, and are available at the Court's convenience to address these matters.

                                                                      Respectfully,

                                                                      /s/ *Adam Fee*

                                                                      Adam Fee
                                                                      Avi Weitzman
                                                                      *Attorneys for Defendant Robert Menendez*