

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 21, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

*Feb 23, 2024*
*The parties are directed to continue their discussions regarding pretrial disclosures timing.*
*So ordered.*
*Sidney H. Stein*
*U.S.D.J.*

Re: *United States v. Robert Menendez, et. al*,
S2 23 Cr. 490 (SHS)

Dear Judge Stein:

The Government respectfully writes in the above-captioned matter in opposition to defendant Robert Menendez's February 20, 2024 letter motion (Dkt. 192 ("Def. Ltr. Mot.")), joined by certain of his co-defendants, in which he seeks (a) an order requiring the disclosure of (i) all existing material under 18 U.S.C. § 3500, (ii) all *Giglio* material, and (iii) all Government exhibits, in just over two weeks, *i.e.*, two months from the current trial date, and (b) an order setting several other pretrial deadlines.

As an initial matter, the defendant's motion is premature. The parties have barely even begun to confer regarding pretrial disclosures. Rather, the defendant made a proposal by email on February 4, and the Government made a counterproposal by email on February 6, to which the defendant did not respond.[1] *See* Local Crim. R. 16.1 ("No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement."); *United States v. Minaya*, 395 F. Supp. 2d 28, 31-32 (S.D.N.Y. 2005) (failure to comply with this rule is a sufficient basis to deny motion for discovery, including for 3500 material, *Giglio* material, and a witness list); *see also, e.g., United States v. Gonzalez*, No. 21 Cr. 288 (VM), 2022 WL 3684796, at *4 (S.D.N.Y. Aug. 24, 2022); *United States v. Castro*, No. 08 Cr. 268 (NRB), 2008 WL 5062724, at *1 (S.D.N.Y. Nov. 25, 2008); *United States v. Morales*, 280 F. Supp. 2d 262, 273 (S.D.N.Y. 2003); *United States v. Ahmad*, 992 F. Supp. 682, 684-85 (S.D.N.Y. 1998).

---

[1] The defendant's February 4 proposal called for, among other things, the Government to produce material pursuant to 18 U.S.C. § 3500 by February 13, *i.e.*, almost 90 days before trial and less than two weeks after the proposal was made, and did not include a date for, among other things, the production of Rule 26.2 material.

Honorable Sidney H. Stein
February 21, 2024
Page 2

In his letter, the defendant suggests that because he now has no objection to certain deadlines in the Government's February 6 proposal, the Court should order both those deadlines to which he does not object *and* the defendant's very different view of other deadlines. (*See* Def. Ltr. Mot. 3.) That suggestion ignores that the Government's proposal to the defendant had a set of related deadlines, designed to ensure efficiency and fairness to both sides. That suggestion also ignores that the defendant has stated repeatedly, including in writing (*see, e.g.*, Dkt. 187 at 7), that he is planning to seek an interlocutory appeal, which would likely substantially delay the trial. Yet the defendant, who has not produced any reciprocal discovery—or even provided a date by when he will do so—proposes that he receive all existing 3500 material, all *Giglio* material, and all Government exhibits, in just over two weeks, but not produce any of his own exhibits until April 29 (a date that would likely fall after the defendant files his appeal), and any witness list or witness statements until well into trial, once it occurs. *See generally Williams v. Florida*, 399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played.").

In any event, to the extent that the Court reaches the merits of the defendant's requests, it should deny them. With respect to his request for early 3500, the Court lacks authority to grant such a request. *See, e.g., United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) (The "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."); *In re United States*, 834 F.2d 283, 286-87 (2d Cir. 1987) (granting mandamus and vacating order to produce early witness statements); *United States v. Hossain*, No. 19 Cr. 606 (SHS), 2020 WL 6874910, at *5 (S.D.N.Y. Nov. 23, 2020) ("courts lack power to compel pretrial production of Jencks Act material" (internal quotation marks omitted)); *United States v. Dupigny*, No.18 Cr. 528 (JMF), 2019 WL 2327697, at *4 (S.D.N.Y. May 30, 2019) ("to the extent these motions seek early disclosure of the Government's trial materials, including the statements of witnesses and victims, the motions are denied as frivolous"); *see also* 18 U.S.C. § 3500.

To be sure, as the Government informed the defendant, notwithstanding the language of Section 3500 and uniform case law, the Government intends to produce 3500 material at least two weeks prior to the start of trial, and is amenable to discussing an alternative proposal as part of a set of reasonable mutual disclosures.[2] The Government is similarly committed to producing its case-in-chief exhibits at least two weeks prior to the start of trial, and is amenable to discussing an alternative proposal as part of a set of reasonable mutual disclosures. The defendant's apparent preference to avoid conferring to seek *mutually agreeable* disclosures, for both sides, is not a cognizable basis to seek a court order, much less months before trial. This is especially so when the defendant has repeatedly stated an intention to seek an interlocutory appeal, which would necessarily and likely substantially delay trial, and should be accounted for with respect to the Government's trial disclosures. It appears, in short, that the defendant seeks the tactical advantage of obtaining all 3500 material and exhibits from the Government before filing an appeal, while not making defense productions until after the completion of the appeal.

Moreover, the defendant's suggestion that courts in this district both regularly order early 3500, and do so consistent with the schedule he seeks here, is misleading at best. (*Compare, e.g.*,

---

[2] As the Court is aware (*see, e.g.*, Dkt. 111 at 3-4; Dkt. 128 at 2 n.1), the Government has already made a production of certain witness statements, and remains amenable to discussing with the defendant whether an additional early production may be warranted to assist the defense in preparing particular motions.

Honorable Sidney H. Stein
February 21, 2024
Page 3

Def. Ltr. Mot. 2 (suggesting that, in *United States v. Percoco*, 3500 material was ordered to be "provided *one month* in advance of trial" (emphasis in original)) (citing *United States v. Percoco*, No. 16 Cr. 776, Dkt. 647 (S.D.N.Y. May 3, 2018)), *with id.*, Dkt. 360 (S.D.N.Y. Nov. 20, 2017) ("this Court does not have the power to require early production of Jencks Act materials"), and *id.*, Dkt. 647 (ordering such materials, provided pursuant to a negotiated schedule among the parties, be also provided *to the Court*); Dkt. Ltr. Mot. 2 (suggesting that in *United States v. Bonventre*, 3500 material was ordered to be "provided *two months* in advance of trial" (emphasis in original)) (citing *United States v. Bonventre*, No. 10 Cr. 228 (LTS), 2013 WL 2303726, at *9 (S.D.N.Y. May 28, 2013)), *with id.* (*rejecting* defense request for production of such material two months before trial, noting court lacks authority to order early production, and stating government "had previously agreed" with defense to provide materials 45 days from trial).)

In addition, contrary to the defendant's conclusory suggestion (*see* Def. Ltr. Mot. 2), 3500 material, *Giglio* material, and exhibits are rarely produced in advance of motions *in limine* in this district. Nor does the defendant cogently explain why a different approach should be taken here, particularly given the extraordinarily detailed superseding indictment; well-organized discovery; and motion practice to date, which make plain that the defendant well understands both the charges and the evidence against him—much less does the defendant explain why he purportedly is entitled to receive all such materials, then seek an interlocutory appeal, and provide nothing to the Government until only days before trial. That is not reasonable, just, or in the public interest.

Indeed, consistent with Rule 16(b), courts in this district regularly require disclosure of defense exhibits meaningfully in advance of trial, including over a defendant's objection, and do so earlier than the defendant here seeks. *See, e.g., United States v. Shah*, No. 19 Cr. 833 (SHS), Dkt. 583, at 7-8 (S.D.N.Y. July 5, 2022) (11 days before trial over objection); *United States v. Melzer*, No. 20 Cr. 314 (GHW), Dkt. 131 (S.D.N.Y. June 16, 2022) (11 days before trial over objection); *United States v. Liu*, No. 19 Cr. 804 (VEC), Dkt. 177 (S.D.N.Y. Feb. 28, 2022) (12 days before trial over objection); *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Dkt. 213 (S.D.N.Y. Jan. 7, 2022) (approximately two weeks before trial over objection); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. 297 (S.D.N.Y. June 2, 2021) (three weeks before trial over objection); *United States v. Shea*, No. 20 Cr. 412 (AT), Dkt. 206 (S.D.N.Y. May 4, 2022) (14 days before trial over objection); *see also United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction.").

For all of the foregoing reasons, the defendant's requests should be denied. The Government further respectfully proposes that, to the extent practicable, the Court advise the parties in the near future of the approximate date by when it reasonably expects to issue a ruling on the defendant's Speech or Debate claims. While such a date could move, with a date in mind, the parties could confer regarding a reasonable schedule for mutual pretrial disclosures that does not result in the bulk of the disclosures occurring, or motions *in limine* being briefed, prior to an appeal being taken, and thus potentially a significant time before the trial. Such a schedule would be beneficial for multiple reasons, including because such disclosures—and related filings and litigation—may be materially impacted by the scope of a Speech or Debate ruling, any appeal therefrom, and any proceedings thereafter.

Honorable Sidney H. Stein
February 21, 2024
Page 4

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

By:   <u>s/ Daniel C. Richenthal</u>
       Eli J. Mark
       Paul M. Monteleoni
       Lara Pomerantz
       Daniel C. Richenthal
       Assistant United States Attorneys
       (212) 637-2431/2219/2343/2109

cc:     (by ECF)

          Counsel of Record