

February 29, 2024

***VIA ECF***

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re: *United States v. Menendez, et al.*, No. S2 23 Cr. 490 (SHS)

Dear Judge Stein:

On behalf of Senator Robert Menendez, we respectfully request an order compelling the government to collect and produce certain documents in the possession of the United States Department of Justice ("DOJ") that are central to the allegations in the case. These specific documents are mentioned in the Indictment and relied on as central to the government's allegations. Yet, when asked to produce them, the government refused.

The government's bizarre refusal to gather and produce documents cited in the Indictment and possessed by DOJ violates Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972). As Your Honor is aware, the Second Superseding Indictment ("Indictment" or "SSI") in the case alleges that Senator Menendez sought to "influence the U.S Attorney's Office for the District of New Jersey to act favorably" in a pending criminal case against Defendant Fred Daibes by recommending to the President that "Official-3" be appointed U.S. Attorney for the District of New Jersey. SSI ¶¶ 32, 50. According to the Indictment, following Official-3's appointment, Official-3 was recused from involvement in Daibes' prosecution as a result of Official-3's submission of a recusal memorandum to DOJ's headquarters in Washington, D.C. — which memorandum is specifically referenced in the Indictment. *Id.* ¶ 53 ("***on the basis of information that Official-3 provided to the U.S. Department of Justice*** . . . Official-3 was recused from the prosecution of [Defendant] Fred Daibes.") (emphasis added).

On February 7, 2024, we asked the government to produce the recusal memorandum submitted by Official-3, DOJ's response to that recusal memorandum, and any other related correspondence between Official-3 and DOJ on the subject of Official-3's recusal (collectively, the "Documents"). Eventually, the government responded, but refused to produce the Documents, on the theory that it would somehow exceed the government's discovery obligations to produce items referenced in the Indictment and possessed by DOJ.





Specifically, the government claims that the U.S. Attorney's Office for the Southern District of New York (the "Office") does not possess the Documents, so it therefore has no obligation to gather them from DOJ headquarters — often referred to colloquially as "Main Justice" — in Washington, D.C. To be clear, there is no dispute that the Documents exist; that some of the Documents were cited in the Indictment and are relied upon as central to the government's allegations; and that the Documents could be gathered and produced with minimal burden from other DOJ personnel at Main Justice. The sole dispute here is whether the government should be required to hand over documents that it has — purely for tactical reasons — elected to keep in the hands of DOJ employees outside of this District.

The defense is deeply concerned about the accuracy and integrity of the Indictment in light of the government's surprising admission that its prosecutors chose not to gather or even review documents actually cited in the Indictment and relied on as core proof of the alleged corruption scheme. But putting those concerns aside momentarily, there can be no question the government is legally required to produce the Documents to the defense.

The Office and Main Justice — where the Documents are located — are both components of a single agency, the DOJ. Reflecting this unity, the government has confirmed that, in order to issue the Indictment and to pursue various investigative steps, the Office had to seek the approval of Main Justice. Indeed, given the accusations against a sitting Senator, DOJ policy required "enhanced coordination and review in the Department [of Justice]."[1] And indeed there is a Main Justice lawyer ***actually assigned to the prosecution team on this case*** — AUSA Christina Clark, of Main Justice's National Security Division, has filed a notice of appearance as part of the trial team and has been involved in all of the discussions underlying this issue as well.

Nor is there any question that the Documents are central to this case and likely contain *Brady* material. The government's theory is that Senator Menendez objected to Official-3's recusal because he wanted Official-3 to intervene on Daibes' behalf. SSI ¶¶ 47, 53f, 53g. Senator Menendez squarely rejects that contention: he never asked Official-3 to avoid or abstain from recusal. To the contrary, Senator Menendez expected Official-3 to recuse himself for the very reasons we suspect are outlined in the Documents, which have nothing to do with Senator Menendez. Furthermore, if, as we expect, the Documents omit any reference to Senator Menendez or any discussions he may have had with Official-3, it would critically undermine the government's theory and bolster Senator Menendez's defense case.

Even accepting that the prosecutors handling this case do not currently ***possess*** the at-issue documents (as they have represented), they certainly have ***control*** over the documents because the prosecutors indisputably can obtain them through a simple request to their DOJ colleagues.

---

[1] *See* https://www.justice.gov/dag/media/1323861/dl?inline at 1.





*United States v. Stein*, 488 F. Supp. 2d 350, 362-63 (S.D.N.Y. 2007) ("every circuit to have considered the question has held that 'control' . . . includes the legal right to obtain the documents in question."). In our various meet and confers, the prosecutors have never denied their ability to obtain these documents.

Indeed, even where relevant or exculpatory evidence is maintained by separate, independent agencies, courts have required the U.S. Attorney's Office to obtain the evidence from the other agency, particularly where the two agencies worked jointly or collaboratively in the investigation of the matter. *See, e.g., United States v. Merced*, No. 19 CR. 0832 (ER), 2021 WL 5826286, at *4 (S.D.N.Y. Dec. 8, 2021) ("where the prosecution conducts a 'joint investigation' with another state or federal agency, courts in this Circuit have held that the prosecutor's duty extends to reviewing the materials in the possession of that other agency"); *United States v. Martoma*, 990 F. Supp. 2d 458, 462 (S.D.N.Y. 2014) (ordering prosecutors to review and produce communications that were in the sole possession of the SEC); *United States v. Gupta*, 848 F. Supp. 2d 491, 494-95 (S.D.N.Y. 2012) (ordering prosecutors to review SEC files for *Brady* material). Here, of course, the U.S. Attorney's Office is not a separate and independent agency from DOJ.[2]

The government has decided to file false, but deeply harmful, charges alleging that Senator Menendez—a distinguished public servant—inappropriately intervened in a criminal prosecution. It now refuses to even gather or produce the materials cited in the very Indictment outlining those charges. Put simply, that's not fair, lawful, or consistent with the government's ethical and discovery obligations.

Respectfully submitted,

*/s/ Avi Weitzman / Adam Fee*
Avi Weitzman / Adam Fee

---

[2] The government has also claimed in correspondence that it need not obtain the requested documents from DOJ because "agencies, as entities or in their entirety, are not members of a prosecution team, but, rather, people are." While that claim is dubious, *see Middendorf*, 2018 WL 3956494, at *4, it is also irrelevant. We are not requesting that the prosecution team search all of DOJ's files to locate unidentified exculpatory evidence. We are requesting a handful of specific documents and correspondence in the possession of a particular office of DOJ that the government can easily obtain with minimum effort.