# Exhibit W

| | |
|---|---|
| From: | Richenthal, Daniel (USANYS) |
| To: | Weitzman, Avi |
| Cc: | Fee, Adam J.; Luskin, Robert; PH-MenendezTeam; Pomerantz, Lara (USANYS); Clark, Christina (NSD); Mark, Eli (USANYS); Monteleoni, Paul (USANYS) |
| Subject: | [EXT] RE: Government Disclosures re June 15, 2023 Search Warrant |
| Date: | Wednesday, January 10, 2024 12:18:32 PM |
| Attachments: | image001.png |

--- External Email ---

Avi,

We disagree with your assertions below, but nevertheless endeavor to respond, and, as always, are happy to confer.

Among other things, we note that your excerpt of the pertinent order (Dkt. No. 21 (the "Order")) refers to *Brady*, not *Giglio* (and the Order is expressly so labeled on the docket). With respect to *Giglio*, the Order states: "Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order." (Order at 1-2.) The law is in accord. *See, e.g., United States v. Dupree*, 620 F. App'x 49, 54 (2d Cir. 2015); *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007); *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001); *United States v. Williams*, No. 22 Cr. 600 (NRB), 2023 WL 8602908, at *5-6 (S.D.N.Y. Dec. 12, 2023); *United States v. Terrell*, S1 22 Cr. 343 (JMF), 2023 WL 7220736, at *2 (S.D.N.Y. Nov. 2, 2023). We of course fully intend to comply with the law and the Order, and indeed, to go beyond it, as may be warranted or as the parties may agree. To that end, as you are aware, we have repeatedly offered, in writing (including in our October 27, 2023 and December 18, 2023 letters), to confer regarding a potential mutually-agreeable schedule for all pretrial disclosures, an offer to which the defendant has not responded, but that remains open.

We further note that, as we have previously stated, (a) we aware of and have complied with our discovery obligations, and (b) we specifically considered your January 4, 2024 requests—as we have considered all of your prior requests, and provided information in response to some, but not all—and we are not presently aware of any additional material required to be produced at this time. In making this determination, we are mindful, as we must be, that the early production of 3500 or *Giglio* material is not warranted merely because a defendant alleges that it would assist him in preparing a motion to suppress or other pretrial motion. *See, e.g., United States v. Alexandre*, No. 22 Cr. 326 (JPC), 2023 WL 416405, at *14 (S.D.N.Y. Jan. 26, 2023); *United States v. Messalas*, 612 F. Supp. 3d 93, 110-11 (E.D.N.Y. 2020); *United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003); *see generally United States v. Gatto*, 316 F. Supp. 3d 654, 657-60 (S.D.N.Y. 2018). We are also mindful, of course, that questions of discovery can and often should involve a case- and fact-specific analysis, and accordingly, should you provide concrete details, with references to the specific materials upon which you rely and search warrant affidavit paragraphs, regarding your asserted concerns, we will consider further your requests.

Having said that, with respect to the confidential source ("CS")—although, in the June 15, 2022 search warrant affidavit, information relating to the CS was plainly not necessary to a finding of probable cause, and indeed, the conversation you reference was both recorded and described in only one paragraph (¶ 15) of a 110-paragraph, 92-page affidavit, with hundreds of pages of exhibits, *cf., e.g., United States v. Levasseur*, 816 F.2d 37, 43-44 (2d Cir. 1987)—prior to receiving your request below, or your January 2, 2024 request, we were already planning to make a substantially early production of at least certain reports of the Federal Bureau of Investigation with respect to the CS, including statements regarding Wael Hana. While we do not think it is required, as a courtesy, we will work to accelerate our production of these materials, with a goal to produce them by the weekend, to the extent practicable, subject to the protective order.

In addition, as we stated on January 4, 2024, based on your request of January 2, 2024, while we do not agree that we are required to produce redacted interview memoranda regarding those statements that we produced as a courtesy on December 28, 2023 to which you refer below, we are reviewing the relevant documents to assess whether we can make such a production to you as a courtesy nevertheless, and, as previously stated, we expect to circle back this week.

With respect to your request for the precise timing of certain June 16, 2022 interviews referenced below, we do not believe that a defendant has a right to such information, and, in any event, the pertinent interview memoranda, as we expect you will see, and corresponding notes do not contain such information, and we are not in a position to conclusively agree or disagree with your stated presumption that those interviews were all complete before the June 16 search warrant's issuance. However, as a courtesy, we can advise that we presently understand that the interviews of at least ███, and likely ███ and ███, were complete prior to the search warrant's issuance (and we of course reserve the right to further explore timing after seeing your motion or as the case progresses, should it prove relevant).

Finally, please clarify what you mean below by "[w]e are aware of our obligations under Rule 17(c) and intend to comply with them," so that we may determine whether we need to file a motion with the Court. As we have repeatedly requested, including in our December 18, 2023 letter, please specifically advise us as to whether you have received any such material to date, and if you have

not, whether you agree to produce any such material that you may receive in the future.  See Fed. R. Crim. P. 17(c)(1); see also, e.g., *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011); *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995).

Dan

Daniel C. Richenthal
Deputy Chief, Criminal Division
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-2109
Fax: (212) 637-2615
Daniel.Richenthal@usdoj.gov

---

**From:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Sent:** Monday, January 8, 2024 12:56 PM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>; Mark, Eli (USANYS) <EMark@usa.doj.gov>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
**Cc:** Fee, Adam J. <adamfee@paulhastings.com>; Luskin, Robert <robertluskin@paulhastings.com>; PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>
**Subject:** [EXTERNAL] RE: Government Disclosures re June 15, 2023 Search Warrant

Dan:

Thanks for your timely response.

As to your so-called compliance with our third and fourth requests, it appears that you are mistaken; we do not believe we have received all relevant materials (such as FBI 302s) that go to the credibility of the CS, ▇▇▇ and Hana. (If you have identified material that you believe constitutes compliance with our requests, please identify all such materials by bates stamp.)  Nor have we received the FBI 302s that summarize the CS statements, which appear to have been inaccurately summarized based on our review of the CS transcripts.  As you know, the government had a duty to faithfully report those statements when it summarized them to the Magistrate Judge reviewing the search warrant applications.  We believe that they were not accurately reported, and that inadequate disclosures were made about the credibility of the CS, ▇▇▇ and Hana.

Here's why we think these additional materials (including FBI 302s) need to be produced promptly:

As you know, Rule 16 requires that the government produce documents and information that is "material to preparing the defense."  We have already advised the government that we intend to file a Suppression Motion based on *Franks v. Delaware* and its progeny.  Under binding law, "[i]ntentional or reckless omissions of material information, **like false statements**, may serve as the basis for a *Franks* challenge."  *Rivera v. United States*, 928 F.2 592, 604 (2d Cir. 1991) (emphasis added).  This is particularly critical when an affiant leaves out exculpatory information because the "good faith exception to the exclusionary rule does not protect searches by officers who fail to provide **all potentially adverse information** to the issuing judge."  *United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir. 1996) (emphasis added).

We have already located multiple instances of the failure to disclose exculpatory information in the search warrants relating to Senator Menendez.  These include, for example, exculpatory information provided by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, each of whom was interviewed on June 16, 2022, presumably before the second search warrant of the Senator's home was issued at 5:28 pm.  (Please advise us when the interviews of ▇▇▇▇▇▇▇▇ ▇▇▇ occurred on June 16, 2022).  Other interviews on June 16 similarly cast doubt on allegations advanced in the June 16 search warrant (e.g., ▇▇▇▇▇ interview – please advise us of the time that occurred).  Even more material exculpatory information was omitted from the September 20, 2023 searches of Menendez's phone and email account.

Equally importantly, we believe the government has misrepresented in material ways the CS recordings on which it relies for the search warrants of Senator Menendez's home, cellphones, and email accounts. We also have reason to believe that the government did not make accurate disclosures regarding the CS's credibility, or the credibility of the individuals with whom the CS was communicating (including  and Hana). As you know, when a CS relays information from a third party declarant, the defense is able to attack the credibility of the declarant's statement. *See* FRE 806. This means that the credibility of the declarants is as important as the credibility of the CS. This is information uniquely in the government's possession, particularly as to what the government knew about these individuals' credibility (and any reasons to manufacture false statements on which the government relied) before issuance of each respective search warrant.

Whether the government agrees with our assessments or characterizations is not the point. It's not up to the government to decide whether our anticipated motion is sufficiently meritorious or likely to succeed. We have advised you of the need for this material and the basis for our assessment of its materiality. The government should comply timely. Indeed, in other *Franks* litigation, the government has complied with precisely these types of requests. In my personal experience, I am aware that in the *Raj Rajaratnam* case, the government produced redacted 302s summarizing the CS's prior statements and any evidence going to her credibility, and in the *Sep Sarshar* insider trading case, the government produced redacted 302s and evidence that goes to the credibility of the cooperating witness. These disclosures were made in those cases **before** any Franks hearing was ordered by the Court. We would ask you to reconsider the government's circumscribed view of its disclosure obligations in light of this email exchange and the government's prior practice, so that we may hopefully avoid motion practice.

We also note that the Government is required to produce *Giglio* information in any event pursuant to the Court's *Brady/Giglio* order (ECF 21), and such *Giglio* information should have been produced "promptly after its existence becomes known to the Government."

Finally, in response to your reciprocal discovery requests:

(i) We have no reciprocal discovery to produce at this time, and note that the government has already executed numerous search warrants relating to our client's home, cellphone and email addresses, and has subpoenaed both his Senate office and the Senate Foreign Relations Committee. We are aware of our ongoing obligations and intend to comply with them

(ii) We are aware of our obligations under Rule 17(c) and intend to comply with them.

Best regards,
Avi

---

**PAUL HASTINGS**

**Avi Weitzman | Partner | Co-Chair – Complex Litigation and Arbitration**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6920 | Mobile:+ 1.917.670.5267 | Fax: +1.212.319.4090
aviweitzman@paulhastings.com | www.paulhastings.com

**From:** Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov>
**Sent:** Sunday, January 7, 2024 4:02 PM
**To:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Cc:** Fee, Adam J. <adamfee@paulhastings.com>; Luskin, Robert <robertluskin@paulhastings.com>; PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>; Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>; Mark, Eli (USANYS) <Eli.Mark@usdoj.gov>; Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov>
**Subject:** [EXT] RE: Government Disclosures re June 15, 2023 Search Warrant

Avi,

As an initial matter, we do not agree with the characterizations at the end of your email or the suggestion that we have not complied with our discovery obligations. In any event, we respond as follows, and, as always, we are happy to confer.

With respect to your first question, the identity of the confidential source, to the extent that the defendant does not know the answer from recordings or other materials produced in discovery, is privileged under *Roviaro v. United States*, 353 U.S. 53, 59 (1957), and its progeny. *See, e.g., United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997); *United States v. Manley*, 632 F.2d 978, 985 (2d Cir. 1980); *cf., e.g., United States v. Swinton*, 797 F. App'x 589, 596-97 (2d Cir. 2019); *Morales v. Strack*, 116 F. App'x 293, 294 (2d Cir. 2004).

With respect to your second question, we have already produced to all defendants the recording and draft translation of the conversation in question, which are marked with control numbers SDNY_00085469 and SDNY_R17_00001606 through SDNY_R17_00001656, respectively, along with other recordings made by the confidential source (see items 33 through 42 and 44 in production 8, made on December 4, 2023).

With respect to your third and fourth questions, we are not presently aware of any additional material required to be produced at this time, although we are, as we have stated, aware of our discovery obligations, have complied with them, and will continue to review our files as warranted and determine what, if any, additional disclosures to make as the case progresses.

Finally, we note, as we have previously, that the defendant, despite multiple requests in writing, including in our letter of December 18, 2023, (a) has not produced any reciprocal discovery or confirmed that he understands both the scope of his obligations and that they are continuing, and (b) has not responded to our inquiry about Rule 17(c) materials. Please respond to these requests. As we have stated, absent responses, we will have no choice but to file a motion with the Court.

Dan

Daniel C. Richenthal
Deputy Chief, Criminal Division
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-2109
Fax: (212) 637-2615
Daniel.Richenthal@usdoj.gov

---

**From:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Sent:** Thursday, January 4, 2024 11:23 AM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>; Mark, Eli (USANYS) <EMark@usa.doj.gov>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>
**Cc:** Fee, Adam J. <adamfee@paulhastings.com>; Luskin, Robert <robertluskin@paulhastings.com>; PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>
**Subject:** [EXTERNAL] Government Disclosures re June 15, 2023 Search Warrant

Counsel:

The June 15, 2023 search warrant affidavit references a certain conversation between a CS and ▓▓▓▓▓▓▓ in or about August 2019 (SDNY_R_00005104), as well as other information provided by the CS in debriefings with FBI agents and various unidentified recordings between the CS and Wael Hana referenced in Exhibit A to the search warrant affidavit and incorporated therein (SDNY_R_00005204-05). In order to determine whether the disclosures to the authorizing Magistrate Judge were accurate or whether they included material misrepresentations or omissions, please produce forthwith the following information and materials:

1. The identity of the CS;
2. A copy of all recordings and transcripts of the conversations referenced or relied on in connection with the search warrant affidavit and Exhibit A to the Search Warrant affidavit. If these have previously been produced, please provide the bates ranges for the recordings and transcripts so that we can locate these materials;
3. All FBI 302s summarizing the CS's descriptions of his communications with ▓▓▓▓▓ and/or Hana or purported knowledge of the events described in the Affidavit and Exhibit A thereto;
4. All FBI 302s and other information that would constitute *Giglio* materials of the CS, ▓▓▓▓▓, and/or Hana, and/or that would otherwise undermine the credibility of any of the statements made by the CS, ▓▓▓▓▓, and/or Hana, and which were in the

possession, custody or control of the government (USAO or FBI) prior to the submission of the June 15 or June 16, 2023 search warrants.

As you know, there is a January 15 deadline for all pretrial motions. In light of that, we request that you provide these materials promptly as they are material to our defense under Rule 16 and critical to any potential motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and its progeny.

Regards,
Avi



**Avi Weitzman | Partner | Co-Chair – Complex Litigation and Arbitration**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6920 | Mobile:+ 1.917.670.5267 | Fax: +1.212.319.4090
aviweitzman@paulhastings.com | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confdential. If you received this transmiss on in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more informat on about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.