

March 10, 2024

<u>VIA ECF</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We respectfully submit this letter in further support of Senator Menendez's motion to compel the government to collect and produce a discreet set of documents in possession of the Department of Justice ("DOJ") (ECF No. 229, the "Motion"), and in response to the government's opposition letter dated March 9, 2024 (ECF No. 243, the "Opposition").

The government's response is a distraction.  Most of it consists of boilerplate precedents attacking the straw man argument that the Motion asks the government to engage in a fishing expedition.  But that's not the relief that is actually requested here.

Senator Menendez's Motion does not seek to expand the prosecution team or to compel a burdensome search of hard-to-find or voluminous records.  The Motion could hardly be more narrow: it asks to compel the government to collect the few documents it *concedes* are likely in the possession of DOJ's Executive Office for United States Attorneys ("EOUSA").

The government does not dispute that the documents we seek are specifically referenced in the Indictment. ECF No. 238 (S4 Indictment), ¶ 53 (Official-3 was recused from the prosecution of Fred Daibes "on the basis of information that Official-3 provided to [DOJ]").  And the government also concedes—for the first time—that it has communicated with EOUSA about that recusal application.  Opp. at 4-5 ("certain members of the [prosecution team] previously exchanged a limited number of emails with EOUSA regarding . . . the reasons for Official-3's recusal from the Daibes matter").  Our Motion thus is not controversial – documents that form the basis for an allegation in the Indictment are obviously "material to preparing [Senator Menendez's] defense."  Fed. R. Crim. P. 16(a)(1)(E)(i).

Nevertheless, the government responds with a hyperbolic 7-page brief relying on technical and semantic arguments worthy of Orwell: the government claims it has "never seen" the documents sought but somehow definitively knows they are not exculpatory; it claims to not possess the



Hon. Sidney H. Stein
March 10, 2024
Page 2

documents but boldly claims that they do not even mention Senator Menendez.  *See* Opp. at 5, 6-7.  The government is protesting too much.  And in all its overheated rhetoric, it never addresses its motive: Why is the government fighting so hard to avoid disclosing highly material documents that it could undoubtedly obtain with a single, one-sentence email?

The answer is that the government prefers to deprive the defense of documents rather than engage in a fair fight. It is another example of the government's win-at-any-cost strategy, evidenced as well by government's filing of its 4th Superseding Indictment, which expanded the charges from 4 to 18 counts just 2 months before trial.

Two more points bear emphasis.

*First*, the government identifies no burden or prejudice associated with making a request for these documents.  Indeed, the Opposition strongly suggests that EOUSA would comply with such a request, just as EOUSA apparently engaged in email correspondence with the government regarding this matter (which the government has withheld). *See* ECF No. 243 at 4-5 & n.2.  Thus, unlike the authorities on which the government relies, this Motion in no way risks "condemn[ing] the prosecution . . . to a state of paralysis" by imposing an "unlimited duty" on the government to scour the files of other agencies for potentially discoverable material.  *See id.* at 2-3 (quoting *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) and collecting authorities).[1]

*Second*, the government entirely misapprehends the potential exculpatory nature of the documents.  The government will surely argue at trial that Senator Menendez's outreach to Official-3 was improper.  If Official-3 did not disclose that outreach, he clearly did not believe it to be improper.  The recusal memorandum he wrote is thus evidentiary and exculpatory on this point.  Moreover, the reasons for Official-3's recusal are themselves exculpatory, because they reveal precisely what Senator Menendez was concerned about—that Official-3 was conflicted in any prosecution of Fred Daibes due to his prior law firm's lawsuit against Mr. Daibes.  Thus, Senator Menendez's outreach had nothing to do with obstructing the prosecution, but just the opposite: any outreach was an effort to ensure that the proceeding against Mr. Daibes would be dealt with fairly and with all due process.

Because the recusal memorandum and correspondence with EOUSA almost certainly support Senator Menendez's defense, they therefore constitute exculpatory and material evidence.  But

---

[1] The government implies that the requested documents may not exist.  That strains credulity.  If there were no such documents, the government should expressly confirm as much.  And if true, it begs the question of how the grand jury included in the indictment allegations that rely upon documents that do not exist.



even if it is not exculpatory, the government acknowledges that the documents may constitute impeachment material against potential government witnesses. ECF No. 243 at 6-7. Accordingly, these documents plainly fall within the scope of the Court's September 2023 *Brady* Order requiring the government to "disclose *any* information that can be used to impeach the trial testimony of a Government witness[.]" ECF No. 21 at 1 (emphasis added).

Senator Menendez is entitled to these documents, and the Court should compel their production.

Respectfully submitted,

/s/ *Adam Fee*

Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*