O31UURIP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                   23 Cr. 490 (SHS)

JOSE URIBE,

                             Plea
        Defendant.

------------------------------x

                             New York, N.Y.
                             March 1, 2024
                             10:00 a.m.

Before:

                  HON. SIDNEY H. STEIN,

                            U.S. District Judge

                      APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  LARA POMERANTZ
    ELI J. MARK
    DANIEL RICHENTHAL
    Assistant United States Attorneys

KASOWITZ BENSON TORRES LLP
    Attorneys for Defendant
BY:  DANIEL FETTERMAN
    FRIA R. KERMANI

Also Present:

    Christina A. Clark, DOJ; National Security Division

O31UURIP

1    (Case called)

2          MS. POMERANTZ:  Good morning, your Honor.

3          Laura Pomerantz, for the government.  With me at

4    counsel table are Eli Mark, Paul Monteleoni, and Daniel

5    Richenthal.

6          THE COURT:  Good morning.

7          MR. FETTERMAN:  Good morning, your Honor.

8          Daniel Fetterman, for defendant, Jose Uribe.  With me

9    at counsel table is Fria Kermani.

10          THE COURT:  Good morning.  Please be seated.

11          Do you have an application, Mr. Fetterman?

12          MR. FETTERMAN:  I do, your Honor.  We wish to move to

13    waive proceeding by indictment and proceed with a superseding

14    information, and my client wishes to enter a guilty plea with

15    respect to that superseding information.

16          THE COURT:  Thank you.

17          And this is pursuant to a plea agreement, I gather?

18          MR. FETTERMAN:  It is, your Honor.

19          THE COURT:  And is the agreement I have in front of

20    me, Government, identical to what was sent to my chambers last

21    night but for the signatures?

22          MS. POMERANTZ:  Yes, it is, your Honor.

23          THE COURT:  Thank you.

24          Please administer the oath to Mr. Uribe.

25    (Defendant sworn)

O31UURIP

1              THE DEFENDANT:  Jose Delores Uribe, last name is

2     spelled U-R-I-B, as in boy, E.

3              THE COURT:  Thank you.

4              You may put your hand down now, Mr. Uribe.

5              Mr. Uribe, do you understand that you are now under

6     oath, sir, and if you answer any of my questions falsely, your

7     false or untrue answers may later be used against you in

8     another prosecution for perjury or for making a false

9     statement?

10              THE DEFENDANT:  Yes, I do.

11              THE COURT:  How old are you, sir?

12              THE DEFENDANT:  56.

13              THE COURT:  How far did you go in school?

14              THE DEFENDANT:  Associates degree.

15              THE COURT:  So a year or two of college?

16              THE DEFENDANT:  Two years in college.

17              THE COURT:  Are you able to read, write, speak, and

18     understand English?

19              THE DEFENDANT:  Yes, I do.

20              THE COURT:  You're fluent in English, correct?

21              THE DEFENDANT:  Yes.

22              THE COURT:  Are you now or have you recently been

23     under the care of a doctor or psychiatrist?

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  And what is that, a medical doctor or a

O31UURIP

1    psychiatrist?

2              THE DEFENDANT:  Medical doctor.

3              THE COURT:  For what purpose, sir?

4              THE DEFENDANT:  High blood pressure and my sugar.

5              THE COURT:  High blood pressure and?

6              THE DEFENDANT:  My sugar level.

7              THE COURT:  High sugar level?  Thank you.

8              In the past 24 hours, have you taken any drugs,

9    medicine, or pills, or consumed any alcohol?

10             THE DEFENDANT:  No, your Honor.

11             THE COURT:  Do you take medicine for the blood

12   pressure or high sugar level?

13             THE DEFENDANT:  For the high sugar -- for the high

14   sugar, I do.

15             THE COURT:  But you haven't taken it in the past 24

16   hours; is that correct?

17             THE DEFENDANT:  Correct, your Honor.

18             THE COURT:  Have you ever been treated or hospitalized

19   for any mental illness or any type of addiction including drug

20   or alcohol addiction?

21             THE DEFENDANT:  No, your Honor.

22             THE COURT:  Is your mind clear today, sir?

23             THE DEFENDANT:  Yes, it is, your Honor.

24             THE COURT:  Are you feeling all right?

25             THE DEFENDANT:  Yes, I am.

O31UURIP

1          THE COURT:  Are you represented by an attorney here

2      today?

3          THE DEFENDANT:  Yes, I am.

4          THE COURT:  And who is that?

5          THE DEFENDANT:  Mr. Fetterman.

6          THE COURT:  Mr. Fetterman, do you have any doubt as to

7      Mr. Uribe's competence to plead at this time?

8          MR. FETTERMAN:  I do not, your Honor.

9          THE COURT:  Mr. Uribe, you heard Mr. Fetterman a few

10     moments ago tell me that you wish to enter a plea of guilty to

11     a superseding information in this case.  Is that right?  Do you

12     wish to enter a plea of guilty to a superseding information?

13         THE DEFENDANT:  Yes, I do, your Honor.

14         THE COURT:  Have you had a full and complete

15     opportunity to discuss your case with Mr. Fetterman and to

16     discuss the consequences of entering a plea of guilty today?

17         THE DEFENDANT:  Yes, I have.

18         THE COURT:  Are you satisfied with Mr. Fetterman and

19     his representation of you?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  On the basis of Mr. Uribe's responses to

22     my questions and my observation of his demeanor as he stands

23     here before me today, I believe he's appeared before me at

24     least once previously in connection with this litigation, I

25     make the finding that he's fully competent to enter an informed

O31UURIP

1    plea at this time.

2            But before I accept a plea from you, Mr. Uribe, I'm

3    going to be asking you a series of questions.  These questions

4    are intended to satisfy me that you wish to plead guilty

5    because you are, in fact, guilty and that you fully and

6    completely understand the consequences of entering a plea of

7    guilty.  I'm going to be describing to you certain rights you

8    have under the laws and Constitution of the United States, and

9    you're going to be giving up those rights if you enter a plea

10   of guilty today, sir.

11           So I want you to listen to me very carefully, and if

12   you don't understand anything I'm asking or if you don't

13   understand anything I'm saying to you, I want you to stop me.

14   I'll answer any of your questions or you can ask Mr. Fetterman

15   anything you want.  My concern is to make certain that you

16   understand everything I'm saying to you as we go along today

17   and that you understand everything I'm asking you.

18           Do you understand that, sir?

19           THE DEFENDANT:  Yes, I do, your Honor.

20           THE COURT:  Under the Constitution and laws of the

21   United States, Mr. Uribe, you have a right to a speedy and

22   public trial by a jury on the charges against you which are

23   contained in superseding information S3 323 cr 490.

24           Do you understand that?

25           THE DEFENDANT:  Yes, your Honor.

O31UURIP

1          THE COURT:  If there were a trial, you would be

2     presumed innocent and the government would be required to prove

3     you guilty by competent evidence and beyond a reasonable doubt.

4     You would not have to prove you are innocent at a trial.

5          Do you understand those rights, sir?

6          THE DEFENDANT:  Yes, I do, your Honor.

7          THE COURT:  If there were a trial, a jury composed of

8     12 people selected from this district would have to agree

9     unanimously that you are guilty.

10         Do you understand those rights?

11         THE DEFENDANT:  Yes, I do, your Honor.

12         THE COURT:  You have the right to be represented by an

13    attorney at trial and at every other stage of the proceeding.

14    If you cannot afford an attorney, Mr. Uribe, one will be given

15    to you at no cost to you.

16         Do you understand those rights?

17         THE DEFENDANT:  Yes, I do, your Honor.

18         THE COURT:  If there were a trial, you would have a

19    right to see and hear all of the witnesses against you and your

20    attorney could cross-examine those witnesses you would have the

21    right to have your attorney object to the government's evidence

22    and offer evidence on your own behalf if you so desired and you

23    would have the right to have subpoenas issued or other

24    compulsory process used to compel witnesses to testify in your

25    defense.

O31UURIP

1              Do you understand all those rights, sir?

2              THE DEFENDANT:  Yes, I do, your Honor.

3              THE COURT:  If there were a trial, you would have the

4    right to testify if you wanted to, but no one could force you

5    to testify if you did not want to.  In addition, no inference

6    or suggestion of guilt could be drawn if you decided not to

7    testify at a trial.

8              Do you understand those rights, sir?

9              THE DEFENDANT:  Yes, I do, your Honor.

10             THE COURT:  Do you understand that by entering a plea

11   of guilty today you're giving up each and every one of the

12   rights I've described, you're waiving those rights and you will

13   have no trial?

14             THE DEFENDANT:  I understand, your Honor.

15             THE COURT:  Do you understand that you have the right

16   to change your mind right now, sir, and refuse to enter a plea

17   of guilty?  You don't have to enter this plea of guilty if you

18   do not want to for any reason.

19             Do you understand that?

20             THE DEFENDANT:  Yes, I do, your Honor.

21             THE COURT:  Have you received a copy of superseding

22   information S323 cr 490?

23             THE DEFENDANT:  Yes, I did.

24             THE COURT:  Did you read it?

25             THE DEFENDANT:  Yes, I did.

O31UURIP

1        THE COURT:  Did you discuss it with Mr. Fetterman?

2        THE DEFENDANT:  Yes, I did.

3        THE COURT:  Did he answer any questions you may have

4   had about it?

5        THE DEFENDANT:  Yes, he did.

6        THE COURT:  Do you believe you fully understand what's

7   set forth in that superseding information?

8        THE DEFENDANT:  Yes, I do.

9        THE COURT:  You have the right to have me read that

10   superseding information right now in open court, which I'm

11   perfectly happy to do.  If you don't want me to read it though,

12   you have the right to waive my reading.  Do you want me to read

13   it in open court or, no?

14        THE DEFENDANT:  I could waive it, your Honor.

15        THE COURT:  Pardon me?

16        THE DEFENDANT:  You don't have to read it, your Honor.

17        THE COURT:  I accept that as a knowing and voluntary

18   waiver of the right to have the indictment read in open court.

19        Do you understand that you are charged in Count One

20   with participating in a conspiracy to commit bribery from at

21   least 2018 to 2023 in violation of Title 18, United States

22   Code, Section 371?

23        THE DEFENDANT:  Yes, I do.

24        THE COURT:  Do you understand that in Count Two you're

25   charged with participating in a conspiracy to commit honest

O31UURIP

services wire fraud from 2018 to 2023 in violation of 18,

U.S.C., Section 1349?

        THE DEFENDANT:  Yes, I do.

        THE COURT:  Now, when I say those years, 2018 to 2023,

those are approximate, it's approximately 2018 to approximately

2023.

        Do you understand that?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Now, do you understand that in Count Three

you're charged with honest services wire fraud from

approximately 2018 to approximately 2023 in violation of

18, U.S.C., 1343, 1346 and 2?

        Do you understand that?

        THE DEFENDANT:  Yes, I do, your Honor.

        THE COURT:  And in Count Four you're charged in

participating in a conspiracy to commit obstruction of justice

from approximately June 2022 until approximately 2023 in

violation of 18, U.S.C., 371.

        Do you understand that?

        THE DEFENDANT:  Yes, I do, your Honor.

        THE COURT:  And Count Five you're charged with

obstruction of justice from at least June 2022 to approximately

2023 in violation of 18, U.S.C., 1503 and 2.

        Do you understand that?

        THE DEFENDANT:  Yes, I do, your Honor.

O31UURIP

| 1 | THE COURT:  And Count Six, sir, you're charged with

2 committing tax evasion for the tax years 2016 through and

3 including the tax year 2021 in violation of 26, U.S.C., 7201

4 and 18, U.S.C., Section 2.

5     Do you understand that?

6     THE DEFENDANT:  Yes, I do, your Honor.

7     THE COURT:  Count Seven charges you with wire fraud

8 affecting a financial institution from at least 2019 until at

9 least 2020 in violation of 18, U.S.C., 1343 and 2.

10     Do you understand that?

11     THE DEFENDANT:  Yes, I do, your Honor.

12     THE COURT:  Now your attorney has said that you wanted

13 to plead guilty to the superseding information.  Do you

14 understand that, sir, that an information is simply a charge by

15 the government?

16     THE DEFENDANT:  Yes, I do, your Honor.

17     THE COURT:  And do you know that an indictment, on the

18 other hand, is a charge by grand jury?

19     Do you understand that?

20     THE DEFENDANT:  I understand, your Honor.

21     THE COURT:  Do you know that you have a right under

22 the Constitution of the United States to be charged by an

23 indictment of a grand jury rather than an information by the

24 government?

25     THE DEFENDANT:  I understand, your Honor.

O31UURIP

1          THE COURT:  Now I have a document in front of me

2     that's entitled waiver of indictment.  I'm going to have my

3     deputy mark it as Government Exhibit No. 1 and I'm going to

4     have her show you this one-page document.

5          Is that your signature on the last page, sir?

6          THE DEFENDANT:  Yes, it is, your Honor.

7          THE COURT:  Do you understand you waive the right to

8     be charged by an indictment and that you have consented to

9     being charged by an information by the government?

10          THE DEFENDANT:  Yes, I do, your Honor.

11          THE COURT:  When you waived those rights, sir, did you

12     do so knowingly and voluntarily?

13          THE DEFENDANT:  Yes, I did.

14          THE COURT:  In the relevant part of this document it

15     states that you are being accused of the crimes you've been

16     accused of and waives in open court prosecution by indictment

17     and consents that the proceeding may be by information instead

18     of by indictment.

19          Do you understand that, sir, that if you did not plead

20     guilty, the government would have to prove each and every part

21     or element of the each of the charges in that indictment beyond

22     a reasonable doubt at a trial before a jury can convict you of

23     the charge that they are considering?

24          THE DEFENDANT:  I understand, your Honor.

25          THE COURT:  Now, I'm going to ask the government to

O31UURIP

1    set forth the elements of each count that the government would

2    have to prove beyond a reasonable doubt before a jury could

3    convict Mr. Uribe of that particular charge.

4            But I'm going to ask the government to pause setting

5    forth the elements of each and I'll do educe on the record if

6    it's true that Mr. Uribe understands those are the elements.

7            Proceed.

8            MS. POMERANTZ:  Count One charges the defendant with

9    conspiracy to commit bribery in violation of Title 18, United

10   States Code, Section 371.  The elements of conspiracy are,

11   first, that two or more persons entered into the unlawful

12   agreement charged in the information; second, that the

13   defendant knowingly and willfully became a member of the

14   conspiracy; third, one of the members of the conspiracy

15   knowingly committed or caused to be committed at least one

16   overt act to further the conspiracy.

17           As to the underlying object of the conspiracy, the

18   bribery offense can be committed in multiple ways.  One way is

19   bribe offering and paying, which has the following elements:

20   First, the payors directly or indirectly gave, offered, or

21   promised something of value to any public official which, under

22   the statute includes a member of Congress, or offered or

23   promised any public official to give anything of value to any

24   other person; and, second, the payors had the corrupt intent to

25   influence the performance of an official act of any public

O31UURIP

1      official.

2              The other way is bribe soliciting and receiving, which

3      has the following elementals:  First, the public official

4      directly or indirectly demanded, sought, received, accepted, or

5      agreed to receive or accept anything of value personally or for

6      any other person or entity; and second, the public official had

7      the corrupt intent to be influenced in the performance of an

8      official act and/or conveyed that intent.

9              THE COURT:  Mr. Uribe, do you understand that lengthy

10     recitation sets forth the elements of Count One that the jury

11     would have to determine that the government had proven beyond a

12     reasonable doubt in order to convict you of Count One?

13             Do you understand that?

14             THE DEFENDANT:  I understand.

15             THE COURT:  Let's go to Count Two, please.

16             MS. POMERANTZ:  Count Two charges the defendant with

17     conspiracy to commit honest services wire fraud in violation of

18     Title 18, United States Code, Section 1349.  The conspiracy

19     elements are:  First, two or more persons entered the lawful

20     agreement in the information; and second, the defendant

21     knowingly and willfully joined the conspiracy.

22             As to the object of the conspiracy, honest services

23     wire fraud, the elements are:  First, there was a scheme or

24     artifice to defraud the public out of its intangible right to

25     Menendez' honest services as a U.S. Senator through bribery;

O31UURIP

1    second, the defendant knowingly participated in the scheme to

2    defraud with knowledge of its fraudulent nature and with the

3    specific intent to defraud; third, that the scheme or artifice

4    to defraud involved a material misrepresentation, omission,

5    false statement, false pretense, or concealment of facts that

6    was material to the public; and, fourth, in executing the

7    scheme, the defendant used or caused the use of interstate wire

8    communications.

9             THE COURT:  Do you understand that those are the

10   elements that the government would have to prove beyond a

11   reasonable doubt at trial on --

12            THE DEFENDANT:  Yes, I do, your Honor.

13            THE COURT:  -- Count Two?

14            Let's proceed to Count Three.

15            MS. POMERANTZ:  Count Three charges the defendant with

16   honest services wire fraud in violation of Title 18, United

17   States Code, Section 1343, 1346, and 2.

18            Your Honor, I just walked through the four elements of

19   honest services wire fraud in connection with the prior count.

20   If you'd like me to repeat them, I'm happy to do so.

21            THE COURT:  I think you should.  Yes.

22            MS. POMERANTZ:  So, first, there was a scheme or

23   artifice to defraud the public out of its intangible right to

24   Menendez' honest services as a U.S. Senator through bribery;

25   second, the defendant knowingly participated in the scheme to

O31UURIP

defraud with knowledge of its fraudulent nature and with the

specific intent to defraud; third, that the -- that the scheme

or artifice to defraud involved a material misrepresentation,

omission, false statement, false pretense of concealment of

fact that was material to the public; and, fourth, in executing

the scheme, the defendant used or caused the use of interstate

wire communications.

THE COURT:  Mr. Uribe, do you understand that those

are the elements of Count Three the government would have to

prove beyond a reasonable doubt?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Let's move to Count Four.

MS. POMERANTZ:  Count Four charges the defendant with

conspiracy to commit obstruction of justice in violation of

Title 18, United States Code, Section 371.

As I mentioned earlier, the elements of conspiracy

are:  First, that two or more persons entered into the unlawful

agreement charged in the information; second, that the

defendant knowingly and willfully became a member of the

conspiracy; and third, one of the members of the conspiracy

knowingly committed or caused to be committed at least one

overt act to further the conspiracy.

As to the underlying object of the conspiracy,

obstruction of justice, there are four elements, which are as

follows -- excuse me, three elements which are as follows:

O31UURIP

1    First, that on or about the dates set forth in the information,

2    there was a proceeding pending before a federal court or grand

3    jury; second, the defendant knew of the proceeding; and, third,

4    the defendant corruptly acted to obstruct or impede or endeavor

5    to obstruct or impede the proceeding.

6         THE COURT:  Do you understand that those are the

7    elements of Count Four, sir, that the government would have to

8    prove beyond a reasonable doubt?

9         THE DEFENDANT:  Yes, I do, your Honor.

10        THE COURT:  Let's move to Count Five.

11        MS. POMERANTZ:  Count Five charges the defendant with

12   obstruction of justice in violation of Title 18, United States

13   Code, Sections 1503 and 2.  The three elements which I just

14   outlined are as follows:  First, that on or about the date set

15   forth in the information, there was a proceeding pending before

16   a federal court or grand jury; second, the defendant knew of

17   the proceeding; and, third, the defendant corruptly acted to

18   obstruct or impede or endeavored to obstruct or impede the

19   proceeding.

20        THE COURT:  Do you understand those are the elements

21   of Count Five, sir?

22        THE DEFENDANT:  Yes, I do, your Honor.

23        THE COURT:  Move to Count Six.

24        MS. POMERANTZ:  Count Six charges the defendant with

25   tax evasion for the calendar years 2016 through 2021 in

O31UURIP

1   violation of Title 26, United States Code, 7201 and Title 18,

2   United States Code, Section 2.

3         And the elements are as follows:  First, that the

4   defendant failed to file timely federal income tax returns for

5   the particular years in question despite owing a substantial

6   amount of federal income tax for those years; second, the

7   defendant committed an affirmative act constituting an evasion

8   or an attempted evasion of assessments of the tax described in

9   the information; third, that the defendant acted knowingly and

10  willfully.

11        THE COURT:  Do you understand those are the elements

12  of Count Six, sir, that the government would have to prove

13  beyond a reasonable doubt?

14        THE DEFENDANT:  Yes, I do, your Honor.

15        THE COURT:  Count Seven.

16        MS. POMERANTZ:  Count Seven charges the defendant with

17  wire fraud in violation of Title 18, United States Code,

18  Section 1343 and Section 2.  The four elements are:  There was

19  a scheme or artifice to defraud or to obtain money or property

20  by materially false or fraudulent pretenses, representations,

21  or promises; second, the defendant knowingly devised or

22  participated in the scheme or artifice to defraud with

23  knowledge of its fraudulent nature and with specific intent to

24  defraud; third, in the execution of that scheme, the defendant

25  used or caused the use by others of interstate or foreign

O31UURIP

1    wires; and, fourth, this scheme affected a financial

2    institution.

3             THE COURT:  As with the other counts, sir, do you

4    understand that if you did not plead guilty the government

5    would have to prove each of the elements of Count Seven just as

6    it had to prove with Counts One through Six beyond a reasonable

7    doubt at trial?

8             THE DEFENDANT:  I understand, your Honor.

9             THE COURT:  Thank you.  You may be seated.

10            Now the government also has a venue requirement for

11   each count, and the venue requirement is essentially that

12   something in connection with each of those counts must have

13   occurred in the Southern District of New York.  That obligation

14   on the government is simply to prove venue lies in the Southern

15   District of New York by a preponderance of the evidence, not

16   beyond a reasonable doubt.

17            Do you understand that, sir?

18            THE DEFENDANT:  Yes, I do.

19            THE COURT:  Now I'm going to read to you the maximum

20   possible penalty for each count and ask after each count that

21   you understand, if you understand that that's the maximum

22   possible penalty for the count.

23            The maximum possible penalty for Count One is five

24   years' imprisonment plus three years' supervised release, plus

25   a maximum fine of the greatest of $250,000 or twice gross

O31UURIP

pecuniary gain derived from the offense or twice the gross

pecuniary loss to individuals other than you as a result from

the offense, plus a mandatory $100 special assessment.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Now, sir, the maximum fine that I set

forth there is repeated in Count -- and the $100 mandatory

special assessment is repeated in Counts Two, Three, Four,

Five, and Six.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Now the maximum penalty for Count Two is

20 years' imprisonment, three years' supervised release, and

that $250,000 fine, and the $100 mandatory special assessment

that I referred to earlier.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Now, I don't mean to complicate things,

but the maximum $250,000 fine and the maximum -- I'm sorry, the

mandatory $100 special assessment is imposed separately on each

of Counts One through Six.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  The maximum penalty of Count Three is 20

years' imprisonment, three years' supervised release, the

O31UURIP

1   $250,000 maximum fine I referred to, and a $100 mandatory

2   special assessment.

3           Do you understand that?

4           THE DEFENDANT:  Yes, I do your Honor.

5           THE COURT:  The maximum penalty on Count Four is five

6   years' imprisonment, three years' supervised release, $250,000

7   fine that I referred to earlier, and the mandatory $100 special

8   assessment.

9           Do you understand that?

10          THE DEFENDANT:  Yes, I do, your Honor.

11          THE COURT:  The mandatory sentence on Count Five is

12  ten years' imprisonment, plus three years' supervised release

13  plus, again, the greatest of $250,000 or twice the gross

14  pecuniary gain or twice the gross pecuniary loss to individuals

15  other than you, plus a mandatory $100 special assessment.

16          Do you understand that?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  The maximum penalty for Count Six is five

19  years' imprisonment, plus three years' supervised release, plus

20  the maximum fine I've been referring to earlier, and the

21  mandatory $100 special assessment.

22          Do you understand that?

23          THE DEFENDANT:  Yes, I do, your Honor.

24          THE COURT:  Now, the maximum penalty for Count Seven

25  is 30 years' imprisonment, plus five years supervised release,

O31UURIP

1    plus a maximum fine of $1 million or twice the gross pecuniary

2    gain derived from the offense or twice the gross pecuniary loss

3    to individuals other than you resulting from the offense, plus

4    a $100 mandatory special assessment, plus I must order

5    restitution pursuant to Count Seven.

6            Do you understand that, sir?

7            THE DEFENDANT:  Yes, I do, your Honor.

8            THE COURT:  Now, for each of those counts, I used the

9    term supervised release when I was describing one element of

10   your maximum sentence, sir.  Supervised release means that

11   you're going to be subject to monitoring upon your release from

12   prison and the monitoring is to be under terms and conditions

13   that could lead to your re-imprisonment without a jury trial

14   for all or part of the term of supervised release and without

15   credit for time previously served on post-release supervision

16   if you violate any term or condition of supervised release.

17           Do you understand that, sir?

18           THE DEFENDANT:  Yes, I do, your Honor.

19           THE COURT:  Now, I also can order restitution to

20   anyone injured as a result of your criminal conduct.

21           Do you understand that?

22           THE DEFENDANT:  Yes, I do, your Honor.

23           THE COURT:  Now, you're pleading guilty to seven

24   different and distinct counts.  Do you understand that I'm

25   going to sentence you separately on each of those seven counts?

O31UURIP

1          THE DEFENDANT:  Yes, I do, your Honor.

2          THE COURT:  Do you also understand that I have the

3     authority to order you to serve each of those sentences

4     consecutively, meaning one after the other, or, similarly, I

5     can order you to serve them concurrently, meaning at the same

6     time, or essentially any combination thereof?

7          Do you understand that?

8          THE DEFENDANT:  Yes, I do, your Honor.

9          THE COURT:  If I do decide to order those sentences to

10    be searched consecutively, meaning one after the other, that

11    means you face a total maximum sentence of 95 years in prison.

12         Do you understand that?

13         THE DEFENDANT:  Yes, I do.

14         THE COURT:  Mr. Fetterman, I assume your client is a

15    United States citizen; is that correct?

16         MR. FETTERMAN:  Yes, it is, your Honor.

17         THE COURT:  Under current law, Mr. Uribe, there are

18    sentencing guidelines that judges such as myself must utilize

19    in applying the factors set forth in 18, U.S.C., 3553(a) to

20    determine what a fair and reasonable and appropriate sentence

21    is in your case.

22         Do you understand that?

23         THE DEFENDANT:  Yes, I do, your Honor.

24         THE COURT:  Have you talked to Mr. Fetterman about the

25    sentencing guidelines, sir?

O31UURIP

1          THE DEFENDANT:  Yes, we have.

2          THE COURT:  Did he answer any questions you may have

3     had about them?

4          THE DEFENDANT:  Yes, he did.

5          THE COURT:  Do you understand that I will not be able

6     to determine what the appropriate guideline range is until

7     after I've received a presentence report completed by the

8     probation department and you and the government have had a full

9     opportunity to comment or object to any findings of facts set

10    forth in that probation department report?

11         THE DEFENDANT:  I understand.

12         THE COURT:  Now, the probation department is going to

13    interview you.  I need you to give them accurate and complete

14    information because they're going to be asking questions about

15    your background, your education, your finances, your family

16    upbringing, any criminal history you may have had.  They're

17    going to be asking you a series of questions in order to

18    provide me with facts upon which I can determine what an

19    appropriate sentence is for you.

20         Do you understand that?

21         THE DEFENDANT:  I understand.

22         THE COURT:  So please give them accurate and complete

23    information.  Mr. Fetterman will have the right to be there, if

24    he so chooses, during the interview.

25         Now, based in part on that presentence report and any

O31UURIP

1    submissions of the parties and my own analysis of the

2    sentencing guidelines, I'll determine what the appropriate

3    guideline range is in your case.

4            Do you understand that?

5            THE DEFENDANT:  Yes, I do, your Honor.

6            THE COURT:  But after I do that, I have the ability to

7    impose a sentence that is either higher than are called for in

8    the guidelines or lower than are called for in the guidelines

9    based on a departure from the guidelines.

10           Do you understand that?

11           THE DEFENDANT:  I understand.

12           THE COURT:  And even after I do that, that is first

13   determine what the appropriate guideline range is, then

14   determine whether there are grounds to depart either upward or

15   downward from the guideline range, I then have the obligation

16   under the law to apply the factors set forth in 18, United

17   States Code, Section 3553(a) to determine what an appropriate

18   sentence is for you.

19           Do you understand?

20           THE DEFENDANT:  I do understand.

21           THE COURT:  Do you understand that if you're sentenced

22   to prison, sir, the system of parole that used to exist in the

23   federal criminal justice system has been abolished.  As a

24   result, you will not be released from prison any earlier on

25   parole.

O31UURIP

1           Do you understand that?

2           THE DEFENDANT:  I understand.

3           THE COURT:  And do you understand that if

4   Mr. Fetterman or any member of the defense team or any member

5   of the prosecution team, or anyone else for that matter, has

6   told you what they believe the sentence is going to be or what

7   they expect it to be or think it will be, or for that matter,

8   they say they know what it will be, they all could be wrong.

9           Do you understand that?

10          THE DEFENDANT:  I understand.

11          THE COURT:  And even if you think you know what it's

12  going to be, you could be wrong, too.

13          Do you understand that?

14          THE DEFENDANT:  I do understand.

15          THE COURT:  And the reason for that, sir, is I'm the

16  one that's going to sentence you and I don't know what your

17  sentence is going to be because I don't know enough information

18  about the underlying facts of the crimes to which you're

19  entering a plea of guilty today and about your background.  So

20  if I'm the one who is going to be sentencing you and I don't

21  know what your sentence is going to be, I assure you nobody can

22  know what your sentence is going to be.

23          Do you understand that?

24          THE DEFENDANT:  I understand.

25          THE COURT:  And do you understand that if your

O31UURIP

1   sentence turns out to be different than what someone else has

2   told you it might be or will be or could be or should be or

3   ought to be, and even if it's different from what you,

4   yourself, think it's going to be, you still are going to be

5   bound by this guilty plea today, sir, and you won't be allowed

6   to withdraw it.

7           Do you understand that?

8           THE DEFENDANT:  Yes, I do, your Honor.

9           THE COURT:  Now, you heard me refer earlier to the

10  plea agreement.  It's a document dated February 29 of this

11  year.  It's seven pages.  It's from Ms. Pomerantz.  It's signed

12  by Ms. Pomerantz.  It's addressed to Mr. Fetterman.

13          I'm going to ask my deputy to mark it as Court Exhibit

14  No. 2 and I'm going to ask her to, as before, she'll show you

15  the last page.

16          Is that your signature on the last page, sir?

17          THE DEFENDANT:  Yes, it is, your Honor.

18          THE COURT:  Did you read that agreement before you

19  signed it?

20          THE DEFENDANT:  Yes, I did.

21          THE COURT:  Did you discuss it with Mr. Fetterman

22  before you signed it?

23          THE DEFENDANT:  Yes, I did.

24          THE COURT:  Did he answer any questions you may have

25  had about it before you signed it?

O31UURIP

| 1 | THE DEFENDANT:  Yes, he did. |

1          THE DEFENDANT:  Yes, he did.

2          THE COURT:  Did you fully understand the agreement at

3     the time you signed it, sir?

4          THE DEFENDANT:  Yes, I did.

5          THE COURT:  Does this letter agreement constitute your

6     complete and total understanding of the entire agreement

7     between the government, Mr. Fetterman, and yourself?

8          THE DEFENDANT:  Yes, it does.

9          THE COURT:  Is there anything about your plea and

10     sentence that's been left out of this agreement?  Are there any

11     side deals I should know about?

12          THE DEFENDANT:  No, your Honor.

13          THE COURT:  Is everything about your plea and sentence

14     contained in this agreement?

15          THE DEFENDANT:  Yes, it is.

16          THE COURT:  Do you understand that in this agreement

17     you've agreed to waive any claim of lack of or improper venue

18     with respect to Counts Six and Seven of the information?

19          THE DEFENDANT:  I'm sorry, your Honor.  Could you

20     repeat that question?

21          THE COURT:  Of course.  I realize we've been going for

22     quite some time.  I understand.

23          THE DEFENDANT:  Thank you.

24          MR. FETTERMAN:  Your Honor, may I have one moment just

25     to explain one thing to my client?

O31UURIP

1       THE COURT:  Of course.  And I'm going to ask the about

2   the statute of limitations as well.  So go ahead.

3   (Defendant conferring with counsel)

4       MR. FETTERMAN:  Thank you, your Honor.

5       THE COURT:  Do you understand that, Mr. Uribe, in this

6   agreement, you waive any claim of lack of venue with respect to

7   Counts Six and Seven, and you waive any claim of improper venue

8   with respect to Counts Six and Seven?

9       THE DEFENDANT:  Yes, I do, your Honor.

10      THE COURT:  And do you also understand that you've

11  agreed to waive any potential statute of limitations and any

12  potential duplicity defense in regard to Count 6?

13      THE DEFENDANT:  I understand, your Honor.

14      THE COURT:  Do you understand that in this agreement

15  you've admitted the forfeiture allegations with respect to

16  Counts One through Five and have agreed to forfeit to the

17  United States the proceeds traceable to the commission of

18  Counts One through Five?

19      THE DEFENDANT:  Yes, I do, your Honor.

20      THE COURT:  And do you understand you've also admitted

21  the forfeiture allegation with respect to Count Seven and have

22  agreed to forfeit to the United States $246,000 in United

23  States currency representing the proceeds traceable to the

24  commission by you of Count Seven?

25      THE DEFENDANT:  I do, your Honor.

O31UURIP

1          THE COURT:  And do you also understand that you've

2    agreed to make restitution in an amount to be determined by me?

3          THE DEFENDANT:  I do, your Honor.

4          THE COURT:  Do you understand that you've agreed to

5    file with the IRS at least two weeks prior to the sentencing

6    date accurate, amended individual tax returns for calendar

7    years 2016 through 2021 and the accurate, amended corporate tax

8    returns for a series of corporate entities that are listed in

9    this agreement?

10          Do you understand that?

11          THE DEFENDANT:  Yes, I do, your Honor.

12          THE COURT:  And do you understand that not only have

13    you agreed to file accurate, amended individual tax returns and

14    the relevant corporate tax returns, but you've also agreed to

15    pay past taxes due and owing to the IRS for the years 2016,

16    2017, 2018, 2019, 2020, and 2021, including any appropriate

17    penalties?

18          THE DEFENDANT:  I understand, your Honor.

19          THE COURT:  Mr. Fetterman, do you know of any valid

20    defense that would prevail at trial and know of any reason why

21    Mr. Uribe should not be permitted to plead guilty today?

22          MR. FETTERMAN:  I do not, your Honor.

23          THE COURT:  In your view, sir, is there an adequate

24    factual basis to support your client's plea of guilty?

25          MR. FETTERMAN:  Yes, there is, your Honor.

O31UURIP

| 1 | THE COURT:  Ms. Pomerantz, in your view, is there an |

1          THE COURT:  Ms. Pomerantz, in your view, is there an

2     adequate factual basis to support Mr. Uribe's plea today?

3          MS. POMERANTZ:  Yes, your Honor.

4          THE COURT:  Mr. Uribe, please tell me what you did in

5     connection with each of Counts One through Seven that you're

6     pleading guilty to.

7          Now, I see you have something, I take it you're going

8     to read from something; is that correct?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  It's perfectly appropriate for your

11     attorney to have assisted you in preparing that.  I don't know

12     whether he has or not, but I need you to tell me whether or not

13     he's written it or assisted in some way, that what you're about

14     to tell me is true.

15          THE DEFENDANT:  My attorney did assist me for the

16     preparation, but these are my own words.

17          THE COURT:  And everything in there is true, correct?

18          THE DEFENDANT:  Everything in here is true.

19          THE COURT:  I am also, sir, going to ask you to read

20     slowly because when people are reading from a document and when

21     they are nervous, normally people who are pleading guilty have

22     some degree of nervousness, they tend to speed up, and it's

23     important that I understand what you're saying and that the

24     court reporter be able to capture it.  So please read slowly

25     and carefully.

1         Sir, tell me what you did that makes you guilty of

2    Counts One through Seven.

3         THE DEFENDANT:  Your Honor, as to Count One and

4    Three -- Count Two, Three, I agreed with several people,

5    including Nadine Menendez, to provide Nadine with a

6    Mercedes-Benz in return for Senator Menendez using his power

7    and influence as a United States Senator to get a favorable

8    outcome and to stop all investigations related to one of my

9    associates, and, if necessary, to stop the possible

10   investigation into another person who I considered to be a

11   member of my family.  I made certain payments on the Mercedes

12   in a manner to conceal my involvement because I knew it was

13   wrong.  I knew that giving a car in return for influencing a

14   United States Senator to stop a criminal investigation was

15   wrong, and I deeply regret my actions.

16        As to Count Four to Five, after I received a subpoena

17   relating to Senator Menendez, Nadine Menendez contacted me

18   through another individual.  Later that afternoon, I met with

19   Nadine at a Marriott, and she asked what was I going to say if

20   somebody asked me about the car payments.  I told her that I

21   would say a good friend of mine was in a financial situation

22   and I was helping that friend to make the payments on the car,

23   and when she was financially stable, she will pay me back.

24   Nadine says something like, that sounds good.

25        Later in time, I told the same story to my attorneys

O31UURIP

1    at the time, and they transmitted that false story to the

2    United States Office in New York with my approval.  Late in

3    2022, I received a check from Nadine paying me back for the car

4    payments.  I then deposited the check.

5         As to Count Six, I intentionally -- I intentionally

6    did not prioritize -- file tax returns since at least 2016 to

7    2022 when I understood that I had tax obligations and a duty to

8    file those returns.  I knew that this was wrong and that it

9    would result in the government not being paid tax obligations

10   owed by me and owed by companies that I control and manage when

11   they were due.  They were companies that were controlled and

12   managed by me, of which I failed to file tax returns.  I knew

13   that the income for those companies would not be reported or

14   reflected on my personal tax return as I understood that it

15   would be reported under each individual company.

16        Counts -- as to Count Seven, I made up the fake tax

17   returns in connection with bank loans in order to purchase two

18   trailers --

19             THE COURT:  In order to purchase?

20             THE DEFENDANT:  Two trailers.

21             MR. FETTERMAN:  Truck trailers, your Honor.

22             THE DEFENDANT:  Truck trailers.

23             THE COURT:  All right.

24             THE DEFENDANT:  I purchased the trailers and I paid

25   off the loans.  I also instructed another person to use the

O31UURIP

1   figures from the fake tax returns to get a SBA loan, which I

2   also paid in full.

3            THE COURT:  When you did these acts, sir, did you know

4   that what you were doing was wrong and illegal?

5            THE DEFENDANT:  Yes, I did, your Honor.

6            THE COURT:  Government, is there anything else on the

7   factual allocution that you wish?

8            You can talk amongst yourselves.

9            MS. POMERANTZ:  Thank you, your Honor.

10           (Counsel confer)

11           THE COURT:  Sir, I don't know whether I just asked you

12   this or not, but when you did the acts that you told me about,

13   did you know that what you were doing was wrong and illegal?

14           THE DEFENDANT:  Yes.  I knew.

15           THE COURT:  Government?

16           MS. POMERANTZ:  Thank you, your Honor.  If you could

17   just ask the defendant to confirm that the amount owed on the

18   income taxes for those years was a substantial amount, that he

19   knew that it was a substantial amount that was owed.

20           THE COURT:  Did you know you owed a substantial amount

21   of income taxes?

22           THE DEFENDANT:  Yes, I knew, your Honor.

23           THE COURT:  All right.

24           MS. POMERANTZ:  And then, also, your Honor, as to the

25   interstate wire elements, the government would proffer that as

O31UURIP

1    to Count Two and Count Three which relate to an interstate wire

2    for honest services fraud conspiracy and honor services fraud,

3    that the government would proffer that the defendant, while in

4    New Jersey, asked, as his business associate referred to as

5    associate 2 in the information, who was in the Bronx at the

6    time, to make a financing payment for the Mercedes-Benz

7    convertible for the benefit of Robert and Nadine Menendez.

8           THE COURT:  Did you, when you were in New Jersey, did

9    you ask an associate who was in the Bronx to make a financing

10    payment in connection with the Mercedes that was for the

11    benefit and Robert and Nadine Menendez?

12           THE DEFENDANT:  Yes, I did, your Honor.

13           MS. POMERANTZ:  And, your Honor, as to the seventh

14    count, wire fraud, the government would proffer that the

15    application for the SBA loan traveled across state lines.

16           THE COURT:  How so?

17           MS. POMERANTZ:  Your Honor, that the application was

18    transmitted electronically, and so it traveled across state

19    lines in that transmission.

20           THE COURT:  Did you transmit your SBA loan application

21    by wire?

22           THE DEFENDANT:  It was done online.

23           THE COURT:  Pardon me.

24           THE DEFENDANT:  The application was done online, your

25    Honor.

O31UURIP

1          THE COURT:  And where were you?  Were you in New

2    Jersey at the time you made that application?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Thank you.

5          Anything else?

6          MS. POMERANTZ:  Yes, your Honor.  As to the seventh

7    count that we were just discussing, one of the elements

8    involves the scheme affecting a financial institute.  If your

9    Honor could just confirm with the defendant that one of the

10   fake tax returns was used to get a loan from a financial

11   institution or a bank.

12         THE COURT:  Is that, true, sir?  Was one of the fake

13   tax returns used to obtain a loan from a financial institution

14   or a bank?

15         THE DEFENDANT:  Yes, your Honor.  It was.

16         THE COURT:  Government, anything else?

17         MS. POMERANTZ:  No, your Honor.

18         THE COURT:  Mr. Fetterman, anything from the defense

19   that you want on the allocution?

20         MR. FETTERMAN:  No, your Honor.  Thank you.

21         THE COURT:  Government, tell me the evidence you have

22   against this defendant that supports Counts One through Seven.

23         MS. POMERANTZ:  If the case proceeded to trial, the

24   government would prove each of the offenses through evidence,

25   including, among other things, search warrant results from

O31UURIP

| | |
|---|---|
| 1 | phones, email accounts, and other electronic accounts including |
| 2 | the defendant's communications with other members of the |
| 3 | conspiracy, records produced in response to grand jury |
| 4 | subpoenas including from banks and financial institutions as |
| 5 | well as records produced voluntarily, such as from government |
| 6 | agencies, materials obtained from the IRS, and testimony from |
| 7 | lay witnesses and law enforcement agents regarding the conduct |
| 8 | described in the information. |
| 9 | THE COURT:  Mr. Uribe, how do you now plead to the |
| 10 | charges in Counts One through Seven, the superseding |
| 11 | information S3 23 cr 490, guilty or not guilty, sir? |
| 12 | THE DEFENDANT:  Guilty, your Honor. |
| 13 | THE COURT:  Are you pleading guilty, sir, because you |
| 14 | are guilty? |
| 15 | THE DEFENDANT:  Yes, your Honor. |
| 16 | THE COURT:  Are you pleading guilty voluntarily and of |
| 17 | your own free will? |
| 18 | THE DEFENDANT:  Yes, your Honor. |
| 19 | THE COURT:  Because you acknowledged that you're |
| 20 | guilty as charged in the superseding information, because I |
| 21 | find you know your rights and are waiving them knowingly and |
| 22 | voluntarily, because I find your plea is entered knowingly and |
| 23 | voluntarily and is supported by an independent basis in fact |
| 24 | containing each of the essential elements of the offense, I |
| 25 | accept your guilty plea today, sir, and I adjudge you guilty of |

O31UURIP

1    the seven offenses to which you have pled.

2         I'll set the date for sentencing now for

3    June 13th at 2:30 subject to any adjourn date that I may set

4    or the parties may request and that I grant.

5         Is there any bail application?  Any application in

6    regard to bail?

7         Government, what's your position on bail here?

8         MS. POMERANTZ:  Your Honor, we do not object to the

9    defendant's continued release on the bail conditions that were

10   set at the September 27, 2023 hearing in this case.

11        THE COURT:  Mr. Uribe, I'm going to keep you out, out

12   of prison, that is, on the same conditions that you've been

13   released on up until now.  Do you understand that if you fail

14   to return to this courtroom on June 13th or any adjourn date

15   that I set for your sentencing, you're going to be guilty of a

16   criminal act for which you could be sentenced to imprisonment

17   separate, apart from, and in addition to any other sentence you

18   might receive for the crimes to which you have just pled

19   guilty?

20        THE DEFENDANT:  I understand.

21        THE COURT:  Do you also understand that you're

22   obligated to comply with all of the conditions that you've been

23   released on up until now?

24        THE DEFENDANT:  I understand.

25        THE COURT:  Is there anything else, Defense?

O31UURIP

1          MR. FETTERMAN:  No, your Honor.  Thank you.

2          THE COURT:  Anything else, Government?

3          MS. POMERANTZ:  No, your Honor.  Thank you.

4          THE COURT:  All right.  I thank all of you.

5                              o0o

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25