

March 10, 2024

**_VIA EMAIL - FILED UNDER SEAL_**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   _United States v. Menendez et al._, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

On behalf of Senator Menendez, we respectfully submit this letter under seal to request the Court's approval to maintain under seal two sentences of the Senator's brief in support of his severance motion (the "Redacted Sentences").[1]  The reason for this request is that the Redacted Sentences reveal defense trial strategy which, if made public, threatens to bias the jury pool and, consequently, to interfere with Senator Menendez's and his wife's right to a fair trial.  The disclosure of the Redacted Sentences would also significantly and needlessly complicate _voir dire_.  The government opposes the sealing of the Redacted Sentences, claiming that a risk of jury pool contamination cannot overcome "the common-law or First Amendment right of access" to the Redacted Sentences.

**Background:**  On January 15, 2024, Senator Menendez filed a series of pre-trial motions, including a motion for severance pursuant to Federal Rule of Criminal Procedure 14(a).  _See_ ECF No. 136.  The Senator's Memorandum of Law in support of those pre-trial motions (ECF No. 137, the "Brief") was submitted under seal, with a redacted version filed on the public docket.  In further support of his severance motion, Senator Menendez also submitted an _ex parte_ declaration from one of his attorneys (the "Weitzman Declaration").  By endorsed letter dated January 16, 2024, the Court permitted the Brief to be filed under seal (with a public, redacted version) and accepted the Weitzman Declaration on an _ex parte_ and _sealed_ basis given that it reveals defense trial strategy.

---

[1] A complete copy of the proposed filing, with the Redacted Sentences (found on pages 28 and 31) highlighted in red, is submitted herewith as **Exhibit A**.  Additional words and phrases highlighted in yellow in Exhibit A represent proposed redactions as to which the parties are in agreement and which are not the subject of this motion.



Hon. Sidney H. Stein
March 10, 2024
Page 2

Subsequently, on January 30 and February 1, 2024, the Court issued Orders regarding sealing procedures.  *See* ECF Nos. 169 and 170.  Consistent with those Orders, we have been working with the government to agree upon revised versions of certain filings, including the Brief, with fewer redactions.  For the most part, the parties' discussions have been productive and, with the regard to the Brief, the parties have reached agreement as to all issues except for the Redacted Sentences.

By email dated March 3, 2024, we explained to the government that the Redacted Sentences reveal defense trial strategy that, if made public, could result in a material risk of biasing the jury pool or – at the very least – making *voir dire* a much more cumbersome process.  While not disputing the risk of tainting the jury, the government responded in conclusory fashion, stating only that "[w]e do not believe you have articulated a basis for redaction sufficient to overcome the common-law or First Amendment right of access as to the redactions . . . so . . . we oppose those redactions."

**Discussion:**  It is well recognized that pre-trial disclosure of certain sensitive information, especially when repeated and amplified by the news media, can carry a substantial risk of biasing a jury pool.  *See Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966) (noting that "[u]nfair and prejudicial news comment on pending trials has become increasingly prevalent" and emphasizing "the pervasiveness of modern communications [regarding trials] and the difficulty of effacing prejudicial publicity from the minds of the jurors"); *United States v. Maldonado-Rivera*, 922 F.2d 934, 967 (2d Cir. 1990) (district courts have broad discretion to determine whether "publicity renders a fair trial unlikely").  Likewise, even if an unbiased jury can theoretically be identified despite pre-trial publicity, such publicity necessarily complicates the process of jury selection by requiring additional questioning on juror's interactions with such publicity.  *See United States v. Poindexter*, 732 F. Supp. 170, 172 (D.D.C. 1990) (certain pretrial publicity may "significantly . . . complicate the process of jury selection"). In this case, as Your Honor is no doubt aware, media interest has been enormous and is likely only to increase as trial draws closer.  Accordingly, the risk of bias to the jury pool resulting from the pre-trial disclosure of the defense trial strategy found in the Redacted Sentences is especially heightened.

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████  The substance of the Redacted Sentences, if made public, will surely garner significant media attention, which likely would reach potential jurors.



Hon. Sidney H. Stein
March 10, 2024
Page 3



Moreover, at minimum, disclosure of the Redacted Sentences would needlessly complicate *voir dire*—which will already be challenging given the high-profile nature of the case—by requiring significant additional questioning regarding jurors' awareness of potential defense strategy and their ability to remain impartial in light of that awareness.

Nor does the traditional rationale for permitting public access to judicial documents preclude the redactions proposed in the Redacted Sentences. As the Second Circuit has held, "the presumption of access [to judicial documents] is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995). The public's interest in holding the courts accountable is not threatened by the withholding of defense trial strategy until the time of trial. To the contrary, it is well established that statements concerning defense trial strategy may be filed under seal and *ex parte*. *See United States v. Akhavan*, No. 20-CR-188-2(JSR), 2021 WL 1251893, at *2 (S.D.N.Y. Apr. 2, 2021) (allowing *ex parte* request for subpoenas to "avoid disclosing information that could reveal [defendant's] trial strategy"); *United States v. Weissman*, No. 01 CR 529 (BSJ), 2002 WL 1467845, at *1 (S.D.N.Y. July 8, 2002) ("The Court will allow *ex parte* [submissions] where a party can demonstrate that it would be required to prematurely disclose its trial strategy, witness list, or other privileged information[.]").

Moreover, the public will eventually gain access to Senator Menendez's trial strategy if and when he stands trial. There is no basis, however, to disclose plans for a defendant's testimony months *in advance* of trial. Therefore, in order to protect Senator Menendez's right to a fair trial by an impartial jury, the Redacted Sentences should remain under seal.

Respectfully,

/s/ *Adam Fee*
Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*



Hon. Sidney H. Stein
March 10, 2024
Page 4


cc:     Paul Monteleoni, Esq.
        Eli Mark, Esq.
        Daniel Richenthal, Esq.
        Lara Pomerantz, Esq.
        Christina Clark, Esq.
        *Counsel for the Government*