<u>**United States v. Nadine Menendez, et al.**</u>, **S4 23 Cr. 490 (SHS) – Proposed Colloquy for** <u>**Curcio**</u> **Hearing**

- Good afternoon.  Please state your full name.

- Do you speak and understand English fluently?

- How old are you?

- What is your highest level of education?

- Where did you receive that education?

- In the past 24 hours, have you taken any pills, drugs, or medication of any kind that would affect your ability to hear or understand this proceeding?

- In the past 24 hours, have you had any alcoholic beverages?

- Have you ever been treated or hospitalized for any mental illness, or alcohol or substance abuse?

- Are you now, or have you recently been, under the care of a doctor or psychiatrist?

- Do you feel alert, awake, and clear-headed today?

- Defense counsel, do you have any doubt about Ms. Menendez's competence to proceed today with this *Curcio* hearing?

- Ms. Menendez, you are currently represented by Mr. Schertler, along with others from his law firm, Schertler Onorato Mead & Sears LLP, correct?

- Are you satisfied with their representation?

- An issue has arisen as to whether or not there is a conflict of interest or other potential problem with respect to Mr. Schertler and his firm in continuing to represent you, based on Mr. Schertler's personal knowledge of certain facts that the Government has alleged are relevant to this case.

- Now I want to be clear: I have not made any conclusions that Mr. Schertler or his law firm, have any actual conflict of interest, or whether any other problem may arise from their representation, but you have a right to conflict-free counsel, and I need to make sure that you understand what the potential conflict or other issues are.  It is up to you to decide whether or not, in light of the potential risks posed by their serving as your counsel, you wish to continue with them as your lawyers or whether you want to find new lawyers.  And while I intend to reference Mr. Schertler specifically in the remainder of my questions, you should know that it is possible that the risks posed by his serving as your counsel may extend to their law firm as a whole, including any other counsel who are also representing you or may represent you from the same firm.  Do you understand that?

- The purpose of this proceeding is for me to describe to you what this possible conflict is, and other risks, to make sure you understand them, and then for you to determine whether or not you want to go forward with Mr. Schertler as your lawyer. Do you understand the purpose of this proceeding?

- As I go through these questions, I will offer you the opportunity to speak with another lawyer, not from their law firm, about the potential conflict or other risks, to the extent you have not already done so. You do not have to talk to another lawyer, but that is available to you. Do you understand that?

- You may also retain another lawyer, not from their law firm, to confer with about the issues we'll be discussing today. And you may do so while also continuing to be represented by Mr. Schertler. Do you understand that?

- Do you also understand that, if you cannot afford counsel at any point during this case, one can be appointed for you, at no cost to you?

- Have you retained another lawyer, not from the Schertler Onorato law firm, regarding the potential conflict or other risks?

- Let me also note that if you would like to take a break at any point during this proceeding, to consider what I have said, or to talk with your lawyers, just let me know. Do you understand that?

- I am now going to describe the potential risks in proceeding with Mr. Schertler, and ask you some questions to ensure that you understand them.

Duties of Loyalty and Confidentiality

- In the United States, an attorney has to represent his or her client to the best of his or her ability. This obligation of that attorney is 100 percent to that client. Do you understand that?

- An attorney has a duty of loyalty to that client, not to anybody else, regardless of who may be paying the attorney's bills, and regardless of the nature of the proceeding. Do you understand that?

- An attorney also has a duty of confidentiality. Anything you tell your attorneys, as long as it's done in the context of his or her representation of you and in the context of you seeking legal advice, is confidential. Your attorney cannot tell anyone else about what you have been telling them, and they cannot use anything you have been telling them in any way without your consent, except in certain very limited circumstances. Do you understand that?

- So, in this matter, Mr. Schertler, Mr. Onorato, and Ms. Pinto have both a duty of loyalty to you, and *only you*, and a duty of confidentiality that arises out of their representation of you. Do you understand that?

Attorney's Personal Knowledge of Certain Facts

- As I understand it, Mr. Schertler has personal knowledge of certain facts alleged to be relevant to the charges here.  Mr. Schertler's knowledge arises from his representation of you in this investigation.  Do you understand that?

- Others at Mr. Schertler's law firm, including Danny Onorato and Paola Pinto, who also represent you, may similarly have personal knowledge of the same facts or have discussed them with Mr. Schertler at the time he learned them.  Do you understand that?

- In short, Mr. Schertler, at least according to the Government, is a potential witness in this case.  The Government believes that Mr. Schertler participated in, among other things, relevant conversations with you and counsel for your co-defendants Robert Menendez and Wael Hana.  These concern, among other things, the following topics: (1) communications you had with Mr. Schertler regarding the nature and purpose of the payments co-defendant Jose Uribe made for a Mercedes Benz Convertible, (2) communications you had with Mr. Schertler regarding the nature and purpose of the payments co-defendant Wael Hana made for a payment towards the mortgage on your home, (3) communications you had with Mr. Schertler regarding repaying Mr. Uribe for the payments towards the Mercedes Benz Convertible, and the purpose of that repayment, (4) communications you had with Mr. Schertler regarding repaying Mr. Hana for the payment towards the mortgage on your home, (5) communications you had with Mr. Schertler regarding a presentation he made to the United States Attorney's Office on August 11, 2023, the purpose of that presentation, your review of the presentation before it was made, and your approval for him making that presentation, and (6) communications Mr. Schertler had with counsel for co-defendants Robert Menendez, Wael Hana, and Jose Uribe regarding those same topics. Do you understand that?

- There is at least a chance that Mr. Onorato and Ms. Pinto are also a potential witness as to the same facts that Mr. Schertler is.  Do you understand that?

- Now I am not taking a position on the facts, or what evidence is admissible, or whether either Mr. Schertler, Mr. Onorato or Ms. Pinto could be a witness, but it is important that you understand that the fact that Mr. Schertler is a potential witness, and that Mr. Onorato or Ms. Pinto may be, presents multiple risks to you.  Do you understand that?

- Without telling me what they have told you, have you talked about this issue with Mr. Schertler, Mr. Onorato, and Ms. Pinto?

- Have you previously talked with a lawyer not affiliated with the Schertler Onorato law firm about this issue?

- As I mentioned earlier, if you would like, I will appoint an independent lawyer to talk with you about this issue.  Would you like me to do so?

- There are at least two risks to you from one or more of your counsel being a potential witness.  First, neither counsel, nor anyone else from their firm, can make arguments to

3

me or the jury that are not consistent with their personal knowledge of the facts. In short, if they know something to be true, neither them nor others from their firm can argue to me that it is false. Do you understand that?

- They also cannot question other witnesses in a manner suggesting that a fact that they personally know is true is false. Do you understand that?

- In short, this could affect the advice you receive, arguments that your lawyers make, or their questioning of witnesses. Do you understand that?

- The second risk to Mr. Schertler, Mr. Onorato, or Ms. Pinto being a potential witness is that he or she might in fact be called as a witness by the Government. Now again, I am not making any decision today about what would happen if that were to occur, but it is important for you to understand that if the Government were to call one or more than one of them as a witness, there is at least the possibility that might mean that one or more than one of them would have to withdraw as your counsel. Do you understand that?

- Put differently, generally, a lawyer cannot serve as both a lawyer and testify as a witness. Do you understand that?

- It is also important for you to understand that no one can predict with certainty right now whether the Government will decide to call Mr. Schertler, Mr. Onorato, or Ms. Pinto as a witness. That decision will be made closer to trial—yet I expect you to be ready to proceed to trial on May 6, even if you decide to change counsel. By continuing with Mr. Schertler and his law firm, you are therefore taking on the risk that you will lose one or more of your attorneys, or their law firm, closer to trial. Do you understand that?

- It is also possible that the fact that Mr. Schertler is a potential witness might affect his advice to you, and the same for Mr. Onorato and Ms. Pinto, or the advice of their colleagues, because they may prefer not to be a witness. Do you understand that?

- Similarly, if you may prefer that they not be a witness, it could affect your ability to follow their advice or to make certain decisions. Do you understand that?

- Relatedly, even if Mr. Schertler, Mr. Onorato, and Ms. Pinto are not called as witnesses it is possible that *other* witnesses may be aware that either was personally involved in or has knowledge of certain facts, and that may create challenges for them or others to cross-examine those witnesses, which would not be an issue with a different lawyer who had no personal knowledge of the facts. Do you understand that?

- Although I am not making any decision today or attempting to predict the future, it is possible that in light of what other witnesses know or say, or what certain documents show, Mr. Schertler, Mr. Onorato, or Ms. Pinto might have to withdraw as counsel even if they were not themselves actually testifying witnesses. Do you understand that?

4

- As I said earlier, because it is so important, and neither I nor anyone else can foresee all the ways in which that potential conflict or other issue may arise, I want to make sure that you fully understand the risks to you.  So, can you explain in your own words what you understand the potential conflict to be concerning Mr. Schertler, Mr. Onorato, or Ms. Pinto being a potential witness, and how it could affect your defense?

- If you do decide that you want them to continue to represent you in this case, you cannot in the future argue that they did not adequately represent you because they had the potential conflict I have described.  Do you understand that?

- In addition, as I have said, I expect you and your co-defendants to be prepared to proceed to trial on May 6, 2024.  That means that if Mr. Schertler, Mr. Onorato, or Ms. Pinto has to withdraw, even if close to trial, there is no guarantee that the trial will be adjourned.  Do you understand that?

- If your current counsel were to withdraw, any new counsel may have less time to prepare for trial.  Do you understand that?

- Although I am using the word "withdraw," there is the possibility that I may order them to do so, that is, the decision is not solely theirs to make.  I am not at all saying that I will do that, but I want you to understand that there is a possibility that the Government or another party may ask me to make a decision as to whether Mr. Schertler, Mr. Onorato, and/or Ms. Pinto may continue to represent you, and even if they or you object, I may have to decide that they cannot continue to represent you, or that their law firm as a whole cannot.  Do you understand that?

- Is there anything that I've said to you or that I brought up that you wish to have explained further, or that you have any question about?

- In light of everything I have said, do you wish to have Mr. Schertler, Mr. Onorato, and Ms. Pinto continue to represent you in connection with the charges against you in this case?

- It is your own decision?

- Have you had sufficient time to think about it?

- Have you received any threat, inducement, payment, or other promise that may have influenced your decision on this issue?

- Do you understand that, with respect to Mr. Schertler, Mr. Onorato, or Ms. Pinto being a potential witness, we may have to revisit this issue before trial, that is, your decision to continue to proceed with them today does not necessarily mean that they can be your counsel for trial?