# SCHERTLER ONORATO MEAD & SEARS

March 18, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

      Re: *United States v. Robert Menendez, et al.*, Case No. 1:23-cr-00490-SHS

Dear Judge Stein:

      Defendant Nadine Menendez, through counsel, respectfully responds to the letter submitted by the Government on March 17, 2024, requesting a hearing under *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), to address her attorneys' potential conflicts of interest in continuing their representation of her in this matter.

      A.    Factual Background

      On March 5, 2024, the Government returned a third superseding indictment against Ms. Menendez and her codefendants. As pertinent here, that indictment added counts of conspiracy to commit obstruction of justice and obstruction of justice against Ms. Menendez and her husband, Senator Robert Menendez. As this Court knows, Ms. Menendez's current attorneys have personal knowledge of some of the facts alleged in those counts and have been identified as potential Government witnesses at trial with regard to those counts. Obviously, the possibility that Ms. Menendez's current attorneys may be called as Government witnesses at trial raises a serious issue as to whether they ethically can continue to represent her. *See United States v. Jones*, 381 F.3d 114, 121 (2d Cir. 2004) ("If [counsel] turns out to be an actual or unsworn witness in defendant's trial, this would be actual grounds for disqualification."). Trial is scheduled to begin just seven weeks from today, so time is of the essence.

      On March 17, 2024, the Government filed a letter asking the Court to hold a *Curcio* hearing with Ms. Menendez. The Government identified two "distinct concerns" with respect to undersigned counsel's continued representation of Ms. Menendez. First, the Government asserts that it "may seek to call Mr. Schertler [and/or other members of his firm] and/or enter into evidence materials or elicit testimony from other witnesses regarding events with which Mr. Schertler [and/or other members of his firm] was involved" ("Issue 1"). Second, the Government asserts that "Mr. Schertler (and his co-counsel) may be limited in their ability to make certain arguments to the Court or the jury at trial" because of their personal knowledge of certain relevant facts ("Issue 2"). The Government contends that Issue 2 is waivable by Ms. Menendez. With respect to Issue 1, however, the Government says nothing about waivability and contends only that the

Court "need not" resolve "now" whether counsel's potential role as a sworn or unsworn witness at trial would require counsel's disqualification.

The Government has submitted a set of questions that it suggests the Court ask Ms. Menendez at a *Curcio* hearing. The Government's proposed colloquy leaves open every possible permutation of counsel's potential role as a sworn or unsworn witness at trial. The Government asks the Court to advise Ms. Menendez that her current counsel "might in fact be called as a witness by the Government" and that "no one can predict with certainty right now whether the Government will decide to call Mr. Schertler, Mr. Onorato, or Ms. Pinto as a witness." According to the Government's proposed colloquy, this uncertainty exists because the Government wants to make "the decision [as to whether to call counsel as a witness] . . . closer to trial[.]" The Government proposes that the Court advise Ms. Menendez that even if her attorneys are not called to the witness stand, they could become unsworn witnesses based on their personal involvement in or knowledge of certain facts. The Government asks the Court to present these multiple uncertainties to Ms. Menendez so that she may either (1) assert her right to conflict-free counsel and seek new representation now, or (2) waive any conflict posed by her attorneys being potential sworn or unsworn witnesses at her trial and undertake "the risk that [she] will lose one or more of [her] attorneys, or their law firm, closer to trial."

We submit that the Government's proposed colloquy is inadequate and should be rejected by the Court. At this point in the proceedings – just seven weeks before trial – the Government has an obligation to inform Ms. Menendez whether it intends to call any of her current counsel as witnesses at trial or whether it instead intends to introduce the relevant facts through an evidentiary mechanism, such as a stipulation, that could mitigate the conflict-of-interest issue. Ms. Menendez also is entitled to know whether the Government intends to present evidence rendering current counsel "unsworn witnesses," and thus seek disqualification regardless of whether they are called to testify. Without knowledge of how the Government intends to proceed on these issues, Ms. Menendez cannot make a knowing and intelligent decision as to whether to waive any conflict and undertake the risk that she will be forced to find new counsel at a date precariously close to trial.

B. <u>Analysis</u>

"A defendant's right to counsel under the Sixth Amendment includes the right to be represented by an attorney who is free from conflicts of interest." *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) (citations omitted). "When the trial court knows or reasonably should know of the possibility of a conflict of interest, it has a threshold obligation to determine whether the attorney has an actual conflict, a potential conflict, or no conflict." *Id*. "If, through this inquiry, the court determines that the attorney suffers from an actual or potential conflict of interest, the court has a 'disqualification/waiver' obligation." *Id*. (citation and footnote omitted). "If the conflict is so severe that no rational defendant would waive it, the court must disqualify the attorney." *Id*. "If it is a lesser conflict, the court must conduct a *Curcio* hearing to determine whether the defendant will knowingly and intelligently waive his right to conflict-free representation." *Id*. (citations and footnote omitted).

SCHERTLER ONORATO MEAD & SEARS

As the Government's proposed colloquy makes clear, Ms. Menendez's attorney(s) have at least a potential conflict of interest as a result of the fact that the Government has stated that it might call one or more of them to testify as witnesses at trial. If the Government makes that choice, disqualification presumably would be mandatory and not avoidable through a waiver by Ms. Menendez. *See United States v. Stein*, 410 F. Supp. 2d 316, 328 (S.D.N.Y. 2006) (in determining whether a conflict can be waived, Second Circuit considers several factors, including "whether there is a possibility that the attorney could be called as a witness at the defendant's trial"). "Rules of professional conduct and case law limit the circumstances in which an attorney acting in a representative capacity may be a witness at trial, whether sworn or unsworn." *United States v. Finkelstein*, 2021 WL 2555832 at *3 (S.D.N.Y. June 22, 2021).[1] At this stage in the proceedings, with a quickly approaching trial date, the Government has an obligation to make its intentions known so that Ms. Menendez can intelligently evaluate whether to waive any potential conflict of interest with awareness "of the conflict's significant strategic consequences." *See United States v. Arrington*, 941 F.3d 24, 42 (2d Cir. 2019).

*Finkelstein, supra,* is a recent case involving similar circumstances. There, trial counsel for the defendant communicated certain information to a third party and, according to the Government, thereby unwittingly aided the defendant's alleged effort to obstruct justice. 2021 WL 2555832 at *1. In the course of *Curcio* proceedings conducted after it was clear that the case would go to trial, the Honorable Paul G. Gardephe directed the Government to determine through consultation with defense counsel "whether a stipulation could be reached," containing no reference to trial counsel, about the pertinent facts. *Id*. at *2. When the parties determined that a stipulation was not feasible, the U.S. Attorney's Office for the Southern District of New York moved to disqualify trial counsel from representing the defendant because the attorney was likely to be a sworn or unsworn witness at his client's trial. *Id*. at *2-3. Judge Gardephe agreed that disqualification was required. *Id*. at *6.

Now, in a case scheduled to go to trial in just seven weeks, the same U.S. Attorney's Office asks the Court to kick the can down the road in determining whether disqualification of counsel will be required, because the Government wants to decide on its own timetable whether it will call the attorney(s) to the stand or seek disqualification based on their being "unsworn witnesses." In the meantime, as the Government ponders these issues, it proposes that Ms. Menendez waive these potential conflicts and bear the risk that she could be required to find new counsel at any point before May 6 and nonetheless be prepared to go to trial on May 6. The terms of the waiver that the Government proposes are untenable, and enforcing those terms would result in reversible error.

---

[1] Rule 3.7(a) of the New York Rules of Professional Conduct provides that "A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact . . . ." Rule 3.7(b) prohibits other lawyers in the same firm from acting as an advocate before a tribunal in the same matter if their attorney colleague "is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client."

ATTORNEYS AT LAW | 555 13TH STREET, NW
SUITE 500 WEST
WASHINGTON, DC 20004
202.628.4199
202.628.4177 FAX
WWW.SCHERTLERLAW.COM

SCHERTLER ONORATO MEAD & SEARS

   Simply put, Ms. Menendez cannot provide an intelligent, knowing and informed waiver as to an open-ended possibility that one or more of her current attorneys could be asked to testify as a Government witness at trial or that the Government will move to disqualify them as "unsworn witnesses" at any point in the next seven weeks. As in *Finkelstein*, the Court should direct the Government to do some work to define and clarify the issues at stake in the *Curcio* hearing before presenting Ms. Menendez with a binary choice between waiver and non-waiver. Without knowing the precise form and specific way in which the Government intends to present evidence derived from her attorneys at trial, and whether the Government would view Ms. Menendez's attorneys as "unsworn witnesses" even if they are not called to testify, Ms. Menendez cannot make a knowing and intelligent decision as to whether to waive her constitutional right to conflict-free counsel.

                   Respectfully,

                   /s/ David Schertler
                   David Schertler
                   Danny Onorato
                   Paola Pinto
                   *Counsel for Nadine Menendez*

cc: All Counsel (via ECF)