```
     O3BVMENA
```

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                            23 Cr. 490 (SHS)

 5   ROBERT MENENDEZ,
     NADINE MENENDEZ,
 6   WAEL HANA,
     FRED DAIBES,
 7
                     Defendants.              Arraignment
 8
     ------------------------------x
 9
                                               New York, N.Y.
10                                             March 11, 2024
                                               11:00 a.m.
11

12   Before:

13                      HON. SIDNEY H. STEIN,

14                                             District Judge

15
                              APPEARANCES
16

17   DAMIAN WILLIAMS,
          United States Attorney for the
18        Southern District of New York
     PAUL M. MONTELEONI
19   ELI J. MARK
     LARA E. POMERANTZ
20   DANIEL C. RICHENTHAL
          Assistant United States Attorneys
21
     PAUL HASTINGS LLP
22        Attorneys for Defendant Robert Menendez
     ADAM FEE
23   AVI WEITZMAN

24   SCHERTLER ONORATO MEAD & SEARS LLP
          Attorneys for Defendant Nadine Menendez
25   DANNY C. ONORATO
```

O3BVMENA

APPEARANCES (continued)

GIBBONS, PC
    Attorneys for Defendant Hana
LAWRENCE S. LUSTBERG
ANNE M. COLLART
RICARDO SOLANO, JR.

THE LAW FIRM OF CESAR de CASTRO, P.C.
    Attorneys for Defendant Daibes
CESAR de CASTRO
SETH H. AGATA
SHANNON M. McMANUS

|   |   |
|---|---|
| 1 | (Case called) |
| 2 | THE DEPUTY CLERK:  Counsel, please state your names |
| 3 | for the record. |
| 4 | MR. MONTELEONI:  Good morning, your Honor. |
| 5 | Paul Monteleoni, for the government. |
| 6 | With me at counsel table are my colleagues Eli Mark, |
| 7 | Lara Pomerantz, and Daniel Richenthal. |
| 8 | THE COURT:  Good morning. |
| 9 | MR. FEE:  Good morning, your Honor. |
| 10 | For Senator Robert Menendez, Adam Fee.  With me is my |
| 11 | partner Avi Weitzman. |
| 12 | MR. WEITZMAN:  Good morning, your Honor. |
| 13 | THE COURT:  Good morning. |
| 14 | And good morning.  Mr. Menendez is present as well, |
| 15 | the record should note. |
| 16 | MR. ONORATO:  Good morning, your Honor. |
| 17 | Danny Onorato, on behalf of Nadine Menendez, who's |
| 18 | also present in the courtroom. |
| 19 | THE COURT:  Good morning. |
| 20 | MR. LUSTBERG:  Good morning, your Honor. |
| 21 | Lawrence S. Lustberg from Gibbons, PC, on behalf of |
| 22 | defendant Wael Hana.  Mr. Hana is here, as are my colleagues |
| 23 | Ricardo Solano and Anne Collart. |
| 24 | THE COURT: All right.  Good morning.  Please be |
| 25 | seated. |

O3BVMENA

1           MR. de CASTRO:  One more, your Honor.
2           Good morning.  Cesar de Castro and Shannon McManus,
3    for Mr. Daibes, who is to my right.
4           THE COURT:  Good morning.  Please be seated.
5           All right.  Welcome.
6           I think we should start off with the arraignment of
7    each of the defendants.
8           Let's start with Mr. Menendez.  If you would rise,
9    sir.  State your full name for the record.
10          DEFENDANT ROBERT MENENDEZ:  Robert Menendez.
11          THE COURT:  Have you received a copy of superseding
12   indictment S4 23 Crim. 490, sir?
13          DEFENDANT ROBERT MENENDEZ:  Yes, I have, your Honor.
14          THE COURT:  Did you read it, sir?
15          DEFENDANT ROBERT MENENDEZ:  Yes, I have, your Honor.
16          THE COURT:  Did you discuss it with your attorney?
17          DEFENDANT ROBERT MENENDEZ:  Yes, I have, your Honor.
18          THE COURT:  Did he answer any questions you may have
19   had about it?
20          DEFENDANT ROBERT MENENDEZ:  Yes, he has, your Honor.
21          THE COURT:  You have the right, sir, to have it read,
22   that S4 indictment, in open court right now; but you also have
23   the right to waive the reading of it.  Which do you choose?
24          DEFENDANT ROBERT MENENDEZ:  I waive it, your Honor.
25          THE COURT:  Thank you.  I accept that as a knowing and

voluntary waiver.

How do you plead to the charges against you in the S4 indictment, sir?

DEFENDANT ROBERT MENENDEZ:  Once again, not guilty, your Honor.

THE COURT:  I accept your plea of not guilty, sir.

You may be seated.  And thank you.

Mrs. Menendez, if you would rise.

What's your full name?

DEFENDANT NADINE MENENDEZ:  Nadine Menendez.

THE COURT:  Mrs. Menendez, have you received a copy of indictment S4 23 Crim. 490?

DEFENDANT NADINE MENENDEZ:  Yes, I have.

THE COURT:  Did you read it?

DEFENDANT NADINE MENENDEZ:  Yes, I have.

THE COURT:  Did he discuss it with your attorney?

DEFENDANT NADINE MENENDEZ:  Yes, I did.

THE COURT:  Did he answer any questions you may have had about it?

DEFENDANT NADINE MENENDEZ:  Yes, he did.

THE COURT:  You too, ma'am, have the right to have it read in open court; and if you don't want to, you can waive my reading of it.  Which do you choose?

DEFENDANT NADINE MENENDEZ:  I waive it, please.

THE COURT:  I accept the waiver.

1      How do you now plead to the charges against you in
2 that superseding indictment, guilty or not guilty?
3      DEFENDANT NADINE MENENDEZ:  Not guilty.
4      THE COURT:  I accept your plea of not guilty,
5 Mrs. Menendez.  You may be seated.
6      Mr. Hana, would you rise and state your full name,
7 sir.
8      DEFENDANT HANA:  Wael Hana.
9      THE COURT:  Mr. Hana, have you received a copy of
10 superseding indictment S4 23 Crim. 490?
11      DEFENDANT HANA:  Yes.
12      THE COURT:  Did you read it?
13      DEFENDANT HANA:  Yes, I did.
14      THE COURT:  Did you discuss it with your attorney?
15      DEFENDANT HANA:  Yes, I did.
16      THE COURT:  Did he answer any questions you may have
17 had about it?
18      DEFENDANT HANA:  Yes, he did.
19      THE COURT:  You also have the right to have it read in
20 open court.  Do you want me to do that, sir?
21      DEFENDANT HANA:  No, I waive.
22      THE COURT:  All right.  I accept that as a knowing and
23 voluntary waiver.
24      Mr. Hana, how do you plead to the charges against you
25 in superseding indictment S4?

| | |
|---|---|
| 1 | DEFENDANT HANA:  Not guilty. |
| 2 | THE COURT:  I accept your plea of not guilty, sir. |
| 3 | Thank you.  You may be seated. |
| 4 | Mr. Daibes, what's your full name, sir? |
| 5 | DEFENDANT DAIBES:  Fred Daibes. |
| 6 | THE COURT:  Mr. Daibes, have you received a copy of |
| 7 | superseding indictment 23 Crim. 490? |
| 8 | DEFENDANT DAIBES:  Yes, I did. |
| 9 | THE COURT:  Did you read it, sir? |
| 10 | DEFENDANT DAIBES:  Yes, I did. |
| 11 | THE COURT:  Did you discuss it with your attorney? |
| 12 | DEFENDANT DAIBES:  Yes, I did. |
| 13 | THE COURT:  Did he answer any questions you may have |
| 14 | had about it? |
| 15 | DEFENDANT DAIBES:  Yes, sir. |
| 16 | THE COURT:  You also, sir, have the right to have me |
| 17 | read that indictment in open court now; but I won't read it if |
| 18 | you don't want me to.  What's your pleasure? |
| 19 | DEFENDANT DAIBES:  I do not. |
| 20 | THE COURT:  All right.  I accept that as a knowing and |
| 21 | voluntary waiver. |
| 22 | Mr. Daibes, how do you plead to the charges against |
| 23 | you in that superseding indictment? |
| 24 | DEFENDANT DAIBES:  Not guilty. |
| 25 | THE COURT:  I accept your plea of not guilty, sir. |

1        Thank you.  You may be seated.

2        All right.  Point of information for counsel.  I
3   received an email from the classified information security
4   officer, and he's going to be here on Wednesday and Thursday of
5   this week.  For those who have already received clearance to
6   receive classified information, you need to go through a
7   briefing with him, which I assume he'll talk about how to
8   handle classified information, and also I assume it will be on
9   how you work within the SCIF.  So make appointments.  He said
10  that only two people so far have responded.

11       The classified information is going to be produced —
12  or at least some of it, I understand — shortly.  So please get
13  those clearances and attend that briefing because you can't
14  received classified information without that.

15       All right.  Now, let's go to the schedule.

16       I've read all of the back and forth, talking about
17  what's happened and what has to happen in terms of the
18  scheduling.

19       This is what I'm going to do:  I am keeping the May 6
20  date.  The request for an adjournment is denied.  You will
21  receive my ruling on the speech or debate clause and the
22  separation of powers issues shortly.  The briefing indicates
23  that there may be an appeal or is likely to be an appeal, you
24  use different words, an interlocutory appeal from that
25  determination.

1            I'm not going to require that the 3500 material be
2     turned over until I know that the May 6 trial date is firm.
3     From my standpoint, it's firm.  But if there's an interlocutory
4     appeal and if the Second Circuit grants a stay of trial pending
5     determination of the interlocutory appeal, then I'm not going
6     to require the 3500 material be turned over.  It would just be
7     inequitable and unfair if the 3500 material, the witness list,
8     and the exhibit lists were all turned over in the next couple
9     of weeks, and it turns out, due to a stay imposed by the Second
10    Circuit, there are months without the trial taking place.
11            Once I know there's a firm trial date, the 3500
12    material will be turned over.
13            The schedule now, since, from my standpoint, the May 6
14    date stands, and it will stand, unless and until there's an
15    interlocutory appeal at a later stay.
16            Schedule is as follows, ladies and gentlemen:
17            April 5, motions *in limine*, proposed jury charges,
18    proposed voir dire.  I normally do my own voir dire, but I will
19    listen to -- I will read anything the parties want to submit in
20    terms of their proposed voir dire.
21            In terms of proposed jury charges, talk to each other.
22    I would think there's a fair number of jury charges that you
23    can all agree on.  When you submit them, I'll have the
24    agreed-upon jury charges.  And of course, to the extent you
25    differ on your jury charges, each side will submit the jury

1  charges.  So that's April 5.  As I say, motions *in limine*,
2  proposed jury charges, joint jury charges, to the extent you
3  can, and proposed voir dire.
4          One week for responses to any motions *in limine*.  In
5  the briefing, one or more of the parties have referred to
6  voluminous motions *in limine*.  I'm not quite sure why there
7  should be voluminous motions *in limine*.  Try to keep those down
8  to only the necessary ones.  But I'll handle whatever are filed
9  on April 5.  Again, April 5, and then April 12 for responses.
10         April 15, production of 3500 material, government
11 witness lists, government exhibit lists.
12         April 30, 10 a.m., final pretrial conference.
13         May 6, 9:30 a.m., commencement of trial.
14         what's the estimate of trial now by the government?
15         MR. MONTELEONI:  Your Honor, we believe that our case
16 would be approximately four to six weeks, subject to all the
17 usual caveats.
18         THE COURT:  Do any of the defense counsel want to tell
19 me what they propose or what they're thinking?
20         MR. FEE:  Your Honor, I think I can speak for most of
21 the folks on this side of the table.  It's very hard to
22 estimate, obviously.  I would allot at least a week for the
23 defense case, your Honor.
24         THE COURT:  All right.  Thank you.
25         Parties should discuss and agree upon the timing of

1  reciprocal discovery.  I haven't seen anything about that yet

2  pursuant to 26.2, and I've taken 16(b) as well.  Discuss the

3  timing of all of that, as well as list of defense witnesses.

4          Are there going to be experts as of this time?  I'm

5  not binding you.  I want to know what the parties are thinking.

6          MR. MONTELEONI:  Your Honor, we anticipate noticing

7  certain experts.

8          THE COURT:  What are certain experts?

9          MR. MONTELEONI:  So, again, subject to all the

10 uncertainties of trial preparation, DNA expert, fingerprint

11 expert, and cell site and other location information expert.

12         There's also going to be potentially testimony from a

13 computer examiner for the examination of electronic devices.

14 We don't believe that that amounts to expert testimony, but

15 we're continuing to evaluate whether other potential experts

16 will be noticed.

17         THE COURT:  All right.

18         Defense.

19         MR. FEE:  Your Honor, for Senator Menendez, not at

20 this time, but will, of course, notice the government if that

21 changes.

22         THE COURT:  Thank you.

23         MR. ONORATO:  Same, your Honor.

24         MR. LUSTBERG:  Same here.

25         MR. de CASTRO:  Same for Mr. Daibes.

1          THE COURT:  All right.  Thank you.

2          I assume -- well, I shouldn't assume.  Are there going

3     to be motions addressed to S4?

4          MR. FEE:  Yes, your Honor.

5          THE COURT:  Get those to me two weeks from today.  One

6     week for response.

7          Now, in a way, the S4 has lacked the S2, because there

8     were a number of motions under S2 which need to be decided.  It

9     seems to me that the most efficient way for the Court to handle

10    those is that I should dismiss the pending motions; and when a

11    new set of motions is brought about, is filed, you'll make your

12    arguments.

13         And to the extent you've already briefed it in the S2

14    motions, you just have to refer me to the document and the

15    pages within that document that you wish to incorporate the

16    arguments in.  In other words, it seems, for simplicity

17    purposes, you should make your motion, but you don't have to

18    repeat the briefing, to the extent it just repeats the briefing

19    in the S2.  But you do have to tell me specifically which pages

20    in the S2 briefing you wish to incorporate in S4.

21         Does that make sense?

22         MR. FEE:  Your Honor, that makes sense.  And obviously

23    the Court can handle the docketing of the motion as it wishes.

24    I think our intention is to be as lean and mean as possible

25    with the supplement.

|  |  |
|---|---|
| 1 | THE COURT: You're trying something new. |
| 2 | MR. FEE: A new day dawns, your Honor. |
| 3 | And I'm sure the Court wasn't intending to suggest |
| 4 | this, but there are some motions that aren't directed |
| 5 | necessarily to the substance of the indictment, like the venue |
| 6 | and the severance motions, although venue would be separate. |
| 7 | But severance would still persist in its current form. |
| 8 | THE COURT: No, I understand. |
| 9 | But when you file the motions addressed to the S4, |
| 10 | tell me exactly what you want me to be deciding. In other |
| 11 | words -- I understand venue is still theoretically on the |
| 12 | table. And reference that. Say, we are pressing the venue |
| 13 | point to be found on pages thus and such. Because the briefing |
| 14 | is so unlean and unmean, I want some specific references to the |
| 15 | prior things. |
| 16 | MR. FEE: Absolutely, your Honor. |
| 17 | THE COURT: And I take heart in your statement to me. |
| 18 | All right. I think that covers everybody's. |
| 19 | All right. That's everything I have. I don't think |
| 20 | there's anything else. I have some briefing that was over the |
| 21 | weekend on a discovery matter, and I will take care of that. |
| 22 | Anything else? |
| 23 | MR. MONTELEONI: Yes, your Honor. Just two things |
| 24 | briefly. |
| 25 | First, we wanted to let you know, as we did when this |

1  issue arose with a different counsel, that after the filing of
2  the S4 indictment, we believe that there's a potential *Curcio*
3  issue with respect to one of the lawyers.  We've been in
4  discussions with counsel for that defendant, and we hope to be
5  providing you with a joint proposed inquiry soon.
6          THE COURT:  All right.  Thank you.  That went very
7  smoothly last time.  I assume it will as well.
8          You'll let me know.
9          MR. MONTELEONI:  Yes, your Honor.
10         And then the other thing is the time has obviously
11 been excluded on the underlying and the S1 indictments.  We
12 would move for the exclusion of time on the S4 indictment until
13 the May 6 beginning of trial under the Speedy Trial Act in the
14 interest of justice, to allow the parties to -- the defense to
15 continue their review of the discovery we have produced, and to
16 allow both parties to prepare their motions, their pretrial
17 submissions, and also to prepare for trial.
18         THE COURT:  All right.  Thank you.
19         What's the position of each of the defendants?
20         Mr. Fee?
21         MR. FEE:  We would join in that submission, your
22 Honor.
23         THE COURT:  Mr. Onorato?
24         MR. ONORATO:  Same, your Honor.
25         THE COURT:  Mr. Lustberg?

1           MR. LUSTBERG:  No objection.

2           THE COURT:  And Mr. de Castro?

3           MR. de CASTRO:  On consent.

4           THE COURT:  All right.  The government having moved
5  for an exclusion of time from today until May 6th, the trial
6  date in this action, and each of the defendants' attorneys
7  stating they join in that, I hereby grant the motion and
8  exclude time from today until May 6 from Speedy Trial Act
9  calculations; and make the finding that this continuance serves
10 to ensure the effective assistance of counsel and to prevent
11 any miscarriage of justice.  I make the finding that the ends
12 of justice served by this continuance outweigh the best
13 interests of the public and of each of the defendants in a
14 speedy trial.  This exclusion is an interest of justice
15 exclusion under 18 U.S.C. 3161(h)(7)(A).

16          All right.

17          MR. FEE:  Your Honor, I'm sorry.  Just a brief
18 clarification, if I may.

19          THE COURT:  Yes, sir.

20          MR. FEE:  The Court said the decision on the speech
21 and debate and separation of powers issue was coming shortly.
22 I think the only thing we want to avoid is -- well, let me ask
23 this:  Is it the Court's hope that there is a refiling of those
24 motions which were directed to the S2 before an order is
25 issued, a decision is issued?

1      THE COURT:  Do that again.  I'm not quite sure.  I'm
2 going to get that opinion out as soon as I can.  Go ahead.
3      MR. FEE:  So I think we may need to address this with
4 the supplemental filing, because obviously those motions were
5 directed to the S2 indictment, the speech and debate we now
6 have --
7      THE COURT:  But there's nothing additional on speech
8 and debate in S4, to my knowledge, or separation of powers.
9      MR. FEE:  So the substantive counts would implicate
10 the same arguments.
11      THE COURT:  Yes.
12      MR. FEE:  And we can clarify that in a supplemental
13 filing.  And we'll endeavor to do so very soon, I would say
14 shorter than two weeks, if the Court's decision -- go ahead
15 your Honor.
16      THE COURT:  No, if the Court's decision is what?
17      MR. FEE:  If the Court's decision is going to rule --
18 we don't want to hold up the Court's decision.
19      THE COURT:  What do you want?  You're going to get the
20 decision certainly within two weeks.  Does that help you?
21      MR. FEE:  Yes, your Honor.  And my point is we, on
22 behalf of Senator Menendez, will file the supplement sooner
23 than two weeks so that the Court is able to issue that decision
24 whenever it's ready.
25      THE COURT:  Supplement to what, sir?

1          MR. FEE:  Excuse me.  The supplement to the motion to
2     dismiss, pointing out to the Court here's how the motions that
3     were directed to the S2 indictment now relate to the S4
4     indictment so the Court has all it needs to issue the decision.
5          THE COURT:  I'm not sure if we're going round and
6     round for any purpose.  I don't see how any supplement can --
7     could, given the pleadings in S2 and S4, impact or change a
8     decision on speech or debate or separation of powers.
9          Am I wrong?
10         MR. FEE:  You're never wrong, your Honor.
11         THE COURT:  I understand.
12         MR. FEE:  I think we can outline in our supplemental
13    filing, pointing out to the S4, just there are additional
14    counts to which those arguments would relate.
15         THE COURT:  That I understand.
16         MR. FEE:  Got it.
17         THE COURT:  All understood.
18         All right.  Thank you.
19         I appreciate everyone being here.
20                          *    *    *