# THE LAW FIRM OF
# CÉSAR DE CASTRO, P.C.
ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Facsimile
cdecastro@cdecastrolaw.com
cdecastrolaw.com

March 25, 2024

The Honorable Sidney H. Stein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                    *Re: United States v. Fred Daibes*, 23 Cr. 490 (SHS)

Dear Judge Stein,

On March 5, 2024, the Government filed a fourth superseding indictment ("S4"). Pursuant to the Court's March 11, 2024 order, we renew the arguments that Mr. Daibes previously made to dismiss the second superseding indictment ("S2") and apply and extend those arguments to S4. Accordingly, Mr. Daibes moves to dismiss: (1) Counts 1, 2, 12 and 13 for failing to sufficiently allege an offense; (2) Counts 12 and 13 as duplicitous; and (3) Count 4 for improper venue. We also join in the motions of all co-defendants.

The charges against Mr. Daibes in Counts 1 and 2 of S4 are substantively the same as in S2. As to Mr. Daibes, S4 has added charges for Conspiracy to Obstruct Justice (Count 4), Bribery and Honest Services Fraud relating to "actions to benefit HANA and Egypt" (Counts 6 and 7), and Bribery and Honest Services Fraud relating to "actions to benefit DAIBES and Qatar" (Counts 12 and 13). With respect to Counts 1 and 2 of S4, we renew the arguments made in Mr. Daibes' omnibus motion dated January 5, 2024 (ECF No. 130) from pages 9 to 13, and reply dated February 12, 2014 (ECF No. 184), from pages 1 to 3. In addition, we ask the Court to apply those arguments to Counts 12 and 13 relating to the District of New Jersey and Qatar schemes.

Additionally, we move to dismiss Counts 12 and 13 as duplicitous. "An indictment is impermissibly duplicitous where: (1) it combines two or more distinct crimes into one count in contravention of Federal Rule of Criminal Procedure 8(a)'s requirement that there be 'a separate count for each offense,'; and (2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001). This rule is aimed at, *inter alia,* "avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another [and] avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged . . .". *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981).

Count 12 charges Mr. Daibes with bribery and Count 13 charges Mr. Daibes with honest services fraud.  The government has conflated and otherwise scrambled the alleged underlying conduct for both counts, relying on payments to influence his case in the District of New Jersey, and payments to benefit real estate dealings with a Qatari investment fund without ever alleging which alleged payments were meant to influence Senator Menendez's conduct with respect to each alleged scheme, which are, by a plain reading of S4, wholly unrelated.  The government does not imply that Senator Menendez's alleged involvement in Mr. Daibes' District of New Jersey case was related in any way to advancing Mr. Daibes' real estate venture – and *vice versa*.  Nonetheless, it has combined both alleged schemes in both Count 12 and Count 13, which is improper under Rule 8(a), and prejudices Mr. Daibes.  Rather than clearly delineating the alleged wrongful conduct as it relates to each count, it has so muddled the matter that it raises the possibility that half of the jury could find Mr. Daibes guilty of one scheme, half could find him guilty of the other, and thus he would be convicted without a true unanimous verdict.  Therefore, to the extent that Counts 12 and 13 survive our motion to dismiss for failing to sufficiently allege an offense, they should be dismissed as duplicitous.

Finally, in moving to dismiss Count 4, which charges Senator Robert Menendez, Nadine Menendez, and Mr. Daibes with conspiring to obstruct justice, venue is improper in this District and is more properly prosecuted in the District of New Jersey.  The Indictment alleges that Mr. Daibes gave Senator Menendez things of value to influence his prosecution in the District of New Jersey.  Most courts, including the Second Circuit and District of New Jersey, have held that "venue under [18 U.S.C.] § 1503 is proper in the district in which the proceeding sought to be obstructed is pending even though the would-be obstructive acts took place elsewhere." *United States v Reed*, 773 F2d 477, 486 (2d Cir. 1985) (overruling its prior holding in *United States v. Brothman*, 191 F.2d 70 (2nd Cir. 1951) which held that venue for obstruction is proper where the acts that constituted obstruction took place); *see also United States v. Eisenberg*, 773 F. Supp. 662, 695 (D.N.J. 1991) ("In light of the formidable authority holding that venue for obstruction lies in the district in which the obstructed proceedings took place and in light of the fact that the allegedly obstructed proceedings in the instant case took place within this district, Eisenberg's motion for a change of venue is denied.").  Here, the underlying proceeding on which the obstruction charge is based is in the District of New Jersey, therefore, venue in the District of New Jersey is proper.

Finally, we continue to join in the previous motions to dismiss of all co-defendants, as well as such motions as they may make specific to S4.  We reserve the right to file additional motions in the interest of justice as we continue to review discovery.

Respectfully Submitted,

/s/

César de Castro
Seth Agata
Shannon McManus
Valerie Gotlib


cc:     All Parties (*via* ECF)