O3l2MenH kjc

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,              New York, N.Y.

4                v.                         23 Cr. 490 (SHS)

5    NADINE MENENDEZ,

6                   Defendant.

7    ------------------------------x       Curcio Hearing

8                                          March 21, 2024
                                           11:35 a.m.
9

10   Before:

11                     HON. SIDNEY H. STEIN,

12                                         District Judge

13

14                       APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     BY:  ELI J. MARK
17        PAUL M. MONTELEONI
          LARA E. POMERANTZ
18        DANIEL C. RICHENTHAL
          Assistant United States Attorneys
19

20   SCHERTLER ONORATO MEAD & SEARS, LLP
          Attorneys for Defendant
21   BY:  DAVID SCHERTLER
          DANNY C. ONORATO
22

23   COZEN O'CONNOR P.C.
          Conflicts Attorneys for Defendant
24   BY:  SARAH R. KRISSOFF

25
```

O3l2MenH kjc

1    Also present:  Avi Weitzman, Attorney for Robert Melendez

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

O3l2MenH kjc

```
 1                (Case called)
 2                THE COURT:  Counsel, make your appearances.
 3                You may be seated in the back of the courtroom.
 4                MR. MARK:  Good morning, your Honor.  Eli Mark on
 5    behalf of the government.  With me at counsel table are my
 6    colleagues, Paul Monteleoni, Laura Pomerantz, and Daniel
 7    Richenthal.
 8                THE COURT:  Good morning.
 9                MR. SCHERTLER:  Your Honor, good morning.  David
10    Schertler, on behalf of my client, Nadine Menendez, who is
11    present next to me.
12                THE COURT:  Good morning.
13                MR. SCHERTLER:  Along with me are my partner Danny
14    Onorato and also Sarah Krissoff on behalf of Ms. Menendez.
15    Judge, you may recall from our prior hearing that Ms. Krissoff
16    is here as independent conflicts counsel.  She is with a
17    separate firm not affiliated with us.
18                THE COURT:  Welcome.  Please be seated.
19                Counsel, I have read the correspondence in this matter
20    concerning the *Curcio* hearing, and I think it is time that the
21    parties started talking together, talking to each other and
22    working together to the extent they can, instead of fencing.
23                I think the defense is correct here in saying it is
24    about time for the government to fish or cut bait in regard to
25    whether or not they are going to be calling Mr. Schertler or
```

O312MenH kjc

1    anybody else from his firm.  The trial is seven weeks away.

2            MR. SCHERTLER:  Six.  I think closer to six weeks,

3    your Honor.

4            THE COURT:  I think it's split right down the middle,

5    actually, six and a half, when I last looked about a minute

6    ago.

7            I don't know if anybody is going to appeal the final

8    interlocutory appeal.  I don't know what the Second Circuit is

9    going to do.  But from the standpoint of the Court, this case

10   is going to trial on May 6, either six, six and a half, or

11   seven weeks away.  It is time.

12           Government, you should let -- talk to each other.  You

13   should let the defense know whether Mr. Schertler or anyone

14   else from the firm is going to be called as a witness or you

15   are going to introduce information that would make them unsworn

16   witnesses and the parties are then to discuss a stipulation.  I

17   have little doubt that stipulation can be arrived at, as it has

18   in the past, but that will be up to the parties.  So tell me

19   two weeks from today what the situation is there.  It seems to

20   me that that is what we should be doing.

21           And I propose to hold a *Curcio* hearing not on the

22   assumption that Mr. Schertler or anyone else in his firm will

23   be a witness——my assumption is the government and defense will

24   be able to work it out by means of a stipulation——but, instead,

25   to have a *Curcio* hearing on what I call the second bucket of

O3l2MenH kjc

```
1    questions.  The first bucket of questions is if one of the

2    attorneys is a witness, in which event it is pretty

3    straightforward.  There would have to be disqualification and

4    Mrs. Menendez would have to get a new attorney.

5              The second bucket of issues in Curcio, it seems to me,

6    is assuming that that is worked out, nonetheless, that there

7    are issues about the defense won't be able to make certain

8    arguments to the jury even if a stipulation is arrived at, and

9    I think it is important that Mrs. Menendez understand that.  So

10   that's what I propose to do.

11             Mr. Mark, you look a little quizzical.

12             MR. MARK:  No, your Honor.  I think that's consistent

13   with what we would hope to have happen today, that the Court

14   conduct a Curcio on the potential conflict right now.  And the

15   government has had, actually, lengthy good-faith discussions

16   with defense counsel prior to today in which we have made clear

17   that we would intend to call Mr. Schertler as a witness absent

18   the ability to reach an anonymized stipulation, which the

19   government would intend to discuss in good faith and then,

20   after two weeks, we will see whether we are able to reach that

21   or not and, depending on --

22             THE COURT:  Well, you are going to have to see before

23   two weeks whether or not you can reach that, but I think we are

24   talking about the same thing.

25             MR. MARK:  We agree, your Honor.
```

O3l2MenH kjc

1    THE COURT:  Okay, good.  Well, I'm glad to hear the

2    parties are talking.  That did not come through at all in the

3    correspondence.  So that's a step in the right direction.

4    Mr. Schertler, why don't I give you a moment or

5    Ms. Krissoff, or both of you, to let Mrs. Menendez know what I

6    have just decided and what the import of that is for the *Curcio*

7    hearing.  And I take it you have no objection to the *Curcio*

8    hearing on the basis that I have just set forth.

9    MR. SCHERTLER:  No, your Honor, and I think that's

10   what we were proposing.

11   THE COURT:  It is.

12   MR. SCHERTLER:  And if we can reach a stipulation,

13   come back and report back to the Court in two weeks, and then

14   we could conduct a *Curcio* hearing, as you say, on the second

15   bucket, which I think is more limited.

16   THE COURT:  No, I was proposing we do a *Curcio* hearing

17   now on the second bucket on the assumption, which I think is a

18   good assumption, that the parties will be able to work out an

19   anonymized affidavit.

20   MR. SCHERTLER:  So --

21   THE COURT:  Stipulation.

22   MR. SCHERTLER:  So, my only concern about doing that

23   at this point is that without knowing exactly what the

24   stipulation says it might be a little more difficult to conduct

25   that kind of hearing.

O3l2MenH kjc

1          THE COURT:  Well, the stipulation is either going to

2     obviate the need to call Mr. Schertler or not.  So if the

3     stipulation is successful——and, again, I have every reason to

4     believe it will be——then the only issue left is the second

5     bucket.

6          MR. SCHERTLER:  So if I understand the Court

7     correctly --

8          THE COURT:  I propose to have a *Curcio* hearing on the

9     second bucket.

10          MR. SCHERTLER:  With the assumption that the parties

11     reach --

12          THE COURT:  Exactly.

13          MR. SCHERTLER:  -- an agreeable anonymized stipulation

14     that would substitute for any testimony from the lawyers.

15          THE COURT:  Exactly.  Exactly right.  And I thought

16     you should let Mrs. Menendez know exactly what's going to

17     happen.  Does that make sense, sir?

18          MR. SCHERTLER:  Yes.

19          THE COURT:  And I will put it right on the record that

20     it's on the assumption that a stipulation will be reached.

21          MR. SCHERTLER:  Understood.

22          THE COURT:  Fine.  Take a moment if you wish.

23          (Defendant and defense counsel confer)

24          THE COURT:  Speak away from the microphones, please.

25          (Defendant and defense counsel confer)

O3l2MenH kjc

| | |
|---|---|
| 1 | MR. SCHERTLER:  Your Honor, would you give us just a |
| 2 | few moments outside. |
| 3 | THE COURT:  Of course.  Absolutely. |
| 4 | MR. RICHENTHAL:  One of the witness rooms might be |
| 5 | open. |
| 6 | MR. SCHERTLER:  Thank you.  And this won't be more |
| 7 | than five minutes. |
| 8 | THE COURT:  Take your time.  Whatever time you need. |
| 9 | I'm going to step off the bench and my deputy will |
| 10 | call me when you are ready. |
| 11 | (Recess) |
| 12 | THE COURT:  Mr. Onorato, are you ready to go? |
| 13 | MR. ONORATO:  Your Honor, Mr. Schertler is going to be |
| 14 | speaking.  But, yes.  You don't want to hear from me this |
| 15 | morning. |
| 16 | THE COURT:  All right. |
| 17 | MR. SCHERTLER:  Your Honor, we are ready to go, and I |
| 18 | think we have explained this to Ms. Menendez.  She understands. |
| 19 | Could I raise one preliminary point?  In the |
| 20 | government's colloquy, they have tied in to this hearing and |
| 21 | any waiver the prospect that if we can't reach a stipulation |
| 22 | two weeks from now that then -- and the attorneys were then |
| 23 | required to testify at trial, obviously that would result -- I |
| 24 | think we all agree that would result in disqualification. |
| 25 | THE COURT:  Yes, sir. |

O3l2MenH kjc

1          MR. SCHERTLER:  If that happens two weeks from now,

2     which I think, by your calculation is four and a half weeks

3     before trial, it would be impossible for Ms. Menendez to get

4     new counsel and be ready for trial on May 6.  And I'm not sure

5     why we are tying that trial date in to the colloquy, because it

6     just seems to us that if there is an ultimate disqualification

7     any time between now and the May 6 date, there would be no way

8     that Ms. Menendez could be ready for trial on May 6.

9          Does the Court agree with that?

10          THE COURT:  I don't think it's going to come to pass,

11     so I don't want to answer in the abstract.

12          I understand the issue.  There are so many balls up in

13     the air.  I don't know whether anyone is going to appeal

14     from -- take an interlocutory appeal.  I think that the time

15     for that is up, I think, next week.  And if there is an

16     interlocutory appeal taken, I don't know what the Second

17     Circuit is going to do in regards to a stay.  So I think what

18     we need to do is take it step by step.

19          MR. SCHERTLER:  Correct.  And I'm just isolating our

20     issue irrespective of how any other issue works out, knowing

21     that the Court has been pretty adamant about trying to proceed

22     on May 6.  But it seems to me that disqualification such a

23     short time before trial, if that occurs, and we are hoping it

24     won't --

25          THE COURT:  Right.  Therefore, what we should do is

O3l2MenH kjc

1   proceed on the basis of questioning -- assuming it will work

2   out and the questioning on the *Curcio* is only in regard to what

3   I call bucket two.

4           MR. SCHERTLER:  All right.  And that if it doesn't

5   work out, Ms. Menendez is not making any commitment to be ready

6   for trial on May 6.

7           THE COURT:  I understand.  I understand.

8           MR. SCHERTLER:  Thank you.

9           THE COURT:  I'm going on the assumption it will work

10  out.

11          Sir.

12          MR. MARK:  Your Honor, none of us can predict the

13  future, and we obviously are going to continue to engage in

14  good-faith, I think, discussions with defense counsel as your

15  Honor knows from prior appearances we have for many months on

16  these similar issues.

17          I do think, though, it is prudent, though we can't

18  foresee the future, that Ms. Menendez be generally asked about

19  the possibility that if her counsel is not able to enter into a

20  stipulation prior to trial, that it is possible about what

21  might happen later on and that it could mean that new counsel

22  might have less time to prepare for trial than otherwise.

23          THE COURT:  Understood.

24          Let's proceed.  Mrs. Menendez, if you would rise

25  please.

O3l2MenH kjc

1          I take it, Mrs. Menendez that your lawyers have just

2      told you -- discussed with you what my decision was, and what

3      we are going to do today, is that correct?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Essentially, as I think you know, there is

6      a possibility that the government is going to want to call one

7      or more of your lawyers as witnesses at trial because the

8      government believes they have information, factual information,

9      that they wish to bring out at the trial.

10          Do you understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  And I'm going to use Mr. Schertler as the

13      name, I will say "Mr. Schertler," but really it applies to each

14      of the lawyers from the firm of Schertler Onorato Mead & Sears

15      that you have worked with.

16          Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Okay.  If the government in fact calls one

19      or more of the lawyers as witnesses, essentially they have to

20      be disqualified from representing you because a lawyer cannot

21      be both a fact witness and a lawyer for one of the parties.

22      That's a conflict.

23          Do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Now, normally or usually, in examples such

O3l2MenH kjc

1   as this, the government and the defense are able to work out a

2   stipulation whereby the government can put in evidence but the

3   name Mr. Schertler, or any of the other names of the lawyers in

4   your firm, doesn't come out.  So the jury is unaware that the

5   facts that are being stipulated to involve, for example,

6   Mr. Schertler.

7           Do you understand that?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  That's the type of stipulation that was

10  just referred to by Mr. Schertler as an anonymized stipulation

11  so the jury won't know who the people are that the stipulation

12  involved.

13          And if that happens—and my assumption today is that

14  it will happen, that is, the parties will be able to arrive at

15  a stipulation—then Mr. Schertler will be able to continue and

16  his colleagues will be able to continue to represent you.

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  And I have told the government and the

20  lawyers they have two weeks to arrive at that stipulation.  If

21  they can't arrive at the stipulation, we will get together and

22  we will see what we are going to do then.

23          As of now, the trial is set to begin on May 6, and you

24  have heard us discuss the various permutations in regard to

25  that.  But that is my intention at this point, to have the

1    trial start on May 6.

2              If it happens that the parties can't arrive at a

3    stipulation, that would give you about four and a half weeks to

4    trial, which is very little time to prepare.  Now, you have

5    been working with your lawyers for quite some time.  The

6    parties have known about this case for a considerable period of

7    time and a lot of work has already happened.  But nonetheless,

8    I understand parties need time in order to prepare and indeed

9    there are going to be some motions addressed to the Superseding

10   Indictment 4 which haven't even yet been filed.  I think they

11   are due on Monday.  And despite the defense's saying at our

12   last conference that they were going to be lean and mean in

13   terms of those motions, the motions are going to require work

14   by the parties and by the Court.  So all of that takes time.

15   Nonetheless, I certainly am going to try to stick to that May 6

16   date or as close to it as possible even if your counsel is

17   disqualified.

18              Do you understand that?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  Okay.  Now, I'm going to be asking you

21   questions in what's called a *Curcio* hearing――it's after a case

22   called *United States v. Curcio*――where it is important that you

23   understand the nature of the potential conflict that will arise

24   from the law firm of Schertler Onorato Mead & Sears continuing

25   to represent you.  I'm going to be questioning you on the

O312MenH kjc

1   assumption that the parties can work out a stipulation.  If

2   they can't work out a stipulation, that's easy, they are

3   disqualified, you need to get new counsel, we will handle the

4   starting date at that point.  But again, I want to adhere as

5   closely as possible to that May 6 date.  If they do arrive at a

6   stipulation, that takes -- then the issue is not that they are

7   disqualified, but that there is a potential conflict in their

8   representation.

9           I'm going to take about a half hour to explain to you

10  what the various permutations of that potential conflict are.

11  It's a potential conflict.  It may or may not arise.  And you

12  have the ability to waive that conflict if you so choose.

13          Do you understand?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Okay.  So that's what I am going to be

16  questioning you about.

17          State your full name for the record, please.

18          THE DEFENDANT:  Nadine Menendez.

19          THE COURT:  Do you speak and understand English?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  Is English your native language?

22          THE DEFENDANT:  French is.

23          THE COURT:  French is.  Do you use English in

24  everyday --

25          THE DEFENDANT:  Yes.

O3l2MenH kjc

1              THE COURT:  Okay.  You are fluent, I take it, in

2    English?

3              THE DEFENDANT:  Yes, I am.

4              THE COURT:  How old are you, Ms. Menendez?

5              THE DEFENDANT:  57.

6              THE COURT:  And what's the highest level of education

7    you have obtained?

8              THE DEFENDANT:  A master's.

9              THE COURT:  So you have a bachelor --

10             THE DEFENDANT:  I have a bachelor's --

11             THE COURT:  A bachelor's of art?

12             THE DEFENDANT:  Yes.

13             THE COURT:  And what's the masters in?

14             THE DEFENDANT:  I have a bachelor's from NYU in French

15   culture and civilization and a master's from NYU in French

16   culture and civilization.

17             THE COURT:  All right.  Thank you.  In the past 24

18   hours have you taken any pills, drugs, or medication of any

19   kind?

20             THE DEFENDANT:  No.

21             THE COURT:  Is your mind clear today?

22             THE DEFENDANT:  Yes.

23             THE COURT:  How are you feeling?

24             THE DEFENDANT:  Good.  Nervous.

25             THE COURT:  Well, of course.  I understand that.

O3l2MenH kjc

1    Everybody is nervous in this situation.  But otherwise your

2    mind is clear, I take it?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  In the past 24 hours, have you taken any

5    alcoholic beverages?

6              THE DEFENDANT:  No, your Honor.

7              THE COURT:  Have you ever been treated or hospitalized

8    for any mental illness or alcohol or substance abuse?

9              THE DEFENDANT:  No, your Honor.

10              THE COURT:  Are you now or have you recently been

11    under the care of a doctor or a psychiatrist?

12              THE DEFENDANT:  No, your Honor.

13              THE COURT:  Mr. Onorato, Mr. Schertler, you are the

14    two attorneys from your firm here today, is that right?

15              MR. SCHERTLER:  Yes, sir.

16              THE COURT:  Do either of you have any doubt about

17    Ms. Menendez's competence to proceed today at this hearing?

18              MR. SCHERTLER:  No, sir.

19              MR. ONORATO:  No, your Honor.

20              THE COURT:  I make the finding that Mrs. Menendez is

21    fully competent to proceed today.

22              Mrs. Menendez, you are currently represented by

23    Mr. Schertler, Mr. Onorato, Ms. Pinto, and Mr. MacDougall from

24    the law firm of Schertler Onorato Mead & Sears, LLP, is that

25    correct?

O3l2MenH kjc

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  And are you satisfied with their

3    representation of you?

4           THE DEFENDANT:  Very much so.

5           THE COURT:  Now, I need to make certain that you

6    understand the potential conflict here.  Again, we are

7    proceeding on the basis that the parties will reach that

8    stipulation and the disqualification will not be needed.  It's

9    up to you to decide whether or not, in light of the potential

10   risks posed by that firm serving as your counsel, you wish to

11   continue with them as your lawyers or whether you want to find

12   new lawyers.

13          Now, as I told you, I am probably going to refer to

14   Mr. Schertler specifically in these questions, but that

15   question pertains to each and every one of the lawyers who have

16   been representing you at the firm.

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Now, as I go through this, I may ask the

20   same question more than once because I want to make sure that

21   you understand what's happening.

22          Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Okay.

25          Now, an attorney is not permitted to argue to a jury

O3l2MenH kjc

1    that certain facts are true if she knows those facts are not

2    true.  As a result, she may not be able to make certain

3    arguments on your behalf if she has personal knowledge of

4    certain facts.

5              Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  That is essentially the basket of issues

8    that I am going to be talking about.  In other words, the

9    government believes these lawyers were present at one or more

10   events that will be the subject of the trial in this action.

11   And if the attorney knows that certain something happened at

12   that -- the meeting that's at issue, they are not allowed to be

13   arguing to the jury that it did not happen.  They can't be

14   arguing a fact they know not to be true.

15             Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  So if in fact they were present at that

18   meeting or more meetings, they may be handicapped in the

19   arguments they can make to a jury.

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  And that's the essence of what I am going

23   to be talking about here.

24             I want to be describing the potential conflict here

25   that may arise to make sure that you understand the nature of

O3l2MenH kjc

1    the potential conflict and for you to determine whether or not

2    you want to go forward with Mr. Schertler as your lawyer.

3               Do you understand that?

4               THE DEFENDANT:  Yes, your Honor.

5               THE COURT:  Now, at any time this morning you can

6    speak to any of your lawyers and ask them any question you

7    want.  In fact, if you want, you can ask me any question.  My

8    concern is to make certain you understand what I am asking you

9    and you make certain that -- and to make certain that you

10   understand what I am saying to you.

11              Do you understand that?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  Now, you also have the right, and I was

14   going to tell you this, to speak to another lawyer simply about

15   the issue of this potential conflict, and I can appoint

16   somebody to represent you on that issue, the issue of the

17   conflict.  And also I wish to tell you that if you can't afford

18   that other attorney, I would appoint that attorney at no cost

19   to you.  But I understand from what Mr. Schertler said that you

20   already have an attorney.  That's Ms. Krissoff, who is the

21   conflicts attorney.  In other words, she has been brought on to

22   assist you in understanding the nature of this potential

23   conflict.

24              Is that right?

25              THE DEFENDANT:  Yes, your Honor.

O3l2MenH kjc

1          THE COURT:  So you have the right to talk to

2     Ms. Krissoff at any point here.

3          And Ms. Krissoff, I understand that your remit is

4     limited to the issue of advising Mrs. Menendez on the issue of

5     the conflict or potential conflict.

6          MS. KRISSOFF:  That is correct, your Honor.

7          THE COURT:  All right.  Thank you.

8          And similarly, I've said that you can ask me any

9     question you want, you can ask your lawyers any question you

10    want, you can ask Ms. Krissoff any question you want without

11    the other lawyers being around.  Any permutation you want is

12    fine with me.  And similarly, if you wish to take a break at

13    any point, I certainly am prepared to do that.

14         Do you understand that?

15         THE DEFENDANT:  Yes.  Thank you, your Honor.

16         THE COURT:  Now, the Sixth Amendment to the

17    Constitution, Mrs. Menendez, gives you the right to have

18    assistance of counsel for your defense, and that means the

19    right to effective assistance of counsel.  That's what the

20    cases have said.  Now, that means an attorney who is there to

21    protect and advance only your interests and has no other

22    conflict in representing you.

23         Do you understand?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  The obligation of your attorney is a

O3l2MenH kjc

|   |   |
|---|---|
| 1 | hundred percent to you.  That attorney has a duty of loyalty to |
| 2 | you, and only you, not to anybody else, regardless of who may |
| 3 | be paying the bills, regardless of the nature of the |
| 4 | proceeding. |
| 5 | Do you understand that? |
| 6 | THE DEFENDANT:  Yes, your Honor. |
| 7 | THE COURT:  Now, an attorney also has a duty of |
| 8 | confidentiality.  Anything you tell your attorneys, as long as |
| 9 | it is done in the context of their representation of you and in |
| 10 | the context of your seeking legal advice or receiving legal |
| 11 | advice from them, has to be -- remain confidential by the |
| 12 | lawyers and by you. |
| 13 | Do you understand that? |
| 14 | THE DEFENDANT:  Yes, your Honor. |
| 15 | THE COURT:  Your lawyers cannot tell anyone else what |
| 16 | you have been telling them and they can't use anything you have |
| 17 | been telling them in any way without your consent except in |
| 18 | certain very limited circumstances. |
| 19 | Do you understand that? |
| 20 | THE DEFENDANT:  Yes, your Honor. |
| 21 | THE COURT:  So Mr. Schertler and his colleagues have |
| 22 | both the a duty of loyalty to you and only you and a duty of |
| 23 | confidentiality to you and only you that arises out of their |
| 24 | representation of you. |
| 25 | Do you understand that? |

O3l2MenH kjc

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Now, as I have said before, Mr. Schertler

3    and his colleagues will have personal knowledge of facts that

4    are alleged to be relevant to the charges here and his

5    knowledge, their knowledge, arises from his representation of

6    you in this investigation at some point prior to today.

7          Do you understand that?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Now, Mr. Schertler, according to the

10   government, is a potential witness in the case because the

11   government believes that Mr. Schertler participated in, among

12   other things, conversations that he had with you and your

13   counsel and counsel for Robert Menendez and Wael Hana,

14   codefendants here.

15         Those conversations that the government apparently

16   believes took place covered communications you had with

17   Mr. Schertler regarding the nature and purpose of payments that

18   codefendants José Uribe made for a Mercedes Benz convertible

19   and codefendant Wael Hana made for payments towards the

20   mortgage on your home, as well as communications you had with

21   Mr. Schertler regarding repaying those individuals, that is,

22   Mr. Uribe and Mr. Hana, for those payments, as well as

23   communications you had with Mr. Schertler regarding a

24   presentation he made to the United States Attorney's Office for

25   the Southern District of New York on August 11, 2023, and

O3l2MenH kjc

1    communications he had with counsel for your codefendants,

2    Mr. Menendez, Mr. Uribe, Mr. Hana, regarding those topics.

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Okay.  So when I was talking about the

6    conflict and the meetings, it's essentially those meetings that

7    are good examples of what the government believes they might

8    want your attorneys to testify about and the subject of which

9    they will attempt to reach that anonymized stipulation.

10             Do you understand that?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Now, without telling me what they told you

13   or without telling me what you told them, have you talked about

14   this issue with your attorneys?  Either yes or no.

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  And indeed, have you talked about the

17   issue of the potential conflict here with Ms. Krissoff?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And as I told you before, none of your

20   attorneys can make arguments to me or to the jury that are

21   inconsistent with their personal knowledge of the facts so,

22   again, as a concrete example, that presentation that was made

23   by Mr. Schertler to the U.S. Attorney's office in August of

24   last year, he knows certain things occurred there.  He can't

25   argue to the jury that other things occurred, things that did

O3l2MenH kjc

1    not occur actually occurred.

2            Do you follow?

3            THE DEFENDANT:  Yes.

4            THE COURT:  So therefore he has some constraints on

5    his representation of you by virtue of his having participated

6    in facts underlying the charges here.

7            Do you understand that?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  Okay.  And indeed, your lawyers cannot

10   question other witnesses in a manner suggesting that a fact

11   they personally know is true is false.

12           Do you understand that?

13           It's the same point I was making before, that is, not

14   only can they argue to a jury that certain facts are true if

15   they know them not to be true -- in the reverse, they can't

16   argue that certain facts are not true if they know them to be

17   true, so, too, they can't question witnesses in such a way that

18   they are presenting an argument that a fact they know to be

19   true is not true.  It's the same point just in regard to

20   questioning witnesses as opposed to arguing to me or to the

21   jury.

22           Do you understand?

23           THE DEFENDANT:  Yes.  Thank you, your Honor.

24           THE COURT:  This fact might affect the advice you

25   receive or arguments your lawyers make to the jury or me when

O3l2MenH kjc

1    they are questioning witnesses.

2              Do you understand that.

3              THE DEFENDANT:  Yes, I do.

4              THE COURT:  It is also possible that the fact that

5    your lawyers know certain facts to be true might affect their

6    advice to you.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Even if Mr. Schertler, Mr. Onorato, and

10   Ms. Pinto are not called as witnesses, it is possible that

11   other witnesses may be aware that they were personally involved

12   in or have knowledge of certain facts.  That may create

13   challenges for them or others in cross-examining those

14   witnesses, and that would not be an issue if you had a lawyer

15   who had not participated in those underlying facts.

16             Do you understand that?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Okay.

19             Now, there is a possibility that your attorneys might

20   have to withdraw as counsel even if they were not themselves

21   actually testifying as witnesses.

22             Do you understand that?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Now, Mrs. Menendez -- please.

25             MS. KRISSOFF:  May I have one moment, your Honor?

O3l2MenH kjc

```
1              THE COURT:  Of course.

2              (Defendant and Ms. Krissoff confer)

3              THE DEFENDANT:  Thank you, your Honor.

4              THE COURT:  Of course.

5         Now, it's important, Mrs. Menendez, that you

6    understand that neither I nor anyone else here can predict and

7    foresee all the ways in which the potential conflict I have

8    outlined to you will actually occur in the course of the trial.

9         Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  But it's important that I understand you

12   understand what the risks are as a result of your lawyers

13   having knowledge of some of the underlying facts that will be

14   presented in this trial.  So I would like you now to explain in

15   your own words what you think the potential conflict is between

16   you and your lawyers.  Again, we are working on the assumption

17   that that anonymized stipulation will be agreed upon and your

18   lawyers won't have to withdraw for that reason.  So tell me

19   what you think the conflict, potential conflict is here.

20             THE DEFENDANT:  If my attorneys are called as

21   witnesses, then they will not be able to defend me with

22   arguments that would benefit me or are good on my behalf.

23             THE COURT:  Well, that's true even if they are not

24   called as witnesses because they have knowledge of the

25   underlying facts.  Do you understand that?  They are going to
```

O3l2MenH kjc

1  be restricted in the types of arguments they can make.

2          Do you understand that?

3          THE DEFENDANT:  By this stipulation?

4          THE COURT:  No.  Why don't you take a moment to talk

5  with Ms. Krissoff.

6          (Defendant, Ms. Krissoff, and Mr. Schertler confer)

7          THE DEFENDANT:  Okay.

8          THE COURT:  Having talked to your lawyers, can you

9  tell me what you think the potential conflict is?

10          THE DEFENDANT:  If they get called as witnesses, there

11  are certain questions that they will not be allowed to ask and

12  certain answers they may not be able to answer on my behalf, so

13  they will be limited to how they would ask or answer questions

14  that would benefit me.

15          THE COURT:  And do you understand that that is the

16  case even if they are not called as witnesses because they have

17  knowledge of the underlying facts?

18          (Defendant and Mr. Schertler confer)

19          THE DEFENDANT:  Yes.

20          THE COURT:  So tell me again now.

21          THE DEFENDANT:  That even if they are not called as

22  witnesses, there are certain questions and answers they will

23  not be able to answer on my behalf.

24          THE COURT:  Right, because they have knowledge of the

25  underlying facts.

O3l2MenH kjc

1          THE DEFENDANT:  Yes.

2          THE COURT:  All right.  Is there anything I have said

3     or asked you about that you want me or your lawyers to explain

4     further?

5          THE DEFENDANT:  Not yet.  Thank you, your Honor.

6          THE COURT:  And do you want your lawyers——that is,

7     Mr. Schertler, Mr. Onorato, Ms. Pinto, Mr. MacDougall——to

8     continue to represent you in connection with the charges which

9     have been brought against you by the federal government?

10         THE DEFENDANT:  Yes, I do.

11         THE COURT:  Is that your own decision?

12         THE DEFENDANT:  Yes, it is.

13         THE COURT:  Are you satisfied with your attorneys?

14         THE DEFENDANT:  Yes, very much so.

15         THE COURT:  Have you had sufficient time to think

16    about this?  Because if you wish, I will give you additional

17    time.

18         THE DEFENDANT:  No, I don't need more time.

19         THE COURT:  Have you received any threat, inducement,

20    payment, or other promise that may have influenced your

21    decision on this issue?

22         THE DEFENDANT:  No, your Honor.

23         THE COURT:  I want to inform you that there is no

24    guarantee that the trial will be adjourned.  I understand that

25    obviously your attorneys need time to prepare for trial, but I

O3l2MenH kjc

1    can't give you a guarantee that the trial will be adjourned

2    from May 4.

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  May 6, I'm sorry.

6              I make the finding that Mrs. Menendez has knowingly

7    and voluntarily chosen the law firm of Schertler Onorato Mead &

8    Sears, LLP, as her counsel and she has waived her right to

9    conflict-free representation.

10             All right.  Thank you.  I appreciate it.  Let the

11   Court know if a stipulation is reach within two weeks.

12             Anything else?

13             MR. SCHERTLER:  Your Honor, may I just -- I hate to do

14   this, but could I qualify your final determination or

15   conclusion, that she has waived her right to conflict-free

16   counsel, as the Court said at the beginning, based on the

17   assumption that the parties can reach a stipulation.

18             THE COURT:  Absolutely.  Thank you for that

19   qualification.  If the parties are unable to reach a

20   stipulation, the great likelihood is that your law firm will be

21   disqualified and you will have to have new attorneys.

22             Sir.

23             MR. MARK:  Your Honor, Ms. Menendez's responses to a

24   number of your questions were particularly focused on the

25   potential conflict of her counsel, the limitations there might

O3l2MenH kjc

1    be at trial.  The government would just request that the Court

2    also ask her that she understands the limitations that might be

3    in place as to her counsel pretrial which could affect the

4    negotiation of the proposed stipulation, the contours of that

5    stipulation, their ability to also negotiate with counsel for

6    other defendants who would also have to sign on to the

7    stipulation, as well, your Honor.

8             THE COURT:  I don't understand that point.

9             MR. MARK:  The fact is that Mr. Schertler is a

10   potential witness.  At least it could potentially affect the

11   advice he would give to Ms. Menendez pertaining to negotiating

12   the proposed stipulation.  If he wanted to, for instance, avoid

13   him being called as a witness, it could affect the contours

14   of --

15            THE COURT:  Now I understand.

16            Mrs. Menendez, this point is a rather straightforward

17   one.  The fact that Mr. Schertler has knowledge of the

18   underlying facts here may impact on his negotiations with the

19   government in regard to arriving at that stipulation that we

20   are talking about.

21            Do you understand that?  Because it may be in his

22   interest to emphasize one point over another that he wouldn't

23   be doing were he not -- he does not have knowledge of the

24   facts.

25            Do you understand?

O3l2MenH kjc

1            (Defendant, Mr. Schertler, and Ms. Krissoff confer)

2            THE DEFENDANT:  I understand.

3            THE COURT:  Do you understand?

4            THE DEFENDANT:  I understand that.  And I understand

5    that when the prosecutors and my attorneys agree on a

6    stipulation, I also have to agree to it.  It will be -- I will

7    also have a --

8            THE COURT:  Okay.  Yes.

9            THE DEFENDANT:  Yes.

10           THE COURT:  I take it that's true.

11           MR. SCHERTLER:  That's true.  And not only that, but

12   Ms. Krissoff is -- will be available to offer independent

13   advice on the stipulation.

14           THE COURT:  All right.  Good.  Thank you.

15           Anything else?

16           MR. MARK:  Just now relating to how this could play

17   out at trial, I think Ms. Menendez's responses to the Court's

18   questions were particularly focused on how her counsel would

19   ask questions at the trial, and just to confirm that she

20   understands that this also could limit pretrial motions that

21   are filed, motions that were made during trial --

22           THE COURT:  The government's point here is that this

23   conflict, it exists right now, this potential conflict, because

24   your attorneys participated in some of the underlying facts.

25   So everything I've told you about involves pretrial area as

O3l2MenH kjc

1  well as trial itself.  That's the point the government is

2  making.

3          Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  All right.  Apparently there is some other

6  issue that the parties want to take up that Mr. Menendez's

7  lawyer wants to take up.

8          MR. WEITZMAN:  Yes, your Honor.  If I could have two

9  minutes of your Honor's time.

10         THE COURT:  Of course.  I take it the other side is

11 here.  Thank you.

12         I'm going to step off the bench, because I think

13 people are probably here for the *Curcio* hearing, and then I

14 will come right back out.

15         (Recess)

16         (Continued in U.S. v. Robert Menendez transcript)

17                              - - -

18

19

20

21

22

23

24

25