# SCHERTLER ONORATO MEAD & SEARS

April 5, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

      Re: *United States v. Robert Menendez, et al.*, Case No. 1:23-cr-00490-SHS

Dear Judge Stein:

      Defendant Nadine Menendez, through undersigned counsel, respectfully submits this motion in limine to preclude admission at trial of certain evidence outlined in the Government's Rule 404(b) letter of March 29, 2024 ("Letter").  We specifically move to exclude (1) evidence regarding Ms. Menendez's alleged "preference for expensive, luxury items, such as handbags, jewelry, and upscale meals, and receipt of such items from co-defendants and/or other conspirators or those acting at their direction[,]" and (2) evidence relating to Fusion Diagnostics Inc. ("Fusion").

      I.     <u>Applicable Law:  Federal Rules of Evidence 401, 402, 403, and 404(b)</u>

      The first threshold for the admissibility of evidence at trial is relevance.  *See* Fed. R. Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" so long as "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  *See United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015).  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

      Although relevant evidence may be admissible, it is not necessarily so.  Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Put differently, "unfair prejudice" is present when evidence has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules.  The trial judge is accorded "wide discretion" in its evaluation of evidence under Rule 403.  *United States v. Hernandez*, 588 F.2d 346, 349 (2d Cir. 1978).

ATTORNEYS AT LAW    555 13TH STREET, NW    202.628.4199
SUITE 500 WEST    202.628.4177 FAX
WASHINGTON, DC 20004    WWW.SCHERTLERLAW.COM

SCHERTLER ONORATO MEAD & SEARS

Federal Rule of Evidence 404(b)(1) prohibits the admission of evidence of other crimes, wrongs, or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" *i.e.*, to prove propensity. *See United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011). Federal Rule of Evidence 404(b)(2) permits the admission of such evidence for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." But uncharged conduct evidence offered for a permissible purpose under Rule 404(b)(2) still will not be admitted unless the evidence also satisfies Rules 401 and 402 and "survive[s] scrutiny under the Fed. R. Evid. 403 balancing test[.]" *United States v. Johnson*, 469 F. Supp. 3d 193, 205 (S.D.N.Y. 2019). *See Curley*, 639 F.3d at 56 (Second Circuit admits "other act" evidence "that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402"); *United States v. Smothers*, 652 F. Supp. 3d 271, 285 (E.D.N.Y. 2023) (prejudicial effect of proffered 404(b) evidence "may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant" (citation omitted)); *United States v. Zhong*, 26 F.4th 536, 551-52 (2d Cir. 2022); *Ulbricht*, 79 F. Supp. 3d at 479. While the Second Circuit's approach to Rule 404(b) evidence is "inclusionary," it "is not a carte blanche to admit prejudicial extrinsic act evidence [that] is offered to prove propensity, or otherwise to allow propensity evidence in sheep's clothing." *Zhong*, 26 F.4th at 551 (internal quotation marks and citations omitted). Accordingly, "district courts should not presume that such evidence is relevant or admissible." *Curley*, 639 F.3d at 56.

II. Evidence Regarding Ms. Menendez's Alleged "Preference for Expensive, Luxury Items" and/or Her Receipt of Such Items Should Be Excluded

The Government states that it "may offer evidence regarding Nadine Menendez's financial needs and desires . . . prior to and during the time of the charged offenses . . . as evidence of motive and/or evidence that is inextricably intertwined with evidence regarding the charged offenses[]" and that this potential evidence includes "Nadine Menendez's preference for expensive, luxury items, such as handbags, jewelry, and upscale meals, and receipt of such items from co-defendants and/or other conspirators or those acting at their direction[.]" Letter at 3. The Government does not specify how it intends to demonstrate Ms. Menendez's alleged "preference for expensive, luxury items," what "expensive, luxury items" she allegedly received from co-defendants and/or other conspirators, or the context in which she allegedly received those items. These details are essential to an informed evidentiary ruling. *See, e.g., United States v. Holmes*, 2021 WL 2044470, *5 (N.D. Cal. 2021) (permitting general evidence of lifestyle of Theranos CEO in fraud trial but prohibiting "references to specific purchases or details reflecting branding of clothing, hotels, or other personal items" as not relevant and unfairly prejudicial under Rule 403). The vagueness of the government's notice makes it impossible for Ms. Menendez or the Court to weigh the probative value (if any) and the unfair prejudicial effect of the potential evidence under Federal Rule of Evidence 403. *See United States v. Townsend*, 2007 WL 1288597, *6 (S.D.N.Y. 2007) (reserving judgment on admissibility of other acts evidence under Rules 403 and 404(b) "until the Government provides a more specific proffer").

ATTORNEYS AT LAW    555 13TH STREET, NW    202.628.4199
SUITE 500 WEST    202.628.4177 FAX
WASHINGTON, DC 20004    WWW.SCHERTLERLAW.COM

SCHERTLER ONORATO MEAD & SEARS

Based on the limited information the Government has provided, the proposed evidence should be excluded. Numerous courts have recognized that evidence purporting to show a criminal defendant's lavish lifestyle or spending patterns directly implicates the long-established principle that "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940). *See*, *e.g.*, *United States v. Jackson-Randolph*, 282 F.3d 369, 376 (6th Cir. 2002) ("prosecutorial appeals to wealth and class biases can create prejudicial error, violating a defendant's right to due process of law under the Fifth Amendment"); *Holmes*, 2021 WL 2044470 at *5 (evidence of wealth "can be construed as 'appeals to class prejudice' which are considered 'highly improper' because they 'may so poison the minds of jurors even in a strong case that an accused may be deprived of a fair trial'" (quoting *Socony-Vacuum*, 310 U.S. at 239-40)); *United States v. DeMuro*, 677 F.3d 550, 560 (3d Cir. 2012) (the court is "sensitive to the effect that evidence of a defendant's liberal spending habits can have on a jury"). *See also United States v. Stahl*, 616 F.2d 30, 32-33 (2d Cir. 1980) (reversing convictions in bribery case where prosecutor's trial strategy "included a persistent appeal to class prejudice").

The evidence the Government proposes to present as to Ms. Menendez runs headlong into this third rail in the law of evidence and creates a significant danger of unfair prejudice under Rule 403. Evidence of Ms. Menendez's supposed "preference for expensive, luxury items, such as handbags, jewelry, and upscale meals" is suggestive of a materialistic, ostentatious, and superficial character. *See United States v. Ewings*, 936 F.2d 903, 907 (7th Cir. 1991) (expenditure evidence will often give rise to inferences about the defendant's character). As such, it is unfairly prejudicial and runs afoul of the prohibitions on the use of character evidence under Rule 404(a)(1) and 404(b)(1). Moreover, evidence of a criminal defendant's *specific* purchases or possessions that the Government touts as "lavish" or "luxurious" is particularly pernicious in arousing emotions of the jury. *See Holmes*, 2021 WL 2044470 at *5 (excluding references to "specific purchases or details reflecting branding of clothing, hotels, or other personal items"); *United States v. Chalhoub*, 946 F.3d 897, 907 (6th Cir. 2020) (affirming district court's admission of lifestyle evidence in health care fraud case with the "[i]mportant" condition that the Government would not focus on "specific evidence of Chalhoub's lavish lifestyle such as expensive clothing or cars").

With such a significant danger of unfair prejudice presented by the proffered evidence, the question becomes whether the Government has shown that the evidence has probative value that nonetheless allows its admission under Rule 403. The Government does not come close. It says only that the evidence bears on "motive" (under Rule 404(b)) or is "inextricably intertwined with evidence regarding the charged offenses." Letter at 3. Regardless of which of those two boxes the court packages the evidence in, the unfair prejudice of the evidence substantially outweighs its probative value under Rule 403.

Not a single case that the Government cites as authority for the admission of its "preference for expensive, luxury items" evidence addresses evidence of a defendant's supposedly expensive taste in fashion accessories, restaurants, or anything else. Three out of six of the cases involve easily distinguishable evidence of a defendant's *indebtedness* admitted as evidence of motive to commit a crime of enrichment. *See United States v. Li*, 133 F.3d 908, 1997 WL 76149, at *1 (2d Cir. 1997) (evidence of debt to co-conspirator for a heroin supply); *United States v. Reed*, 639 F.2d

896, 907 (2d Cir. 1981) (evidence of letter from bank threatening foreclosure; "a defendant's belief that he is in financial difficulty is admissible to show motive, and not unduly prejudicial"); *Hernandez*, 588 F.2d at 349 (evidence of defendant's debts to his ex-wife and others). One case involves no ruling at all, because the defendant's argument "consist[ed] of a single sentence." *See United States v. Shyne*, 2007 WL 1075035, *34 (S.D.N.Y. 2007) (denying one-sentence argument to exclude evidence without prejudice and noting in dicta that "evidence of indebtedness is admissible in a criminal case to establish motive"). The last two cases are cited only for general principles and involve no evidence comparable to that at issue here. *See United States v. Carboni*, 204 F.3d 39 (2d Cir. 2000); *United States v. Siddiqui*, 699 F.3d 690 (2d Cir. 2012).[1]

The dearth of pertinent case law in the Government's letter is indicative of the legal stretch the Government asks the Court to make by admitting provocative evidence of Ms. Menendez's supposed "preference for expensive, luxury items" to demonstrate a criminal motive. The United States Court of Appeals for the Seventh Circuit rejected a similar claim that evidence of extravagant purchases established a defendant's motive to commit insurance fraud, "because it showed that [the defendant] had an 'appetite' for money." *Ewings*, 936 F.2d at 906. As the court responded: "But who doesn't? . . . [W]e are reluctant to subscribe to the government's theory that criminal intent may be inferred from the items on [the defendant's] shopping list." *Id.*[2] *Cf. United States v. Mitchell*, 172 F.3d 1104, 1110 (9th Cir. 1999) ("That a person is feckless and poor, or greedy and rich, without more, has little tendency to establish that the person committed a crime to get more money, and its probative value is substantially outweighed by the danger of unfair prejudice."). The same is true here. The issue in this case is whether Ms. Menendez and the codefendants engaged in bribery, extortion, or any of the charged criminal acts and conspiracies. Ms. Menendez's handbag, jewelry, and dining preferences have no relevance to whether those crimes occurred. Even if the evidence had some probative value despite the Government's failure to support that proposition, exclusion still would be required under Rule 403.

### III. The Fusion Evidence Should Be Excluded

The Government has returned an original and three superseding indictments in this case. The S4 Indictment spans 66 pages and its complex narrative is divided into sections that allege numerous categories of actions allegedly taken by Senator Menendez, different alleged beneficiaries of those actions, and various collateral plots including alleged obstruction of justice and even an alleged violation of the Foreign Agents Registration Act. The S4 Indictment is a sprawling smorgasbord of disparate allegations that will challenge any jury. The government now asks to add another platter to the already crowded table through evidence relating to Fusion, its

---

[1] Ironically, in a different paragraph, the Government cites *United States v. Hatfield*, 685 F. Supp. 2d 320 (E.D.N.Y. 2010). Letter at 2. In that case, the court *denied* the Government's motion to introduce evidence concerning a defendant's "'lavish' personal spending, both as direct evidence and as Rule 404(b) evidence." *Id.* at 326.

[2] The Seventh Circuit concluded that the "spending spree" at issue in *Ewings* was admissible on an alternative ground to show the defendant's participation in and sole responsibility for the insurance fraud scheme and to rebut his defense that insurance agents were responsible for the fraud. *Ewings*, 936 F.2d at 906-07. That rationale is inapposite here.

SCHERTLER ONORATO MEAD & SEARS

COVID-19 testing endeavors, and its alleged dealings with the Menendezes (the "Fusion evidence"). Letter at 2. The Government claims the Fusion evidence is "inextricably intertwined" with the charged offenses or admissible under Federal Rule of Evidence 404(b)(2). *Id*. The Government is wrong on both counts.

"Courts in this District employ a narrow construction in determining whether uncharged crimes are direct evidence of charged offenses." *Johnson*, 469 F. Supp. 3d at 204. The Government alleges no connection between Fusion and/or its owner, Moataz Abdalla, and any of the "Three New Jersey Businessmen" (Mr. Hana, Mr. Daibes, and Mr. Uribe) who are the subjects of the S4 Indictment. No information about Fusion or Mr. Abdalla is necessary for the jury to understand the charges involving the Three New Jersey Businessmen. Therefore, the Fusion evidence is not "inextricably intertwined" with the charged crimes, nor is it necessary to "complete the story" of those alleged crimes. *See id.* (in deciding whether uncharged conduct is inextricably intertwined with charged conduct, courts consider whether the details of the uncharged transaction "are necessary to understand the charged transaction" (citation omitted)); *Zhong*, 26 F.4th at 552 ("If 'necessary,' the government may introduce evidence of uncharged criminal conduct to complete the story of the crime on trial, not to tell a new one." (Internal quotation marks omitted)); *United States v. Donovan*, 577 F. Supp. 3d 107, 115 (E.D.N.Y. 2021) (rejecting argument that uncharged drug sales were "inextricably intertwined" with charged crimes; "[t]he charged sales are straightforward, and the jury does not need to hear about additional uncharged sales to understand the evidence directly relating to them"); *United States v. Martoma*, 2014 WL 31191, *3 (S.D.N.Y. 2014) (indictment refuted Government's "inextricably intertwined" claims as it told "a compelling, complete, and detailed story" with "almost no mention" of the uncharged evidence).

Therefore, the Fusion evidence would be admissible, if at all, only under Federal Rule of Evidence 404(b). *See Johnson*, 469 F. Supp. 3d at 204 ("where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)" (citation omitted)). Under Rules 404(b) and 403, the Court should exclude the Fusion evidence. The evidence would require a time-consuming mini-trial within an already complex case, would seriously confuse the issues before the jury, and would likely mislead the jury into assessing guilt based on propensity.

According to the Government's *Brady* disclosures, Mr. Abdalla has informed law enforcement agents that he hired Ms. Menendez to do marketing work for Fusion and has denied hiring Ms. Menendez because of her relationship with Senator Menendez. Mr. Abdalla also has denied that Senator Menendez made any calls on behalf of him or Fusion. Thus, the Government has not demonstrated that the Fusion evidence even crosses the Rule 404(b) relevance threshold under *Huddleston v. United States*, 485 U.S. 681 (1988), *i.e.*, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.* at 689.

Even if *Huddleston* were satisfied, admission of the Fusion evidence would result in a time-consuming mini-trial within this already very complex case. *See United States v. Kurland*, 2022 WL 2669897, *6 (E.D.N.Y. 2022) ("The Government could have charged those crimes but did

# Schertler Onorato Mead & Sears

not.  The court will therefore not hold a mini-trial on them.  Introducing an entirely uncharged scheme involving different legal issues would create substantial and unfair prejudice, and would risk the jury confusing the issues."); *Donovan*, 577 F. Supp. 3d at 115 (evidence of uncharged drug transactions "is likely to confuse the jury about why the Government is attempting to prove additional interspersed transactions when the jury has been asked to determine Defendant's guilt as to a specific three").  The consumption of time and jury attention that the Fusion evidence would require would create a significant danger that the jury would be confused about the issues before it and utilize the evidence for an improper propensity purpose.  *See United States v. Kahale*, 789 F. Supp. 2d 359, 386 (E.D.N.Y. 2009) (anticipated mini-trials on Rule 404(b) evidence "will necessarily result in delay, confusion of the issues, and may mislead the jury to make a determination of guilt based on propensity" and thus undermine the fairness of the trial); *Martoma*, 2014 WL 31191, at *5-6 (excluding Rule 404(b) evidence that could demonstrate propensity and presented a risk of juror confusion); *Donovan*, 577 F. Supp. 3d at 116 (excluding evidence of uncharged drug sales because, *inter alia*, "the jury is likely to improperly infer Defendant's propensity to engage in drug trafficking").  For all these reasons, the Court should exercise its wide discretion under Rules 404(b) and 403 to exclude the Fusion evidence.

                Respectfully,

                /s/ David Schertler
                David Schertler
                Danny Onorato
                Paola Pinto
                *Counsel for Nadine Menendez*

cc: All Counsel (via ECF)

Attorneys at Law | 555 13th Street, NW, Suite 500 West, Washington, DC 20004 | 202.628.4199 | 202.628.4177 Fax | www.schertlerlaw.com