UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                       :

UNITED STATES OF AMERICA          :

           -*v.*-                              :        S4 23 Cr. 490 (SHS)

ROBERT MENENDEZ,                  :
NADINE MENENDEZ,                   :
    a/k/a "Nadine Arslanian,"         :
WAEL HANA,                                  :
    a/k/a "Will Hana,"                  :
FRED DAIBES,                              :

                        Defendants.      :

-------------------------------------------------------------x


## THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Eli J. Mark
Paul M. Monteleoni
Lara Pomerantz
Daniel C. Richenthal
Catherine Ghosh
Assistant United States Attorneys

- Of Counsel -

## **INTRODUCTION**

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry into whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendants, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case. To the extent that any further inquiry in response to a juror's answer to any of the questions below is likely to lead to personal or sensitive information or information that may risk influencing the jury pool in favor of or against either the Government or the defendants, the Court is requested to conduct any such further inquiry at the bench or in the robing room.

## **The Charges**

The case for which you have been summoned for jury selection is a criminal case. The defendants on trial, Robert Menendez, Nadine Menendez, Wael Hana, and Fred Daibes, have been charged with certain federal crimes in an Indictment filed by a grand jury sitting in this district. The Indictment is not evidence. It simply contains the charges that the Government will seek to prove to the jury beyond a reasonable doubt.

Those of you who are selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I will briefly summarize the charges in this case now in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for you to serve on the jury.

1

The Indictment in this case alleges a scheme in which Robert Menendez, who is the senior U.S. Senator from the State of New Jersey and was the chairman of the Senate Foreign Relations Committee, agreed to take and took a series of bribes. The Indictment alleges that from at least in or about 2018 through in or about 2023, defendants Robert Menendez and his wife, Nadine Menendez, a/k/a "Nadine Arslanian," engaged in a corrupt relationship with New Jersey businessmen, including defendants Wael Hana, a/k/a "Will Hana," and Fred Daibes, in which Hana and Daibes provided a number of bribes to Robert Menendez and Nadine Menendez in exchange for promises and performance of official acts by Robert Menendez. The Indictment alleges that the official acts Robert Menendez agreed to and promised to perform included assisting the Government of Egypt to obtain foreign military financing and foreign military sales from the United States government and to preserve a monopoly for a halal certification company; interfering in a criminal investigation and prosecution conducted by the New Jersey Attorney General's Office; interfering in a criminal prosecution conducted by the U.S. Attorney's Office for the District of New Jersey; and taking actions for the benefit of the Government of Qatar. The Indictment also alleges that Robert Menendez, Nadine Menendez, and Hana agreed for Menendez to act as a foreign agent of the Government of Egypt, and that Robert Menendez and Nadine Menendez agreed to obstruct the federal investigation into their conduct.

We are about to select from among you the jurors who will sit in this case. The Government and the defendants are entitled to know something about the people who may sit as jurors. The law provides this procedure to ensure that both the Government and the defendants receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties

and the Court to make an informed choice of jurors for the case. If you would prefer not to give your answer in open court, please say so and we can discuss it privately.

1. Now that you've heard the statement of what the case is about, do any of you recognize this case or have any familiarity with it? Do you have any personal knowledge of the charges in the Indictment or facts relating to it, as I have described them to you?

2. Have you heard, seen, or read anything about this case or the defendants? If so, would you be able to follow my instruction that you must set aside anything you have heard, seen, or read about this case or the defendants outside of this courtroom and base your verdict only on the evidence presented at the trial in this case? Is there anything you heard, saw, or read that would cause you to feel that you cannot be fair and impartial? (If yes, the Government requests that the Court speak with the prospective juror privately to find out what they heard, saw, or read, and then ask them if it would cause them to feel that they cannot decide the case fairly and impartially.)

3. Is there anything about the nature of this case, including the identity of the defendants or the fact that the case involves accusations of public corruption and bribery offenses involving an elected official, foreign agent charges involving an elected official, or obstruction of justice, that would cause you to be unable to render a fair and impartial verdict in this case?

4. Do you have any opinion about the enforcement of federal laws that might prevent you from being fair and impartial in this case? Do you believe that the crimes charged in the Indictment, as I have described them to you, should not be illegal or that such laws should not be enforced or prosecuted by the United States government? Do you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

5. Have you, or has any relative or close friend, had any experiences of any kind, directly or indirectly, with alleged bribery, kickbacks, or extortion, either as a victim, a witness, a subject of investigation, or a defendant? If yes, please explain. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

6. Have you, or has any relative or close friend, ever worked for a federal elected official, including a President or Vice-President, or a member of Congress, such as a U.S. Senator or U.S. Representative? If yes, please describe that work. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

7. Have you, or has any relative or close friend, ever requested assistance from the office of a federal elected official? If yes, please explain the general nature of the assistance. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

8. Aside from any requests for assistance that you just told me about, have you had contact with a U.S. Senator or U.S. Representative or their Congressional office? What was the nature of the contact? Is there anything about that contact that would cause you to be unable to render a fair and impartial verdict in this case?

9. Have you, or has any relative or close friend, ever worked for any federal government office or agency or any foreign government? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

10. Do you, or does any relative or close friend, have any experience lobbying the government (local, state, or federal)? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

11. Have you, or has any relative or close friend, registered as a lobbyist? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

12. Have you, or has any relative or close friend, ever worked for or had any interactions with the New Jersey Attorney General's Office? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

13. Have you, or has any relative or close friend, ever worked for or had any interactions with the United States Attorney's Office for the District of New Jersey? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

14. Have you, or has any relative or close friend, ever worked for the United States Department of Agriculture or the United States Department of State? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

15. Have you, or has any relative or close friend, ever had experience or familiarity with halal certification? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

16. As you heard from my description of the case, some of the charges and evidence you may hear relate to Egypt, Qatar, and foreign military financing and sales. Is there anything about any of those topics that would cause you to be unable to render a fair and impartial verdict in this case?

17. Have you, or has any relative or close friend, ever interacted with the government or government officials in Egypt or Qatar? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

18. Have you, or has any relative or close friend, ever registered under the Foreign Agents Registration Act, also known as "FARA"? Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

19. Do any of you have strong feelings regarding whether the United States Department of Justice should or should not pursue charges against elected officials? If so, would that cause you to be unable to render a fair and impartial verdict in this case?

## General Questions

20. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

21. Do you have any difficulty understanding, reading, or speaking English?

22. Do you speak Spanish or Arabic? One or more of the witnesses in this trial may testify using one of these languages. That testimony will be translated for you by a court-certified interpreter. In addition, some of the evidence admitted at trial may be portions of certain communications and recordings that were in Spanish or Arabic as well as English-language translations of those communications and recordings. Even if you speak Spanish or Arabic, you are obligated under the law to accept as binding the translations as evidence, disregard any potentially different meaning, and give this evidence full and fair consideration along with all the other evidence in the case. Would you be unwilling or unable to follow the Court's instruction on this subject?

23. Do you have any medical, physical, or mental condition or illness or take any medications that might interfere with your service as a juror in this case?

24. Do you have any religious, philosophical, or other beliefs that would prevent you from passing judgment on another person or that would make you unable to render a guilty verdict for reasons regardless of the evidence?

25. After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case could last as long as approximately seven weeks. Recognizing that this may be longer than some of you prefer to serve as a juror, is there any juror for whom the proposed trial schedule presents an *insurmountable* problem, one that would make it truly impossible for the juror to serve?

26. Do you have any personal commitments that would make it difficult for you to get to court by at least 9:30 a.m. every day of trial, or remain at the courthouse until 5:00 pm?

27. If you are chosen to serve as a juror in this case, I will order you not to read, listen to, or watch any accounts of this case reported on television, the radio, or over the Internet or social media. This includes not being in the room when a family member or roommate is listening to the news, if any, about this case. Jurors are also not allowed to do any research regarding this case, whether over the Internet, on social media, or in any other manner. The case must be decided solely on the basis of the evidence presented in the courtroom. Would you have any difficulty following these rules, which are binding on every juror?

## **Knowledge of the Trial Participants**

28. The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams. The conduct of the trial will be handled by Assistant

United States Attorneys Eli Mark, Paul Monteleoni, Lara Pomerantz, Daniel Richenthal, and Catherine Ghosh. They will be assisted by Trial Attorney Christina Clark of the National Security Division of the United States Department of Justice, Special Agents Jennifer Breitenbach, Jeffrey Downey, Ryan Larkin, and Tracee Mergen with the Federal Bureau of Investigation, also known as FBI, Special Agent Michael Okubo with the Internal Revenue Service, Criminal Investigation, and paralegal specialists Braden Florczyk, Connor Hamill, and Rachel Wechsler of the U.S. Attorney's Office. [*Please ask them to stand*]. Do any of you know any of the attorneys, agents, or paralegals that I have just identified? To your knowledge, have you, your family members, or your close friends had any dealings, directly or indirectly, with any of these individuals, or with the FBI, the Internal Revenue Service, Criminal Investigation, or the United States Attorney's Office for the Southern District of New York?

29. As I stated, the defendants in this case are Robert Menendez, Nadine Menendez, Wael Hana, and Fred Daibes. [*Please ask each defendant to stand*.] Do you know, or have you had any dealings, either directly or indirectly, with any of the defendants or with any relative, friend, or associate of any of the defendants? If yes, how do you know the defendants, or relative, friend, or associate of the defendants? Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

30. To your knowledge, do any of your relatives, close friends, associates, or employers know any of the defendants? To your knowledge, how do they know the defendant? Is there anything about what you have heard from those other individuals that would prevent you from rendering a fair and impartial verdict in this case?

31. Before today, had you read, seen, or heard anything about any of the defendants or criminal charges brought against them? Based on anything that you may have read,

8

seen, or heard about any of the defendants, have you formed any opinions about any of the defendants that might make it difficult for you to be fair and impartial in this case?

32. Is there anything that you have read, seen, or heard about any of the defendants prior to today that would affect your ability to be a fair and impartial juror in this case?

33. Robert Menendez is represented by Adam Fee and Avi Weitzman of Paul Hastings LLP and Jacob Moshe Roth of Jones Day. [*Please ask the attorneys to stand.*] They will be assisted by ___. Do any of you know any of these individuals? Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals?

34. Nadine Menendez is represented by David Schertler, Danny Onorato, Mark MacDougall, and Paola Pinto of Schertler Onorato Mead & Sears, LLP. [*Please ask the attorneys to stand.*] They will be assisted by ___. Do any of you know any of these individuals? Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals?

35. Wael Hana is represented by Lawrence Lustberg, Anne Collart, Ricardo Solano, Jr., Christina LaBruno, Andrew Marino, Elena Cicognani, and Jessica Guarracino of Gibbons P.C. [*Please ask the attorneys to stand.*] They will be assisted by ___. Do any of you know any of these individuals? Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals?

36. Fred Daibes is represented by Cesar de Castro, Valerie Gotlib, Seth Agata, and Shannon McManus of the Law Firm of Cesar de Castro, P.C. [*Please ask the attorneys to stand.*] They will be assisted by ___. Do any of you know any of these individuals? Have you,

9

your family members, or any close friends had any dealings either directly or indirectly with any of these individuals?

37. I will now read a list of names of individuals and entities who may be mentioned during the trial, or who may be witnesses in this case. [*To be provided in advance of trial.*] Do any of you know any of those people or entities? Do you, or does someone close to you, have any experience, connection, or association with any of the names just read to you? If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

### **Knowledge of Locations**

38. Events in this case allegedly took place at the following locations. [*To be provided in advance of trial.*] Are any of you particularly familiar with any of those locations? If so, is there anything about your familiarity with those locations that could affect your ability to be fair and impartial in this case?

### **Prior Jury Service**

39. Have any of you ever sat as a juror before in any type of case? If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

40. Have any of you served as a grand juror? If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

41. For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

**Relationship with, and View of, Government and Defense**

42. Have you, or has any relative or close friend, ever worked in law, law enforcement, the justice system, or the courts? In what capacity? Have you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to render a fair and impartial verdict in this case?

43. Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, the criminal investigation arm of the Internal Revenue Service, or other law enforcement agency?

44. Do you or any of your relatives or close friends work for a criminal defense lawyer or investigator, or have worked for such a person in the past? Do you have any opinions about prosecutors or criminal defense attorneys generally that might make it difficult for you to be a fair and impartial juror in this case?

45. Do you have any opinions about the criminal justice system generally or the federal criminal justice system in particular that might make it difficult for you to be a fair and impartial juror in this case?

**Experience as a Witness, Defendant, or Crime Victim**

46. Have you, or has any relative or close friend, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If so, what kind of case and what was your role in that case? Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

47. Have you, or has any relative or close friend, ever appeared as a witness in any investigation by a federal or state grand jury or a governmental agency, or been questioned in any matter by any federal, state, or local law enforcement agency? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

48. Have you, or has any relative or close friend, ever been subpoenaed for any inquiry or investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

49. Have you, or has any relative or close friend, ever been arrested or charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

50. Have you, or has any relative or close friend, ever been the subject of any criminal investigation or accusation by any grand jury, state or federal, or any other investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

51. Have you, or has any relative or close friend, ever been the victim of a crime? If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial in this case?

52. Have you, or has any relative or close friend—either as an individual or in the course of business—ever been a party to a legal action or dispute with the United States, or with any of the offices, departments, agencies, or employees of the United States, including the Internal Revenue Service, United States Attorney's Office, or the FBI? Have any of you had any legal, financial, or other interest in any such legal action or dispute or its outcome? Have you, or

has any relative, ever had such a dispute concerning money owed to you by the government or owed by you to the government? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

### **Views on Certain Witnesses, Investigative Techniques, and Evidence**

53. The witnesses in this case may include law enforcement witnesses. A law enforcement witness's testimony is not to be given any more or less weight than testimony of any other witness. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

54. The Government witnesses may also include cooperating witnesses, that is, people who have previously been arrested and prosecuted for the commission of offenses similar to those charged in this case. The Court will instruct you that the use of cooperating witnesses is legal and often a necessary law enforcement tool. Do any of you have strong feelings for or against the Government's use of cooperating witnesses that would affect your ability to consider a cooperating witness's testimony or to be fair and impartial in this case?

55. You may hear evidence that other individuals, in addition to the defendants, were involved in the alleged crimes. Those other individuals are not on trial here, and you may not draw any inference, favorable or unfavorable towards the Government or the defendants, from that fact. You may also not speculate as to the reason why other persons are not on trial in this case. Do you have any concern that you could not follow this instruction?

56. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. The Court will instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do you have any feelings or

opinions about searches conducted by law enforcement officers, or the use of evidence obtained from searches, that would affect your ability to be fair and impartial in this case?

57. You also may hear testimony in this case from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would affect your ability to be fair and impartial in this case?

58. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

59. Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

60. Does anyone have trouble accepting the idea that a defendant need not present any evidence at all, including not testifying on his own behalf, because he is presumed innocent and cannot be convicted unless the Government proves an allegation beyond a reasonable doubt?

**Function of the Court and Jury**

61.     The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions.  You may not substitute your ideas of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendants are guilty as charged in the Indictment.  Does any juror have any difficulty with that principle, or any problem in accepting and following the instructions of the law that I will give you in this case?

62.     Is there anyone who would have any hesitation or reservation about following the law as I explain it to you even if you disagree with the law?

63.     Will each of you accept that the question of punishment is for the Court alone to decide, and that the possible punishment or consequences of conviction must not enter into the deliberation of the jurors as to whether the defendants on trial here are guilty?

64.     Will each of you accept that sympathy or empathy must not enter into your deliberations as to the guilt of any of the defendants, and that only the evidence presented here in court may be used by you to determine whether the defendants are guilty or not guilty of the crimes charged?

65.     It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any potential juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

66. I have tried to direct your attention in these questions to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### **Questions for Individual Jurors**

67. The Government respectfully requests that the Court ask each juror to state the following information:

   (a) The juror's age;

   (b) the juror's family status (including whether the juror has any children and, if so, ages of the children);

   (c) the juror's current town of residence and length of time at the residence;

   (d) the juror's county of residence during the past ten years;

   (e) the educational background of the juror, including the highest degree obtained, and any degrees, licenses, or certificates obtained;

   (f) the juror's occupation and job title;

   (g) the name and general location of the juror's employer, and the period of employment with that employer;

   (h) the same information concerning other employment within the last five years;

   (i) if the juror is not currently employed and has not been employed for the last five years, the last occupation and the name of the last employer;

   (j) if the juror is a student, where the juror attends school and what the juror is studying;

   (k) the same employment information with respect to the juror's significant other and any working children or other member of the juror's household;

   (l) the newspapers, magazines, television media, podcasts, and internet news sources that the juror typically reads, watches or listens to and how often;

      (m) the television shows that the juror typically watches and/or podcasts or radio programs the juror regularly listens to;

      (n) the juror's use of social media, including which networks or applications the juror typically uses;

      (o) the juror's hobbies, major interests, and leisure-time activities; and

      (p) whether the juror has served in the military.

### Requested Instruction Following Impaneling of the Jury

68.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  Do not read or listen to anything touching on this case in any way.  With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports or information about the case, including anything on the internet or social media.  You must not be influenced by anything you might hear or see outside the courtroom.  Do not do any research or investigation about the case or anything touching upon the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

69.    If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting or wave.  So, if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

70.     I know that many of you use cellphones, the internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your phone or computer or through text messaging, email, blogs, websites, internet chat rooms, social media websites or applications (including Facebook, Instagram, Twitter or X, LinkedIn, YouTube, and TikTok), or by other means.

71.     Finally, if anything should happen involving any of you that is of an unusual nature, or that you think is something the Court should be told about, please do not discuss it with any other juror. Simply give my clerk a note to the effect that you want to speak to me about it and I can then hear what it is. I make these remarks without expecting anything unusual or improper to happen. It is just safer to take the precaution of alerting you in advance.

Dated: New York, New York
April 5, 2024

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney

By:   s/
        Eli J. Mark
        Paul M. Monteleoni
        Lara Pomerantz
        Daniel C. Richenthal
        Catherine Ghosh
        Assistant United States Attorneys