UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>ROBERT MENENDEZ et al.,<br><br>        Defendants. | Case No. S4 23-cr-490 (SHS)<br><br>**ORAL ARGUMENT REQUESTED** |

# SENATOR ROBERT MENENDEZ'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY RELATED TO CAMPAIGN DONATIONS AND SENATE FINANCIAL DISCLOSURE FORMS

**PAUL HASTINGS LLP**

Adam Fee
Avi Weitzman
Robert D. Luskin
200 Park Avenue
New York, N.Y. 10166
(212) 318-6000

**JONES DAY**

Yaakov M. Roth (*pro hac vice*)
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939

*Attorneys for Defendant Robert Menendez*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

    I.     EVIDENCE AND TESTIMONY REGARDING CAMPAIGN
         DONATIONS SHOULD BE PRECLUDED. ........................................................ 1

    II.    EVIDENCE AND TESTIMONY REGARDING SENATE FINANCIAL
         DISCLOSURE FORMS SHOULD BE PRECLUDED. ....................................... 3

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Buckley v. Valeo*,
   424 U.S. 1 (1976)...................................................................................................2

*Citizens United v. Fed. Elec. Com'n*,
   558 U.S. 310 (2010).............................................................................................1, 2

*Giovinco v. United States*,
   No. 22-cv-9892 (JSR) (RWL), 2023 WL 6130642 (S.D.N.Y. Aug. 24, 2023)........3

*Kamerling v. Massanari*,
   295 F.3d 206 (2d Cir. 2002)...................................................................................2

*Levinson v. Westport Nat'l Bank*,
   No. 3:09-cv-1955 (VLB), 2013 WL 2181042 (D. Conn. May 20, 2013)................5

*McCormick v. United States*,
   500 U.S. 257 (1991).................................................................................................1

*McCutcheon v. Fed. Elec. Com'n*,
   572 U.S. 185 (2014).............................................................................................1, 3

*Saadeh v. Kagan*,
   No. 20-cv-1945 (PAE) (SN), 2023 WL 6850481 (S.D.N.Y. Oct. 17, 2023)............5

*United States v. Benjamin*,
   95 F.4th 60 (2d Cir. 2024) .......................................................................................2

*United States v. Dukagjini*,
   326 F.3d 45 (2d Cir. 2003)......................................................................................6

*United States v. Garcia*,
   413 F.3d 201 (2d Cir. 2005) and (2) .......................................................................6

*United States v. Kaufman*,
   No. 19-cr-504 (LAK), 2021 WL 4084523 (S.D.N.Y. Sept. 8, 2021) ......................3

*United States v. Naegele*,
   471 F. Supp. 2d 152 (D.D.C. 2007).........................................................................6

*United States v. Pelose*,
   538 F.2d 41 (2d Cir. 1976)......................................................................................3

*United States v. Rittweger*,
    524 F.3d 171 (2d Cir. 2008).............................................................................................2

*United States v. Terry*,
    No. 1:10-cr-390 (SL), 2011 WL 2149361 (N.D. Ohio May 31, 2011) ......................4

*United States v. White*,
    692 F.3d 235 (2d Cir. 2012)............................................................................................5

**Other Authorities**

Fed. R. Evid.

    401.............................................................................................................................1, 3, 4
    402.............................................................................................................................1, 3, 4
    403........................................................................................................................1, 3, 4, 5
    701................................................................................................................................1, 5
    701(c) ..............................................................................................................................5
    702................................................................................................................................5, 6

U.S. Const. amend. I ............................................................................................................1, 2

**INTRODUCTION**

Senator Menendez respectfully submits this motion *in limine* to request that the Court exclude certain anticipated evidence and testimony related to campaign donations and financial disclosure forms pursuant to Federal Rules of Evidence 401, 402, 403, and 701.

**ARGUMENT**

I. **Evidence and Testimony Regarding Campaign Donations Should Be Precluded.**

The Court should bar the government from introducing evidence of campaign donations—including campaign donations from current and former co-defendants—or eliciting testimony regarding the same as not relevant and unfairly prejudicial. Fed. R. Evid. 401, 402, 403. The giving or receiving of campaign donations has no bearing on the bribery schemes charged in the Indictment, and none of the 18 counts alleges that Senator Menendez took any action in exchange for any campaign donation. In fact, campaign donations are not referenced even once in the Indictment or in the various pretrial filings made by the government.

Nevertheless, the government may seek to introduce evidence of campaign donations, including, among other things, testimony of a campaign fundraising event that cooperating witness Jose Uribe hosted for the Senator. The fundraising event had nothing to do with the charged scheme, and we expect Uribe would not testify otherwise. Others charged and uncharged in this case similarly made donations to the Senator's campaigns.

Political donations are lawful, commonplace, and a cornerstone of American democracy. *See Citizens United v. Fed. Elec. Com'n*, 558 U.S. 310, 339 (2010) ("Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people."); *see also McCutcheon v. Fed. Elec. Com'n*, 572 U.S. 185, 191 (2014) ("The right to participate in democracy through political contributions is protected by the First Amendment..."). For the politician, "campaigns are financed by private contributions." *McCormick v. United States*, 500

U.S. 257, 272 (1991). For the donor, political donations "function as a general expression of support for the recipient and its views and, as such, are speech entitled to protection under the First Amendment." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (citing *Buckley v. Valeo*, 424 U.S. 1, 21, 23 (1976)). The Supreme Court has even acknowledged that a political donation's ability to garner "influence over or access to elected officials does not mean that those officials are corrupt … [i]t is well understood that a substantial and legitimate reason, if not the only reason, … to make a contribution … is that the candidate will respond by producing those political outcomes the supporter favors." *Citizens United*, 558 U.S. at 359.

The Second Circuit recently held that to find a *quid pro quo* involving campaign donations, the agreement "must be explicit" such that it "is express or … implied from [the official's] words and actions, so long as [the official] intends it to be so and the payor so interprets it." *United States v. Benjamin*, 95 F.4th 60, 68 (2d Cir. 2024) (citation omitted). "A *quid pro quo* may exist even if the official took no affirmative steps to induce the bribe—by, for example, making a threat—but simply accepted the bribe with the knowledge that it was intended as consideration for his official acts." *Id*. at 71. None of the four Indictments returned by the government alleged that Senator Menendez had knowledge that campaign donations were made as consideration for taking any official action or that campaign donations were implicated in any alleged *quid pro quo*. Evidence of campaign donations is therefore not probative of any fact at issue in the case. *See United States v. Rittweger*, 524 F.3d 171, 180 (2d Cir. 2008) (admitting background evidence was "highly questionable" when it was "not strictly necessary to understanding" the charged crime).

In addition, here, evidence of campaign contributions would result in substantial jury confusion, including conflating a *legal* mechanism for transferring money to a politician (a

political donation) with the alleged *illegal* transfer of assets to the Senator. *See* Fed. R. Evid. 403; *McCutcheon*, 572 U.S. at 191.

Further, the introduction of certain campaign donations to infer a quid pro quo would constitute a constructive variance from the charged scheme. A constructive variance occurs "when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment." *Giovinco v. United States*, No. 22-cv-9892 (JSR) (RWL), 2023 WL 6130642, at *9 (S.D.N.Y. Aug. 24, 2023) (citing *United States v. Pelose*, 538 F.2d 41, 45 n.8 (2d Cir. 1976). A constructive variance is impermissible when it is substantially prejudicial by infringing "on the notice and double jeopardy protections of an indictment." *United States v. Kaufman*, No. 19-cr-504 (LAK), 2021 WL 4084523, at *24 (S.D.N.Y. Sept. 8, 2021) (citation omitted). Here, neither the Indictment nor any other pre-trial motion or filing references campaign contributions. To prove at trial that such contributions were part of the alleged violations would be an impermissible constructive variance.

For the aforementioned reasons, this Court should exclude evidence of campaign donations under Federal Rules of Evidence 401, 402 and 403.

II. **Evidence and Testimony Regarding Senate Financial Disclosure Forms Should Be Precluded.**

The Court should also bar the government from offering evidence or eliciting testimony regarding Senator Menendez's Senate financial disclosure forms ("Disclosure Forms"). Buried in the Indictment's 125 paragraphs is one paragraph regarding Disclosure Forms. According to the government, Senator Menendez "was required as a U.S. Senator to file annual financial disclosure forms listing, among other things, income received by him or his spouse in each calendar year …. [The Senator] did not disclose, among other things, the receipt of any payments towards the Mercedes-Benz Convertible for the benefit of him or of [Nadine Menendez] … the

3

receipt of any cash or gold bars by him or by [Nadine Menendez], or the Miami Grand Prix tickets for [a] Relative [of Nadine Menendez], in any relevant calendar year." Indict. ¶ 67. Despite this, none of the Indictment's 18 counts charge Senator Menendez with submitting false documents related to his Disclosure Forms, violating Senate ethics rules, or any similar violation related to his Disclosure Forms. The inclusion of this one paragraph does not make the evidence relevant or appropriate for trial.

Indeed, whether or not Senator Menendez made certain financial disclosures is not "of consequence in determining the action" because Senator Menendez has not been charged with violating any disclosure laws. Fed. R. Evid. 401, 402. And more broadly, the Senator's financial disclosures are simply not "necessary or relevant to a material issue in the case." *Id.* Any alleged omission from the Senator's Disclosure Forms could have a variety of entirely innocent – and irrelevant – explanations, including lack of knowledge by the Senator regarding the alleged consideration provided, or based on his (or another professional's) interpretation of complex Senate Disclosure Rules.

Moreover, the government's evidence that Senator Menendez did not report gifts, loans or assets would be unfairly prejudicial and result in substantial jury confusion. Fed. R. Evid. 403. The government's offer of the Disclosure Forms into evidence would create a prejudicial inference that he was hiding certain gifts, loans or assets because he believed them to be improper or unlawful. Any such argument would rely on unfair (and inaccurate) inferential leaps, as it assumes incorrectly that the Senator had knowledge of these assets and believed that he had a duty to report them, but chose not to do so. This would only confuse the jury and result in improperly conflating compliance with disclosure obligations with knowing involvement in a bribery scheme. *See United States v. Terry*, No. 1:10-cr-390 (SL), 2011 WL 2149361, at *4

4

(N.D. Ohio May 31, 2011) (excluding evidence of bribery defendant's failure to make required disclosures as likely to confuse jury, "run[ning] the risk that the defendant would be convicted for violating ethical rules, instead of engaging in a bribery scheme").

In addition, the Senate financial disclosure rules are complex and permitting admission of the Disclosure Forms would result in a mini-trial "that rule 403 classically disfavors." *Saadeh v. Kagan*, No. 20-cv-1945 (PAE) (SN), 2023 WL 6850481, at *3 (S.D.N.Y. Oct. 17, 2023); *see also United States v. White*, 692 F.3d 235, 240 (2d Cir. 2012) (excluding evidence when it would require a "trial within a trial on the intricacies of the New York State Penal Code" which was not at issue in the case). While the relevance of the Disclosure Forms is, at the very best, deeply marginal, to place them in the appropriate context, and mitigate the jury confusion that the government hopes to engender, the Senator would need to call numerous witnesses, including potential expert witnesses, to explain how the forms were completed and why they were not inaccurate. None of this back-and-forth, however, would be germane to the questions truly before the jury.

The Disclosure Forms would also likely require the government to violate Rule 701. The government has failed to notice an expert who can sufficiently orient the jury as to the proper interpretation or relevance of the Disclosure Forms. Without an expert, the government may attempt to rely on lay opinion testimony in violation of Rule 701(c)'s requirement that a lay opinion not be based on "technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). The probative value of complex required forms "which are predicated on … regulations which are not at issue in this case … is outweighed by the risk of misleading and confusing the jury[, especially] without any expert testimony." *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-1955 (VLB), 2013 WL 2181042, at *6, 8 (D. Conn. May 20,

2013); *see also United States v. Naegele*, 471 F. Supp. 2d 152, 162 (D.D.C. 2007) (holding that where the jury was required to determine "whether the defendant knowingly . . . made false statements . . . on his [b]ankruptcy [s]chedules, the jury might well be confused without the aid of . . . experts"). Lay witness speculation will impermissibly (1) confer upon those witnesses "an aura of expertise without satisfying the reliability standard for expert testimony set forth in Rule 702", *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) and (2) "inhibit cross-examination, thereby impairing the trial's truth-seeking function." *United States v. Dukagjini*, 326 F.3d 45, 53 (2d Cir. 2003). The failure to notice an expert witness cuts against admission, as the jury will be left without the required guidance to understand the nuanced requirements in the Disclosure Forms.

## **CONCLUSION**

For the reasons stated above, Senator Menendez respectfully requests that the Court preclude the government from seeking to admit the evidence and testimony detailed above regarding campaign fundraisers and donations, as well as the Senate Financial Disclosure Forms filed by Senator Menendez.

Dated: April 5, 2024

Respectfully submitted,

By: */s/ Adam Fee*

**PAUL HASTINGS LLP**

Adam Fee
Avi Weitzman
Robert D. Luskin
200 Park Avenue
New York, N.Y. 10166
(212) 318-6000

6

**JONES DAY**

Yaakov M. Roth (*pro hac vice*)
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939

*Attorneys for Defendant Robert Menendez*