UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>ROBERT MENENDEZ et al.,<br><br>Defendants. | Case No. S4 23-cr-490 (SHS)<br><br>**ORAL ARGUMENT REQUESTED** |

### SENATOR ROBERT MENENDEZ'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT'S NOTICED 404(B) EVIDENCE

**PAUL HASTINGS LLP**

Adam Fee
Avi Weitzman
Robert D. Luskin
200 Park Avenue
New York, N.Y. 10166
(212) 318-6000

**JONES DAY**

Yaakov M. Roth (*pro hac vice*)
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939

*Attorneys for Defendant Robert Menendez*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

I.   LEGAL STANDARD ................................................................................................... 1

II.  ARGUMENT ................................................................................................................ 3

    A. The Government Should be Precluded from Offering Evidence of Any Prior Criminal Charges ................................................................................................ 3

    B. The Government Should be Precluded from Offering Evidence of Senator Menendez's Alleged "Financial Needs and Desires" ......................................... 5

    C. The Government Should be Precluded from Offering Evidence Relating to Senator Menendez's Tax Returns ....................................................................... 8

    D. The Government Should be Precluded from Offering Evidence Regarding Fusion Diagnostics, Inc. ................................................................................... 11

CONCLUSION .................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United States v. Mercado*,
    573 F.3d 138 (2d Cir. 2009) ........................................................................................... 3, 5

*Kinsey v. Cendant Corp.*,
    588 F. Supp. 2d 516 (S.D.N.Y. 2008) ................................................................................. 8

*McDonnell v. United States*,
    579 U.S. 550 (2016) ................................................................................................... 13, 14

*Old Chief v. United States*,
    519 U.S. 172 (1997) ....................................................................................................... 3, 4

*Saadeh v. Kagan*,
    No. 20 Civ. 1945 (PAE) (SN), 2023 WL 6850481 (S.D.N.Y. Oct. 17, 2023) ................. 11

*United States v. Aboumoussallem*,
    726 F.2d 906 (2d Cir. 1984) ............................................................................................. 11

*United States v. Cassese*,
    290 F. Supp. 2d 443 (S.D.N.Y. 2003) ................................................................................ 8

*United States v. Curley*,
    639 F.3d 50 (2d Cir. 2011) ............................................................................................. 2, 3

*United States v. Figueroa*,
    618 F.2d 934 (2d Cir. 1980) ............................................................................................... 3

*United States v. Gardell*,
    No. S4 00-cr-632 (WHP), 2001 WL 1135948 (S.D.N.Y. Sep. 25, 2001) ........................ 14

*United States v. Hatfield*,
    685 F. Supp. 2d 320 (E.D.N.Y. 2010) ........................................................................... 9, 12

*United States v. Hernandez*,
    588 F.2d 346 (2d Cir. 1978) ............................................................................................... 7

*United States v. James*,
    609 F.2d 36 (2d Cir. 1979) ................................................................................................. 5

*United States v. Johnson*,
    469 F. Supp. 3d 193 (S.D.N.Y. 2019) ................................................................................ 2

*United States v. Kassir*,
    No. 04-cr-356 (JFK), 2009 WL 976821 (S.D.N.Y. Apr. 9, 2009)............................................2

*United States v. Levin*,
    No. 15-cr-101 (KBF), 2016 WL 8711458 (S.D.N.Y. Jan. 8, 2016) .........................................9

*United States v. Martoma*,
    No. 12-cr-973 (PGG), 2014 WL 31191 (S.D.N.Y. Jan. 5, 2014) ..........................................14

*United States v. Massino*,
    546 F.3d 123 (2d Cir. 2008).....................................................................................................3

*United States v. McCallum*,
    584 F.3d 471 (2d Cir. 2009)..................................................................................................2, 3

*United States v. Menendez*,
    No. S2 23-cr-490 (SHS), 2024 WL 912210 (S.D.N.Y. Mar. 4, 2024) ...................................11

*United States v. Mundle*,
    No. 15-cr-315 (NSR), 2016 WL 1071035 (S.D.N.Y. Mar. 16, 2016) ..............................12, 14

*United States v. Nektalov*,
    325 F. Supp. 2d 367 (S.D.N.Y. 2004).......................................................................................2

*United States v. O'Connor*,
    580 F.2d 38 (2d Cir. 1978).......................................................................................................3

*United States v. Rajaratnam*,
    No. S1 13-cr-211 (NBB), 2014 WL 2696568 (S.D.N.Y. June 10, 2014)................................10

*United States v. Reed*,
    639 F.2d 896 (2d Cir. 1981).....................................................................................................7

*United States v. Scott*,
    677 F.3d 72 (2d Cir. 2012)..................................................................................................2, 12

*United States v. Shyne*,
    No. S4 05-cr-1067 (KMK), 2007 WL 1075035 (S.D.N.Y. Apr. 5, 2007)................................7

*United States v. Stahl*,
    616 F.2d 30 (2d Cir. 1980).......................................................................................................8

*United States v. Stein*,
    521 F. Supp. 2d 266 (S.D.N.Y. 2007)..........................................................................2, 11, 12

*United States v. Townsend*,
    No. S1 06-cr-34 (JFK), 2007 WL 1288597 (S.D.N.Y. Apr. 30, 2007) .............................1, 6, 9

*United States v. White*,
    692 F.3d 235 (2d Cir. 2012)......................................................................................................11

**Statutes**

18 U.S.C. § 201(a)(3)....................................................................................................................13

**Other Authorities**

Fed. R. Evid.

    403................................................................................................................................ *passim*
    404(b)........................................................................................................................... *passim*
    404(b)(1) ..............................................................................................................................2, 8

**INTRODUCTION**

Defendant Senator Robert Menendez respectfully submits this Motion *in Limine* to preclude admission of the evidence described in the government's Rule 404(b) notice dated March 29, 2024 (the "404(b) Notice"). *See* Ex. A. In that notice, the government said it intends to introduce evidence of certain uncharged conduct as to Senator Menendez: (i) his and his wife Nadine's alleged "financial needs and desires"; (ii) his tax returns; and (iii) alleged conduct relating to Fusion Diagnostics, Inc. ("Fusion"). *Id*. The government also "reserve[d] the right" to introduce evidence relating to prior criminal charges filed (and later dismissed) against Senator Menendez if Senator Menendez "opens the door," though the government did not describe what might constitute such door-opening. *Id*.

The government's notice reflects nothing more than thinly-veiled attempts to introduce improper propensity evidence and to unfairly prejudice the jury against Senator Menendez. The uncharged allegations serve no proper purpose, have no relevance to this action, are highly and unfairly prejudicial, and will create a lengthy "trial within a trial" that will confuse the issues and lead to undue delay. Accordingly, the noticed evidence must be precluded.

**I.  LEGAL STANDARD**

The government first attempts to offer this evidence for a non-404(b) purpose—namely, because the uncharged conduct is allegedly "inextricably intertwined with evidence regarding the charged offenses." Ex. A at 1. In order to establish that evidence is "inextricably intertwined" with the charged offenses, the government must demonstrate that the evidence is "'crucial information without which the jury will be confused or the government's theory of the case unfairly curtailed.'" *United States v. Townsend*, No. S1 06-cr-34 (JFK), 2007 WL 1288597, at *2 (S.D.N.Y. Apr. 30, 2007) (citation omitted). "Courts in this District employ a narrow construction

in determining whether uncharged crimes are direct evidence of charged offenses. *United States v. Johnson*, 469 F. Supp. 3d 193, 204 (S.D.N.Y. 2019). Importantly, "[u]ncharged conduct is not 'inextricably intertwined' with charged conduct simply because it 'provides context or is relevant' to charged conduct." *Id.* Moreover, "where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *United States v. Nektalov*, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004). When "uncharged criminal activity is not part of the same transaction as the charged conduct, is not inextricably intertwined with that conduct, and is not necessary to complete the story," that evidence must be analyzed under Rule 404(b). *United States v. Kassir*, No. 04-cr-356 (JFK), 2009 WL 976821, at *3 (S.D.N.Y. Apr. 9, 2009).

As a backup position, the government offers each piece of uncharged conduct under Federal Rule of Evidence 404(b). Rule 404(b) forbids the use of evidence of crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence is only admissible under Rule 404(b) if the government establishes that "(1) it [is] offered for a proper purpose; (2) it [is] relevant to a material issue in dispute; [and] (3) its probative value is [not] substantially outweighed by its prejudicial effect." *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) (citation omitted). It is the government's burden to establish the admissibility of this proffered evidence. *See United States v. Stein*, 521 F. Supp. 2d 266, 268 (S.D.N.Y. 2007). And while the Second Circuit takes an "inclusionary approach" to Rule 404(b) evidence, "district courts should not presume that such evidence is relevant or admissible." *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011). Indeed, Rule 404(b) "does not invite the government 'to offer, carte blanche, any prior act of the defendant in the same category of crime.'" *United States v. McCallum*, 584

F.3d 471, 475 (2d Cir. 2009). Rather, "[t]here must be a clear connection between the prior act evidence and a disputed issue at trial." *United States v. Mercado*, 573 F.3d 138, 143 (2d Cir. 2009).

Even if "other acts" evidence is offered for a proper purpose and is material to the case, the evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. *McCallum*, 584 F.3d at 475. "Evidence is unfairly prejudicial when 'it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.'" *Curley*, 639 F.3d at 57 (quoting *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008)); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) (evidence is prejudicial if it could "lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged") (citations omitted); *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (prejudicial effect created where it has a "tendency to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant"); *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978) (evidence is prejudicial if "it might lead a jury to convict because it thought the defendant's character was such that he frequently committed crimes").

For the reasons discussed more fully below, the government has failed to demonstrate that its noticed evidence is admissible under any theory of admissibility.

## II. ARGUMENT

### A. The Government Should be Precluded from Offering Evidence of Any Prior Criminal Charges

The government has threatened to introduce evidence of the prior failed prosecution of Senator Menendez and the alleged (and unproven) underlying conduct if Senator Menendez "opens the door" because such evidence would show, under Rule 404(b), "knowledge of the

3

relevant criminal laws and absence of mistake or accident." *See* Ex. A at 3.  Tellingly, the government provides no insight into how Senator Menendez might "open[] the door" to the admissibility of this wholly irrelevant conduct.

While the government contends it seeks to use this evidence under the guise of Rule 404(b), the proffered evidence cannot plausibly be relevant to show "knowledge of the relevant criminal laws and absence of mistake or accident" in this case.  The government has not explained, nor can it, how the previously charged crimes have any conceivable connection to this matter at all.  The conduct underlying Senator Menendez's prior charges—which were dismissed after a hung jury in which 10 jurors voted to acquit the Senator—is wholly unrelated to the charged crimes or defenses at issue in this case.  The alleged acts occurred years before the indictment period and involved entirely different actors, none of whom are co-defendants named or involved in this case.  Indeed, the prior alleged crimes are so devoid of logical connection to this case that no defense argument could even plausibly "open the door" to the admission of this evidence.  At bottom, any attempt to introduce this evidence at trial would be for no other reason than to suggest that Senator Menendez has a propensity to commit public corruption crimes—in clear violation of Rule 404(b).  It must be excluded.

Moreover, any conceivable relevance of this evidence would be substantially outweighed by the likelihood of unfair prejudice.  Permitting the proffered evidence will create substantial jury confusion, conflate evidence of distinct alleged crimes, distract the jury from the actual charges in this case, and "lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged." *See Old Chief*, 519 U.S. at 180.  Moreover, the evidence of a past arrest and criminal prosecution would tend to "so strongly" suggest to the jury that Senator

Menendez has a "propensity to commit crimes that this tendency outweighs any probative value that the evidence might have." *See, e.g., Mercado*, 573 F.3d at 145.

Further, the government's proposed evidence will inevitably result in a lengthy trial-within-a-trial for unrelated conduct that has *already* been tried (in a three month trial) and resulted in acquittals or dismissals of each and every count against the Senator. The notion that the government can now re-litigate that case based on a door-opening theory is preposterous. Introduction of this evidence will effectively morph this trial into a repeat of the previous trial, forcing Senator Menendez back on trial for conduct that he already defended against and has no connection to the current charges. If the government were serious about this threat, it would have to re-produce all the discovery from the New Jersey case, but it has produced not even one-page of that discovery here, thereby depriving the defendant of his right to confront that evidence. Should the government seek to re-litigate the prior case, the defense would have to call numerous witnesses to dispute the charges, unduly delaying the trial. This risk alone warrants exclusion. *See, e.g., United States v. James*, 609 F.2d 36, 46 n. 11 (2d Cir. 1979) (exclusion under Rule 403 appropriate where evidence "might have bogged down the court in a 'mini-trial'").

**B.     The Government Should be Precluded from Offering Evidence of Senator Menendez's Alleged "Financial Needs and Desires"**

The government seeks to admit evidence of what it characterizes as Senator Menendez's "financial needs and desires"—including an alleged preference for $25 bottles of alcohol and $10 cigars—from both "prior to and during the time of the charged offenses" as direct evidence of the charged crimes. *See* Ex. A at 1-2. This smacks of desperation. Apart from its conclusory statement that this is "evidence that is inextricably intertwined with evidence regarding the charged offenses," the government offers no theory or information as to how any such evidence is "inextricably intertwined" with the charged offenses. There is no yacht or vacation home that was

5

draining Senator Menendez's finances.  He lived well within his means as a federal government employee, and his financial habits, as well as those of his wife, have no rational connection to the elements of the charged crimes.  Indeed, none of this evidence is "crucial information without which the jury will be confused," nor would exclusion of this evidence cause "the government's theory of the case [to be] "unfairly curtailed," as demonstrated by the fact that the government included no allegations of the Senator's financial desires in its prolix, 66-page Indictment.  *Townsend*, 2007 WL 128859, at *2.  Accordingly, it is not "inextricably intertwined" with the charged offenses and cannot escape analysis under Rule 404(b).  *Id*.

The government's alternative theory—that Senator Menendez's and Mrs. Menendez's alleged "financial needs and desires" are admissible as evidence of "motive" pursuant to Rule 404(b)—fares no better.  As a threshold matter, the government's claim that Senator Menendez has a "preference for expensive, luxury items" is simply incorrect.  The government's cited "evidence" for this characterization includes the Senator's apparent preference for "Bombay Sapphire Gin."  *See* Ex. A at 1.  Target sells a 750 ML bottle of that gin for $23.99:



Hardly a top-shelf liquor, nothing about Bombay Sapphire Gin smells of excess or is beyond Senator Menendez's financial abilities as a lifetime public servant. The government has lost touch with reality—and exposes how weak its case truly is—if it suggests that a preference for this brand of gin provided the Senator motive to commit bribery. Likewise, the fact that the Senator smokes cigars or goes to nice restaurants (activities that are clearly affordable with his salary) has no bearing on his motive to participate in criminal activity.

The government's cited cases are inapposite. Each of those cases considers whether evidence of defendant's financial *difficulty* is probative of motive to commit a specific crime—not a defendant's spending habits generally. *See United States v. Reed*, 639 F.2d 896, 907 (2d Cir. 1981); *United States v. Hernandez*, 588 F.2d 346, 349 (2d Cir. 1978); *United States v. Shyne*, No. S4 05-cr-1067 (KMK), 2007 WL 1075035, at *34 (S.D.N.Y. Apr. 5, 2007). Here, none of the evidence the government offers indicates that Senator Menendez has financial difficulty or lives outside his means in any way. Simply put, the government's purported evidence of Senator

Menendez's "financial needs and desires" is entirely irrelevant to the charges in this case and will only be used to invite the jury to inaccurately and improperly assume that Senator Menendez's alleged preference for expensive items reveals a predisposition to accept bribes. As such, it must be precluded. *See* Fed. R. Evid. 404(b)(1).

Evidence of Senator Menendez's and his wife's purported "financial needs and desires" is separately inadmissible under Rule 403. This evidence will only serve to inflame and prejudice the jury against the Senator. While Senator Menendez's income and spending habits are a far cry from the lavish lifestyle that the government hopes to suggest to the jury, the government should not be permitted to paint this picture in any event. Indeed, courts in this District routinely hold evidence of a defendant's wealth or income is inadmissible due to its prejudicial effect. *See United States v. Stahl*, 616 F.2d 30, 33 (2d Cir. 1980) (reversing defendant's conviction based on the government's prejudicial use of, and references to, a defendant's wealth and income); *United States v. Cassese*, 290 F. Supp. 2d 443, 457 (S.D.N.Y. 2003), *aff'd*, 428 F.3d 92 (2d Cir. 2005) (arguments in front of the jury regarding defendant's "wealth, salary, and stock holdings" were "highly prejudicial and inflammatory"); *see also Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518 (S.D.N.Y. 2008) ("The parties are not permitted to argue to the fact finder's potential economic sympathies or prejudices."). Because this evidence lacks any probative value and carries significant risk of unfair prejudice, confusion of the issues, and undue delay, it should be excluded.

### C. The Government Should be Precluded from Offering Evidence Relating to Senator Menendez's Tax Returns

The government's attempt to introduce evidence of Senator Mendez's alleged failure to disclose certain "things of value" on his individual federal tax returns should be rejected. The government contends that this evidence is admissible because it is "evidence of consciousness of guilt" and "intertwined with evidence regarding his failure to report things of value on his Senate

disclosure forms." *See* Ex. A at 2. This argument lacks merit. Not only did the government choose not to charge this alleged conduct, it never even referenced Senator Menendez's tax returns in any of its four prior indictments. It strains credulity for the government to allege that his tax returns could constitute "direct evidence" of the charged crimes. *See United States v. Hatfield*, 685 F. Supp. 2d 320, 323 (E.D.N.Y. 2010) (government's claim that certain evidence is "inextricably intertwined" is refuted by the fact that such evidence is not mentioned in its indictment). Indeed, nothing about the Senator's tax returns is "'crucial information without which the jury will be confused or the government's theory of the case unfairly curtailed." *See Townsend*, 2007 WL 128859, at *2.

This evidence is also inadmissible under Rule 404(b). This case has nothing to do with tax evasion (or taxes at all), and his tax returns do not evidence "consciousness of guilt," as the government contends. If the government were correct, tax returns would automatically be admissible in virtually every fraud or bribery case. This is simply not the law. "Other crimes" evidence is not relevant unless it is "sufficiently similar to the conduct at issue to permit the jury to reasonably draw an inference from the act that the state of mind of the actor is as the proponent of the evidence asserts." *United States v. Levin*, No. 15-cr-101 (KBF), 2016 WL 8711458, at *6 (S.D.N.Y. Jan. 8, 2016). Here, there is no "sufficient similar[ity]" between the allegations of tax evasion and the crimes charged in this case. *See id*.

Nor would it be at all "reasonabl[e] to draw an inference from the [Senator's tax returns]" that he has a guilty "state of mind." *See id*. Hiding the ball, the government does not identify which specific tax returns were allegedly false, how they were false, and why these alleged omissions reflect a consciousness of guilt. In any event, in order for the Senator's tax returns to demonstrate consciousness of guilt, the jury would have to embark on the following speculative

9

journey, requiring each of the following inferences: (1) that Senator Menendez did receive the "things of value" in question; (2) that Senator Menendez did not believe that these "things of value" were gifts (which do not require disclosure on tax returns by the recipient);[1] (3) that Senator Menendez did not believe that these "things of value" were loans (which do not require disclosure on tax returns);[2] (4) that Senator Menendez understood that these alleged "items of value" were subject to specific reporting requirements under applicable tax statutes; and finally, (5) that Senator Menendez purposefully concealed these "things of value" on his returns *because* he believed he received those items through improper means. To arrive at this conclusion, the jury must disregard the myriad of other wholly innocuous explanations as to how the Senator's tax returns were completed by a tax professional. Simply put, this evidence is far too attenuated to be probative of the crimes charged and will serve no other purpose than to insinuate that Senator Menendez has a propensity to violate the law—precisely the type of inference that Rule 404(b) prohibits.

Moreover, even if this evidence has a sliver of probative value and was being offered for a non-propensity purpose, this evidence is highly prejudicial and must be precluded under Rule 403. Permitting the government to introduce such evidence would inevitably result in a trial-within-a-trial—not only complicating and delaying this trial significantly, but distracting and confusing the jury as to the charges at hand—and would likely require lengthy testimony from accounting professionals and/or expert witnesses about complex federal and state tax regulations. Evidence that provokes this type of mini-trial has been consistently rejected in this Circuit. *See, e.g.*, *United States v. Rajaratnam,* No. S1 13-cr-211 (NBB), 2014 WL 2696568, at *3 (S.D.N.Y. June 10, 2014)

---

[1] *See* IRS, Gifts & Inheritances (last visited April 4, 2024), https://www.irs.gov/faqs/interest-dividends-other-types-of-income/gifts-inheritances/gifts-inheritances-1 (only gift donor is required to report transaction to the IRS as taxable gift); IRS, Instructions for Form 709 (2023), https://www.irs.gov/instructions/i709 (same).
[2] *See* Forbes, Are Personal Loans Taxable & Considered Income? (March 29, 2021), https://www.forbes.com/advisor/personal-loans/are-personal-loans-taxable/ ("Since personal loans are loans and not income, they aren't considered taxable income, and therefore you don't need to report them on your income taxes.")

10

(precluding evidence of uncharged acts, in part, because such evidence "would require a mini-trial" that would "entail educating the jury on [] complicated concepts"); *Saadeh v. Kagan*, No. 20 Civ. 1945 (PAE) (SN), 2023 WL 6850481, at *3 (S.D.N.Y. Oct. 17, 2023) (excluding evidence because it "would give rise to the trial-within-a-trial that Rule 403 classically disfavors"); *United States v. White*, 692 F.3d 235, 240 (2d Cir. 2012) (excluding evidence when it would require a "trial within a trial on the intricacies of the New York State Penal Code" which was not at issue in the case); *United States v. Aboumoussallem*, 726 F.2d 906, 912-13 (2d Cir. 1984) (excluding evidence given that confusion and delay caused by trial within a trial would have substantially outweighed probative value of evidence).

### D. The Government Should be Precluded from Offering Evidence Regarding Fusion Diagnostics, Inc.

The government seeks to introduce evidence regarding payments made by Fusion Diagnostics Inc. ("Fusion") to Nadine Menendez and evidence that Senator Menendez and Nadine Menendez purportedly "receiv[ed] things of value . . . in exchange for Robert Menendez acting on Fusion's behalf." *See* Ex. A at 2. The government's principal theory for admission of this evidence is that it is "inextricably intertwined" with the charged crimes because this Court previously noted that the "owner of Fusion was among the 'alleged beneficiaries of the bribery scheme.'" *See id*. But the Court's statement concerned the allegations in the search warrant (in connection with Senator Menendez's request for a Franks hearing), not the scope of the allegations in the Indictment. *See United States v. Menendez*, No. S2 23-cr-490 (SHS), 2024 WL 912210, at *7-8 (S.D.N.Y. Mar. 4, 2024). Nor does it reveal the Court's views as to the admissibility of this evidence *at trial*. It is the government's burden to establish admissibility at trial of the noticed evidence and demonstrate the evidence is "inextricably intertwined" with the charged crimes. *See Stein*, 521 F. Supp. 2d at 268. The government cannot possibly do so.

11

Notably, the S4 Indictment is entirely devoid of any mention of the alleged conduct relating to Fusion, even though it was investigated for years, as detailed in the government's search warrant affidavits. This fact alone proves that this conduct is not "inextricably intertwined" with the charged crimes. *See Hatfield*, 685 F. Supp. 2d at 323 (government's claim that certain evidence is "inextricably intertwined" is refuted by the fact that such evidence is not mentioned in its indictment). Accordingly, the Fusion evidence is not admissible under the government's "direct evidence" theory. *See Stein*, 521 F. Supp. 2d at 271 (because the Government "has not explained why details of the uncharged transaction are necessary to understand the charged transaction . . . [i]t . . . has failed to show that those details are inextricably intertwined with proof of the charged transaction").

The government's alternate theory—that this evidence is admissible under 404(b)—also lacks merit. The government has failed to articulate any proper purpose for this evidence, nor has it shown how its proffered evidence related to Fusion is relevant to any disputed issue in this case. *See Scott*, 677 F.3d at 79 (the first two elements of the Rule 404(b) analysis require the government to establish a proper purpose for the evidence and its relevance). Indeed, the alleged Fusion scheme involves an entirely different set of facts, circumstances, and characters that are wholly distinct from the conduct underlying the charges in this case. It is unclear how this evidence could be probative to show motive and intent, common scheme or plan, or absence of mistake or accident of the charged offenses. What is clear, however, is that the government now improperly seeks to sneak in such evidence (which could certainly not survive any pre-trial dispositive motions) through a lower evidentiary standard and use it to distort the issues and insinuate propensity for corrupt conduct. *See, e.g., United States v. Mundle*, No. 15-cr-315 (NSR), 2016 WL 1071035, at

12

\*4 (S.D.N.Y. Mar. 16, 2016) ("A court should not permit the introduction of other acts evidence when in actuality it is 'propensity evidence in sheep's clothing.'").

Moreover, nothing about the conduct related to Fusion was illegal or improper. As the government's *Brady* disclosures make clear, a New Jersey city health official "felt no pressure to use Fusion Diagnostics or to continue to use Fusion Diagnostics from anyone at all." *See* ECF 138, Ex. B at 4. The city official further explained that testing "companies that wanted to conduct COVID-19 testing in [the official's jurisdiction] were not required to go through the city; they could just come to [the city] and start testing," making clear that Senator Menendez had no impact or role in Fusion's success. *See id.*

Moreover, for reasons previously briefed, none of the conduct that the government seeks to introduce involves any "official act" for purposes of federal bribery law. At most, the government's allegations regarding Fusion demonstrate that Senator Menendez placed a call to a city official and provided him with the name of a testing company that was willing to provide COVID-19 testing to underserved communities. This does not satisfy the test for an "official act" under 18 U.S.C. § 201(a)(3). Whether a company conducted COVID-19 testing in a specific community was plainly not a "question" or "matter" that is "pending, or which may by law be brought before any public official," because Senator Menendez had no authority over whether, and which, companies conducted COVID-19 testing in New Jersey cities. *See* ECF 138, Ex. B at 4.

Nor does it show that Senator Menendez "ma[de] a decision or t[ook] action on that question or matter." *See McDonnell v. United States,* 579 U.S. 550, 552 (2016) (to "make a decision or take action on" an official act under federal bribery law requires the showing that the official either himself undertook "a formal exercise of governmental power" or that he "us[ed] his official position to exert pressure on another official . . . or to advise another official" to take

13

official action, or agreed to do so). Indeed, the *McDonnell* Court specifically noted that merely "[s]etting up a meeting," "calling an official," "refer[ing] a constituent to another official," or "expressing support" for an action, without more, does not qualify as an official action. *See id.* at 573-74. Thus, the Senator's alleged conduct is innocent and precisely what the Supreme Court said is permitted in *McDonnell*. The government's effort to litigate innocent conduct as somehow probative of the charged crimes would clearly inject reversible error into the case—that's why the government never charged this theory to begin with.

The government's gambit to introduce this evidence is clearly for an improper purpose. Far from probative, this evidence risks portraying Senator Menendez as greedy or having a corrupt character—purposes squarely prohibited by Rule 404(b). *See Mundle*, 2016 WL 1071035, at *3 (Rule 404(b) bars admission of evidence that is offered "to prove the defendant's bad character or criminal propensity"). Moreover, admitting such evidence will lead to a trial-within-a-trial as Senator Menendez will be forced to defend himself against this separate, uncharged scheme, requiring a slew of additional witnesses and exhibits and unduly delaying the trial. *See United States v. Martoma*, No. 12-cr-973 (PGG), 2014 WL 31191, at *5 (S.D.N.Y. Jan. 5, 2014) (precluding "other act" evidence because "the Defendant's 'anticipated efforts to defend the legitimacy of these other transactions would necessarily result in delay, and confusion of the issues") (internal quotation marks and alterations omitted); *United States v. Gardell*, No. S4 00-cr-632 (WHP), 2001 WL 1135948, at *6 (S.D.N.Y. Sep. 25, 2001) (excluding evidence of uncharged allegations that would "likely assume disproportionate significance at trial, lead to a mini-trial . . . and engender confusion among the issues" pursuant to Rule 403). Accordingly, this evidence must be precluded.

## CONCLUSION

For the foregoing reasons, Senator Menendez respectfully requests that the Court grant his Motion *in Limine* to preclude the government from introducing all evidence contained in the government's 404(b) Notice as to Senator Menendez.

Dated: April 5, 2024                     Respectfully submitted,

                                         By: */s/ Adam Fee*

                                        **PAUL HASTINGS LLP**

                                      Adam Fee
                                      Avi Weitzman
                                      Robert D. Luskin
                                      200 Park Avenue
                                      New York, N.Y. 10166
                                      (212) 318-6000

                                      **JONES DAY**

                                      Yaakov M. Roth (*pro hac vice*)
                                      51 Louisiana Avenue N.W.
                                      Washington, D.C. 20001
                                      (202) 879-3939

                                      *Attorneys for Defendant Robert Menendez*