UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

ROBERT MENENDEZ et al.,

       Defendants.

Case No. S4 23-cr-490 (SHS)

## SENATOR ROBERT MENENDEZ'S MOTION FOR A JURY QUESTIONNAIRE

**PAUL HASTINGS LLP**

Adam Fee
Avi Weitzman
Robert D. Luskin
200 Park Avenue
New York, N.Y. 10166
(212) 318-6000

**JONES DAY**

Yaakov M. Roth (*pro hac vice*)
51 Louisiana Avenue N.W.
Washington, D.C. 20001
(202) 879-3939

*Attorneys for Defendant Robert Menendez*

**INTRODUCTION**

Senator Robert Menendez respectfully requests that the Court utilize a jury questionnaire in advance of in-person *voir dire*. In light of the intense pre-trial publicity surrounding this case, a questionnaire would assist the Court and the parties in screening potential jurors as efficiently as possible. *See, e.g.*, *United States v. Stewart*, 433 F.3d 273, 303 (2d Cir. 2006). A written questionnaire is also likely to elicit more accurate responses, helping to detect disqualifying biases that a venireperson may be less willing to reveal during oral questioning in open court. It will also allow oral questioning to be more focused and better informed.

Cognizant of the quickly approaching trial date, Senator Menendez requests that the parties be ordered to submit a joint proposed jury questionnaire by April 22, indicating the questions on which the parties have and have not reached agreement, and that the questionnaire approved by the Court be administered to venirepersons at the courthouse in advance of trial.

**I.      A jury questionnaire would promote efficiency and accuracy.**

"District courts routinely employ questionnaires to facilitate *voir dire* in a number of circumstances," including "where there has been extensive pre-trial publicity . . . ." *United States v. Quinones*, 511 F.3d 289, 299-300 (2d Cir. 2007). The Supreme Court and the Second Circuit have recognized that jury questionnaires are good practice and help to protect a defendant's Sixth Amendment right to an impartial jury. *See, e.g.*, *United States v. Tsarnaev*, 595 U.S. 302, 314 (2022); *Skilling v. United States*, 561 U.S. 358, 384 (2010); *Mu'Min v. Virginia*, 500 U.S. 415, 425 (1991); *United States v. Rahman*, 189 F.3d 88, 121-22 (2d Cir. 1999). The American Bar Association recommends their use as well:

> In appropriate cases, the court should consider using a specialized questionnaire addressing particular issues that may arise. The court should permit the parties to submit a proposed juror questionnaire. The parties should be required to confer on the form and content of the questionnaire. If the parties cannot agree, each party should be

> afforded the opportunity to submit a proposed questionnaire and to
> comment upon any proposal submitted by another party.

American Bar Association, *Principles for Juries and Jury Trials* 67 (revised 2016) (Principle 11(A)(1)), https://www.americanbar.org/content/dam/aba/administrative/american_jury/2016-jury-principal-comments.pdf.

Written jury questionnaires make jury selection more efficient, and they reduce the chance that disqualifying biases go undetected. *See id*. at 74.

*Efficiency.* A questionnaire provides an early opportunity to identify veniremembers whom the parties agree should be disqualified for cause or hardship, reducing the number for whom oral voir dire is required. This is particularly beneficial in cases such as this one, in which extensive pretrial publicity may have disqualified a significant portion of the jury pool, requiring the screening of potentially hundreds, or upwards of a thousand, prospective jurors. A written questionnaire would save the Court substantial time while helping to thoroughly and appropriately screen veniremembers. As the ABA has recognized, jury questionnaires allow the parties to avoid "repetitive voir dire questioning" and "permit the court and counsel to conduct a more focused voir dire." *Id.* at 74. They can also "reduce the number of citizens who spend time waiting to be questioned for a case on which they could never serve." *Id.*

The efficiency benefits are particularly salient in cases that require a large jury pool. *See, e.g.*, *Tsarnaev*, 595 U.S. at 314 (endorsing the district court's use of a jury questionnaire to whittle a pool of 1,373 prospective jurors down to 256 for individual voir dire). The pretrial publicity surrounding this case is likely to require a significantly large venire as well, which in turn could consume a substantial part of the Court's time. A written questionnaire, completed by veniremembers in advance, will allow counsel to better assist the Court in culling this number to a more manageable number for in-person voir dire.

*Accuracy.* Written questionnaires are more conducive to forthright responses, since "prospective jurors may be more willing to divulge sensitive information on the written form than to discuss the same information in open court." *Id.*; *see also* Mary R. Rose, *Expectations of Privacy? Jurors' Views of Voir Dire Questions*, 85 Judicature 10, 17 (2001) (noting that a substantial portion of jurors find necessary voir dire questions to be intrusive and suggesting that written questionnaires can help address this concern). The concern for accuracy and forthrightness is heightened when potential jurors perceive that their responses may be scrutinized by the press. Accuracy is paramount in protecting defendants' Sixth Amendment rights to an impartial jury.

The Second Circuit has noted the benefit of a written jury questionnaire in balancing the need for accuracy and the need for efficiency. In *United States v. Rahman*, the district court used a detailed questionnaire to screen a 500-member jury pool, followed by oral voir dire of the members who were not screened out. 189 F.3d 88 at 121-22. The Second Circuit complimented the district court for having "skillfully balanced the difficult task of questioning such a large jury pool with the defendants' right to inquire into the sensitive issues that might arise in the case." *Id.* at 122. The nature of the instant case, and the publicity surrounding it, requires a similar balancing, and a jury questionnaire will yield similar benefits.

## II. A Joint Proposed Questionnaire Should Be Submitted By April 22.

To allow for the most efficient process, Senator Menendez requests that veniremembers be summoned to the courthouse in advance of the May 6 trial date to complete the questionnaires, allowing the parties and the Court to winnow the venire for oral *voir dire* on May 6. Senator Menendez thus requests an order requiring the parties to submit a joint proposed questionnaire by April 22, allowing the Court sufficient time to resolve any differences and the Clerk sufficient time to issue summonses and administer the questionnaires.

Dated: April 5, 2024					Respectfully submitted,

By: */s/ Adam Fee*

    **PAUL HASTINGS LLP**

    Adam Fee
    Avi Weitzman
    Robert D. Luskin
    200 Park Avenue
    New York, N.Y. 10166
    (212) 318-6000

    **JONES DAY**

    Yaakov M. Roth (*pro hac vice*)
    51 Louisiana Avenue N.W.
    Washington, D.C. 20001
    (202) 879-3939

    *Attorneys for Defendant Robert Menendez*