# Exhibit 1

| | |
|---|---|
| **From:** | Richenthal, Daniel (USANYS) |
| **To:** | Fee, Adam J. |
| **Cc:** | Weitzman, Avi; Luskin, Robert; PH-MenendezTeam; Pomerantz, Lara (USANYS); Monteleoni, Paul (USANYS); Mark, Eli (USANYS); Clark, Christina (NSD) |
| **Subject:** | [EXT] RE: RE: RE: [EXTERNAL] Re: RE: Government Disclosures re June 15, 2023 Search Warrant |
| **Date:** | Sunday, March 24, 2024 1:24:40 PM |

**--- External Email ---**

Adam,

We disagree that any such communications, assuming *arguendo* that they exist, constitute *Brady* or are otherwise discoverable, much less at present, including because any theoretical communications within a prosecution team regarding how and/or when to thwart a national security and criminal threat would be mere subjective opinions, not facts; would be contained within internal government documents and/or be attorney work product; and would also likely, in any event, be covered by the deliberative process privilege.  *See, e.g.*, Fed. R. Crim. Pro. 16(a)(2); *Rutigliano v. U.S. Dep't of Justice*, 847 F. App'x 86, 87 (2d Cir. 2001) (describing work product and deliberative process privilege, and explaining that a document "is protected by the deliberative process privilege because it is a pre-decisional, intra-agency document memorializing deliberations concerning an assessment of the facts that were gathered during the Grand Jury investigation" (internal quotation marks omitted)); *United States v. Carroll*, No. 19 Cr. 545 (CM), 2020 WL 1862446, at *10 (S.D.N.Y. Apr. 14, 2020) ("The thoughts and impressions of SEC staff concerning its case and investigation are not *Brady* material.  The evidence that matters is not an attorney's opinion, but the underlying facts."); *United States v. Perez*, 222 F. Supp. 2d 164, 172 (D. Conn. 2002) (rejecting defendant's request for "the Government to share deliberations comprising part of the process by which governmental decisions are formulated") (citing cases).  As always, we are happy to consider any authority you have to the contrary.

Dan

Daniel C. Richenthal
Deputy Chief, Criminal Division
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278
Tel: (212) 637-2109
Fax: (212) 637-2615
Daniel.Richenthal@usdoj.gov


-----Original Message-----

From: Fee, Adam J. <adamfee@paulhastings.com>
Sent: Monday, March 18, 2024 9:11 PM
To: Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>
Cc: Weitzman, Avi <aviweitzman@paulhastings.com>; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>; Luskin, Robert <robertluskin@paulhastings.com>; PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>; Mark, Eli (USANYS) <EMark@usa.doj.gov>; Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>
Subject: Re: RE: RE: [EXTERNAL] Re: RE: Government Disclosures re June 15, 2023 Search Warrant

Thanks Lara. Separately, please produce any communications involving the prosecution team (including any AUSAs in SDNY or NSD previously working on this or related investigations) where the subject of potentially contacting Sen Menendez prior to his arrest in this case regarding the purported foreign influence schemes alleged in the indictment, or any other foreign influence schemes being investigated in connection with Sen Menendez. This request includes any and all discussions where, for example, prosecutors discussed with FBI or intelligence officials the potential need to intervene in the investigation prior to filing charges in order to address any potential risks to policy making or national security. To the extent such discussions involved comments that the supposed foreign influence scheme(s) under investigation were not actually being run by foreign governments or their agents, or that such schemes did not pose a sufficiently meaningful risk to any US interests to justify pre-arrest intervention, those discussions would constitute Brady and should be disclosed immediately.

Best,
Adam

On Mar 18, 2024, at 5:42 PM, Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov> wrote:


Avi, Adam, We have re-reviewed the relevant FBI reports and notes after receiving your request, and do not have anything further to disclose at this time as a result. Lara Pomerantz Assistant United States Attorney United States Attorney's

Avi, Adam,


We have re-reviewed the relevant FBI reports and notes after receiving your request, and do not have anything further to disclose at this time as a result.

Lara Pomerantz
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
Tel: (212) 637-2343