THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Fax
cdecastro@cdecastrolaw.com
cdecastrolaw.com

April 12, 2024

*Via* ECF

The Honorable Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

         Re:    *United States v. Menendez, et al.,* 23 Cr. 490 (SHS)

Dear Judge Stein,

We write in response to the government's motions *in limine* filed on April 5, 2024. *See* ECF No. 291. The government's motions move to preclude evidence or argument concerning eleven categories of evidence that are labeled I through XI. Motions I through IX seem to be aimed solely at Senator Menendez or are otherwise not relevant to any of Mr. Daibes' potential trial defenses, or evidence that he intends to introduce at trial. Therefore, Mr. Daibes takes no position on those points at this time. With respect to government points X and XI, Mr. Daibes submits this opposition.

In section X of its motion, the government moves to preclude the defense from introducing any evidence concerning the defendants' prior good acts or lack of prior bad acts. The Court should deny the motion because evidence of Mr. Daibes' prior good acts, should the defense seek to elicit them from government witnesses or present affirmative evidence of the same, is admissible under the Federal Rules of Evidence pursuant to Rules 401, 405(b) as an essential element of the defense, and 406 to show that acts taken by Mr. Daibes were in accordance with his habit or routine practice.

In section XI of the its motion, the government seeks to preclude the defense from introducing evidence or making any arguments concerning the defendants' family background, age, health, or other personal characteristics, *absent a showing that such personal matters bear on guilt*. The Court should defer ruling on motion XI. Neither the government nor Mr. Daibes has tendered any specific evidence of his background or personal history that would be introduced as evidence and this issue can be addressed as the trial progresses. It would be premature to rule on this

motion before any specific evidence has even been identified. However, should the government's arguments in motion XI extend to Mr. Daibes' testimony in his own defense, or to the good act evidence discussed in point X, it should be denied.

1. <u>Evidence of "Good Acts" Are Admissible to Counter an Element of the Offense, as an Essential Element of a Defense, and/or to Show Actions Taken by a Defendant Were in Accordance with or Otherwise Consistent with His Habit or Routine Practice</u>

A defendant is permitted to introduce relevant evidence so long as it does not run afoul of the Federal Rules of Evidence, which includes what the government characterizes as "good acts" evidence. Clearly, otherwise irrelevant evidence of good acts should not be admitted. However, should Mr. Daibes seek to introduce evidence of good acts that are relevant to the issues in the Indictment and to counter government evidence introduced in its direct case, he should not be precluded from doing so.

Evidence of good acts is admissible under Rule 405(b) "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Mr. Daibes has been charged with bribery in violation of 18 U.S.C. § 201, an element of which is corrupt intent, *i.e.*, giving something of value with the purpose of influencing an official act. *See Sand et al., Modern Federal Jury Instructions, Instr. 16-3, 19-3, et seq.* Mr. Daibes has also been charged with honest services fraud in violation of 18 U.S.C. § 1343, an element of which is payment or receipt of bribes – meaning anything of value provided in exchange for an official act, *i.e.* a *quid pro quo*. *See* Jury Instructions from the Honorable Valerie Caproni in *United States v. Percoco,* 16 Cr. 776 (VEC), ECF No. 516 (S.D.N.Y.). Under Rule 406, "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit or routine practice."

Here, the government has placed Mr. Daibes' character and character traits at issue by charging him with bribery and honest services fraud. Therefore, under Rule 405, he should be permitted to introduce evidence refuting the negative character traits inherent in the concept of "corrupt intent," which is an essential element in the charges at issue. Mr. Daibes' history of gift giving pertains directly to these character traits.

Moreover, pursuant to Rule 406, should he choose to do so, Mr. Daibes must be permitted to introduce evidence of his habitual gift giving. Habitual gift giving is evidence that tends to disprove the essential elements of a *quid pro quo*. Finally, evidence of a history of gift giving is clearly relevant for all the reasons discussed herein and as such, "easily surmounts the low bar for relevancy." *United States v. Skelos*, 988 F.3d 645, 663 (2d Cir. 2021). This evidence is relevant, admissible, and essential to Mr. Daibes' defense.

Thus, Mr. Daibes's generosity and penchant to give gifts to those with whom he enjoys a lasting and close personal relationship is admissible. His habitual gift giving, whether it be providing a ride to or from the airport or giving something of more significant value (without expecting anything in return) is relevant and admissible under Rules 401, 405(b), and 406. Evidence of his generosity and gift giving is directly relevant to intent; indeed, it could affirmatively negate

claims that he had any corrupt intent. Thus, Mr. Daibes, should he elect to do so, cannot be precluded from introducing evidence of this character trait to support his defense.

In addition, Mr. Daibes' character traits, specifically his penchant for gift giving with nothing expected in return, would be admissible to counter what the government has indicated to the defense it may seek to introduce as Rule 404(b) evidence. In its Rule 404(b) notice, the government stated that it "may offer evidence regarding Daibes's failure to disclose in his personal federal tax returns that, during the time of the charged offenses, he provided certain things of value, exceeding the annual gift tax exclusion, to co-defendants Robert Menendez and/or Nadine Menendez." Mr. Daibes' routine practice of giving gifts often but *never* reporting them on his federal income taxes refutes what is certainly the government's theory that failing to report the alleged gifts at issue in this case on his tax returns indicates a consciousness of guilt with respect to the specific crimes charged. While evidence of Mr. Daibes gift giving is inherently admissible for the reasons previously discussed, it is also vital to rebut misleading evidence that the government may seek to introduce and its inferences.

Accordingly, for these reasons the Court must deny the government's motion X and permit the defense to introduce evidence of Mr. Daibes good acts in accordance with the Federal Rules of Evidence.

2. <u>Evidence of a Defendant's Personal History or Background Is Not Prohibited, and May Be Introduced to Disprove the Government's Allegations.</u>

The government states that it is "[u]naware of any lawful basis for any defendant to offer evidence or argument" pertaining to a defendant's background. ECF. No. 291 at 20. While it may not be aware of a basis, that does not mean a lawful basis does not exist. In fact, the government concedes that this evidence is admissible if "such a factor bears on his or her guilt and is not precluded under Rule 403." *Id.*

As with the government's motion to preclude any use of "good act" evidence, it does not identify any portions of Mr. Daibes' personal history or background that should be precluded at trial. Therfore, the Court should defer its ruling until the defense identifies a specific area of Mr. Daibes' personal history or background that it wishes to introduce at trial and/or becomes relevant as the trial progresses. However, should Mr. Daibes choose to testify in his own defense at trial, as is his constitutional right, it would be improper to preclude him from testifying about any of the topics in the government's motion XI.

3. <u>Conclusion</u>

The Court should deny the government's motion X and defer its ruling on motion XI until pertinent evidence is identified. Regarding motion X, evidence of Mr. Daibes' prior good acts, should he seek to introduce them, is admissible under the Federal Rules of Evidence 401, 405(b) as an essential element of Mr. Daibes' defense, and 406 to show that acts taken by Mr. Daibes at issue in this case were in accordance with his habit or routine practice. These facts and character traits are admissible and could be critical to counter the government's evidence or claims of corrupt intent and a *quid pro quo*.

Regarding motion XI, heretofore, neither the government nor Mr. Daibes has tendered any specific evidence of his background or personal history that would be introduced as evidence. It would be premature to rule on this motion before the parties have identified any specific evidence. However, should the government's arguments in motion XI extend to Mr. Daibes' testimony in his own defense, it should be denied.


Respectfully submitted,

    /s/

César de Castro
Seth Agata
Valerie Gotlib
Shannon McManus


cc:    All Counsel (*via* ECF)