

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 14, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re:  *United States v. Robert Menendez, et al.*,
       S4 23 Cr. 490 (SHS)

Dear Judge Stein:

  The Government respectfully writes in the above-captioned matter to advise the Court that the parties have reached an impasse regarding a proposed stipulation concerning the expected testimony of Lawrence S. Lustberg, Esq., lead counsel to defendant Wael Hana. Because that impasse likely requires the disqualification of Mr. Lustberg, and thus may require an adjournment of the trial date, the Government requests that the Court hold a conference tomorrow (Monday, April 15), by telephone if necessary, to discuss how to proceed.

  Background

  As the Court is aware from the *Curcio* proceeding held on October 18, 2023, Mr. Lustberg has personal knowledge of certain highly relevant facts in this case. Among other things, Mr. Lustberg has personal knowledge of facts described in the Indictment, such as (a) a crucial fact regarding defendant Fred Daibes's intent, not available from any other source known to the Government, shedding light on, among other things, defendant Robert Menendez's corrupt intent in selecting individuals to recommend for the position of U.S. Attorney (Indictment ¶ 48), and (b) a phone call from Menendez to Mr. Lustberg that, unbeknownst to Mr. Lustberg at the time, was in furtherance of the bribery and obstruction scheme and also was not witnessed by any other uncharged individual besides Mr. Lustberg (*see id.* ¶ 53.a). At the *Curcio* proceeding, Hana (a) waived the effect of this conflict with respect to Mr. Lustberg's representation, but (b) was advised that there could be no such waiver if Mr. Lustberg were to be called as a witness at trial. (*See* Tr., Oct. 18, 2023 ("*Curcio* Tr.") at 30.) The Court stated:

> What the government has asked me to point out to you, sir, is that in regard to what I've been calling the second bucket, that is, the fact that Mr. Lustberg or Ms. Collart [another partner at Mr. Lustberg's law firm] may be fact witnesses, that may mean very late in the game

> I may have to order them to withdraw, which means that you would
> then have to obtain a new attorney.

(*Curcio* Tr. 36.) Hana stated that he understood. (*Id.*) The Court also advised Hana that this issue would likely not be resolved until "much closer to trial." (*Curcio* Tr. 31.)[1]

<u>The Government's Efforts to Reach a Stipulation Acceptable to All Parties</u>

On March 21, 2024, the Court requested the parties seek to reach a stipulation in lieu of testimony as to David Schertler, Esq., counsel to defendant Nadine Menendez, and Menendez first indicated, reversing his previous position, that he was unlikely to take an interlocutory appeal. Since that date, the Government has been working diligently to attempt to reach an anonymized testimonial stipulation that would avoid a disqualification of Mr. Lustberg.[2]

That same day, the Government contacted counsel for Mr. Lustberg and Hana,[3] and (upon speaking by phone the next day) informed counsel that it believed the parties should reach a stipulation by no later than April 4, 2024—*i.e.*, the same date the Court had set for the Schertler stipulation—and requested that counsel for Mr. Lustberg and Hana contact counsel for the codefendants to ascertain their willingness to agree to such a stipulation. Counsel for Mr. Lustberg and Hana advised that she was drafting a proposed stipulation, and the next week (on March 28, 2024) advised that she was circulating that draft to counsel for the codefendants to receive their views.

Once counsel for Mr. Lustberg and Hana circulated a draft stipulation to the Government, the Government gave it immediate attention, engaged repeatedly with counsel for Mr. Lustberg and Hana, and understood from those discussions that counsel for all codefendants were involved in reviewing the stipulation and open to entering one. On April 1, 2024, counsel for Mr. Lustberg and Hana sent a draft stipulation and advised that (although she was still waiting on final sign-off from one defendant), all defendants had reviewed the proposed stipulation. The Government quickly worked to insert corrected and additional facts, returned a revised stipulation to counsel for Mr. Lustberg and Hana on April 3, and repeatedly followed up with counsel for Mr. Lustberg and Hana.

The Government's communications with counsel for Mr. Lustberg and Hana leading up to and following the circulation of a revised defense draft show that counsel for codefendants were substantially involved in the process and provided considerable input into the next draft. In a

---

[1] The Government understands that Daibes, who is represented by Mr. Lustberg in his pending criminal case in the District of New Jersey that is referenced in the Indictment, was similarly advised of the conflict, and the court in that case accepted his waiver in November 2023. Trial in that case is set for October 22, 2024.

[2] The possibility in general terms of a stipulation had been discussed between Mr. Lustberg and the Government even before the initial conference in this case last October. In addition, the Government advised the Court on the record at the initial conference, at which counsel for all defendants were present, of the potential conflict and that the Government had been "speaking with Mr. Lustberg and exploring the best ways to address those issues." (Tr., Oct. 2, 2023, at 12.)

[3] Anne Collart, Esq., counsel for Hana, also represents Mr. Lustberg in connection with the Government's attempts to seek his testimony.

conversation on April 4, 2024, counsel for Mr. Lustberg and Hana advised that the stipulation was making progress towards approval from all defendants. In a conversation on April 5, counsel for Mr. Lustberg and Hana specifically advised that she had communicated to codefendants' counsel the view that the stipulation was workable and had not gotten pushback. In a conversation on April 7, counsel for Mr. Lustberg and Hana advised that codefendants' counsel had concerns over the admissibility of some portions of the stipulation and were reviewing it to submit consolidated feedback.

On April 9, 2024, counsel for Mr. Lustberg and Hana sent the Government a revised stipulation that included a number of comments and insertions that the Government understands reflected input from codefendants' counsel, which the Government quickly responded to in order to arrive at an accurate and complete stipulation. In two lengthy telephone calls on April 10 and 11, the Government and counsel for Mr. Lustberg and Hana went over the proposed stipulation paragraph by paragraph to confirm that each fact asserted in the stipulation was accurately and properly based on Mr. Lustberg's personal knowledge, in an effort to reach a stipulation that captured the substance of what Mr. Lustberg would testify to and, in an attempt to facilitate agreement, did not commit the parties to the admissibility of any or all of that testimony.

Accordingly, as the Government stated at the conference with all counsel on April 11, 2024, the status of that effort was that, after an extensive back-and-forth involving input from counsel for all defendants, and multiple drafts, the parties appeared to have a draft reflecting the substance of Mr. Lustberg's testimony, but disagreed as to whether all such testimony was admissible. In short, as the Government explained at the conference, it hoped to have signatures from all of the defendants' counsel soon. The parties would then later ask the Court to rule on the admissibility of those portions of the stipulation as to which there was a dispute. (Tr., Apr. 11, 2024 ("Apr. 11 Tr."), at 19.) The Government stated:

> We are working on a stipulation to get around the issues that were talked about in that *Curcio*. We have largely reached an agreement, indeed, we essentially have reached an agreement with Mr. Hana's counsel, but I want to flag two points related to that. First, all the other defendants have to agree. Otherwise, it doesn't work, and we can't have a stipulation that only one defendant signs. Second, while the agreement that I am referring to is indeed an agreement, it's an agreement as to what Mr. Lustberg would testify to; it's not an agreement as to admissibility. And the parties have very different views, perhaps reasonably, about different portions thereof of the stipulation, which would have to be litigated potentially in advance of trial. That we can do. But the first issue, that all defendants have to agree, is quite real. We will continue to work to seek that agreement, but I just want to flag it for the Court, because absent it, unless I am grossly misreading the law, Mr. Lustberg would have to be disqualified, which obviously will affect the May trial date.

(Apr. 11 Tr. at 19-20.) No party disagreed with the Government's description of the status of this stipulation or the Government's proposal as to the next steps, *i.e.*, all parties sign, and then the Court rules on admissibility challenges when ripe. Indeed, as Mr. Lustberg confirmed to the Court,

Honorable Sidney H. Stein
April 14, 2024
Page 4

"We have worked hard and we have a stipulation, but the other defendants have to agree to it as well." (*Id.* at 20.)

On April 12, the day after the conference, as a result of its detailed factual discussions with counsel for Mr. Lustberg and Hana, counsel for the Government circulated a stipulation that counsel for the Government and for Mr. Lustberg and Hana agreed accurately reflects the substance of Mr. Lustberg's testimony and reserves questions of admissibility.

In sum, over the 23 days between March 22 and the date of this letter, the Government spent considerable time to prepare a stipulation that would avert a disqualification. Of those 23 days, the operative draft of the stipulation was in the Government's possession only for 6— from April 1 to April 3, and April 9 to April 12. The Government understands that all of the codefendants have been involved in and had input into the drafting process, and until very recently the Government understood that all of the codefendants were amenable to a stipulation.

That changed two days ago, the day after the conference on April 11. On April 12, Menendez's counsel informed the parties that, based on that present draft of the stipulation, and contrary to the Government's understanding that was shared with the Court, Menendez did not expect to agree to a stipulation that contained any facts that he did not agree were both relevant and admissible. Subsequently, counsel for Fred Daibes informed the Government that Daibes wished to reserve the right to elicit additional facts from Mr. Lustberg based on developments at trial and, in any event, preferred to elicit certain points from Mr. Lustberg through cross-examination rather than in stipulation form.[4] Accordingly, counsel for Daibes has advised that he is not in a position to sign the proposed stipulation as to Mr. Lustberg's testimony and does not intend to propose an alternative stipulation..

As for the time of the filing of this letter motion (approximately 4:53 pm on Sunday), Menendez has not responded to the Government's request, made on Friday, that he provide more information regarding his position by 12 pm today so that the Government could update the Court.

The Government's Position

In light of the foregoing, it appears that it may be difficult to try all defendants (except for Nadine Menendez, who was severed for medical reasons) together on May 6. Because Daibes and Menendez persist in their refusal to sign the stipulation, the Government respectfully asks that the Court adjourn the trial to the currently scheduled control date of July 8, 2024, or to a time shortly thereafter in July (or earlier), so that all defendants (including Nadine Menendez, if possible) can be tried together.

To be clear, the Government has been and remains ready, willing, and able to try this case on May 6. Indeed, pursuant to the previously set deadlines, the Government is ready to produce 18 U.S.C. § 3500 material and trial exhibits tomorrow. However, for all of the reasons previously stated, Menendez is not entitled to be tried alone or with just one of his codefendants, who are

---

[4] The Government advised counsel for Daibes that, although it could not make promises in advance, it would be open in principle to adding additional stipulated testimony based on developments during trial, if such an addition was accurate and admissible. Counsel for Daibes maintained his position, citing the uncertainty arising from the fact that all parties would have to agree to any such mid-trial additions.

charged with bribing him in a joint scheme. On the contrary, Menendez's motion to do so was denied by the Court last Thursday for good reason (*see* Apr. 11 Tr. at 38-39 ("Let's turn to the Menendez motion to sever from Hana and Daibes. I am denying that."); a severance would result in the serious inefficiencies and unfairness that the Supreme Court has long warned against; less than six weeks ago, Menendez joined a letter motion, submitted by Hana, which stated that the Government's position that the May 6 trial date was reasonable was "divorced from reality" (Dkt. 240 at 1); and all that has changed since that time is a medical development that lent uncertainty as to when co-defendant Nadine Menendez, his wife, could proceed to trial, and accordingly permitted him to change his position and seek to be tried without her. The Court should not reward further gamesmanship or provide a perceived tactical advantage to one or more defendants charged together with committing crimes together.

Moreover, given the uncertainty that the Court described at the conference regarding when Nadine Menendez may be tried, granting a severance among the remaining defendants poses a great risk of an extraordinary *third* trial, which would impose an incredible burden upon lay witnesses, the parties, and the Court that is in no way commensurate with the value of adhering to the May 6, 2024 trial date, particularly given how soon that date is after indictment. All of the reasons set forth in the Government's letter opposing the first severance (Dkt. 301 at 2-3) apply, with even stronger force, to compel the rejection of a yet another lengthy and complex trial.

Adjourning the trial date as to the remaining defendants, while keeping them together, would also be fully consistent with the Court's ruling severing Nadine Menendez, and granting an additional severance would conflict with that ruling. The Court granted Nadine Menendez a severance to provide "certainty" to the parties regarding the trial date (Apr. 11 Tr. at 18), which the Court found was impossible as to Nadine Menendez in light of her medical issues (*id.* at 17 ("I think given the medical issues it's quite uncertain as to when we will go to trial."); *see also id.* at 18 ("[A] significant part of the Court's decision to have us go forward on May 6 is the substantial uncertainty in Mrs. Menendez's medical situation.").) That uncertainty does not exist here, as a reasonable time can be allowed for Hana to retain new counsel to the extent warranted, and for that counsel to prepare without any risk of a medical condition jeopardizing the new trial date. (*Cf. id.* ("I think new counsel can get up to speed.").).

By contrast, if another severance is granted, either a third trial is guaranteed (if Hana is given a different trial date from Nadine Menendez) or else both the Government and one or more other defendants is made subject to the uncertainty attendant to Nadine Menendez's trial date (if both of those trials were to be scheduled together). (*See* Apr. 11 Tr. at 18 ("July 8 will be, you may call it a control date, I call it trial date, but the Court understands it may slide."); *see also id.* ("[T]he parties are entitled to certainty.").) A firm trial date for the remaining defendants, while providing time for Hana to retain new counsel, would retain certainty for all without proliferating trials, and also—depending upon the adjourned date chosen and the progress of Nadine Menendez's medical condition—offers at least the possibility of a joint trial as to all defendants, including her, which as the Court recognized is preferable under the law if achievable. (*See* Apr. 11 Tr. at 17-18 (remarking that the grant of severance was "unfortunate given the public policy concerns behind the *Zafiro* case").)

Honorable Sidney H. Stein
April 14, 2024
Page 6

Request for a Conference

While the Court could rule on this matter on the papers, given the number of parties and complexity of the issues—and that 3500 material and exhibits are currently due tomorrow—the Government believes that it would likely be most efficient for the Court to hold a conference, potentially by telephone if necessary, at which it can determine how to proceed.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Daniel C. Richenthal
      Eli J. Mark
      Paul M. Monteleoni
      Lara Pomerantz
      Daniel C. Richenthal
      Catherine Ghosh
      Assistant United States Attorneys
      (212) 637-2431/2219/2343/2109/1114

cc:   (by ECF)

      Counsel of Record