# Exhibit A



Lawrence S. Lustberg

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

September 29, 2023

**VIA E-MAIL**

Eli Mark, Assistant U.S. Attorney
Paul Monteleoni, Assistant U.S. Attorney
Daniel Richenthal, Assistant U.S. Attorney
Lara Pomerantz, Assistant U.S. Attorney
1 Saint Andrews Plaza
New York, New York 10007

  Re: United States of America v. Menendez, Hana, Uribe & Daibes, No. 23-cr-490

Dear Eli, Paul, Dan and Lara:

  We write to follow up on yesterday's call with Eli and Paul regarding the ethical issues potentially raised by our continued representation of defendant Hana. As we discussed, and as you know from our prior interactions, we take our ethical obligations very seriously. We also agree that this issue merits a timely resolution. That said, we remain hopeful that we will be able to resolve this issue in a fair and equitable manner that does not require litigation with regard to our disqualification.

  Please do not take this correspondence as a complete set of the arguments we would make, or an exhaustive list of the considerations that would be brought to bear, if this issue is fully litigated. Rather, as promised, we here provide you with at least some of the authority that we have reviewed, though our legal research remains ongoing. That said, there are a few fundamental points that should underlie our discussions. First, as we told you, we have discussed this matter repeatedly with Mr. Hana, including after our call yesterday and he has expressed his very strong desire to have this Firm continue as trial counsel; indeed, he believes that it would be a substantial hardship to him if he is forced to retain new counsel given our representation of him for some four (4) years now, including throughout this investigation, which included a great deal of document review during the course of subpoena compliance. Hence, any motion practice will certainly implicate Mr. Hana's Sixth Amendment right to counsel of his choice which, while is not, we recognize, absolute, nonetheless must weigh in the balance.

  Based upon the current information available to us, we believe that the information to which I would testify (*e.g.*, that described in paragraph 44(c) of the Indictment) would—even assuming it is necessary to the Government's case, as the caselaw requires—be undisputed. Under

GIBBONS P.C.

September 29, 2023
Page 2

the circumstances, we do not think the intrusion on Mr. Hana's rights would be justified, or that the Government truly needs to attempt such an intrusion, for reasons that I began to lay out yesterday but would certainly be discussed further should that become necessary. We remain optimistic that appropriate stipulations entered into by all defendants, or other measures to assure that the concerns raised by the attorney-witness rules are avoided, can render any litigation of these issues unnecessary.

In any event, we promised to provide you with at least some of the caselaw that we believe supports our position. Please consider this list preliminary; as I mentioned, our legal research on this subject is ongoing, and we would certainly cite additional authorities in the event that this matter is litigated. In any event, in support of our position, we anticipate relying on the following authorities addressing New Jersey's and New York's Rule of Professional Conduct 3.7 governing attorney-witnesses.

- With respect to the purpose and application of Rule 3.7, *see, e.g., Main Events Prods., LLC v. Lacy*, 220 F. Supp. 2d 353 (D.N.J. 2002); *State v. Tanksley*, 245 N.J. Super. 390 (App. Div. 1991); *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173 (2d Cir. 2009).

- With respect to the necessity requirement (*i.e.*, the requirement that there not be other alternatives for obtaining the testimony), which we discussed yesterday, *see, e.g., J.G. Ries & Sons, Inc. v. Spectraserv, Inc.*, 384 N.J. Super. 216 (App. Div. 2006); *Freeman v. Vicchiarelli*, 827 F. Supp. 300 (D.N.J. 1993); *State v. Dayton*, 292 N.J. Super. 76 (App. Div. 1996); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413 (S.D.N.Y. 2015); *Oi Tai Chan v. Soc'y of Shaolin Temple, Inc.*, 910 N.Y.S.2d 872 (Sup. Ct. 2010). In this regard, please consider as well the notion that uncontested testimony cannot be the basis of a disqualification. *See, e.g.*, *State v. Tanksley*, *supra*, 245 N.J. Super. at 393-94; Cmt. 3 to NY Rules of Prof'l Conduct 3.7.

- With respect to the prejudice requirement, *i.e.*, that the party seeking to disqualify the attorney show that there exists a substantial likelihood that the lawyer's testimony would be prejudicial to that attorney's client (a requirement that does not apply here), *see, e.g.*, *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368 (E.D.N.Y. 2010); *Capponi v. Murphy*, 772 F. Supp. 2d 457 (S.D.N.Y. 2009); *Lamborn v. Dittmer*, 873 F.2d 522 (2d Cir. 1989).

- Finally, we also discussed whether my disqualification would cause the disqualification of the Firm, in the absence of a conflict of interest (which we do not see), *see, e.g.*, *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009); *Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.*, No. 10-1453, 2012 WL 4660865 (D.N.J. Oct. 1, 2012); *Bals v. Metedeconk Nat. Golf Club, Inc.*, CIV A 09-4861 MLC, 2010 WL 1373558 (D.N.J. Mar. 31, 2010); *Arenson Office Furnishings, Inc. v. Kopelman*, 1:20-

GIBBONS P.C.

September 29, 2023
Page 3

        CV-10497-MKV, 2021 WL 1758806 (S.D.N.Y. May 4, 2021); *Su v. Sotheby's, Inc.*, 17-CV-4577 (VEC), 2021 WL 3537189 (S.D.N.Y. Aug. 11, 2021).

    We hope that you find this helpful to your analysis and we look forward to continuing our conversation. In doing so, we would reiterate our request of yesterday for the substance of the testimony that you believe, at this point, that you would be eliciting from me, so that the necessity determinations – and the question of whether any of the facts at issue will even be disputed (as I do not believe they will be) – can be made, and weighed against the Defendant's Sixth Amendment rights, so as to justify the extreme remedy of disqualification. Without that information, we are, as I said yesterday, relying upon the Indictment, which may be incomplete in this regard. So please consider this a more formal request for that information, which would enable us to determine what position to take with regard to a potential motion and, if one is made, how to respond to it; both are impossible without some further elucidation of the Government's position in this regard, however preliminary it might be at this point.

    Thank you for your consideration of this matter.

                              Sincerely yours,

                              Lawrence S. Lustberg