THE LAW FIRM OF

# César de Castro, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Fax
cdecastro@cdecastrolaw.com
cdecastrolaw.com

April 15, 2024

*Via* **ECF**

The Honorable Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Menendez, et al.,* 23 Cr. 490 (SHS)

Dear Judge Stein,

We write, on behalf of Mr. Daibes, in response to the government's April 14, 2024 letter (ECF No. 318), in which it again requests an adjournment of the May 6, 2024 trial date. The government bases its request on the potential disqualification of counsel to Wael Hana, Lawrence Lustberg, because the parties have not yet reached a stipulation to avoid his live testimony and the disqualification of Mr. Hana's counsel could result in three potential trials, rather than the two potential trials already scheduled. We write to: (1) correct the record regarding Mr. Daibes' position as to the current version of the proposed Lustberg stipulation; (2) express Mr. Daibes' position regarding whether he is willing to forego his right to cross-examine a witness who will testify to facts in the government's case that it has described as "crucial"; and (3) propose a solution that we believe serves all parties and does not result in any additional delay or trials.

Status of Stipulation Negotiations

We would like to correct and clarify two statements made by the government in its letter that I do not believe accurately and completely communicates our position as expressed to them. First, the government claims that:

> counsel for Fred Daibes informed the Government that Daibes wished to reserve the right to elicit additional facts from Mr. Lustberg based on developments at trial and, in any event, preferred to elicit certain points from Mr. Lustberg through cross-examination rather than in stipulation form. Accordingly, counsel for Daibes has advised that he is not in a position to sign the proposed stipulation as to Mr.

>       Lustberg's testimony and does not intend to propose an alternative stipulation to the
>       government.

*See* Government's Letter at 4.

Second, the government characterizes Mr. Daibes as "persisting in his refusal to sign the stipulation." *Id.* These representations are not entirely accurate and do not describe our position.[1]

On Friday night, the government sent the current version of the Lustberg stipulation. When the Lustberg stipulation was originally sent to the government on or about April 1, 2024, it was 5 pages long and contained 12 paragraphs. The version of the stipulation that the government sent 48 hours ago was more than twice as long – 12 pages long containing 25 paragraphs. Mr. Daibes objected to many of those paragraphs, as had previously been communicated to it by Mr. Lustberg's counsel.

Less than 24 hours after the government sent this last version of the stipulation and after many hours of consideration and consultation with my client, I initiated contact with the government to discuss our concerns. By telephone conferences yesterday afternoon and evening, I informed the government that Mr. Daibes did not agree to the proposed stipulation as drafted, unless they would be accompanied by a discussion on admissibility issues and the inclusion of additional facts. In those good faith discussions yesterday with the government, I made Mr. Daibes' position and dilemma clear and impressed upon the government the seriousness and importance of his decision to potentially waive his right to confront a crucial government witness. In a follow-up email, I confirmed our position by writing:

>       Just letting you know, as I promised, that I have spoken with Mr. Daibes and he
>       has confirmed that he does not agree to the stipulation as it is, unless we can have
>       a discussion on admissibility issues. As I mentioned on our call, as a threshold
>       matter, if we were to forego Larry as a live witness (called in your case or ours),
>       we would likely want additional items added to the stip and some removed (for
>       example the items you highlighted, particular 1(b) we would want and we would
>       want any reference to all the charges on which Mr. Daibes' was indicted in NJ and
>       the plea be removed under FRE 410). And based on all of the prior back and
>       forth, it probably doesn't make sense to engage in that exercise now - correct me
>       if you think I am wrong.

Contrary to the government's representations, Mr. Daibes has not simply and dilatorily "persisted in his refusal to sign the stipulation." Indeed, he has engaged in good faith efforts to craft language acceptable to all parties, to create a stipulation that represents a fair, just,

---

[1] By email sent to the government at 7:53 p.m. on April 13, 2024, the undersigned asked the government "if it intended to alert the Court and include any representation as to our position," to please "run that part of the letter/motion by me beforehand." Between my sending that email and the government filing its letter in the late afternoon of April 14, 2014, the government did not contact me as I requested. While this is, of course, its right, had it done so I may not have had to write this letter and could have ensured that the government's description of Mr. Daibes' position was accurate.

truthful, complete and fully accurate recounting of the material facts, and which all parties believe would be admissible. Entering into such a stipulation could result in a complete waiver of a defendant's right to confront and cross-examine a key witness – after all, the matters that are the subject of the stipulation are not simply mundane, ministerial facts – so that the most careful consideration must be given to such an act.

<u>Mr. Daibes' Current Position Regarding Foregoing the Live Testimony of Mr. Lustberg</u>

To be clear, because of the concerns addressed above, Mr. Daibes will not agree to the Lustberg stipulation in its current form. We are certainly willing to continue discussions, but in its current state, Mr. Daibes will not forego the ability to cross-examine or call Mr. Lustberg in the defense case. Clearly, the government does not think any further discussions or iterations of the stipulation would be fruitful, or else it would have followed up on my unambiguous overtures to continue negotiations.

<u>Mr. Daibes Should Be Severed From the May 6, 2024 Trial</u>

There are alternatives, however, to simply disqualifying Mr. Lustberg. Severing Mr. Daibes from the May 6, 2024 trial, and trying him with Mrs. Menendez avoids Mr. Lustberg's disqualification, preserves the current trial date for Senator Menendez and Mr. Hana, and does not result in a third trial; Mr. Hana could retain his counsel of choice and the instant trial of Mr. Daibes, who is also Mr. Lustberg's client in the proceeding pending in the District of New Jersey would not be impacted.

As I expressed to the government yesterday evening, if Senator Menendez and Mr. Hana are willing to forego the live testimony of Mr. Lustberg and enter into a stipulation, then the most practical solution is to sever Mr. Daibes from the current trial and order that he join Mrs. Menendez in the second scheduled trial date. Senator Menendez and Mr. Hana can proceed to trial on May 6 and the issue of Mr. Lustberg's disqualification is mooted. Following that trial, Mr. Lustberg can testify live in the trial against Mrs. Menendez and Mr. Daibes, thereby preserving, at the very least, Mr. Daibes right to confront and cross examine an individual upon whom the government has said it will rely.

Respectfully submitted,

/s/

César de Castro
Seth Agata
Valerie Gotlib
Shannon McManus


cc:     All Counsel (*via* ECF)