UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                  :

UNITED STATES OF AMERICA              :      **STIPULATION**
                                                  :
              -v.-                              :      S4 23 Cr. 490 (SHS)
                                                  :

ROBERT MENENDEZ,                         :
WAEL HANA,                                         :
a/k/a "Will Hana," and                    :
FRED DAIBES,                                  :
                                                  :
                Defendants.               :
                                                  :
------------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED by and among the United States of America, by Damian Williams, United States Attorney for the Southern District of New York, Eli J. Mark, Daniel C. Richenthal, Paul M. Monteleoni, Lara Pomerantz, and Catherine E. Ghosh, Assistant United States Attorneys, of counsel, ROBERT MENENDEZ, the defendant, by his attorneys, Adam Fee, Esq. and Avi Weitzman, Esq., WAEL HANA, a/k/a "Will Hana," the defendant, by his attorneys, Lawrence S. Lustberg, Esq., Anne Collart, Esq., and Ricardo Solano Jr., Esq., and FRED DAIBES, the defendant, by his attorneys Cesar de Castro, Esq., Valerie Gotlib, Esq., Seth Agata, Esq., and Shannon McManus, Esq., that:

    1.      If called to testify as a witness, a lawyer who represented Fred Daibes in another matter ("Daibes's Counsel") would testify as follows:

            a.    On or about October 30, 2018, Indictment No. 18 Cr. 655 was filed in the United States District Court for the District of New Jersey, charging Fred Daibes and another defendant with an alleged fraudulent lending scheme. This indictment

    initiated the case captioned *United States v. Daibes, et ano.*, Criminal No. 18-655-SDW, pending in the District of New Jersey (the "Daibes D.N.J. Prosecution"), which was prosecuted by the U.S. Attorney's Office for the District of New Jersey.

b. Prior to the commencement of the Daibes D.N.J. Prosecution in October 2018, Daibes's Counsel gave a presentation to the United States Attorney for the District of New Jersey (Craig Carpenito) and First Assistant U.S. Attorney (Rachael Honig), among others, during which Daibes's Counsel advocated against criminal charges being brought against Daibes.

c. On or about February 10, 2020, the Court in the Daibes D.N.J. Prosecution scheduled trial, beginning with jury selection, on or about May 28, 2020. This trial date was subsequently adjourned by the Court on multiple times due to the COVID-19 pandemic, as a result of which no jury trials were occurring in the District of New Jersey.

d. The United States Attorney for the District of New Jersey (Craig Carpenito) resigned on or about January 5, 2021, and the then-First Assistant (Rachael Honig) then became Acting United States Attorney.

e. A list of potential candidates for the position of United States Attorney for the District of New Jersey began to circulate in legal industry press in or about January 2021. The list included, among others, Esther Suarez (the Hudson County Prosecutor) and Philip R. Sellinger (a lawyer in private practice). Daibes expressed to Daibes's Counsel that he thought Suarez, whom he said he knew, might be preferable, and more amenable to a favorable resolution of his pending criminal case. Daibes informed his counsel that he preferred Suarez to Sellinger because he

knew her and thought she would respond more favorably to his arguments. Daibes's Counsel did not express to Senator Menendez or anyone on his staff whether Daibes preferred one candidate or another for the U.S. Attorney position.

f.  During the course of the Daibes D.N.J. Prosecution, Daibes told Daibes's Counsel that Robert Menendez was pushing to get a new United States Attorney for the District of New Jersey appointed to fill the vacancy left by Carpenito's resignation. Daibes's Counsel planned to make a renewed presentation to the new United States Attorney, whoever it was, when appointed, but he did not discuss this strategy with either Senator Menendez or Senator Booker. Nor did Senator Menendez or Senator Booker consult with Daibes's Counsel as to their U.S. Attorney recommendations.

g.  Daibes's Counsel and Daibes discussed Sellinger in approximately late spring or early summer of 2021 after Suarez's candidacy did not appear likely to be successful. Daibes told Daibes's Counsel that he had seen Sellinger at Senator Menendez's wedding, though he had not spoken to him and he had no personal relationship with Sellinger. Daibes's Counsel told Daibes that he had known Sellinger a long time, and that Daibes's Counsel would reach out to Sellinger about Daibes's case if Sellinger was appointed to be the United States Attorney for the District of New Jersey.

h.  On July 13, 2021, the Court in the Daibes D.N.J. Prosecution scheduled trial for January 11, 2022. Daibes, through Daibes's Counsel, rejected a plea offer from the prosecution on November 26, 2021. Following the Thanksgiving holiday, the parties began more focused preparations for trial, including discussing and

ultimately setting a schedule for pretrial submissions and proceedings in advance of jury selection scheduled for on or about January 11, 2022.

i. On or about December 10, 2021, the United States Attorney's Office for the District of New Jersey offered Daibes another plea deal, which Daibes subsequently rejected.

j. On or about December 16, 2021, Sellinger was sworn in as the U.S. Attorney for the District of New Jersey, after being supported by both Senators Menendez and Booker, nominated by the President, and unanimously confirmed by the Senate.

k. Throughout December 2021, Daibes and Daibes's Counsel continued preparing for trial. Daibes wanted Daibes's Counsel to speak with the new United States Attorney for the District of New Jersey as soon as possible, but Daibes's Counsel decided they should wait to contact Sellinger until after January 1, 2022, to give him time to settle in and because Daibes's Counsel was busy preparing for trial.

l. Accordingly, at some point following Sellinger's swearing in, Daibes's Counsel contacted U.S. Attorney Sellinger to schedule a presentation to the U.S. Attorney's Office for the District of New Jersey in order to advocate for a favorable resolution to the case. U.S. Attorney Sellinger called back and advised that he was recused from the Daibes D.N.J. Prosecution and that any meeting with the U.S. Attorney's Office for the District of New Jersey would be with the First Assistant U.S. Attorney, Vikas Khanna. Daibes's Counsel does not remember exactly when Sellinger told Daibes's Counsel that he was recused, but believes it was in January 2022.

m.  Daibes's Counsel subsequently reported to Daibes of Sellinger's recusal from the Daibes D.N.J. Prosecution.  Daibes was upset by this news and expressed that he believed it would be another source of delay and he wanted closure.  Daibes did not otherwise indicate to Daibes's Counsel that he cared whether the presentation was made to Sellinger or Khanna.  Daibes's Counsel promised he would promptly get in touch with Khanna, which he did.

n.  On or about December 23, 2021, at the direction of the Court, the trial in the Daibes D.N.J. Prosecution, like all other cases in the District of New Jersey, was adjourned again due to the COVID-19 pandemic.  Daibes did not seek to delay his trial.

o.  In or about January 2022, sometime after Sellinger, as U.S. Attorney, had recused himself from the case, Daibes called Daibes's Counsel and used the speakerphone feature of Daibes's cellphone to allow Menendez to participate in the call.  During that call, which lasted approximately five minutes, Menendez criticized Daibes's Counsel, commenting that the case against Daibes was weak, that Daibes's Counsel was not being aggressive enough, and that Daibes's Counsel should push for dismissal of the Daibes D.N.J. Prosecution.

p.  At some point prior to this January 2022 call, Daibes told Daibes's Counsel that Menendez thought Daibes's Counsel was being a "wuss" in his approach to the Daibes D.N.J. Prosecution and should have been pressing for a dismissal.

q.  On or about February 10, 2022, Daibes's Counsel made a presentation to First Assistant U.S. Attorney Vikas Khanna regarding the Daibes N.J. Prosecution.  Sellinger did not participate in the presentation, as he had been recused from the case.

5

r. Thereafter, and for several months after the presentation, Daibes's Counsel and the U.S. Attorney's Office for the District of New Jersey engaged in discussions about a potential resolution of the Daibes D.N.J. Prosecution.

s. At all relevant times, Daibes's Counsel had no knowledge of any communications between Menendez and Sellinger.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation, marked as Government Exhibit \_\_\_\_\_, is admissible in evidence at trial.

Dated: New York, New York
_____, 2024

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Eli J. Mark
Daniel C. Richenthal
Paul M. Monteleoni
Lara Pomerantz
Catherine E. Ghosh

*Assistant United States Attorneys*

By: _____
Adam Fee, Esq.
Avi Weitzman, Esq.

*Attorneys for Defendant Robert Menendez*

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

By: _____
    Lawrence S. Lustberg, Esq.
    Anne Collart, Esq.
    Ricardo Solano, Jr., Esq.

    *Attorneys for Defendant Wael Hana*

By: _____
    Cesar de Castro, Esq.
    Valerie Gotlib, Esq.
    Seth Agata, Esq.
    Shannon McManus, Esq.

    *Attorney for Defendant Fred Daibes*