

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 16, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et al.*,
               S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes pursuant to the Court's Order of yesterday, April 15, 2024 (Dkt. 322), to report the status of the parties' attempts to reach an agreement regarding a stipulation as to the expected testimony of Lawrence S. Lustberg, Esq., lead counsel to defendant Wael Hana. As set forth below, despite extensive and active negotiations, the parties have not reached agreement and the Government does not believe that an agreement will be reached. Accordingly, the Government intends to move, on or before tomorrow, April 17, 2024, to disqualify Mr. Lustberg, and respectfully requests that its time to produce trial exhibits, 18 U.S.C. § 3500 material, and witness list be held in abeyance pending the disposition of that motion.

      Following the Court's Order, the Government received from counsel for Robert Menendez a revised stipulation that proposed certain changes to the Government's proposed stipulation that both (a) removed information and (b) changed the substance and tone of the testimony that Mr. Lustberg was expected to give. Although counsel for Mr. Lustberg had already agreed with the factual accuracy of the Government's proposed stipulation (*see* Dkt. 319, Exhibit C (filed by Menendez under seal)), and although Menendez's subsequent proposal deleted information that, in the Government's view, was both necessary and not available from another source, the Government engaged in continued good faith negotiations with counsel for Mr. Lustberg to determine whether a workable and accurate revision to the stipulation was possible.

      The Government also engaged in a call with counsel for Fred Daibes in which his counsel indicated that he might seek a term in the stipulation that reserved his right to call Mr. Lustberg as a witness in a defense case, to which the Government informed counsel that it could not agree. Counsel for Daibes did not on that call definitively state whether he would insist on such a term, and instead suggested that he wanted to review the Government's response to Menendez's revised proposed stipulation.

Honorable Sidney H. Stein
April 16, 2024
Page 2

      The Government also engaged in a series of calls with counsel for Mr. Lustberg and Wael Hana throughout the afternoon and evening, in which counsel informed the Government that some of the language in Menendez's proposed stipulation was not factually accurate, and also stated, in sum, that the witness, *i.e.*, Mr. Lustberg, now objected to certain language that he had previously approved, and indeed had initially proposed, in the Government's April 12, 2024 proposed stipulation. Following a series of calls and an email from counsel for Mr. Lustberg, the Government sent to all parties a proposed revised stipulation addressing the factual issues raised by counsel for Mr. Lustberg and Hana. In sending that proposed revised draft, the Government also offered to make itself available for a call to discuss.

      At approximately 7:27 AM this morning, after reviewing the Government's proposed revised stipulation, counsel for Daibes repeated that although Daibes could agree to the stipulation (pending confirmation from Mr. Lustberg as to its factual accuracy), he would need a provision preserving and reserving his right to call Mr. Lustberg in any defense case, and indicated that he would make the decision whether or not to do so based on developments at trial.

      At approximately 11:04 AM, counsel for Menendez sent to all parties a proposed revised stipulation, which he represented all defense counsel were prepared to sign, making factual changes that the Government does not agree to and omitting necessary facts, and stating in the cover email, "We provide this agreed-upon stipulation with the reservation of rights in [counsel for Daibes's] email of 7:27 am this morning."—*i.e.*, the right to call Mr. Lustberg in the defense case based on developments at trial. The 11:04 AM email also represented that the edits the defense version made to one paragraph were insisted on by Mr. Lustberg for accuracy. About ten minutes later, counsel for Menendez sent a corrected email claiming that only certain of those changes were insisted on by Mr. Lustberg for accuracy, but still representing that all defendants were prepared to sign the stipulation. However, at 11:18 AM, counsel for Mr. Lustberg and Hana emailed the Government with additional claims about the substance of Mr. Lustberg's expected testimony concerning that paragraph that the Government believes are in tension with the text of the stipulation the defense proposed.

      Given that calling a defense lawyer from the counsel table to the witness stand would necessitate a mid-trial disqualification and mistrial (and one that would take place after all of the Government's witnesses have testified), and because the Government does not agree with the content of the stipulation proposed by the defendants, the Government cannot agree to the defense stipulation and does not believe further negotiations are likely to be productive.

      Accordingly, the Government presently intends to call Mr. Lustberg as a witness at trial and intends to move, on or before tomorrow, April 17, 2024, to disqualify Mr. Lustberg. If the Court prefers, the Government is available for a conference before filing such a motion. The Government also respectfully requests that its time to produce a witness list, trial exhibits, and 3500 material be held in abeyance pending the disposition of that motion, but proposes that all other court-ordered deadlines (*e.g.*, with respect to the Classified Information Procedures Act and

Honorable Sidney H. Stein
April 16, 2024
Page 3

requests to charge) remain in place, absent a contrary agreement among all parties for consideration by the Court.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

By:   s/ Paul M. Monteleoni
      Eli J. Mark
      Paul M. Monteleoni
      Lara Pomerantz
      Daniel C. Richenthal
      Catherine Ghosh
      Assistant United States Attorneys
      (212) 637-2431/2219/2343/2109/1114

cc:   (by ECF)

      Counsel of Record