

April 23, 2024

<u>*VIA ECF*</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write to request that the Court enter an order permitting Senator Menendez to possess copies of the government's 3500 material outside the presence of counsel.  To date, the government has designated all of its 3500 material—each and every page—as "Attorney's Possession Only" ("APO"), which, under the protective order in this case (Dkt. 55), requires it be maintained "in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible [and] shall not be possessed by the defendants, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible."[1]  The 3500 material that was marked APO consists of over 10,000 pages of documents for 49 testifying witnesses and 141 so-called "non-testifying witnesses."

Within hours of receiving the government's disclosure, we asked that the APO designation be removed to permit Senator Menendez to retain copies of the voluminous materials outside the presence of counsel.  The government refused, writing as follows.

> Given that trial is more than three weeks away, that the material contains sensitive/personal information, that the material contains statements and information of non-witnesses or other third-parties, that multiple witnesses have expressed concerns about testifying and/or have connections with a relevant foreign country, and that this case include foreign agent and obstruction of justice charges, we believe that Attorney's Possession Only is appropriate.

---

[1] Pursuant to the Protective Order, "[m]aterial may be designated [APO] only upon a good faith belief by the Government that designation as Protected Material provides insufficient protection to such material."  (Dkt. 55, ¶ 3).



Hon. Sidney H. Stein
April 23, 2024
Page 2

The government's reasons are not compelling. The obstruction charges as to Senator Menendez relate exclusively to alleged conversations between the Senator and his prior personal lawyer, and do not, of course, involve any allegation that he attempted to intimidate or otherwise engage with potential witnesses. Nor does the government even attempt to identify any legitimate, particularized concern that would allegedly arise were Senator Menendez permitted to retain copies of these materials.[2] Generic invocations about "witness concerns," "connections with a relevant foreign country," or "foreign agent … charges" do not justify the serious imposition on Senator Menendez's ability to prepare for trial. In addition, were the Court to lift the APO restriction, all other aspects of the protective order concerning the handling of documents would still apply, including the provisions prohibiting Senator Menendez from disclosing Protected Material (Dkt. 55, ¶ 5) and requiring counsel to seek leave of Court before sharing Protected Material with anyone other than Senator Menendez, personnel acting at counsel's direction, or prospective witnesses. (Dkt. 55, ¶ 7).

On the other hand, maintaining the APO restriction would significantly hinder the ability of Senator Menendez and his defense team to prepare for trial. Senator Menendez has to be in Washington, D.C. this week and possibly next to vote on important legislation. It presents significant logistical burdens to force Senator Menendez to physically travel to his counsel's office in-between votes, late at night, and over weekends to do the important work of reviewing witness materials.

Senator Menendez is a sitting federal lawmaker, with a high-level security clearance, and is aware of, and will abide by, all applicable rules regarding safeguarding of the 3500 material. But he needs to prepare for trial, and has limited time to assist his counsel in reviewing a large volume of material. We ask that the Court ensure that there are reasonable rules in place that permit him to do so, and make this sensible modification to the restrictions imposed by the government.

                                                                                            Respectfully,

                                                                                            /s/ *Adam Fee*
                                                                                            Adam Fee

---

[2] Preventing a defendant from possessing 3500 material is only appropriate where there is a "legitimate concern for witness safety." *United States v. Garcia*, 406 F. Supp. 2d 204, 306–307 (SDNY 2005) (holding that even defendants incarcerated while awaiting trial for repeated violent acts, including murder, in alleged furtherance of a narcotics distribution enterprise were entitled to possess certain 3500 material).

Case 1:23-cr-00490-SHS   Document 349   Filed 04/23/24   Page 3 of 3



Hon. Sidney H. Stein
April 23, 2024
Page 3

                                      Avi Weitzman

                                      *Attorneys for Defendant Robert Menendez*