# Exhibit 5

| | |
|---|---|
| **From:** | Richenthal, Daniel (USANYS) |
| **To:** | Weitzman, Avi |
| **Cc:** | PH-MenendezTeam; llustberg@gibbonslaw.com; Collart, Anne M. (ACollart@gibbonslaw.com); Ricardo Solano Jr. (rsolano@gibbonslaw.com); Cesar de Castro; Seth Agata (sagata@cdecastrolaw.com); vgotlib@cdecastrolaw.com; Monteleoni, Paul (USANYS); Mark, Eli (USANYS); Pomerantz, Lara (USANYS); Ghosh, Catherine (USANYS); Clark, Christina (NSD) |
| **Subject:** | [EXT] RE: United States v. Menendez - Brady Demand re |
| **Date:** | Wednesday, April 24, 2024 1:43:37 PM |
| **Attachments:** | image001.png |

--- External Email ---

Report Suspicious

Avi,

We continue to disagree with your assertions concerning *Brady*, prejudice, and allegedly belated disclosures or delay. It also appears that you misread our prior email. As you know, Rule 15 requires Court approval, and the defendant bears the burden. As we stated, if proper procedures are followed, and the defendant meets his burden, without waiving any objections, we will of course work with you concerning such depositions (or video testimony, in the alternative), including regarding scheduling. However, we cannot prejudge our position as to your motion until we see your motion.

Dan

Daniel C. Richenthal
Deputy Chief, Criminal Division
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278
Tel: (212) 637-2109
Fax: (212) 637-2615
Daniel.Richenthal@usdoj.gov

**From:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Sent:** Wednesday, April 24, 2024 9:14 AM
**To:** Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>
**Cc:** PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>; llustberg@gibbonslaw.com; Collart, Anne M. (ACollart@gibbonslaw.com) <ACollart@gibbonslaw.com>; Ricardo Solano Jr. (rsolano@gibbonslaw.com) <rsolano@gibbonslaw.com>; Cesar de Castro <cdecastro@cdecastrolaw.com>; Seth Agata (sagata@cdecastrolaw.com) <sagata@cdecastrolaw.com>; vgotlib@cdecastrolaw.com; Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>; Mark, Eli (USANYS) <EMark@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>
**Subject:** [EXTERNAL] RE: United States v. Menendez - Brady Demand re

Daniel – The fact that we only recently learned of some statements from ▮▮▮▮▮ (not all) mere days before the government produced its 3500 does not mean that the government satisfied its *Brady* obligations or its obligations to comply with the Court's *Brady* order. Nor does it cure the deep prejudice to the defense resulting from the government's belated disclosures.

At this point, the various individuals affiliated with ▮▮▮▮▮ ▮▮▮▮▮ ) have refused to make themselves available for trial. We are forced to seek Rule 15 depositions due to the government's delay. In light of your email below, we understand that the government will not object to such Rule 15 depositions and will work with us to schedule and expedite them. If our understanding is incorrect, please advise us as soon as possible this morning.

Best,
Avi

Avi Weitzman | Partner | Co-Chair – Complex Litigation and Arbitration



**Paul Hastings LLP** | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6920 | Mobile:+ 1.917.670.5267 | Fax: +1.212.319.4090
aviweitzman@paulhastings.com | www.paulhastings.com

**From:** Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov>
**Sent:** Monday, April 22, 2024 4:33 PM
**To:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Cc:** PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>; llustberg@gibbonslaw.com; Collart, Anne M. (ACollart@gibbonslaw.com) <ACollart@gibbonslaw.com>; Ricardo Solano Jr. (rsolano@gibbonslaw.com) <rsolano@gibbonslaw.com>; Cesar de Castro <cdecastro@cdecastrolaw.com>; Seth Agata (sagata@cdecastrolaw.com) <sagata@cdecastrolaw.com>; vgotlib@cdecastrolaw.com; Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov>; Mark, Eli (USANYS) <Eli.Mark@usdoj.gov>; Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov>; Ghosh, Catherine (USANYS) <Catherine.Ghosh@usdoj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>
**Subject:** [EXT] RE: United States v. Menendez - Brady Demand re ▮▮▮▮

Avi,

We disagree that the statements to which you point are *Brady*, it appears that you were already aware of them prior to the production of 3500 material, and, in any event, you were provided with them more than three weeks from trial. We also note that your email appears to rest on a misstatement concerning the Indictment. Paragraph 45 does not allege that the defendant took action in this respect. Rather, the sentence that you excerpted reads: "when he accepted at least certain of those things of value from DAIBES, MENENDEZ knew that DAIBES also expected MENENDEZ in exchange to take action to benefit the Government of Qatar, and thereby benefit DAIBES, who was seeking millions of dollars in investment from a fund with ties to the Government of Qatar."

In any event, this individual, who is represented by counsel, is equally available or unavailable to both sides. Without conceding admissibility or waiving objections to his potential testimony, if you seek to call this individual to testify in person in your case, if any, at trial—which we expect will be more than a month, and likely closer to two months, from now—and, after good faith efforts, you are not able to do because he resides outside of the United States, assuming proper procedures are followed, we are amenable to working with you with respect to a Rule 15 deposition or testimony by video.

Finally, please note that, given the Passover holiday today and tomorrow, starting soon, we will have limited availability until Wednesday (as you stated, on a different subject, was true for you and/or others also).

Dan

Daniel C. Richenthal
Deputy Chief, Criminal Division
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278
Tel: (212) 637-2109
Fax: (212) 637-2615
Daniel.Richenthal@usdoj.gov

---

**From:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Sent:** Monday, April 22, 2024 10:24 AM
**To:** Monteleoni, Paul (USANYS) <PMonteleoni@usa.doj.gov>; Mark, Eli (USANYS) <EMark@usa.doj.gov>; Richenthal, Daniel (USANYS) <DRichenthal@usa.doj.gov>; Pomerantz, Lara (USANYS) <LPomerantz@usa.doj.gov>; Ghosh, Catherine (USANYS) <cghosh@usa.doj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>
**Cc:** PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>; llustberg@gibbonslaw.com; Collart, Anne M. (ACollart@gibbonslaw.com) <ACollart@gibbonslaw.com>; Ricardo Solano Jr. (rsolano@gibbonslaw.com) <rsolano@gibbonslaw.com>; Cesar de Castro <cdecastro@cdecastrolaw.com>; Seth Agata (sagata@cdecastrolaw.com) <sagata@cdecastrolaw.com>; vgotlib@cdecastrolaw.com
**Subject:** [EXTERNAL] RE: United States v. Menendez - Brady Demand re ▮▮▮▮

Counsel – Following up on my below email, to which the government did not respond:

As you know, ▇▇▇▇ made numerous exculpatory statements to the government during his December 15, 2023 interview, which the government disclosed for the first time on April 19, 2024 in a 3500 document dump that included 3500 for non-testifying witnesses like ▇▇▇▇ Those exculpatory statements include, among others, that ▇▇▇▇ has no affiliation with the Qatari government; that no one in the Qatari government is aware of ▇▇▇▇ investment in Daibes's Edgewater project; that the investment in the Edgewater project was done on its own merits, having nothing to do with currying favor with Senator Menendez or the United States government, or as a reward for Senator Menendez's public statements or the Senate Resolution praising Qatar; and that Daibes never even mentioned Senator Menendez in his discussions with ▇▇▇▇. From ▇▇▇▇ statements, it is clear that the Menendez's public statements about Qatar and the Senate's passage of the Senate Resolution thanking Qatar had nothing to do with the investment in Daibes' Edgewater property. This runs directly contrary to the government's allegations in Paragraph 45 of the S4 Indictment and elsewhere that Senator Menendez took "action to benefit the Government of Qatar, and thereby benefit DAIBES, who was seeking millions of dollars in investment from a fund with ties to the Government of Qatar."

In light of the favorable statements from ▇▇▇▇ in the disclosures you made, please advise us immediately whether you have had discussions with his counsel regarding making him available to testify at trial? And please provide us some explanation for why you did not produce ▇▇▇▇ statements previously? This was a clear violation of *Brady* and the Court's order requiring the disclosure of "all information 'favorable to an accused' that is 'material either to guilt or to punishment' . . . promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case." Dkt. 21. The failure to have produced this information earlier is highly prejudicial given that ▇▇▇▇ resides outside the United States. We therefore are demanding that the government advise us immediately of the efforts it has taken or **is prepared to take** to make ▇▇▇▇ available to the defense at trial.

We reserve all rights.

Regards,
Avi

---

**Avi Weitzman | Partner | Co-Chair – Complex Litigation and Arbitration**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6920 | Mobile:+ 1.917.670.5267 | Fax: +1.212.319.4090
aviweitzman@paulhastings.com | www.paulhastings.com

---

**From:** Weitzman, Avi <aviweitzman@paulhastings.com>
**Sent:** Thursday, April 18, 2024 9:28 AM
**To:** Monteleoni, Paul (USANYS) <Paul.Monteleoni@usdoj.gov>; Mark, Eli (USANYS) <Eli.Mark@usdoj.gov>; Richenthal, Daniel (USANYS) <Daniel.Richenthal@usdoj.gov>; Pomerantz, Lara (USANYS) <Lara.Pomerantz@usdoj.gov>; Ghosh, Catherine (USANYS) <Catherine.Ghosh@usdoj.gov>; Clark, Christina (NSD) <Christina.Clark3@usdoj.gov>
**Cc:** PH-MenendezTeam <PH-MenendezTeam@paulhastings.com>; llustberg@gibbonslaw.com; Collart, Anne M. (ACollart@gibbonslaw.com) <ACollart@gibbonslaw.com>; Ricardo Solano Jr. (rsolano@gibbonslaw.com) <rsolano@gibbonslaw.com>; Cesar de Castro <cdecastro@cdecastrolaw.com>; Seth Agata (sagata@cdecastrolaw.com) <sagata@cdecastrolaw.com>; vgotlib@cdecastrolaw.com
**Subject:** United States v. Menendez - Brady Demand re ▇▇▇▇

Counsel –

It has come to our attention that the government has failed to produce certain *Brady* material relating to ▇▇▇▇ ▇▇▇▇ evaluations of and ultimate investment in one or more real estate development projects owned by Fred Daibes. As you know, ▇▇▇▇ is the "Qatari Investment Company" cited in ¶¶ 55, 57, 60, 64, and 66 of the Fourth Superseding Indictment. In particular, we are informed that the government has interviewed certain ▇▇▇▇ personnel (including ▇▇▇▇ ▇▇▇▇), and that at such interviews, the personnel essentially disputed the allegations in the government's indictment. Among other things, we have reasons to believe that the ▇▇▇▇ personnel denied that ▇▇▇▇ invested in Daibes's project in order

to curry favor with Senator Menendez, and stated that Senator Menendez's press release regarding Qatar and the Senate's passage of the resolution referenced in the Indictment were unrelated to the Daibes investment and had no impact on the Daibes investment, and that ▇▇▇▇/Qatar did not request or expect any such action from Senator Menendez in exchange for the investment in Daibes' project. In addition, we believe that any statements by ▇▇▇▇ and/or other ▇▇▇▇ personnel concerning ▇▇▇▇ substantial due diligence of and legitimate reasons for its potential investment in Daibes' development project unrelated to Senator Menendez's actions or conduct constitute clear *Brady* material that should have been produced long ago. See ECF 22.

Please immediately produce all 302s and notes of interviews of ▇▇▇▇ employees or other Qatari or other witnesses who have disputed the government's allegations relating to Qatar/Daibes's investment, and advise us why these materials were not previously produced by the government pursuant to its *Brady* obligations.

Regards,
-Avi

**Avi Weitzman | Partner | Co-Chair – Complex Litigation and Arbitration**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6920 | Mobile:+ 1.917.670.5267 | Fax: +1.212.319.4090
aviweitzman@paulhastings.com | www.paulhastings.com

********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confdential. If you received this transmiss on in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more informat on about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.