

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 8, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Robert Menendez, et al.*,
      S4 23 Cr. 490 (SHS)

Dear Judge Stein:

  The Government respectfully writes in the above-captioned matter in brief response to defendant Robert Menendez's letter motion of earlier today (Dkt. 382). For the reasons described below, the motion should be denied.

  The defendant's motion is premised on his mistaken assumption that "the FBI likely used an automated cash counter to record those serial numbers" (*id.* at 1) and his incorrect asserted "understanding that whenever the FBI seizes large volumes of cash, the FBI records all serial numbers from the bills for tracking and investigative purposes" (*id.* at 2). Irrespective of whether such documents, if they existed, would be discoverable, in this investigation, the FBI did not use an "automated cash counter" to record the serial numbers of the seized bills, nor did the FBI "record[] all serial numbers from the bills." There is no "pure output from the cash counter." (*Id.*) The FBI did not create, or provide to the Government, any such list using a cash counter or any "other method."[1] (*Id.*)

  The defendant is clear that he is "not requesting any work product from the prosecutorial team regarding those serial numbers." (*Id.*) He makes no such request because, as the Government explained before the motion was filed (*id.* at 1 n.1), material created by or for the prosecution team in preparation for trial is work product that is not discoverable. *See* Fed. R. Crim. Pro. 16(a)(2) ("[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."); *United States v. Armstrong*, 517 U.S. 456, 462-63 (1996) ("[U]nder Rule 16(a)(2), [a defendant] may not examine Government work

---

[1] The Government only learned for the first time when reading the defendant's motion that the defendant seeks a list generated by the FBI. In efforts to confer about this issue, defense counsel only referenced lists made by "the government," which the Government understood to be a reference to the U.S. Attorney's Office.

Honorable Sidney H. Stein
May 8, 2024
Page 2

product in connection with his case."); *United States v. Ghailani*, 687 F. Supp. 2d 365, 369 (S.D.N.Y. 2010) (work product is "protected against disclosure regardless of its materiality"); *cf., e.g.*, *United States v. Payden*, 613 F. Supp. 800, 820 (S.D.N.Y. 1985) (denying request "for analysis of [certain] toll records" and explaining that such an analysis is "not discoverable because they are internal government documents made in connection with the investigation of this case").

Moreover, although his motion should be denied in any event, months ago, the defendant physically examined, and took numerous closeup photographs of, the same cash. And prior to the defendant's motion, in response to his request for information about the serial numbers, the Government identified by Government Exhibit number (which can be linked through the exhibit index to Bates number and FBI 1B number) the FBI's photographs of the bills so he could also create his own list of serial numbers if he chose. He thus already has information regarding the serial numbers.

In sum, the defendant seeks certain material he mistakenly believes was created by the FBI, but the FBI created no such list or lists. And to the extent the prosecution team generated work product based on evidence already in the defendant's possession, or to which he has long had access, he concedes that it is not discoverable. The motion should therefore be denied.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:   <u>s/ Daniel C. Richenthal</u>
    Eli J. Mark
    Daniel C. Richenthal
    Paul M. Monteleoni
    Lara Pomerantz
    Catherine E. Ghosh
    Assistant United States Attorneys
    (212) 637-2431/2109/2219/2343/1114

cc:    (by ECF)

    Counsel of Record