

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 9, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et al.*,
               S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter to request that the Court order defendant Robert Menendez to promptly identify what documents, if any, obtained from the United States Senate he intends to offer into evidence, and whether, irrespective of the introduction of such documents, he intends to waive Speech or Debate Clause protection over otherwise-protected actions.  The Government has taken seriously the Court's comments about the parties seeking to work together, and the Government has repeatedly engaged with Menendez's counsel regarding the Government's concerns, without engaging in motion practice.  Unfortunately, that has not sufficiently succeeded.  With trial only days away, the Government accordingly files this motion.

      I.    <u>The Court Should Order Menendez to Identify Those Documents from the Senate that He Intends to Offer into Evidence, and Whether, Separate from Such Documents, He Intends to Waive Speech or Debate Protection</u>

          A.    Recent Request by Menendez for and Productions of Senate Materials Implicating the Speech or Debate Clause

      The Government received earlier this week from the Senate a copy of a voluntary production from the Senate, which had been previously provided to Menendez.  The Government understands that this production is largely or entirely from the Senate Foreign Relations Committee.  This afternoon, the Government received a link to what appears to be a second such production, also previously provided to Menendez.  The Government is still reviewing these sets of materials, but they appear to include (a) multiple documents that previously had been withheld or redacted, at Menendez's request, in light of the Speech or Debate Clause, and (b) multiple documents regarding foreign military financing ("FMF"), foreign military sales ("FMS"), holds on the same, and the pertinent Senate resolution concerning Qatar (S. 390).  In short, the materials include a number of documents, on multiple subjects, from multiple time periods, which implicate

the Speech or Debate Clause under the Court's opinion. S*ee United States v. Menendez*, No. 23 Cr. 490 (SHS), 2024 WL 1120182 (S.D.N.Y. Mar. 14, 2024).

That the productions contain these materials is not an accident. Indeed, Menendez's subpoena (which was later withdrawn), which preceded and the Government understands governed the scope of the productions, *expressly called* for such materials, including those regarding FMF, FMS, and holds on the same. Menendez has also previously suggested that he intends offer evidence on such subjects. (*See* Menendez April 8, 2024 Notice ("reserv[ing] all rights to offer evidence relating to certain aspects of conduct referenced in [FARA], including, for example, that Senator Menendez did not engage in activities 'serving predominantly a foreign interest,' without asserting that such conduct is protected as an affirmative defense").) The Government has raised this concern for some time, including at the final pretrial conference earlier this week. The Government has also expressly asked Menendez whether, in light of his recent request for and obtaining of such materials, he intends to waive Speech or Debate Clause protection over otherwise-protected actions. He has not responded.

### B. Menendez's Belated and Limited Production of Exhibits to Date

The Court previously set a deadline of April 26, 2024 for the production of exhibits a defendant may seek to introduce in the Government's case-in-chief. (*See* Dkt. 341; Minute Entry re April 19, 2024 Conference.) Menendez did not produce or identify any exhibits by this deadline.

Last night, May 8, 2024—nearly two weeks after this deadline, and following repeated requests from the Government—Menendez produced 14 documents, which were unmarked, but that his counsel stated they might introduce in the Government's case-in-chief. Menendez's counsel also stated that they reserve the right to supplement the production. The production did not appear to include any of the materials Menendez recently sought and obtained from the Senate.

### C. Discussion

As described above, while Menendez previously claimed that he had not decided whether to offer evidence implicating the Speech or Debate Clause (*see* Dkt. 272, at 3), he has now affirmatively sought and obtained multiple materials for trial that do so. However, he has not provided any indication of his intentions, or even responded to the Government's inquiry. Menendez should now provide notice of his intentions so that the Court can efficiently and timely resolve any dispute about the scope of any waiver of Speech or Debate Clause protection. As the Government previously explained (Dkt, 267, at 5-6), without adequate notice, reciprocal discovery, and, if warranted, a hearing, the Court would not be able to make a pretrial ruling regarding waiver, and litigation regarding the scope of it would likely disrupt or delay trial.

To be sure, the Government bears the burden of proof at trial, and Menendez has disclaimed an intention to invoke any affirmative defense. (*See* Menendez April 8, 2024 Notice.) But that does not relieve him of the obligation to determine timely whether he intends to rely upon the Speech or Debate Clause, or instead to use or offer materials that would otherwise be protected, thereby triggering disclosure obligations and permitting the Government to introduce evidence it otherwise could not. *See generally In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying

communications from scrutiny by the opposing party."). Nor would it be appropriate for Menendez to wait to do so until during or following the Government's case-in-chief. On the contrary, such a tactic would be extraordinarily disruptive to witnesses, the Court, and the jury—and not simply because it likely would lead to complex litigation during trial. Rather, it would also likely necessitate the Government re-calling certain witnesses to testify about subjects that the Government had planned for them *not* to testify about, to seek additional information from the Senate, and/or to present additional documents that could have far more efficiently been presented sooner. That kind of disruption to the Government's case might be in Menendez's perceived interest, but he is not entitled to proceed in this fashion. In short, Menendez is not entitled to use the Speech or Debate Clause as both a sword and a shield, constraining the Government's case until such time as he sees fit. *See, e.g.*, *United States v. Myers*, 635 F.2d 932, 942 (2d Cir. 1980); *United States v. Renzi*, 769 F.3d 731, 747 (9th Cir. 2014).

For the foregoing reasons, the Court should order Menendez to promptly provide notice of his intentions for materials implicating the Speech or Debate Clause, including identifying which of such documents from the Senate he intends to offer. *See generally Williams v. Florida*, 399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played."); *see also id.* (the "search for truth" is enhanced by "both the defendant and the State [having] ample opportunity to investigate certain facts crucial to the determination of guilt or innocence"); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("[T]he accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."); *Wardius v. Oregon*, 412 U.S. 470, 473 (1973) (the "ends of justice" are served by disclosure that "reduces the possibility of surprise at trial").

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Daniel C. Richenthal
      Eli J. Mark
      Daniel C. Richenthal
      Paul M. Monteleoni
      Lara Pomerantz
      Catherine E. Ghosh
      Assistant United States Attorneys
      (212) 637-2431/2109/2219/2343/1114

cc:   (by ECF)

      Counsel of Record