

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ROBERT MENENDEZ, NADINE MENENDEZ, WAEL HANA, and FRED DAIBES,

Defendants.

23-cr-490 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge

On April 29, 2024, the Court held an *in camera* hearing pursuant to Section 6(a) of the Classified Information Procedures Act (CIPA) in order to "make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. app. 3 § 6(a). The Government was present, along with cleared counsel for defendants Robert Menendez, Wael Hana, and Fred Daibes.

The Section 6(a) hearing centered on three of the five classified items raised by defendants in their Section 5 submissions: ███████, the ███████, and the Department of State Cable dated November 16, 2021.[1] For the reasons set forth below, the Court finds that none of those three classified items may be presented at trial. Therefore, ███████, ███████, and the Department of State Cable are each excluded from evidence.

### I. PROCEDURAL HISTORY

On April 10, 2024, defendants Robert Menendez and Wael Hana notified the Government and the Court in writing and under seal that they reasonably expected to disclose classified information in connection with the trial of this action pursuant to Section 5 of CIPA. (*See* ECF Nos. 303 and 304.) Defendants Nadine Menendez and Fred Daibes joined those CIPA Section 5 notices. (*See* ECF Nos. 306 and 307.) Hana also

---

[1] At the Section 6(a) hearing, the parties represented that they were in the midst of negotiations to agree upon stipulations for the other two classified items raised in defendants' Section 5 submissions — Summary Substitution #2 and Summary Substitution #5. At the request of the parties, the Court will not decide on the use, relevance, and admissibility of Summary Substitution #2 and Summary Substitution #5 at this time.

joined in Robert Menendez's CIPA Section 5 notice. (*See* ECF No. 309.) Menendez requested the disclosure of five items containing classified information: ▇▇▇▇ ▇▇▇▇▇▇ (USAO_CLASSIFIED_000147-153), the ▇▇▇▇▇▇▇▇▇▇ (USAO_CLASSIFIED_000154-155), Summary Substitution #2, Summary Substitution #5, and the Department of State Cable (USAO_CLASSIFIED_000043-47). Hana requested the disclosure of three of those same items: ▇▇▇▇▇▇▇▇▇▇, the ▇▇▇▇▇▇ ▇▇▇▇ and the Department of State Cable.

On April 19, 2024, the Government responded to defendants' Section 5 submissions in writing and under seal pursuant to Section 6(a) of CIPA. (*See* ECF No. 343.) The Government presented its position that the classified information defendants intended to disclose should not be so disclosed, and requested an *in camera* hearing concerning the use, relevance, or admissibility of that classified information. That hearing was initially scheduled to take place on April 23, 2024, but was adjourned to April 29, 2024.

On April 24, 2024, defendants Robert Menendez, Hana, and Daibes filed a letter brief in opposition to the Government's CIPA Section 6(a) motion under seal. (*See* ECF No. 352.) The Government replied to defendants' opposition brief under seal on April 26, 2024. (*See* ECF No. 358.) As already noted, this Court conducted a Section 6(a) *in camera* hearing with counsel for the Government and for Robert Menendez, Hana, and Daibes on April 29, 2024, at which the Court made evidentiary determinations as to three of the five items containing classified information.

## II. LEGAL STANDARD

The purpose of the CIPA Section 6(a) classified, *in camera* hearing is for the Court to "make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. app. 3 § 6(a).

CIPA "does not alter the existing standards for determining relevance or admissibility." *United States v. Wilson*, 586 F. Supp. 1011, 1013 (S.D.N.Y. 1983) (quoting 126 Cong. Rec. H9308 (daily ed. Sept. 22, 1980) (statement of Rep. Mazzoli)), *aff'd*, 750 F.2d 7 (2d Cir. 1984). When making admissibility determinations pursuant to CIPA, the Court disregards the fact that certain material is classified. *Wilson*, 586 F. Supp. at 1013. Instead, the Court is to consider the use, relevance, and admissibility of the material under the Federal Rules of Evidence. *See United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984).

As in all evidentiary questions, the Court first determines whether the information at issue is relevant. Evidence is relevant if both "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not

admissible, and relevant evidence is admissible unless an exception applies. *See* Fed. R. Evid. 402.

One such exception is Rule 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403.

Another exception is when the evidence is hearsay pursuant to Rule 801. Hearsay "means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible unless an exception applies. *See* Fed. R. Evid. 802.

One hearsay exception raised by defendants is Rule 803(3), which provides that "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" is "not excluded by the rule against hearsay." Fed. R. Evid. 803(3). However, Rule 803(3) does not apply to "a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." *Id.*

Rule 806 is another hearsay exception raised by defendants. Rule 806 states that "[w]hen a hearsay statement—or a statement described in Rule 801(d)(2)(C), (D), or (E)—has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness." Fed. R. Evid. 806. Thus, "[t]he court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it." *Id.*

A final hearsay exception invoked by defendants is the admissibility of foreign documents as set forth in 18 U.S.C. §§ 3491 and 3505. Section 3491 states that a document "which is not in the United States shall, when duly certified as provided in section 3494 of this title, be admissible in evidence in any criminal action or proceeding in any court of the United States" so long as the document "satisfies the authentication requirements of the Federal Rules of Evidence." 18 U.S.C. § 3491. Section 3505 states that "a foreign record of regularly conducted activity" shall not "be excluded as evidence by the hearsay rule" as long as four conditions pertain, including that the record was made "at or near the time of the occurrence of the matters set forth" in the record, that the record "was kept in the course of a regularly conducted business activity," and that "the business activity made such a record as a regular practice." 18 U.S.C. § 3505.

### III.   DISCUSSION

The Court set forth on the record at the *in camera* Section 6(a) hearing of April 29, 2024, its rulings on the admissibility of the ▮▮▮, the ▮▮▮ and the Department of State Cable. (*See* Sealed Transcript of Section 6(a) Hearing at 7:16-8:5, 12:13-12:24, 17:15-18:4, 19:9-19:11.) Consistent with the requirements of CIPA Section 6(a), the Court now issues a written order "set[ting] forth in writing the basis for its determination." 18 U.S.C. app. 3 § 6(a).

#### A.   The ▮▮▮

The ▮▮▮ is excluded pursuant to Rule 403. First, it has very low probative value. It is an after-the-fact justification by ▮▮▮ and lacks indicia of reliability. Second, that very low probative value is substantially outweighed by the dangers of confusing the issues, misleading the jury, and wasting time.

The ▮▮▮ is also excluded because it is inadmissible hearsay. It is an out-of-court statement offered to prove the truth of the matter asserted therein to which no hearsay exception applies.

Rule 803(3) does not apply because, to the extent that the ▮▮▮ presents a declarant's intent, it does so by way of a "statement of memory or belief." Such statements fall beyond the Rule 803(3) carve-out and are inadmissible hearsay.

Rule 806 does not apply because the Government has represented that it does not intend to introduce into evidence any hearsay statement or statement described in Rule 801(d)(2)(C), (D), or (E) made by ▮▮▮. There is therefore no basis on which to attack ▮ credibility under Rule 806.

Finally, the ▮▮▮ does not come into evidence as a foreign document pursuant to 18 U.S.C. § 3491 because the document is presently in the United States, contrary to the statutory provision that the document must be outside of the United States, and has not been duly certified as required by the statute. 18 U.S.C. § 3505 is inapplicable because it contemplates "regularly conducted activity," which is not a descriptor assignable to ▮▮▮.

#### B.   The ▮▮▮

The ▮▮▮ has extremely low probative value: it does not state that the meetings were at the request of ▮▮▮, says nothing about the content of the meetings, and there is no indication as to who drafted the document. That low probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, undue delay, and wasting time. These dangers are especially acute here, as introducing the ▮▮▮ into evidence would require the

Government to introduce additional evidence contextualizing the ▮
▮ The ▮
▮ is excluded from evidence pursuant to Rule 403.

### C. The Department of State Cable

The Department of State Cable is excluded from evidence pursuant to Rule 403. If it is relevant at all, it is of extremely low probative value and that low probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, undue delay, and wasting time.

### IV.  Conclusion

For the reasons set forth above, the Court has determined that the three classified documents considered at the *in camera* Section 6(a) hearing of April 29, 2024—the ▮ ▮, the ▮, and the Department of State Cable—are inadmissible pursuant to the Federal Rules of Evidence and are therefore excluded from the trial.

The relevant agencies are directed to complete their classification review of this Opinion & Order within five days. This Opinion & Order will be considered presumptively classified until such review is complete. A public Opinion & Order will be published with necessary redactions upon completion of the classification review.

Dated: New York, New York
      May 2, 2024

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.