

May 10, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   *United States v. Menendez et al.*, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write on behalf of Senator Robert Menendez in response to the government's request that the Senator "identify what documents … he intends to offer into evidence" as part of his defense case—before the government has even *begun* to put on its own case-in-chief. That unprecedented request is unsupported, untenable, and probably unconstitutional. It also rests on a misunderstanding of Speech or Debate Clause principles.

To start, there is no legal basis to require a criminal defendant to identify, in advance of the prosecution's case in chief, his "intentions" for his defense case. As Judge Learned Hand put it: "Under our criminal procedure[, w]hile the prosecution is held rigidly to the charge, [the defendant] need not disclose the barest outline of his defense." *United States v. Garsson*, 291 F. 646, 649 (S.D.N.Y. 1923). Of course, defendants do have some discovery obligations. Rule 16(b) imposes certain disclosure duties, but the government does not claim that Rule supports the relief sought here. Meanwhile, Rules 12.1 through 12.3 require defendants to provide pre-trial notice of their intent to assert certain affirmative defenses, but the Court already ordered Defendants here to advise of *all* affirmative defenses they may raise at trial, and the government acknowledges that the Senator has complied. The government does not cite any legal authority whatsoever to support its broader demand to learn a defendant's "intentions" for the defense case before trial even begins. To counsel's knowledge, none exists. *See United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) ("[A] criminal defendant has … a right to protect his trial strategy ….").



Hon. Sidney H. Stein
May 10, 2024
Page 2

For good reason. The government bears the burden of proving its case at trial. The defense need not put on any case at all. Any defense evidence will thus always depend on whether and how the prosecution establishes the elements of the charged offenses. Indeed, it is not possible for Senator Menendez to identify in advance the documents he intends to offer as part of his defense case, for the decisions about whether to put on a case at all, and if so what points to advance, cannot be made until the prosecution carries its burden. To require a criminal defendant to commit to a particular defense case in advance of trial would thus threaten both his Due Process right to put the government to its burden of proof and his Fifth Amendment right to choose (at the proper time) whether to testify in his own defense. That is perhaps why the government is unable to cite a *single decision* imposing such an obligation.

Instead of citing legal authority, the government raises the prospect that the Senator may choose, as part of a defense case that he has no obligation to put on and may never need to put on, to offer affirmative evidence of his legislative acts. That evidence cannot be used *against him* under the Speech or Debate Clause, as this Court has recognized. But a federal legislator is free to "offer[] such acts in his own defense." *United States v. Myers*, 635 F.2d 932, 942 (2d Cir. 1980). If he does, the consequence is simply that he "thereby subjects himself to cross-examination" about those acts. *Id.* In other words, if a legislator "offers evidence of his own legislative acts at trial," then the government may be permitted "to introduce *rebuttal evidence* narrowly confined to the same legislative acts." *United States v. Renzi*, 769 F.3d 731, 747 (9th Cir. 2014) (emphasis added). Any so-called "waiver" of Speech or Debate Clause protection thus goes only, at most, to the government's *rebuttal* case. But for purposes of the prosecution's *case-in-chief*—at which point it necessarily remains a "matter of speculation" whether the defense will seek to offer any evidence of legislative acts, *Myers*, 635 F.2d at 942—the Speech or Debate Clause bars the government from offering evidence of protected legislative acts. *See id.* It does not allow the prosecution to use otherwise protected legislative materials in its case-in-chief as a *prebuttal* to evidence the defendant has not offered and may never offer, based on a speculative pre-trial representation he was forced to make. For the avoidance of doubt, the Senator to date has not, and at this juncture does not, waive the protections of the Clause.

The government's fearmongering about "waiver" also misrepresents the applicable legal principles. Unlike waiver of attorney-client privilege, for example, the Supreme Court has held that, if waiver of Speech or Debate protection is possible at all, it must be "clear and unequivocal" and the "ordinary rules" for waiver "do not apply in this setting." *United States v.*



Hon. Sidney H. Stein
May 10, 2024
Page 3

*Helstoski*, 442 U.S. 477, 491-92 (1979).  *Contra In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (cited by government; holding that corporate officer "can impliedly waive" corporation's attorney-client privilege).  So the government's insinuation that Senator Menendez may have waived his constitutional protections by seeking production of materials from the Senate Foreign Relations Committee is outright frivolous.  *Accord Pittston Coal Grp., Inc. v. Int'l Union, United Mine Workers of Am.*, 894 F. Supp. 275, 278 n.5 (W.D. Va. 1995) (no waiver where Senator voluntarily disclosed documents in civil litigation but did not explicitly and unequivocally waive the Speech or Debate privilege).  Not to mention that many of the Senate records do not reflect legislative activity by the Senator anyway.

Moreover, as stated, the affirmative introduction of legislative-act evidence at most subjects the legislator only to rebuttal evidence "narrowly confined to the *same* legislative acts."  *Renzi*, 769 F.3d at 747 (emphasis added); *see also United States v. Biaggi*, 853 F.2d 89, 103 (2d Cir. 1988) (admission of testimony about "factfinding activity" did not waive Speech or Debate protection as to "travel").  Again unlike the attorney-client privilege, there is no doctrine of subject-matter waiver in this constitutional context.  Accordingly, to the extent that the Senator does ultimately decide to introduce any evidence of legislative acts (and, to be clear, no such decision has been made), the scope of the government's rebuttal case will be enlarged only "narrowly" and manageably—this is no different in kind from any other defense evidence or testimony.

The government has previously and repeatedly represented that it can prove the charged offenses *without* reliance on legislative acts.  *E.g.*, ECF No. 180 at 44-45 ("at no point does the Indictment allege that Menendez *in fact* placed or declined to place a single hold"); *see also Myers*, 635 F.2d at 941-42 ("there is no reason to assume that at trial the Government will be unable to abide by the constitutional restriction upon its evidence").  Yet this is its second attempt to force a premature Speech and Debate waiver.  *See* ECF No. 267, 272, 275. These increasingly shrill letter motions suggest the government may have developed some doubts.  That is all the more reason why Senator Menendez cannot constitutionally be forced to waive his Speech or Debate protections before holding the government to its burden at trial.  Any contrary ruling would only invite appellate reversal.  *Cf. United States v. Dowdy*, 479 F.2d 213, 227 (4th Cir. 1973) (vacating convictions in light of "clear violations of the speech or debate clause").  The Court should therefore deny the government's latest letter motion.



Very truly yours,

/s/ *Adam Fee*

Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*