UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :     Case No. 1:23-cr-490 (SHS)
                                                            :
          v.                                                :
                                                            :
                                                            :
ROBERT MENENDEZ, NADINE                                     :
MENENDEZ, WAEL HANA,                                        :
and FRED DAIBES.                                            :
                                                            :
          Defendants.                                       :
                                                            :
---------------------------------------------------------- x

**KASOWITZ BENSON TORRES' AND KRIEGER LEWIN'S JOINT MOTION
TO QUASH DEFENDANT ROBERT MENENDEZ'S RULE 17(c) SUBPOENAS &
SUBPOENA FOR TRIAL TESTIMONY OF JOSE URIBE**

Kasowitz Benson Torres LLP ("Kasowitz") and Krieger Lewin LLP ("Krieger Lewin") respectfully bring this motion to quash three subpoenas served by Robert Menendez on Jose Uribe ("Uribe") and his current and former counsel (the "Menendez Subpoenas").

## **INTRODUCTION**

Senator Robert Menendez has engaged in a blatant and improper attempt to end-run around the discovery limitations of Federal Rules of Criminal Procedure 16 and 17 by serving no less than ***three*** facially improper subpoenas—two purportedly under Federal Rule of Criminal Procedure 17(c), and one insidiously issued under the guise of a subpoena *ad testificandum* for Uribe, a former co-defendant, a cooperator and a potential witness in this case.  These subpoenas are a classic—and improper—fishing expedition for "[a]ny and all documents and communications" with the government, and the privileged and work product documents of his former counsel, Krieger Lewin.  They seek documents that either could easily have been obtained directly from the government itself, if appropriate, or are protected by the attorney-client privilege and work product doctrine, and therefore not discoverable or admissible.

On April 24, 2024, Menendez's counsel and Uribe's counsel participated in a meet and confer call in which Uribe's counsel advised Menendez's counsel that the subpoenas served on Kasowitz and Krieger Lewin were improper under Federal Rule of Criminal Procedure 17(c). Menendez's counsel has yet to withdraw those subpoenas or respond to Uribe's objections. Instead, Menendez served *yet another* improper Rule 17(c) subpoena directed to Uribe under the guise of a Rule 17(a) subpoena *ad testificandum*[1] seeking the same inappropriate documents and communications with the government that his previous two Rule 17(c) subpoenas had sought.

---

[1] Fed. R. Crim. P. 17(a) "command[s] the witness to attend and testify at the time and place the subpoena specifies."

Significantly, Menendez used SDNY Form "AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case" for the Rule 17(c) subpoenas served on Kasowitz and Krieger Lewin.  To protect the recipients of Rule 17(c) subpoenas, S.D.N.Y Form AO 89B includes portions of Federal Rule of Criminal Procedure 17, including Rules 17(c), 17(d) and 17(e), and contains in pertinent part the following advice: "**Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena . . . .**"  Form AO 89B (07/16) (emphasis added.)

In the trial subpoena Menendez served on Uribe purporting to require him to produce documents and information, however, Menendez used S.D.N.Y's Form "AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case," which is to be used for a Rule 17(a) subpoena, and does not contain the important information about Rule 17(c) subpoenas that is included on Form AO 89B, including the right to move to quash.  Menendez's service of a subpoena for trial testimony using Form AO 89 to demand the production of documents and information—following Uribe's explicit objections to Menendez's two previous Rule 17(c) Subpoenas—is an obvious and improper attempt to circumvent the Rule 17(c) limitations under the guise of a Rule 17(a) subpoena.

On May 6, 2024, Uribe's counsel wrote to Menendez's counsel asking that they withdraw all three improper subpoenas.  Menendez's counsel again failed to respond.  Consequently, Uribe brings this motion to quash the Menendez Subpoenas in their entirety.

## FACTUAL BACKGROUND

Uribe was a co-defendant with Menendez and the other defendants in this criminal case until March 1, 2024, at which time Uribe pled guilty to a separate criminal information (S3 23 Cr. 490 (SHS)) pursuant to a cooperation agreement.  He is expected to testify as a witness at trial in

the government's case-in-chief.

Uribe was represented by Krieger Lewin until shortly after he was indicted, at which time Kasowitz took over his representation.  On or about April 11, 2024, counsel for Menendez sent a subpoena directed to Kasowitz (the "Kasowitz Subpoena"), and on April 18, 2024, counsel for Menendez sent a subpoena directed to Krieger Lewin (the "Krieger Subpoena" and together with the Kasowitz Subpoena, the "Rule 17(c) Subpoenas").[2]  Both subpoenas are designated as Rule 17 subpoenas to produce documents, information or objects in a criminal case and facially improperly seek, at least in part, drafts of Uribe's statements to the government.

The Rule 17(c) Subpoenas request "[a]ny and all documents and communications" between Uribe/his counsel/former counsel and the government.  Specifically, the Rule 17(c) Subpoenas request:

> **Any and all documents and communications** including, but not limited to, emails, text messages, memoranda, and messages sent on platforms such as WhatsApp, Slack, or similar platforms, **with** (1) any employee of the U.S. Attorney's Office for the Southern District of New York ("USAO"), or (2) any employee of the Federal Bureau of Investigation ("FBI") or any other law enforcement agency, regarding . . .

- . . . the scheduling of meetings and proffers with the government, the substance of any such meetings and proffers . . .
- . . . materials you provided to the USAO, the FBI, or any other law enforcement agency . . . including, but not limited to, copies of any documents or presentations made to the USAO or other law enforcement agency. . .
- . . . materials you received from the USAO, the FBI, or any other law enforcement agency . . .

---

[2] True and correct copies of the Kasowitz Subpoena and the Krieger Subpoena are attached hereto as Exhibits "A" and "B" respectively to the Declaration of Daniel J. Fetterman, dated May 12, 2024 (the "Fetterman Declaration").  While the Rule 17(c) Subpoenas originally were returnable for the original date set for the beginning of trial, May 6, 2024, the parties agreed to treat the reset date of May 13, 2024, as the return date for the Rule 17(c) Subpoenas.

Fetterman Dec. Ex. A, Rider A, Requests (a)-(c); and Ex. B, Rider A, Requests (1) (a), (b) and (d) (emphasis added).  The Kasowitz Subpoena also includes a request for "[a]ny and all documents and communications . . . with the government, [regarding] . . . the plea agreement, and the scheduling and substance of any plea allocution, including the provision of any draft plea allocution to the government[.]"  Fetterman Dec. Ex. A, Rider A, Request (a).

The Krieger Subpoena also includes a request for "any communications or materials" Krieger Lewin "exchanged" with the government "in connection with the representation of any form of payment made by Jose Uribe towards the 2019 Mercedes-Benz C300A4, VIN WDDWK8EB7KF873859 registered to Nadine Menendez, as a loan[.]"  Fetterman Dec. Ex. B, Rider A, Request (1)(c).  It further requests:

> Any and all internal memoranda, notes, documents and communications, as well as any correspondence and documents from, to, or with Jose Uribe, regarding the statements by counsel for Mr. Uribe that Nadine Menendez would pay Jose Uribe back for the car payments he made on her behalf, which statements were made during the proffer presentation by the Krieger Lewin law firm on behalf of Mr. Uribe to the U.S. Attorney's Office, Southern District of New York, on or about July 19, 2023.

*Id.*, Request (2).

Following receipt of the Rule 17(c) Subpoenas, Uribe's counsel met and conferred with Menendez's counsel.  During that conference, Uribe's counsel informed Menendez's counsel that the Rule 17(c) Subpoenas:  (1) violated Rule 17(c), (2) violated the *Nixon* standards, (3) were an end-run around Federal Rule of Criminal Procedure 16 discovery, (4) were a classic fishing expedition, and (5) were unduly and unnecessarily burdensome on Uribe by forcing his counsel to search for and produce information that, by definition, was in the government's possession and, if appropriate, easily obtainable from them.  Uribe's counsel further advised Menendez's counsel that Uribe would move to quash rather than comply with these inappropriate subpoenas.

Menendez's counsel requested that Uribe's counsel hold off on filing the motions to quash the Kasowitz and Krieger Subpoenas so they could discuss and respond to Uribe's objections.

On May 2, 2024, without responding to Uribe's objections concerning the Rule 17(c) Subpoenas, Menendez's counsel emailed to Uribe's counsel a third subpoena, using Form AO 89 directed to Uribe as a subpoena to testify at trial (the "Uribe Subpoena"). Significantly, this subpoena also included a rider demanding production of essentially the same inappropriate documents and communications between Uribe and the government that were sought by the Rule 17(c) Subpoenas served on Kasowitz and Krieger Lewin.[3] On May 7, 2024 counsel for Menendez acknowledged in an email the prior meet and confer, but only addressed the question of accepting service and did not indicate that Menendez would withdraw the Rule 17(c) Subpoenas, or any portion thereof.

On May 8, 2024, Uribe's counsel responded by email, reiterating Uribe's previous objections to the Rule 17(c) Subpoenas and further objecting to the third subpoena to the extent it constituted an improper and inappropriate end-run around Federal Rules of Criminal Procedure 16 and 17, and requesting that Menendez's counsel withdraw all three subpoenas by close of business on May 9, 2024.[4] Once again, Menendez's counsel failed to respond to Uribe's request to withdraw.

As discussed below, each of these subpoenas suffer from the same defects as the ones this Court quashed in their entirety in *United States v. Shah* ("*Shah I*"), No. 19 Cr. 833 (SHS), 2022 WL 1284550, at * 1 (S.D.N.Y. Apr. 29, 2022) (Stein, J.) and *United States v. Shah ("Shah II")*,

---

[3] The Uribe Subpoena is attached to the Fetterman Declaration as Exhibit C.
[4] The email from Uribe's counsel to Menendez's counsel is attached to the Fetterman Declaration as Exhibit D.

No. 19 Cr. 833 (SHS), 2022 WL 1422252, at *3 (S.D.N.Y. May 5, 2022) (Stein, J.), and should be quashed in their entirety.[5]

## **LEGAL DISCUSSION**

The Rule 17(c) Subpoenas and the Uribe Subpoena violate Rule 17(c) and the standards enumerated in *United States v. Nixon* and its progeny.

**I.      FEDERAL RULE OF CRIMINAL PROCEDURE 17(c) AND *UNITED STATES V. NIXON***

Federal Rule of Criminal Procedure 16 governs discovery in criminal cases, and this Court has recognized that a Rule 17 subpoena cannot be used for and is "'not intended to provide a means of discovery for criminal cases.'" *Shah I*, 2022 WL 1284550, at *1 (*quoting United States v. Nixon*, 418 U.S. 683, 698 (1974)).  In *Shah II*, this Court succinctly summarized the standards relevant to a motion to quash:

> To survive a motion to quash, "the materials requested [must be] relevant, specifically identified, admissible, and not otherwise procurable by due diligence." *United States v. Barnes*, 560 F. App'x 36, 39-40 (2d Cir. 2014); *see also United States v. Nixon*, 418 U.S. 683, 700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974) (the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity").  Importantly, a Rule 17 subpoena "is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 700.

*Shah II*, 2022 WL 1422252, at *3.  Additionally, Federal Rule of Criminal Procedure 17(h) provides that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement."  Despite this explicit prohibition, Menendez has demanded, among other things, production of the substance of any proffers and Uribe's plea allocution.  On their face, the Menendez Subpoenas do not comply with Rule 17 and must be quashed.

---

[5] Uribe has no objection to the proper *ad testificandum* portion of the Uribe Subpoena.

**II.      THE MENENDEZ SUBPOENAS VIOLATE RULE 17(c) AND THE STRICT STANDARDS OF *UNITED STATES V. NIXON* AND SHOULD BE QUASHED IN THEIR ENTIRETY**

The Menendez Subpoenas constitute "exactly the kind of 'fishing expedition' *Nixon's* strict standard is designed to prevent." *Shah II*, 2022 WL 1422252, at *3. They make impermissibly broad "any and all" requests "without mention of 'specific admissible evidence'" in the "hopes that something useful will turn up." *Id.* (internal citations and quotations omitted). All three subpoenas request, among other things, "[a]ny and all documents and communications including, but not limited to, emails, text messages, memoranda, and messages sent on platforms such as WhatsApp, Slack, or similar platforms" with the government.[6] *See* Fetterman Dec. Ex. A, Rider A and Ex. B, Rider A, Request (1). The Krieger Subpoena also requests "[a]ny and all internal memoranda, notes, documents and communications, as well as any correspondence and documents from, to, or with Jose Uribe, regarding the statements by counsel for Mr. Uribe that Nadine Menendez would pay Jose Uribe back for the car payments . . . ." Fetterman Dec. Ex. B, Rider A, Request (2).

Menendez clearly is attempting "to make an end-run around the discovery rules set forth in Fed. R. Crim. P. 16." *Shah II*, 2022 WL 1422252, at *3. Uribe has pled guilty, has agreed to cooperate and is identified as a witness on the government's witness list. As Your Honor made clear in *Shah II*, "[t]o the extent that any of the **subpoenaed** material is related to a government witness's testimony, the information will be subject to the government's disclosure obligations under 18 U.S.C. § 3500 material, [*Brady* and *Giglio*]." *Id.* (emphasis added). Here, as in *Shah II*, to the extent that any of the requested materials may not be relevant evidence that the government

---

[6] One of the requests in the Krieger Subpoena is "any communications or materials" Krieger "exchanged" with the government "in connection with the representation of any form of payment made by Jose Uribe towards the 2019 Mercedes-Benz C300A4, VIN WDDWK8EB7KF873859 registered to Nadine Menendez, as a loan[.]" Fetterman Dec. Ex. B, Rider A, Request (1)(c).

would be required to disclose, the Menendez Subpoenas fail to specify what that evidence might be.  *See id.*

The vast majority of the requested materials are, by definition, related to a government witness's testimony and are within the possession of the government since they request "[a]ny and all documents and communications" of a cooperating government witness with the government. So, if appropriate as Federal Rule of Criminal Procedure 16 discovery, Menendez can easily obtain these documents from the government.  In addition to being an improper end-run around Federal Rule of Criminal Procedure 16, the requests also demand that Uribe and his counsel and former counsel search through "emails, text messages, memoranda, and messages sent on platforms such as WhatsApp, Slack, or similar platforms" to search for the requested communications, and then review and produce them.  Such a request is unreasonable and oppressive.

The additional documents sought by Menendez's counsel from Krieger Lewin, "[a]ny and all internal memoranda, notes, documents and communications, as well as any correspondence and documents from, to, or with Jose Uribe, regarding the statements by counsel for Mr. Uribe that Nadine Menendez would pay Jose Uribe back for the car payments" are on their face privileged or work product and therefore not discoverable or admissible.  Fetterman Dec. Ex. B, Rider A, Request (2).  Consequently, Krieger Lewin would be required to search through "[a]ny and all internal memoranda, notes, documents and communications, as well as any correspondence and documents from, to, or with Jose Uribe", review them and create a privilege log for them.  Such an exercise—which would not result in the production of any specific, relevant and admissible evidence—also is unduly burdensome and oppressive.

Indeed, it appears that by serving not *one* but *three* clearly and facially defective subpoenas, failing to respond to Uribe's counsel's objections and requests to withdraw them, and disguising a

Rule 17(c) subpoena as one for trial testimony, Menendez and his counsel are intentionally attempting to create an inappropriate burden on—and distraction for—Uribe shortly before the trial begins.  Federal Rule of Criminal Procedure 17(c)(2) authorizes this Court to quash a subpoena "if compliance would be unreasonable or oppressive," which is indisputably the case with the subpoenas Menendez directed to Uribe and his counsel.

## <u>CONCLUSION</u>

For the reasons set forth above, the Menendez Subpoenas do not comply with the strict requirements of Rule 17(c) or the strict standards of *United States v. Nixon*, are overbroad, and unduly burdensome, and should be quashed pursuant to Federal Rule of Criminal Procedure 17(c)(2).

Dated: May 12, 2024

KASOWITZ BENSON TORRES LLP

By: */s/ Daniel J. Fetterman*
     Marc E. Kasowitz
     Daniel J. Fetterman
     Fria R. Kermani
     1633 Broadway
     New York, NY 10019
     Tel: (212) 506-1700
     Fax: (212) 506-1800
     mkasowitz@kasowitz.com
     dfetterman@kasowitz.com
     fkermani@kasowitz.com

     Ann M. St. Peter-Griffith
     1441 Brickell Avenue, Suite 1420
     Miami, Florida 33131
     Tel: (786) 587-1054
     Fax: (305) 377-1664
     astpetergriffith@kasowitz.com

     *Counsel for Jose Uribe*

KRIEGER LEWIN LLP

     Nicholas J. Lewin
     350 Fifth Avenue, 77th Floor
     New York, NY
     Tel: (212) 390-9559
     Nick.Lewin@KriegerLewin.com

     *Former Counsel for Jose Uribe*