# Exhibit B

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 23 Cr. 490 (SHS) |
| Robert Menendez et al | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: Krieger Lewin LLP

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Rider A.

| Place: Paul Hastings LLP, Attn: Avi Weitzman<br>200 Park Avenue<br>New York, NY 10166 | Date and Time: 05/06/2024 9:30 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/18/2024

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Robert Menendez , who requests this subpoena, are:

Adam Fee and Avi Weitzman, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166;
adamfee@paulhastings.com; (310) 620-5719; aviweitzman@paulhastings.com; (212) 318-6920.

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.   23 Cr. 490 (SHS)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)**

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**Rider A**

(1) Any and all documents and communications including, but not limited to, emails, text messages, memoranda, and messages sent on platforms such as WhatsApp, Slack, or similar platforms, with (1) any employee of the U.S. Attorney's Office for the Southern District of New York ("USAO"), or (2) any employee of the Federal Bureau of Investigation ("FBI") or any other law enforcement agency, regarding:

   (a) Jose Uribe and/or your representation of Mr. Uribe in the matter of *United States v. Menendez et al.*, No. S4 23 Cr. 490 (SHS), including but not limited to the scheduling of meetings and attorney or witness proffers with the government and the substance of any such meetings and proffers;

   (b) any materials you provided to the USAO, the FBI, or any other law enforcement agency in connection with the above-referenced matter, including, but not limited to, copies of any documents or presentations made to the USAO or other law enforcement agency; and

   (c) any communications or materials you exchanged with the USAO, the FBI, or any other law enforcement agency in connection with the representation of any form of payment made by Jose Uribe towards the 2019 Mercedes-Benz C300A4, VIN WDDWK8EB7KF873859 registered to Nadine Menendez, as a loan;

   (d) any materials you received from the USAO, the FBI, or any other law enforcement agency in connection with the above-referenced matter;

   (e) Senator Robert Menendez, Nadine Menendez, Wael Hana, Fred Daibes, Elvis Parra, or Ana Peguero.

(2) Any and all internal memoranda, notes, documents and communications, as well as any correspondence and documents from, to, or with Jose Uribe, regarding the statements by counsel for Mr. Uribe that Nadine Menendez would pay Jose Uribe back for the car payments he made on her behalf, which statements were made during the proffer presentation by the Krieger Lewin law firm on behalf of Mr. Uribe to the U.S. Attorney's Office, Southern District of New York, on or about July 19, 2023.

The relevant time period for this request is from the commencement of your representation of Mr. Uribe through the Present.