

May 12, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write concerning Senator Menendez's pending Rule 15 Motion (Dkt. 359–361).

On May 6, 2024, Your Honor urged the parties to negotiate in good faith to reach a stipulation that would obviate the need for Rule 15 depositions.  In response, the government told the Court that the government was "certainly open in good faith [to] considering any stipulation," and that "even if we think it's inadmissible, we'll gladly sign the stipulation and argue about it – that's been our position since the beginning."  (Final Pre-Trial Conference, Transcript at 19–20.)

Following the pretrial conference, the defense prepared a draft stipulation closely tracking the **_government's notes_** of meetings the **_government held_** with counsel for the Qatari Investment Company Deponents and with one of the Deponents.  The enclosed chart reflects that every factual statement in the defense stipulation was drawn—often, word-for-word—from the government's own notes of its meetings with Qatari Investment Company and from documents the Qatari Investment Company produced.  See Ex. A.[1]

We sent the draft stipulation to the government on May 9.  On May 10, the government responded that it was "still in the process of revising the stipulation and [we] hope to get back to you tomorrow with those revisions."  The government did not respond the next day.  Instead, the

---

[1] Exhibits A and B to this letter have been filed under seal because they reflect, respectively, a draft testimonial stipulation for a witness not publicly identified and a draft summary chart prepared by the government.



Hon. Sidney H. Stein
May 12, 2024
Page 2

government sat on the draft stipulation for three days—during which time the Defendants reviewed, revised, and agreed to dozens of other stipulations the government had proposed. And then, at 2:39 PM ET today, the government sent an email to the defense stating it flat out refused to engage on the Qatari Investment Company stipulation: no redlines, no counterproposal, nothing.  The government said that "we are not comfortable with a stipulation in lieu of testimony for this witness where he would not be subjected to cross-examination."

The government did <u>not</u> say that the evidence was irrelevant or immaterial; the government simply does not think the evidence is good for it, and have refused to even comment on a stipulation drawn entirely from the government's accounts of its own interviews of Qatari Investment Company personnel and from documents produced by the Qatari Investment Company.

That is not good faith.  And that is not what the government represented to counsel and the Court during the Final Pretrial Conference.

Indeed, the government has now contradicted what it told the Court in its Rule 15 opposition.  It's not that the evidence relating to the Qatari Investment Company is immaterial, as the government argued in its opposition: in fact, since the government filed its opposition, it has marked ***<u>dozens</u>*** of texts, emails, and documents produced by Qatari Investment Company as government exhibits.  It has also built a summary chart that, in large part, highlights the communications and actions of Qatari Investment Company witnesses.  *See* Ex. B.

The government views the evidence it ***<u>likes</u>*** from Qatari Investment Company as highly material.  The government just does not want the jury to hear what the Qatari Investment Company Deponents would actually say.  That's because the government knows from their meetings with the Qatari Investment Company Deponents' counsel and with one of the Qatari Investment Company Deponents that the Deponents' testimony would ***<u>disprove</u>*** the story the government wants to tell.

As the Court is aware, first, the government improperly withheld the exculpatory accounts of the Qatari Investment Company Deponents for ***<u>months</u>***, and only produced them as 3500 material for "non-testifying witnesses" (located abroad) three weeks before trial.  Second, the government opposed Defendants' timely Rule 15 Motion to obtain the Qatari Investment Company



Hon. Sidney H. Stein
May 12, 2024
Page 3

Deponents testimony.  And now, the government has caused the Court and defense to lose a week where the Rule 15 process could be moving forward, by falsely telling the Court and counsel that it would engage in good faith on a potential stipulation, even representing that it was willing to stipulate as to "inadmissible" evidence.

It has become clear that the government will do whatever it can to prevent the jury from hearing the truth from the Qatari Investment Company Deponents, while also presenting to the jury dozens of communications from those very same witnesses.  The Court should not reward the government's sharp tactics.  Defendants respectfully request that the Court promptly grant the Rule 15 Motion and allow the depositions to proceed, both for the reasons outlined in the defense's opening and reply briefs, and due to the additional events that have unfolded over these last several weeks.

    Very truly yours,

    /s/ *Adam Fee*
    Adam Fee
    Avi Weitzman

    *Attorneys for Defendant Robert Menendez*



Hon. Sidney H. Stein
May 12, 2024
Page 4

**Exhibit A**

Filed Under Seal



Hon. Sidney H. Stein
May 12, 2024
Page 5

## Exhibit B

Filed Under Seal