

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 14, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Robert Menendez, et al.*,
              S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter to advise the Court that the Government has several objections to and concerns about certain of the slides that counsel to defendant Robert Menendez appears to intend to use in their opening statement. After the trial day today, Menendez's counsel handed the Government 42 such slides in hard copy. The Government reviewed those slides and shared its objections and concerns with Menendez's counsel earlier this evening, who have not yet responded. The Government accordingly files this letter, and encloses the slides on which it has objections or concerns.

      <u>Slide One</u>[1]

      For the reasons set forth in the Government's pertinent motions *in limine* (Dkt. 291, at 17-20), this slide presents information concerning the defendant's background, including the assertion that he served the public "with distinction" and his family history, which have no connection to

---

[1] The Government received these slides in hard copy and without numbering and has assigned these numbers, and marked the slides with them, in order to identify the pertinent slides to the Court.

Honorable Sidney H. Stein
May 14, 2024
Page 2

the charges and appear designed to engender sympathy. Such information—and, in particular—lines 5 through 8—should be removed from this slide.[2]

### Slide Two

Similarly, Slide Two presents information about the defendant's prior marriage and divorce that appears to have no purpose but to seek to engender sympathy.

### Slide Three

Similarly, Slide Three presents information about the defendant's children that appears to have no purpose but to seek to engender sympathy.

### Slide Four

Slide Four appears to rely on hearsay statements—including of the defendant himself—to prove a contested matter, namely, when his spouse came into possession of certain gold.

### Slide Five

Slide Five contains a quotation of Martin Luther King, Jr. This quotation is not expected to come into evidence, is irrelevant, is improper in an opening statement, and should be barred under Rule 403.

### Slide Six

The first line of Slide Six refers to what Members of Congress have allegedly done "since the earliest Congress" hundreds of years ago. That alleged fact is not expected to come into evidence, is irrelevant, is confusing, and should be barred under Rule 403.

### Slide Seven

To the extent that the Government understands Slide Seven, it appears to be based on a misstatement of law, *i.e.*, that a thing of value must be provided to the public official directly and/or that an official act must have been undertaken. To be sure, the Government has no objection to the defendant's counsel commenting on the expected evidence or inferences therefrom, or using

---

[2] The Government also believes that the assertion that the defendant served "with distinction" would open the door to the Government introducing evidence of the defendant's admonishment by the Senate, https://www.ethics.senate.gov/public/ cache/files/49c12c75-7a26-4fe6-b070-19fcef4d7532/senator-robert-menendez---public-letter-of-admonition.pdf.

legal words, or briefly commenting on what the Court is expected to instruct the jury, but this slide appears to misstate the law or rest on a misstatement of the law.

### Slide Eight

Slide Eight contains a quotation of General Colin Powell. This quotation is not expected to come into evidence, is irrelevant, is improper in an opening statement, and should be barred under Rule 403.

### Slide Nine

Slide Nine purports to describe the "Government of the United States," but does so in an inaccurate manner, and not one that is expected to come into evidence, appears to be based on the incorrect legal premise that action taken between branches cannot be deemed to be corrupt, risks usurping the rule of the Court in communicating legal principles to the jury, and should be barred under Rule 403.

### Slide Ten

Slide Ten contains excerpts of a letter from 2010 signed by multiple Senators on an unrelated subject. This letter long predates the charged conduct, is irrelevant, is inadmissible and improper "positive propensity" evidence, and should be barred under Rule 403.

### Slide Eleven

The Government has no objection to Slide Eleven, but believes that it (or any evidence or argument along these lines) will effect a waiver of the Speech or Debate Clause protection over the defendant's role in this resolution and the passage of the resolution, particularly given that Menendez reported the resolution out of his committee to the full Senate two days before its adoption, rendering its subsequent passage by voice vote (described on the slide) a direct consequence of his action. *See* https://www.congress.gov/bill/117th-congress/senate-resolution/390/actions.

### Slide Twelve

Absent a sufficient connection to the defendant's contemporaneous knowledge, which the Government asked Menendez's counsel to provide and they did not, the speech in Slide Twelve is irrelevant and confusing. *See* Tr., May 6, 2024, at 12-13 (discussing significance of defendant's contemporaneous knowledge).

Finally, the Government notes that a number of these slides, and others Menendez's counsel provided, include photographs that he did not mark as exhibits, and should be marked and offered if he intends to use them in his opening statement.

\*\*\*

For the foregoing reasons, the Court should preclude Menendez from using these slides in their current form. The Court should also preclude him from making improper arguments or

Honorable Sidney H. Stein
May 14, 2024
Page 4

presenting irrelevant information, such as that in support of an assertion regarding "positive propensity" or regarding his family background, even if he did not use these or similar slides.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

By:   s/ Daniel C. Richenthal
       Eli J. Mark
       Daniel C. Richenthal
       Paul M. Monteleoni
       Lara Pomerantz
       Catherine E. Ghosh
       Assistant United States Attorneys
       (212) 637-2431/2109/2219/2343/1114
       Christina A. Clark
       Special Assistant United States Attorney
       (202) 307-5191

Enclosure

cc:    (by ECF)

       Counsel of Record