

May 18, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write on behalf of Senator Robert Menendez in response to the government's letter of May 16, 2024, regarding the Speech or Debate Clause (ECF No. 404).  In short, the evidence the government previews in its letter is barred by that Clause. And the government's repeated attempts to offer evidence showing how the Senator acted with respect to "holds" over military sales to Egypt—offered for the pretext of proving a corrupt agreement or promise by the Senator—asks the jury to make a factual finding based on the Senator's legislative acts.  That's precisely what the Speech or Debate Clause prohibits. The Senator accordingly objects.  *See United States v. Dowdy*, 479 F.2d 213, 227 (4th Cir. 1973) (vacating convictions in light of "clear violations of the speech or debate clause").

*First*, the Senator's text message reflecting his decision not to impose a hold on a sale of military equipment to Egypt (Dkt. 404-1) is evidence of that legislative act and therefore precluded.  *See United States v. Helstoski*, 442 U.S. 477, 487 (1979) (expressing "no doubt that ***evidence of a legislative act*** … may ***not*** be introduced by the Government in a prosecution under § 201") (emphases added); *United States v. Brewster*, 408 U.S. 501, 528 (1972) ("evidence of acts protected by the Clause is inadmissible").[1]

To be clear, Senator Menendez does not contend that the Speech or Debate Clause bars introduction of a "corrupt promise for payment."  *Brewster*, 408 U.S. at 526.  As the government

---

[1] The government nonsensically suggests that the Senator somehow waived an objection to this text message because he "did not, until *after* the Government opened, object to this text message or a description thereof."  ECF 404 at 2.  That is risible.  The government did not preview that it would reference this text message in its opening, and, as the text message had not been offered in evidence *before* the opening, there was no opportunity for the Senator to note his objection on the record to the text message.



Hon. Sidney H. Stein
May 18, 2024
Page 2

says, corrupt "[p]romises by a Member to perform an act in the future are not legislative acts." *United States v. Helstoski*, 442 U.S. 477, 489 (1979). But the government omits the prior sentence from *Helstoski*, which reiterates that the Clause "precludes ***any showing of how*** a legislator acted, voted, or decided." *Id.* (emphasis added). The text message in question does not memorialize a "corrupt promise for payment," *Brewster*, 408 U.S. at 526; it does not mention a payment at all. Rather, it expressly reflects that the Senator had "decided" *not* to exercise his legislative authority (*i.e.*, to place a hold) in connection with a particular pending sale of military equipment. Admission of that evidence would thus invade Senator Menendez's Speech and Debate privilege, as defined in the Supreme Court's decision in *Helstoski* (the very case on which the government relies).

Put another way, the government cannot seriously contend that its proffered text message reflects formation of an illicit, pre-legislative *quid pro quo*. In truth, neither the text message, nor any surrounding communications which the government seeks to offer, evidences either a "*pro*" or a "*quo*". The sole reason to offer the text message is to invite the jury to conclude that the Senator indeed signed off on the sale, and in turn to support an (improper) inference that he must have done so because he had previously entered some corrupt agreement. That is exactly the sort of inference from legislative conduct that the Speech or Debate Clause forbids, because allowing it would functionally obligate the Senator to defend and explain his legislative acts and motivations for taking them. *Accord United States v. Swindall*, 971 F.2d 1531, 1546 (11th Cir. 1992) (refusing to allow evidence that would "virtually compe[l]" Members to "justify [their] legislative actions," since doing so would "frustrate[] … the Speech or Debate privilege"). According to the Supreme Court, this is, indeed, core Speech and Debate activity.

*Second*, certain aspects of Witness-1's anticipated testimony likewise invade the Speech or Debate privilege. To be sure, we do not take issue with purely "background information" about the *process* for providing military aid, and thus the email and notice teeing up one such sale (Dkt. 404-2) are unobjectionable. The government's letter suggests, however, that Witness-1 will go further, and testify about prior holds and sign-offs imposed by *other* Members of Congress (as well as deliberation and debate between and among Members concerning the same). *See, e.g.*, Dkt. 404 at 3 ("Witness-1 is expected to testify regarding … conditions that Congress had imposed on certain portions of U.S. military aid to Egypt"); *id.* (witness will testify about how aid to Egypt was "controversial during that time period as a result of … concerns Members of Congress had raised regarding Egypt's human rights"); *id.* at 3-4 (witness will testify that human rights concerns led "to Egypt … not always receiving the full amount of FMF funds appropriated by Congress"). That indisputably amounts to evidence of legislative acts. Offering it in a criminal prosecution of a Member would therefore violate the Speech or Debate Clause, even though the proffered acts concern Members who are not defendants in this particular trial. *See U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1374-75 (2d



Hon. Sidney H. Stein
May 18, 2024
Page 3

Cir. 1988) (holding that Senator's testimony in civil antitrust action about conduct by **other Senators** was "properly excluded" under Speech or Debate Clause because it invades "the integrity of the legislative process").

Indeed, even a legislator who "elects to waive the privilege" still "may not give unfettered testimony regarding the legislative acts of other members," since those remain protected by the Clause.[2]  *Cano v. Davis*, 193 F. Supp. 2d 1177, 1179 (C.D. Cal. 2002); *see also United States v. Renzi*, 769 F.3d 731, 749 (9th Cir. 2014) (agreeing that "while Renzi may waive his own Speech or Debate privilege, he cannot waive the privilege of another Congressman").  Witness-1 therefore cannot testify that other Senators either signed off on military aid to Egypt, or held it up—or even that they discussed or debated doing either of those things in an official legislative setting, *e.g.*, a committee meeting.  Any such evidence of legislative action is barred in order to protect the broader institutional interests of Congress.

Moreover, the government suggests that Witness-1 will also testify about "the ability of members of SFRC leadership such as Menendez to impose, or to lift, holds on such FMF grants or on such sales through the FMS program." ECF 404 at 3.  This, too, necessarily implicates the legislative conduct of Senator Menendez because, when combined with evidence of actual military sales to Egypt (as the government intends to offer), it demonstrates that the Senator did not place a hold on such military sales, thereby crossing the line to implicate "evidence of a legislative act" by Senator Menendez under *Helstoski*, 442 U.S. at 487.[3]

For the foregoing reasons, Senator Menendez requests that GX B201-10 (ECF 404-1) be excluded and that Witness-1 be precluded from testifying in such a way as to implicate Senator Menendez or the legislative acts of any other member of Congress.

---

[2] To repeat, there has been no waiver of the Speech or Debate privilege by Senator Menendez at this time, and he continues to assert the privilege.

[3] It is no answer for the government to state, repeatedly, that this evidence "tracks the Indictment." ECF 404 at 4.  It is for that very reason that the Indictment itself crossed the Speech or Debate line and should have had multiple allegations and counts dismissed as a result thereof.  And even if the Indictment does not violate the Speech and Debate clause (as the Court found over Senator Menendez's objection), that does not mean that every communication referenced in the Indictment is admissible, particularly when presented in context with other evidence.



                                   Very truly yours,

                                   <u>/s/ *Adam Fee*</u>

                                   Adam Fee
                                   Avi Weitzman

                                   *Attorneys for Defendant Robert Menendez*