

May 19, 2024

<u>VIA ECF</u>

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Robert Menendez et al.*, S4 23 Cr. 490 (SHS)

Dear Judge Stein,

We respectfully submit this letter on behalf of Senator Robert Menendez to update the Court regarding the review of a 98-page summary chart that the government intends to offer in connection with testimony from FBI agent Michael Coughlin, who the government intends to call after the next two witnesses, likely on early Tuesday (or possibly late Monday).

The summary chart that the government intends to offer through Agent Coughlin (GX 1302) contains approximately 1,275 line entries and requires the admission in advance of over 500 exhibits. It contains excerpts of text messages, emails, phone records, photographs, financial records, internet search histories, handwritten notes, news articles, website screenshots, and many other categories of evidence. For a number of reasons, we do not believe that, as presented, this summary chart is admissible.

    A.    **Applicable Law**

Rule 1006 states that the "contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. Summary charts may be received in evidence, or simply be presented to the jury as an aid to better understand the evidence. *See Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 53 (2d Cir. 1993). Where the Government introduces summary charts, "the court must ascertain ***with certainty*** that they are based upon and fairly represent competent evidence already before the jury." *United States v. Blackwood*, 366 F. App'x 207, 212 (2d Cir. 2010) (citing *United States v. Conlin*, 551 F.2d 534, 538 (2d Cir. 1977) (emphasis added)).

In addition, to be admissible, Rule 1006 requires the proponent to demonstrate that the summary chart in question passes two tests: (1) the information the chart is summarizing must be "voluminous"; and (2) the proponent must demonstrate that this information in its source form



Hon. Sidney H. Stein
May 19, 2024
Page 2

"cannot be conveniently examined in court." Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court"); *see Peat v. Vanguard*, 378 F.3d 1154, 1159-60 (11th Cir. 2004) (ordering a new trial based on "improper admission of a Rule 1006 summary exhibit" and observing that "because summaries are elevated under Rule 1006 to the position of evidence, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes.'") (quoting *United States v. Smyth*, 556 F.2d 1179, 1184 (5th Cir. 1977)). The Court must guard against use of a summary chart that "presents an unfair picture [which] can be a potent weapon for harm." *United States v. Conlin*, 551 F.2d 534, 538–39 (2d Cir. 1977).

Moreover, the Court should not permit the use of summary charts that give the government *carte blanche* to put in their summation before the conclusion of the case. Rule 1006 does not allow the Government to put in as "evidence" documents that go far beyond merely summarizing voluminous information, but instead introduce hotly contested arguments in a manner that is certain to lead to juror confusion on critical issues. *See, e.g., United States v. Ekwuruke*, 372 Fed. Appx. 521, 523 (5th Cir. 2010) ("[S]ummary testimony cannot be used to allow the Government to repeat its entire case-in-chief shortly before jury deliberations.") (internal quotation marks and citation omitted).

B.   Discussion

The defense has substantial objections to the summary chart and numerous exhibits referenced therein. We provided the government with our objections on Saturday, May 18, as requested by the Court. We note that the government provided its latest version of the summary chart GX 1302 only on the evening of Thursday, May 16, 2024, and only alerted the defendants to the fact that it would be calling Agent Coughlin on Wednesday, May 14, 2024. Thus, we have had only a few days to review and note objections to the summary chart and the 509 exhibits referenced therein.

At the outset, there is no reason why the emails and text messages referenced in the summary chart should be presented in this summary fashion, which leaves the jury with a cherry-picked version of evidence that presents a distorted view of the communications. Unlike voluminous phone and bank records, there is no reason why the jury would need a summary chart to summarize each email and text message the government intends to offer in evidence. Rather, this is precisely the type of "mini-summation" that courts should preclude. *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998); *see also United States ex rel. Morsell v. NortonLifeLock*,



Hon. Sidney H. Stein
May 19, 2024
Page 3

*Inc.*, 651 F. Supp. 3d 95, 164 (D.D.C. 2023) (noting the "strict confines" of Rule 1006 and excluding charts that "double[d] as legal argument").

Senator Menendez's objections to the summary chart and the cited fall into four categories:

(1) **Errors**: The summary chart is riddled with errors. Over a dozen entries identify the wrong exhibit numbers or the exhibits identified therein do not actually support the content of the entry. The defense has alerted the government to its errors, but until corrected, the summary chart is inadmissible.

(2) **Speech or Debate:** The summary chart contains over one dozen entries that, if admitted, would violate the Speech or Debate clause. For example, the chart incorporates articles that concern the Biden administration's authorization of $2.5 billion in arms sales to Egypt on January 26, 2022. As explained in our submission last night (ECF No. 405), because the admission of this article would require Senator Menendez to explain why he did not place a hold on the arms sale, it necessarily constitutes "evidence of a legislative act" that the government may not introduce in this prosecution. *United States v. Helstoski*, 442 U.S. 477, 487 (1979); *United States v. Brewster*, 408 U.S. 501, 528 (1972) ("evidence of acts protected by the Clause is inadmissible"). Other entries implicate holds that other Senators placed on military aid to Egypt, and those too would violate the Speech or Debate clause, as explained in yesterday's submission. There are many other examples of Speech or Debate violations that litter the summary chart.

Given the substantial risk of a Speech or Debate violation or forced waiver, we respectfully request oral argument as to each of the dozen entries that implicate the Speech or Debate clause.

(3) **Hearsay**: Numerous entries contain rank hearsay from documents that are not business records and cannot be offered for the truth of the matter asserted, and the government has not identified any non-hearsay purpose for them. For example, in a series of entries, a member of the SFRC relays to a lobbyist the substance of a meeting between Senator Menendez and the Egyptian Defense Attaché (*i.e.*, it "was not [a] policy-focused" meeting).

(4) **Relevance**: Dozens of entries include irrelevant and unfairly prejudicial information that should be barred under FRE 401 and 403. For example, one entry concerns Nadine Arslanian's ex-boyfriend; another concerns tooth surgery that the Senator was receiving; others are just the routine communications between Senator Menendez and his then-girlfriend Nadine (*e.g.*, "Good



Hon. Sidney H. Stein
May 19, 2024
Page 4

luck at the meeting my love. Thank you for checking on me you make me feel so special."). None of this has any relevance to the case and should be excluded.

Given the substantial issues we have identified in the short period of time we have had to review the final summary chart, we respectfully suggest that the Court hear argument as to the admissibility of the chart and the underlying documents outside the presence of the jury. Given the shortened week next week, and in order to be as efficient as possible with the jury's time, we would respectfully suggest that such argument be held on Wednesday of next week, and that the government substitute other witnesses instead of Agent Coughlin for testimony on Tuesday.

                                                  Respectfully submitted,

                                                  /s/ *Adam Fee*
                                                  Adam Fee
                                                  Avi Weitzman

                                                  *Attorneys for Defendant Robert Menendez*