

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 19, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et al.*,
                S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in response to defendant Robert Menendez's letter filed yesterday (Dkt. 405), raising objections to (1) a particular text message Menendez sent to his then-girlfriend Nadine Arslanian as purportedly covered by the Speech or Debate Clause, and (2) certain aspects of testimony to be provided by Witness-1, as described in the Government's letter of May 16, 2024 (Dkt. 404). Menendez's objections are a belated and legally meritless attempt to seek re-consideration of this Court's thorough published opinion on the application of the Speech or Debate Clause in this case. Indeed, with respect to the text message, Menendez's objection is an attempt to seek re-re-consideration since the Court rejected his argument for the second time last week. Menendez's objections, to the extent the Court chooses to consider them, should be rejected yet again, and trial should proceed.

      I.    <u>The Text Message from Menendez to this then-girlfriend, Nadine Arslanian, Regarding a Foreign Military Sale is not Protected</u>

      Menendez's assertion that the July 2018 text message from Menendez to his then-girlfriend, Nadine Arslanian, to have Nadine Arslanian tell Wael Hana that Menendez was going to sign off on a sale to Egypt—which was quoted in full in the Indictment (at ¶ 20)—is a protected legislative act (Dkt. 405, at 1) may reasonably be characterized as frivolous. It is irreconcilable with Supreme Court precedent. It is also irreconcilable with this Court's thorough published opinion, after extensive briefing. *See United States v. Menendez*, No. 23 Cr. 490 (SHS), --- F. Supp. 3d ----, 2024 WL 1120182 (S.D.N.Y. Mar. 14, 2024). The Court squarely held that "to the extent Menendez says he will place a hold or sign off on foreign military sales or foreign military financing, the Speech or Debate Clause does not apply." *Id.* at *6; *see also id.* at *7 ("Nor can the Speech or Debate Clause be construed to protect information that Menendez, Nadine, or Hana provided Egyptian officials."); *id.* ("[T]he provision of information to Egyptian officials in relation to a corrupt bribery scheme must be viewed as occurring outside of the legislative process."). Menendez's belated attempt to seek to relitigate the Court's ruling, which he expressly chose not

to appeal on an interlocutory basis, need not be considered. But to the extent it is considered, it should be rejected yet again. Indeed, the Court already heard from Menendez on this very point after the Government's opening statement, and rejected his re-argument. (Tr. 118, 124-131.) Menendez is not entitled to seek reconsideration again, or to attempt to disrupt the efficient presentation of evidence by forcing the Government—and the Court—to engage repeatedly with his same claim. *See Fed. Treas. Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, No. 14 Civ. 712 (SHS), 2020 WL 4349840, at *3 (S.D.N.Y. July 29, 2020) (The law-of-the-case doctrine "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." (quoting *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 146-47 (2d Cir. 2020))); *see also, e.g.*, *Sulehria v. City of New York*, 670 F. Supp. 2d 288, 303 n.6 (S.D.N.Y. 2009) (Stein, J.) (noting that prior rulings in the litigation were "law of the case"). Menendez's objection is clear on the record, and trial should proceed without interruption.

Moreover, although immaterial for present purposes, Menendez's assertion that he had "no opportunity [] to note his objection" to this text message before the Government's opening (Dkt. 405, at n.1) is baseless. As noted above, the text message is in the Indictment, and Menendez argued in pretrial motions that all such evidence was barred by the Speech or Debate Clause. Menendez also could have filed a motion *in limine* seeking to preclude this message, which was marked as an exhibit, well before trial.

It also bears noting that the text message to which Menendez now re-objects was produced *by him* to the Government, long ago, and before now Menendez never asserted that it was protected. As the Government noted in its letter of last week (Dkt. 404), there are multiple versions of the text message, including copies of the text message recovered from Menendez's cellphone and his iCloud account.[1] With respect to the versions of the text message that were located on Menendez's cellphone and his iCloud account, prior to the Government's review of these seized accounts, Menendez's prior counsel, Abbe D. Lowell, Esq., and his law firm Winston & Strawn, LLP, reviewed all of the text messages to determine if any were covered by the Speech or Debate Clause, and they did *not* claim that these text messages were protected. Further, Menendez also affirmatively produced approximately 11 copies of this text message to the Government.[2] *See, e.g.*, SDNY_R09_00000278, SDNY_R12_000188862, SDNY_R12_00035207, and SDNY_R12_00050928. In not one instance did Menendez assert that these messages were protected by the Speech or Debate Clause. This is not surprising because these messages—sent by Menendez to his then-girlfriend to be shared with Hana and Egyptian officials—were plainly not protected.

II. Witness-1's Testimony

Menendez concedes that background evidence expected to be provided by Witness-1 and the exhibit that was the subject of the Government's letter (*i.e.*, Dkt. 404) regarding the notice from the State Department to the Senate Foreign Relations Committee (and the House Foreign

---

[1] Additional copies of this text messages were also recovered from Nadine Menendez's cellphone and her iCloud account, as well as from Hana's cellphone and his iCloud account.

[2] These text messages were produced pursuant to negotiations over grand jury subpoena compliance regarding materials that were on Menendez's cellphone and iCloud account.

Honorable Sidney H. Stein
May 19, 2024
Page 3

Affairs Committee) of a particular foreign military sale ("FMS") are "unobjectionable." (Dkt. 405, at 2.) However, Menendez now asserts that Witness-1 will improperly "testify about prior holds and sign-offs imposed by *other* Members of Congress" (*Id.* (emphasis in original)). Menendez's argument is meritless. As an initial matter, Menendez cannot assert the privilege of another Member of Congress, and the Government is not aware of any other Member of Congress asserting privilege in this matter. *See Gravel v. United States*, 408 U.S. 606, 622 (1972) (the Speech or Debate Clause is "invocable only by the Senator or by the aide on the Senator's behalf"); *cf. Cano v. Davis*, 193 F. Supp. 2d 1177, 1179 (C.D. Cal. 2002) (legislator "may not testify to the legislative acts of legislators who have invoked the privilege"). In any event, the Government does not intend to prove the fact of any specific prior holds of either Menendez or any other Member of Congress at trial in its case-in-chief, absent waiver.[3] It is also worth noting that the Senate itself has already passed a resolution authorizing testimony and evidence to be provided in this matter, absent the assertion of a privilege, *see* S. Res. 662 (April 23, 2024), and the Senate has produced to the Government numerous documents pertaining to FMS and FMF, which Menendez reviewed prior to their production and did not assert any privilege over, and that were produced to the defendants in discovery.

Finally, Menendez objects to testimony about "the ability of members of SFRC leadership such as Menendez to impose, or to lift, holds on such FMF grants or on such sales through the FMS program." (Dkt. 405, at 3.) While Menendez does not assert that such testimony is protected, he argues that it "implicates the legislative conduct of Senator Menendez, when combined" with other evidence the Government intends to offer. (*Id.*) Menendez's argument in this respect too is irreconcilable with Supreme Court precedent. "The Speech or Debate Clause does not prohibit inquiry into illegal conduct simply because it has some nexus to legislative functions." *United States v. Brewster*, 408 U.S. 501, 528 (1972) (upholding prosecution of a U.S. Senator); *see also id.* at 517 (the Speech or Debate Clause's "shield does not extend beyond what is necessary to preserve the integrity of the legislative process").

In sum, contrary to Menendez's novel and expansive claim, the law does not permit an official to preclude evidence on the ground that it somehow "implicates" protected conduct.

---

[3] As will be more fully addressed in the Government's forthcoming letter regarding objections Menendez has made to Special Agent Michael Coughlin's anticipated testimony and a summary chart the Government intends to offer through him, the Government intends to offer evidence that Menendez provided information to the Egyptian government through his then-girlfriend, Nadine Arslanian, about news reporting and staff summaries of holds placed by Senator Patrick Leahy on military aid to Egypt. This evidence is not offered to prove the fact of any of Senator Leahy's actions, but is instead offered to show the beliefs of Menendez and his conspirators and to provide context for their actions. Menendez's unprotected sharing of information plainly does not become protected because what he was sharing arguably concerned another Senator's acts (against which Menendez was helping the Egyptian government advocate). But in any event, this sort of background information, about the context in which Menendez acted, including the actions of other legislators, has already been held by this Court not to violate the Speech or Debate Clause. *See Menendez*, 2024 WL 1120182, at *7 ("[N]one of the allegations in paragraphs 16 through 38 of the S2 Indictment that concern the Egyptian Aid Scheme are protected by the Speech or Debate Clause.")). Indeed, that is consistent with the prior line drawn by Menendez and his prior counsel, who produced numerous communications between himself and Nadine about Senator Leahy's actions, and not once did Menendez assert that such communications were protected.

Honorable Sidney H. Stein
May 19, 2024
Page 4

Rather, the evidence must be *of* protected conduct.  *See id.* at 526 ("The question is whether it is necessary to inquire into how appellee spoke, how he debated, how he voted, or anything he did in the chamber or in committee in order to make out a violation of this statute."); *Gravel*, 408 U.S. at 626 ("While the Speech or Debate Clause recognizes speech, voting, and other legislative acts as exempt from liability that might otherwise attach, it does not privilege either Senator or aide to violate an otherwise valid criminal law in preparing for or implementing legislative acts."); *cf., e.g.*, *United States v. Williams*, 644 F.2d 950, 952 (2d Cir. 1981) (rejecting argument that the Clause barred introduction of a video of a defendant's "discussion of a proposed immigration bill with the undercover agent").  Such a limitation is critical, lest "Members of Congress" become "super-citizens, immune from criminal responsibility."  *Brewster*, 408 U.S. at 516.

Menendez's claim is also irreconcilable with this Court's published opinion and should be denied on that basis alone, as it is the law of the case.  *See Menendez*, 2024 WL 1120182, at *7 ("[T]he Court concludes that none of the allegations in paragraphs 16 through 38 of the S2 Indictment that concern the Egyptian Aid Scheme are protected by the Speech or Debate Clause.").  Menendez, having chosen not to file an interlocutory appeal, should not be permitted to seek to relitigate this Court's rulings in an attempt to interrupt the efficient presentation of evidence at trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    s/ Eli J. Mark
       Eli J. Mark
       Daniel C. Richenthal
       Paul M. Monteleoni
       Lara Pomerantz
       Catherine E. Ghosh
       Assistant United States Attorneys
       (212) 637-2431/2109/2219/2343/1114
       Christina A. Clark
       Special Assistant United States Attorney
       (202) 307-5191

cc:    (by ECF)

       Counsel of Record