

May 22, 2024

**VIA ECF**

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Robert Menendez et al.*, S4 23 Cr. 490 (SHS)

Dear Judge Stein,

On behalf of Senator Menendez, we respectfully submit this letter in furtherance of the Senator's evidentiary objections to proposed government exhibits on Speech or Debate Clause grounds.

In particular, Senator Menendez objected yesterday afternoon to two series of proposed exhibits that reference his *past* legislative acts.[1] Those exhibits are inadmissible. *See United States v. Helstoski,* 442 U.S. 477, 490 (1979) (any "mention of a legislative act . . . that has already been performed" is precluded). Notably, *Helstoski* held that any such "mention" of a past legislative act is barred *regardless* of the "specificity" of the reference to a legislative act or the "purpose" for which it is offered. *Id.* at 489-490.

Contrary to the government's argument yesterday, neither *United States v. Brewster* nor *United States v. McDade* permits this evidence. In *Brewster*, the Court merely articulated the principle that the government may offer evidence of a "corrupt promise" to perform a legislative act—but *may not* make "any showing of how [the legislator] acted, voted, or decided," *i.e.*, any actual past legislative act. 408 U.S. 501, 526-27 (1972). Here, Senator Menendez is not seeking to preclude evidence of any alleged *promise*; he is seeking to preclude evidence of his actual, past legislative acts (imposing a hold and/or clearing a sale). Nor can the government credibly claim that Nadine's retrospective statement "Bob had to sign off on this" somehow qualifies as a promise to perform an act in the future. *See* May 21, 2024 Trial Tr. at 1038:12-20 (The Court: "How is 'Bob had to sign off on this' a promise?" Mr. Monteleoni: "It is a representation in the past. It is actually also prospective because this is a continuing course of conduct, and I think the very clear implication is he is going to keep ongoing, you keep the bribes flowing, and he is going to keep giving you what you want on the military aid").

---

[1] Specifically: (i) exhibits reflecting a text message from an Egyptian official to Defendant Hana stating "Director office of Egyptian affairs in state department . . . told our DCM today that senator Menendize put an hold on a billion $ of usaid to Egypt before the recess !!!!" (GX C102-11, GX C207-8, GX C207-8T, GX D207-3); and (ii) exhibits reflecting text messages that "Bob had to sign off on this" in reference to a news article reporting a sale of military equipment to Egypt (GX 10A-6, GX A120, GX B207-1, GX C602).



Insofar as the government contends that evidence of actual legislative action is still admissible because it somehow implies a "promise" of future action, that plainly proves too much.  Indeed, it would permit admission of any reference to a legislative act in a bribery prosecution.  So too for the government's suggestion that legislative acts may be admitted to prove the motive or intent of the parties; that reasoning would, in *every* bribery case, permit the government to offer evidence of legislative acts in order to prove the defendant's scienter to continue the alleged scheme.  This "exception" would swallow the rule, not to mention decades of constitutional jurisprudence on the Speech or Debate privilege.

As for *McDade*, its facts and context show that the government is over-reading a single line of *dicta* that has no bearing on the admissibility of the exhibits here.  *See* May 21, 2024 Tr. at 1028:1-14.  *McDade* addressed a motion to dismiss in which the defendant Member of Congress argued that his status as a member of a particular congressional committee was barred by the Speech or Debate Clause.  The Third Circuit disagreed; "the defendant's committee status" is not off-limits, because it is not simply a backdoor way to "to show that he actually performed any legislative acts," but instead is legitimately relevant to show that the defendant was "thought by those offering him bribes and illegal gratuities to have performed such acts and to have the capacity to perform other similar acts."  28 F.3d 283, 293 (3d Cir. 1994).

*McDade* does not help the government here.  Senator Menendez does not object to evidence of his role on the Senate Foreign Relations Committee or the authority that goes along with that role.  His objection is to mentions of *specific acts* he is alleged to have *already* taken in that position (*e.g.*, imposing a "hold" or "sign[ing] off" on a sale).  Nothing in *McDade* allows that.  The government's exhibits are thus inadmissible under all three of *Brewster, Helstoski*, and *McDade*, as well as many other decisions.[2]

                                    Respectfully submitted,

                                    /s/ *Adam Fee*
                                    Adam Fee
                                    Avi Weitzman

                                    *Attorneys for Defendant Robert Menendez*

---

[2] It is no answer for the government to say that it is proffering the subject exhibits only to show the speaker's *belief* that Senator Menendez performed a legislative act, not that the Senator *actually* performed such an act.  *Helstoski* rejected the contention that the admissibility of evidence of past legislative acts should turn on "the purpose" for which the evidence is offered.  442 U.S. at 491.  That's precisely the argument the government makes here.