

May 15, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   *United States v. Menendez et al.*, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write in opposition to Kasowitz Benson Torres' and Krieger Lewin's Joint Motion to Quash Defendant Robert Menendez's Rule 17(c) Subpoenas & Subpoena for Trial Testimony to Jose Uribe ("Motion to Quash") (Dkt. 394).

Senator Menendez subpoenaed two narrowly tailored categories of documents: (1) documents and communications concerning an attorney proffer by Krieger Lewin (Uribe's former counsel); and (2) Kasowitz's correspondence with law enforcement, including the United States Attorney's Office for the Southern District of New York ("USAO"). The Motion to Quash should be denied as to both categories.

   1.  The Krieger Lewin Documents Are Not Privileged

The Court has already ruled that ███████████████████████████████████
███████████████████████. That is the material Senator Menendez subpoenaed from Uribe and his prior counsel. And here, Uribe told the government that his representations to Krieger Lewin were "a lie at the time [he] authorized his attorneys to convey that information to the government," and that he "did so to help cover up his crimes."[1] At minimum, Krieger Lewin should be required to produce responsive material to the court for an *in camera* review of the evidence "to determine whether the facts are such that the exception applies." *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997); *see also Zolin*, 491 U.S. at 572.

But the Court need not even make a ███████████████. Uribe waived any privilege protection for the documents and communications covered by the subpoena to Krieger Lewin when he

---

[1] Federal Bureau of Investigation FD-302 of December 22, 2023 Interview of Jose Uribe, pg. 4 (3542-037).



Hon. Sidney H. Stein
May 15, 2024
Page 2

disclosed his discussions with counsel. According to the government's notes of its interview with Uribe, Uribe described his conversations with counsel leading up to Mr. Lewin's attorney proffer. Uribe also explained that he "authorized his attorneys to say that [Uribe's payments for the car were a loan] to the government and [his] attorneys told that to the government."[2]

Krieger Lewin's "internal memoranda, notes, documents and communications, as well as any correspondence and documents from, to, or with Jose Uribe, regarding the statements by counsel for Mr. Uribe that Nadine Menendez would pay Jose Uribe back for their car payments" may have once been privileged. They are no longer.

2.      Senator Menendez's Subpoena for Kasowitz's Communications With Law Enforcement Is Narrowly Tailored

Senator Menendez subpoenaed documents and communications between Uribe or his counsel and law enforcement agencies, including USAO and the FBI after exhausting Rule 16 discovery. Our request was hardly a shot in the dark. Uribe's current counsel spoke with the government at least a dozen times between October 2023 and March 2024 according to notes produced by the government. Uribe met with the government no fewer than nine times during the same period. Yet the government produced **one** piece of correspondence with Uribe's current counsel: a plea agreement addressed to counsel. In light of recent discoveries in other cases regarding withheld communications by the government,[3] and the likelihood that defense counsel for Uribe had written correspondence with the government during the relevant period, the subpoena to Kasowitz should not be quashed.

Indeed, defense counsel does not dispute the existence of responsive communications—if counsel makes such a representation, Senator Menendez will withdraw his subpoena. Instead, counsel reflexively argues that the subpoena is burdensome, and thus improper. Such Chicken-Little claims of burden should be rejected. It would take counsel minutes to search his email for communications with a handful of attorneys (and perhaps FBI special agents). Counsel could have completed the search and produced material in far less time than it took to prepare its Motion to Quash.

---

[2] *Id.*

[3] In *United States v. Ahuja et al.*, 18 Cr. 328 (S.D.N.Y.), the prosecutors represented to the Court that there was no correspondence with a cooperating defendant's counsel regarding the substance of his plea allocution. That representation was false, as the prosecutors redlined the plea allocution—a fact that was discovered only after trial when counsel issued a FOIA request to the government. This resulted in reversal of defendants' conviction.



Hon. Sidney H. Stein
May 15, 2024
Page 3

For the reasons stated above, Senator Menendez respectfully requests that Your Honor deny the
Motion to Quash and order Uribe and his counsel to immediately produce responsive material.

Very truly yours,

/s/ *Adam Fee*

Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*