

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 24, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Robert Menendez, et al.*,
      **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

  The Government respectfully writes in the above-captioned matter to seek reconsideration or clarification of the Court's ruling earlier today, which was issued after defendant Robert Menendez submitted a letter about the evidentiary issue but before the Government was able to respond. The Government seeks such relief only as to communications involving third-parties (*e.g.*, row 1030 (text message from an Egyptian official to Wael Hana), row 1040 (text message from Hana to Fred Daibes), and row 1267 (text message from Nadine Menendez to Hana)). In today's order, the Court explained "'that references to past legislative acts of a Member cannot be admitted without undermining the values protected by the [Speech or Debate] Clause.'" (Dkt. 420 (quoting *United States v. Helstoski*, 442 U.S. 477, 489 (1979)).) The Government of course does not disagree that *Helstoski* so stated. Nor does the Government dispute the application of that principle to Menendez's or his staff's statements concerning protected legislative actions. The question is how to apply this principle to statements of *third-parties*. Menendez has taken the position that no distinction may be drawn between a Member of Congress's (or his or her staff's) statements and those of third-parties, even where the latter are not offered to prove that a legislative act occurred, but rather to demonstrate the contemporaneous understanding and beliefs of those third-parties. The Government disagrees. For the reasons set forth below, the Government requests that the Court permit the introduction of such statements, at least in redacted form.

   I. *Helstoski* Permits Evidence of Third-Party Communications

  This case is far different from *United States v. Helstoski*, 442 U.S. 477, 489 (1979), which concerned a Member of Congress's own communications about his own past legislative acts. Unlike in *Helstoski*, the relevant evidence here does not concern what a Member of Congress said about what he had done. Rather, the relevant messages originate with third-parties (including

Honorable Sidney H. Stein
May 24, 2024
Page 2

foreign officials) and do not involve any substantive communications with Menendez.[1] The messages cannot plausibly be read by the jury as proving that Menendez actually took a legislative act (and indeed, they contain multiple levels of hearsay and are not competent evidence to prove the truth of those assertions), but rather what conspirators believed he had done or would do, which is meaningfully distinct from any actual action.

In short, the relevant evidence is not of a Member of Congress's own communications, and is not offered to prove any protected legislative act. Rather, these exhibits are evidence of third-party conspirators' contemporaneous corrupt *expectation* of official acts in exchange for things of value. As such, they are highly relevant and admissible without regard to their alleged truth. *See, e.g.*, *United States v. Cardascia*, 951 F.2d 474, 486-87 (2d Cir. 1981) ("Under the Federal Rules of Evidence, if the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, then the statement is not hearsay." (internal quotation marks and brackets omitted)). The Government would also consent to an appropriate limiting instruction. Indeed, as the Government explained at oral argument, it is difficult to see how any gratuity charge could ever be proven if Menendez were correct that such evidence is barred. (*Cf.* Dkt. 415 (Menendez arguing that "any such 'mention' of a past legislative act is barred").) That sweeping proposition is not, and cannot be, the law, for very good reason.

Accordingly, the Government continues to believe that the Court, in its published decision, correctly concluded that these messages, which are set forth in the Indictment, are not protected by the Speech or Debate Clause. *See United States v. Menendez*, No. 23 Cr. 490 (SHS), --- F. Supp. 3d ----, 2024 WL 1120182, at *7 (S.D.N.Y. Mar. 14, 2024) ("[T]he Court concludes that none of the allegations in paragraphs 16 through 38 of the S2 Indictment that concern the Egyptian Aid Scheme are protected by the Speech or Debate Clause."); *id.* ("Nor can the Speech or Debate Clause be construed to protect information that Menendez, Nadine, or Hana provided Egyptian officials."); *id.* ("[T]he provision of information to Egyptian officials in relation to a corrupt bribery scheme must be viewed as occurring outside of the legislative process."). The Government relied upon that decision, which the Government understood to constitute the law of the case, in its preparations for trial and in crafting the Government's opening statement and its examinations of the witnesses who testified during the first two weeks of trial. Indeed, had the Court issued a pretrial ruling otherwise, the Government would have considered seeking further review prior to the commencement of the trial.

II. *Helstoski* Permits Redactions of References to Legislative Acts

Even if the Court believes that the relevant messages contain some protected material, in *Helstoski*, the Supreme Court recognized that "[n]othing in our opinion, by any conceivable reading, prohibits excising references to legislative acts, so that the remainder of the evidence would be admissible. This is a familiar process in the admission of documentary evidence." 442

---

[1] Although there is one message from a Menendez staffer to Menendez of a website link to a public press article, which Menendez then forwarded to his wife (rows 1263 and 1264), that message does not convey the content of any past legislative act. Menendez did not assert privilege over that communication prior to producing it to the Government, and it does not convey any content involving his past participation in a legislative act. The Government does not intend to offer the press article itself, which had been referenced in the summary chart, but does seek to offer the message communicating the link.

Honorable Sidney H. Stein
May 24, 2024
Page 3

U.S. at 488 n.7. Consistent with *Helstoski*, the Government proposes that, in the alternative, the Court permit the Government to introduce redacted versions of the relevant exhibits that omit any reference to any legislative action by Menendez. The Government encloses with this letter a revised version of relevant pages of the pertinent summary chart with proposed redactions consistent with the framework approved in *Helstoski*. As redacted, these documents do not "reveal to the jury" any "information about the performance of legislative acts," *Helstoski*, 442 U.S. at 490. (*See*, *e.g.*, row 1030, row 1040, and new row 1266 (old row 1267).) Instead, they reveal communications about the subject matter—U.S. military aid to Egypt—that establish the contemporaneous understandings of Menendez's coconspirators. In particular, the fact that Hana and Daibes contacted Menendez regarding a topic concerning U.S. military aid to Egypt—even without identifying that the matter about which they were contacting him was a hold he was believed to have placed—is highly probative evidence of the corrupt understanding they shared with him. This evidence is probative as to all defendants, but particularly probative as to Daibes, who in his opening statement broadly disclaimed involvement in matters related to Egypt. (*E.g.*, Tr. 166 ("You're not really going to hear much about Mr. Daibes, I expect, as it relates to Egypt."); *id.* ("The evidence will show that Mr. Daibes has nothing to do with Egypt or the halal business, and he has nothing to do with allegations the government has made regarding Egypt.").) Even if the Court concludes that, notwithstanding its pretrial ruling, reference to third-parties' beliefs regarding Menendez's legislative acts should be precluded, such preclusion should not sweep so far as to prevent the jury from learning that he was trusted to, and did, receive and respond to inquiries regarding U.S. military aid to Egypt, without any reference to any legislative act.

                      Respectfully submitted,

                      DAMIAN WILLIAMS
                      United States Attorney

By:    s/ Daniel C. Richenthal
        Eli J. Mark
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2431/2109/2219/2343/1114
        Christina A. Clark
        Special Assistant United States Attorney
        (202) 307-5191

Enclosure

cc:    (by ECF)

        Counsel of Record