

May 25, 2024

**VIA ECF**

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Robert Menendez et al.*, S4 23 Cr. 490 (SHS)

Dear Judge Stein,

The government does not offer any compelling reason for the Court to "reconsider" or "clarify" any part of its Order precluding certain evidence that transgresses the Speech or Debate Clause. ECF No. 420; *Commerzbank AG v. U.S. Bank, N.A.*, --- F.4th ----, 2024 WL 1863859, at *9 (2d Cir. Apr. 30, 2024) ("the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

*First,* the government's new theory that third party communications referencing legislative acts do not run afoul of the Clause lacks any support in the law.  ECF No. 421 at 1-2; *see Melo v. United States*, 825 F. Supp. 2d 457, 464 (S.D.N.Y. 2011) (quoting *United States v. Greer*, 285 F.3d 158 170 n.3 (2d Cir. 2002)) ("argument raised for [the] first time in [a] reply brief is waived").  The government does not — and could not — cite a single authority for this sweeping proposition that would effectively nullify the protections of the Clause.  More importantly, the government's proposed "exemption" would be directly inconsistent with the Supreme Court's holdings (i) precluding "any showing of how [a legislator] acted, voted, or decided," *see United States v. Brewster*, 408 U.S. 501, 527 (1972) (emphasis added); (ii) barring any "mention" of legislative act, including in the form of "questions about motive [for legislative acts] addressed to others [*i.e.*, not the legislator himself]," *see United States v. Helstoski*, 442 U.S. 477, 489-90 (1979); and (iii) disallowing questioning of "any witness" on legislative acts. *Gravel v. United States*, 408 U.S. 606, 628-29 (1972).

Put simply, the government's proposed new rule of constitutional interpretation would effectively repeal the Clause by permitting prosecutors to use third parties to inject otherwise prohibited references to legislative acts into evidence. For example, in a bribery case an alleged briber's communications referencing past legislative activities would be admissible even if the legislator's identical communications would not be.  No court has ever drawn that distinction.  The fact that the government now invents it from whole cloth (despite multiple prior rounds of briefing on Speech or Debate) reflects a recklessness to the appellate record—not to mention important structural protections to legislators enshrined in the Constitution—that this Court must vigilantly guard against.



The government's related suggestion that its evidence should be admissible because it is offered to prove the "contemporaneous expectations of others," but not to prove any legislative act, is also flatly unconstitutional. *Helstoski* is explicit that any "mention" of a legislative act is barred, regardless of the "purpose" for which it is offered. 442 U.S. at 489 ("The Speech or Debate Clause does not refer to the prosecutor's purpose in offering evidence . . . the prohibition of the Clause is far broader"). For the same reason, no limiting instruction could suffice to overcome the Constitutional prohibition on the government's proffered evidence.

*Second*, the government is well aware that the Court's prior motion to dismiss ruling is not "law of the case" on evidentiary rulings at trial. Indeed, the government's brief opposing the motion to dismiss expressly stated that the Court should reserve on the question of admissibility at trial. *See* ECF No. 180 at 28 ("provided that a charge itself is not facially barred by the Clause, a district court should deny a motion to dismiss, while reserving the related but distinct question of whether certain *evidence* asserted to violate the Clause may be considered by the jury until a record is developed at trial") (underline added, italics in original).[1] Accordingly, the Court's Order on the motion to dismiss could not *possibly* have lulled the government into the mistaken belief that everything cited in the Indictment would automatically be admitted into evidence at trial, as the government now asserts. The government has known all along that its evidence – even evidence quoted in the Indictment – is subject to potential exclusion for myriad reasons, including violations of the Speech or Debate Clause. In any event, the Court's Order of May 24 was entirely consistent with its motion to dismiss ruling, which held that "Menendez's *performance* of . . . legislative acts concerning the Egyptian Aid Scheme is protected by the Speech or Debate Clause" even if "his *promise* to do the same is not." ECF No. 252 at 8 (emphasis in original).

*Third*, the government's proposed redactions are entirely irrelevant to the Speech or Debate Clause issues posed by its proffered evidence. The jury in this case has heard hours of testimony regarding the procedure for the provision (or withholding) of military aid, all while Senator Menendez sits a few feet away at the defense table. It is no mystery, then, that this case concerns Senator Menendez's alleged actions vis-à-vis military aid to Egypt. In that context, a redaction such as "Director office of Egyptian Affairs in state department . . . told our DCM that [redacted] a billion $ usaid to Egypt before the recess !!!!" obviously obscures a reference to some action by Senator Menendez to cause a delay in delivery of that aid. The same is true with the government's other main proposed redaction: there would be no reason for the government to present evidence of Nadine Menendez and Wael Hana's exchanging messages about an arms sale to Egypt if Senator Menendez was not somehow involved in that sale. All of that will be crystal clear to the jury, notwithstanding these "redactions."

---

[1] In fact, the government cited four Court of Appeals decisions in support of this point – that not everything allowed to remain in the Indictment necessarily comes in as evidence – including the Third Circuit's decision in *McDade*, on which the government relied heavily at oral argument. *See* ECF No. 180 at 29 (citing, among other authorities, *United States v. McDade*, 28 F.3d 283, 301 (3rd Cir. 1994) (Alito, J.) ("retention of these [allegations] in the indictment does not necessarily mean that the prosecution will attempt or will be permitted to prove them at trial").



Indeed, the government's proposal is equivalent to trying to "redact" a description of a baseball game with something like "on an 0-2 count [redacted], and the batter walked sullenly back to the dugout." Everyone knows the batter struck out. The redaction serves no meaningful purpose. Likewise, leaving the jury with no reasonable choice but to fill-in-the-blank with Senator Menendez's legislative act is inadequate to uphold the protections of the Speech or Debate Clause. *Cf. United States v. Swindall*, 971 F.2d 1531, 1546 (11th Cir. 1992) (finding a Speech or Debate violation where "the district court prohibited the government from offering proof that Swindall 'ever read the bills,' but it allowed the jury to *assume* that Swindall read the bills") (emphasis in original).

Respectfully submitted,

/s/ *Adam Fee*

Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*