

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 25, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Robert Menendez, et al.*,
               S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter briefly to respond to defendant Robert Menendez's suggestion that the Government's theory for admissibility of the pertinent messages lacks any support in the law (Dkt. 422, at 1).  While the number of cases interpreting the Speech or Debate Clause is comparatively limited, it is Menendez's interpretation of the breadth of the reach of the Speech or Debate Clause that is novel and untethered to the language of the Constitution, its historical interpretation, or its application in binding Supreme Court precedent.  No Supreme Court case has suggested—much less held—that a mere reference to a past legislative act in a third-party communication somehow serves as an absolute bar to the introduction into evidence of that communication, no matter the purpose for which the evidence is offered.  Indeed, in *Hutchinson v. Proxmire*, 443 U.S. 111 (1979), decided soon after *Helstoski*, the Supreme Court held that a Member of Congress's republication of a legislative act was *not* protected, even though the legislative act itself was protected.  In so holding, the Supreme Court reiterated that not everything related to the office of a Member of Congress is shielded by the Clause, but only acts related to the due functioning of the legislative process.  *Id.* at 130-31; *see also United States v. Brewster*, 408 U.S. 501, 514 (1972) ("only acts generally done in the course of the process of enacting legislation [are] protected").

      Nor is Menendez correct to claim that the redacted messages would necessarily, or even likely, implicate any legislative act of Menendez. (Dkt. 422, at 2-3.)  First, Menendez's position on the Senate Foreign Relations Committee makes it natural that he would be consulted on any number of issues related to military or other aid to Egypt, not simply on a potential hold.  Similarly, the fact that he might share information on the subject matter of military aid to Egypt does not necessarily involve a legislative act—indeed, the jury upon learning that he was sharing, through his wife, a link related to U.S. arms sales to Egypt would likely conclude that this was similar to the other sharing of information on the subject matter that the Court has already ruled may be proven.  Second, even if the jury speculated that the subject matter of the communications involved some obstacle to U.S. military aid to Egypt (or the overcoming of such obstacle), that still does

Honorable Sidney H. Stein
May 25, 2024
Page 2

not implicate any legislative act, and certainly not a legislative act of Menendez. Given the testimony already adduced at trial regarding the numerous conditions on U.S. aid to Egypt—including those arising from actions by the State Department and not any Member of Congress (*see, e.g.*, Tr. 868, 873-76)—there is simply no necessary inference that any of these communications involved a legislative act. That is all the more true because Menendez elicited testimony, over the Government's objection, that the State Department may proceed without consent from Congress at all, and in fact did in relevant years. (Tr. 930.) The evidentiary record established by Menendez belies his present claim that the evidence at issue—which, once redacted as proposed, contains no mention of a hold he placed—can only be read as if it contained such a reference.

For example, even if the jury inferred that the urgency of the September 2019 request indicated some obstacle to the funding, it would have no basis to conclude that any act of Menendez, let alone any past legislative act, was at issue. Menendez's analogy to an at-bat by a single batter (Dkt. 422, at 3) is thus entirely inapposite to the subject matter, which involves numerous actors and types of acts. Once the exchange is redacted as proposed, there is no indication that any activity protected by the Clause is at issue. Once redacted as proposed, there is no "mention of a legislative act" at all, *United States v. Helstoski*, 442 U.S. 477, 490 (1979). Accordingly, the introduction of the redacted evidence is entirely consistent with *Helstoski*'s endorsement of redaction as a means of "excising reference to legislative acts" from otherwise probative evidence, *id.* at 488 n.7. The Supreme Court's precedent does not entitle Menendez to the windfall of preclusion of such evidence.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    s/ Eli J. Mark
        Eli J. Mark
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2431/2109/2219/2343/1114
        Christina A. Clark
        Special Assistant United States Attorney
        (202) 307-5191

cc:    (by ECF)

        Counsel of Record