

May 26, 2024

**VIA ECF**

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Robert Menendez et al.*, S4 23 Cr. 490 (SHS)

Dear Judge Stein,

We write briefly to respond to new legal arguments raised in the government's letter filed at 11:53 p.m., Saturday night. ECF No. 423.

There is nothing "novel" in the Court's straightforward application of binding precedent to the evidence the government continues to try to introduce. The Supreme Court made clear in *Helstoski* that, in a criminal prosecution, there may be no "showing of how [a legislator] acted, voted, or decided," nor any "mention" of the same. *United States v. Helstoski*, 442 U.S. 477, 489-90 (1979) ("our concern is whether there is mention of a legislative act"). No court has ever drawn a distinction as to who the speaker is regarding that legislative act, and the government cites no authority suggesting otherwise. The Clause precludes an evidentiary showing regarding past legislative acts—full stop—irrespective of who is referencing such an act or why. *See In re Sealed Case*, 80 F.4th 355, 365 (D.C. Cir. 2023) ("the Clause confers three ***'absolute'*** ***protections*** . . . includ[ing] an evidentiary privilege—legislative acts may not be introduced into evidence even when the government seeks to punish a Member for non-legislative acts") (emphasis added).[1]

*Hutchinson v. Proxmire*, 443 U.S. 111 (1979), is not to the contrary. That case has nothing to do with the "republication of a legislative act," as the government claims, nor with a third party's statement regarding a legislative act. ECF No. 423. Instead, *Hutchinson* was a civil defamation case in which a researcher sued a Senator for issuing an allegedly defamatory press release. 443 U.S. at 114. The Senator sought immunity under the Speech or Debate Clause, claiming the press release was a legislative act. *Id.* at 123-124. The Court rejected this contention, finding that issuing "[n]ews letters and press releases" is not a legislative act, including because such publications serve to "inform[] those outside the legislative forum." *Id.* at 133. The case has no bearing whatsoever on admission of evidence of a third party's statements about legislative acts.

---

[1] Whatever effect the Speech or Debate clause may have on this or other criminal prosecutions is a natural (and accepted) consequence of the Clause's critical separation of powers function. *Helstoski*, 442 U.S. at 491 (the Clause was not designed "to assure fair trials . . . [r]ather, its purpose was to preserve the constitutional structure of separate, coequal, and independent branches of government").



The government now advances yet another new legal theory, which is entirely inconsistent with its prior positions. Specifically, after previously claiming that the excluded evidence was critical because it was highly relevant to the alleged conspirators' "expectation of ***official acts*** in exchange for things of value," ECF No. 421 t 2 (emphasis added), the government now does an about-face, claiming that with minimal redactions to the proposed exhibits, the jury will "have no basis to conclude that any act of Menendez, let alone any past legislative act, was at issue." ECF No. 423 at 2. But if the proposed redactions actually obscured reference to Senator Menendez and his legislative acts beyond the jury's comprehension (a highly dubious proposition), then the proposed exhibits would be stripped of any probative value, resulting only in juror confusion. The government cannot have it both ways.[2] Either the evidence is probative as to a legislative act, in which case it is barred by the Speech or Debate clause, or it has no probative value in this case and must be excluded.

                                              Respectfully submitted,

                                              /s/ *Adam Fee*
                                              Adam Fee
                                              Avi Weitzman

                                              *Attorneys for Defendant Robert Menendez*

---

[2] *Helstoski*'s footnote 7 does not support the government's redaction request. There, the Supreme Court made clear that stray references to legislative acts can be excised from a lengthy report or long email while leaving the rest of the probative evidence intact. Here, the government seeks to redact a short text message that solely references legislative acts and whose contents have no other probative value.