

May 31, 2024

<u>**VIA ECF**</u>

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Robert Menendez et al.*, S4 23 Cr. 490 (SHS)

Dear Judge Stein,

During the testimony of Jamila Maali, the government offered into evidence Exhibit GX 3D-2 (the "Exhibit")—an email from Senator Menendez to Fred Daibes, attaching the text of a proposed piece of legislation: the Eastern Mediterranean Security and Energy Partnership Act of 2019 (the "Act"). Trial Tr. 1001:11-1003:23. The Court admitted the Exhibit over the defense's objection. At the time, the government did not inform the defendants or the Court that the Act had been sponsored by Senator Menendez, although the government acknowledged to the defense yesterday that it was aware of that fact before offering the Exhibit. The government then offered a series of communications relating to the Act through its summary witness, Agent Coughlin. Tr. 1463:1-1465:8. Because all evidence and testimony regarding the Act violated the Speech or Debate Clause, this Court should strike all such evidence from the record, and instruct the jury to disregard it.

There is no question that the Speech or Debate Clause bars the government from using as evidence the fact that Senator Menendez sponsored the Act. *See Doe v. McMillan*, 412 U.S. 306, 311-12 (1973); *see also Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 10-11 (D.C. Cir. 2006). The government conceded as much yesterday. Trial Tr. at 1511-1512. The only question before the Court, then, is whether the government can circumvent that bar through insinuation, innuendo, or even through the omission of sponsorship information. The answer is plainly no. The Speech or Debate Clause is a fundamental constitutional protection; it is not a hurdle to be sidestepped by the government.

The only reason the government offers the Exhibit is to invite the inference that the Senator was sharing with Daibes—who forwarded it to Wael Hana, who in turn shared it with Ahmed Helmy—the text of legislation that he introduced or otherwise supported. That is precisely what the Exhibit in fact is, and that is the inescapable implication of the Exhibit. Indeed, there are not many (if any) intuitive alternate realities. The Senator is not sharing the text of a piece of niche legislation as a random curiosity. Rather, the singularly clear inference the government seeks the jury to draw is that Senator Menendez passed along a bill that he backed and thought is relevant to Egypt—after all, the government has claimed that the bill touches on the *very* subject matter over which the Senator is alleged to have taken official acts in exchange for bribes. Trial Tr. 1006-07 (Mr. Monteleoni: "[I]f you look at paragraph 8 [of the Act], it talks about a recent oil



discovery in the waters right outside of Egypt in the eastern Mediterranean. This concerns the establishment of a forum for energy policy that Egypt was quite interested in. The other evidence is going to establish that Daibes, after receiving this from Menendez, forwarded it to Hana who himself, I believe, forwarded it along. So this is very much part of the conduct.").   At bare minimum, it is overwhelmingly likely that jurors will understand the Exhibit as depicting a bill Senator Menendez was directly involved with.

That maneuver violates the Speech or Debate Clause.  Simply put, the government cannot offer by implication what it cannot introduce directly.  *See United States v. Dowdy*, 479 F.3d 213, 223 (4th Cir. 1973) ("inference" of legislative act barred); *United States v. Renzi*, 686 F. Supp. 2d 956, 963 (D. Ariz. 2010), *aff'd*, 651 F.3d 1012 (9th Cir. 2011) ("If evidence requires an inference of a protected legislative act, it is privileged."); *see also Howard v. Office of Chief Admin. Officer of U.S. House of Representatives*, 720 F.3d 939, 955 (D.C. Cir. 2013) (Kavanaugh, J., dissenting).

Otherwise, Senator Menendez would be forced either to let that inference stand—and have the jury infer the existence of a legislative act—or to waive his privileges under the Clause to address it—thereby introducing *additional* material that would otherwise be protected by the Clause.  *See United States v. Johnson*, 383 U.S. 169, 176-77 (1966) (describing similar problem). Either way, the consequence is the same: The jury will be made aware of protected legislative activity (backed by Senator Menendez) that the Constitution precludes the government from introducing at trial.  The Speech or Debate Clause does not permit that sort of heads-I-win-tails-you-lose gambit.  Rather, allowing the government to manufacture an "inference" that "virtually compels" a Member to introduce evidence of his "legislative actions, frustrates the purpose of the Speech or Debate privilege" all the same.  *United States v. Swindall*, 971 F.2d 1531, 1546 (11th Cir. 1992); *see also United States v. Helstoski*, 576 F.2d 511, 522 (3d Cir. 1978), *aff'd*, 442 U.S. 477 (1979) (holding that government may not "circumvent" the Clause "by introducing correspondence and statements that … contain reference to past legislative acts of the defendant").  Anything less would render the Clause a dead letter.

It is thus no answer—as the government might argue—that the Exhibit does not explicitly say that it was sponsored or introduced by Senator Menendez.  The point is that the obvious implication of the Exhibit—along with the fact that Senator Menendez was the one who forwarded it to Fred Daibes, who in turn forwarded it to Wael Hana, who forwards it to Ahmed Helmy—is that it is a bill sponsored, introduced, or supported by Senator Menendez.  And the Clause does not allow the government to conjure that inference, lest it accomplish indirectly what the Constitution prevents it from doing directly.  Nor may the government circumvent this evidentiary privilege by purporting to offer the Exhibit for a purpose *other* than proving a legislative act (*e.g.*, to support inferences about the nature of the relationship between Senator Menendez and Mr. Daibes).  The Speech and Debate Clause absolutely precludes evidence of legislative acts, regardless of the purpose for which the evidence is offered.  *See Helstoski,* 442 U.S. at 489 ("[t]he Speech or Debate Clause does not refer to the prosecutor's purpose in offering evidence . . . . [T]he prohibition of the Clause is far broader.").



It is clear that the government is very concerned that it cannot muster a case without violating the Speech or Debate Clause—little else would explain its repeated efforts to evade the Clause through attempts at clever lawyering.  But the Clause offers certain "absolute" protections that cannot be readily gamed, *In re Sealed Case*, 80 F.4th 355, 365 (D.C. Cir. 2023), even though they "make prosecutions more difficult," *Helstoski*, 442 U.S. at 488.  And those protections are as ironclad as they are straightforward: The government cannot offer any evidence showing legislative acts—not directly, not indirectly.  Because the Exhibit does just that, it must be "wholly purged" from this case.  *Johnson*, 383 U.S. at 185.

Respectfully submitted,

/s/ *Adam Fee*

Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*