UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROBERT MENENDEZ, NADINE MENENDEZ, WAEL HANA, and FRED DAIBES,

Defendants.

23-Cr-490 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

The Government has moved to preclude 1) evidence or argument by defendants regarding the credibility of a particular Confidential Human Source ("CHS") and 2) any evidence or argument that, unbeknownst to those ▆ nteracted with, that individual was a CHS. The CHS in question made audio recordings of the CHS's meetings with defendant Wael Hana and anticipated witness ▆▆▆▆▆ who was one of Hana's business associates and who the Government has represented it intends to call during its case-in-chief at trial.

The Government has represented that it does *not* intend to call the CHS as a witness at trial, nor offer any statements of the CHS for the truth of the matter asserted, nor offer the recordings made by the CHS into evidence, nor ask ▆▆▆ about the CHS on direct examination. (Gov't MIL at 2.) Since the Government has represented that the CHS will not be a witness at trial, and that the CHS's out-of-court statements will not be offered by the Government for their truth, the CHS's credibility is not at issue, and impeachment evidence regarding the CHS is not admissible. *See, e.g., United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006); *United States v. Wagner*, 103 F. Appx. 422, 429 (2d Cir. 2004), *cert. granted and judgment vacated on other grounds*, 544 U.S. 958 (2005); *United States v. McGowan*, 58 F.3d 8, 15-16 (2d Cir. 1995); *United States v. Percoco*, No. 16-cr-776, 2018 WL 9539131, at *1 (S.D.N.Y. June 14, 2018); *see also* Fed. R. Evid. 806.

Since the CHS will not be a government witness and ▆ out-of-court statements will not be offered for their truth, the CHS's credibility is not at issue. There is therefore no obligation for the Government to provide Menendez with impeachment information pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). Although the Government is required to provide defendants with *Giglio* disclosure for its testifying witnesses and hearsay declarants, *see United States v. Jackson*, 345 F.3d 59, 71 (2d Cir. 2003), such disclosure is *not* required for individuals who are neither testifying witnesses nor hearsay declarants. *See, e.g., United States v. Whitehead*, No. 22-cr-692, ECF No. 58, at 5

(S.D.N.Y. Feb. 22, 2023) (citing cases); *United States v. Perez*, No. 05-cr-441, 2005 WL 2709160, at *4 (S.D.N.Y. Oct. 20, 2005). Based on the representation of the Government, the CHS is just such an individual, and thus (1) ▓ cannot be impeached during the Government's case-in-chief and (2) the Government's *Giglio* disclosure obligations are not triggered as to the CHS.

As set forth above, the Government has also sought to preclude any evidence or argument that the CHS was in fact a CHS. The fact that the CHS was a CHS is not relevant to any issue in this action. The Government has represented that ▓ was not aware that the CHS was a CHS. (Gov't MIL at 8.) To the extent that ▓ was unaware that the CHS was a CHS, any statements ▓ made to the CHS cannot be impeached by the fact that the CHS was a CHS and the fact that the CHS was a CHS is not relevant to any issue in the action. To date, the Court has been made aware of no evidence that ▓ knew the CHS was a CHS. If Menendez has no good faith basis to believe that ▓ knew the CHS was a CHS, ▓ cannot question ▓ on that ground. *See, e.g., United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008); *United States v. Scotti*, 47 F.3d 1237, 1248 (2d Cir. 1995).

Menendez claims that he may call the CHS as a defense witness and that if he does so he is entitled to impeachment material on the CHS. Menendez is, in a word, wrong. While the Government does have an obligation to disclose impeachment material as to its witnesses, the Government has no obligation to provide defendants with material that may impeach *defendants'* witnesses. *See, e.g., United States v. Rodriguez*, 496 F.3d 221, 222 (2d Cir. 2007); *United States v. Fasciana*, No. 01-cr-58 (LTS), 2002 WL 31495995, at *3 (S.D.N.Y. Nov. 6, 2002).

Dated: New York, New York
       May 31, 2024

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.

2