

June 12, 2024

<u>VIA ECF</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We respectfully submit this letter in opposition to the government's letter dated June 8, 2024 (ECF 448) regarding Senator Menendez's Speech or Debate objections to exhibits included in summary chart GX 1304.[1]

**I.   GX 1304 Contains Material Precluded by the Prior Speech or Debate Clause Ruling**

The government's letter cites four exhibits, two text threads and two attachments to those text threads. At issue are the two attachments. *First*, GX 10G-1 (ECF 448, Ex. B) is a screenshot of the Congress.gov page for Senate Resolution 390 and includes the text: "A resolution expressing appreciation for the State of Qatar's efforts to assist the United States during Operation Allies Refuge." The webpage also includes, among other things, the resolution's title, the fact that the resolution was sponsored by a senator, and the fact that the resolution was introduced on September 28, 2021. *Second*, GX A104-E (ECF 448, Ex. D) is a screenshot of what appears to be an automated alert email from Congress.gov regarding Senate Resolution 390. The screenshot includes the official "Congress.gov" logo, the text "S.Res.390 – A resolution expressing appreciation for the State of Qatar's efforts to assist the United States during Operation Allies Refuge", the "Sponsor: Sen. [redacted] (Introduced 09/28/2021)", and certain changes to the bill, including "Cosponsors (1 new, 6 total) cosponsor: 10/26/2021: Sen. [redacted]."

This Court has ruled that "'references to past legislative acts of a Member cannot be admitted without undermining the values protected by the [Speech or Debate] Clause.' *United States v. Helstoski*, 442 U.S. 477, 489 (1979)." ECF 420 at 1. The two exhibits at issue clearly reference

---

[1] The government filed a second letter dated June 11, 2024 regarding Senator Menendez and Wael Hana's non-Speech or Debate objections, to which we will respond separately.

past legislative acts, including one Senator's introduction of the resolution, and a second Senator's co-sponsorship of the resolution on particular dates in the past. ECF 448, Exs. B, D.

Drafting and sponsoring legislation are protected legislative acts. *United States v. Brewster*, 408 U.S. 501, 527 (1972) (precluding "any showing of how [a legislator] *acted, voted, or decided*") (emphasis added). *Helstoski* is clear that any "mention" of a legislative act is barred, regardless of the "purpose" for which it is offered. 442 U.S. at 489. The government's claim that somehow these attachments reflect discussion of future legislative acts is not true—the attachments reference events that have already happened.[2] This is the same type of argument the government advanced in connection with its motion for reconsideration of the Court's Speech or Debate Clause ruling (ECF 421), which this Court already rejected.

## II.  The Protections of the Speech or Debate Clause Are Absolute and Not Waived

The Speech or Debate problems posed by the government's proffered exhibits are not mitigated by the fact that the exhibits reference legislative acts by legislators other than Senator Menendez.

*First*, the government cites *Gravel v. United States* for the proposition that "the Speech or Debate Clause is 'invocable only by the Senator or by the aide on the Senator's behalf.'" ECF 448 at 4, *citing Gravel*, 408 U.S. 606, 622 (1972). But *Gravel* holds that the Speech or Debate Clause extends to a Senator's legislative aide, and only the Senator can invoke or revoke its protections on behalf of the aide. *Gravel*, 408 U.S. at 622 ("[T]he privilege *applicable to the aide* is viewed, as it must be, as the privilege of the Senator, and inviable only by the Senator or by the aide on the Senator's behalf.") (emphasis added). The holding in *Gravel*, of course, has no bearing on the issue of whether the government can ignore the Speech or Debate Clause as it applies to Senators other than Senator Menendez.

*Second*, the government cites *Nunes v. NBCUniversal*, 2024 WL1500945 (S.D.N.Y. Mar. 19, 2024) for the same proposition as *Gravel*. But the court in *Nunes* addressed an entirely different – and inapposite – privilege. It concerned state lawmakers' "legislative privilege," which is a

---

[2] The government's continued emphasis on allegations in the Indictment as a basis for admissibility is baseless. ECF 448 at 1-2. As previously noted, the government's brief opposing Senator Menendez's motion to dismiss expressly stated that the Court should reserve on the question of admissibility to trial. *See* ECF No. 180 at 28 ("provided that a charge itself is not facially barred by the Clause, a district court should deny a motion to dismiss, while reserving the related but distinct question of whether certain evidence asserted to violate the Clause may be considered by the jury until a record is developed at trial"). This Court's Order on the motion to dismiss thus does not mean that everything cited in the Indictment would automatically be admitted into evidence at trial, as the government now asserts. In fact, this Court previously precluded from evidence at trial messages cited in the Indictment. ECF 420 at 1 (precluding from evidence at trial messages related to "prior holds on foreign military assistance and prior sign-offs" on legislation cited in the Indictment at ¶ 35 ("[A State Department employee] told [an Egyptian diplomatic official] today that senator Menendize [sic] put an [sic] hold on a billion$ of usaid to Egypt before the recess !!!")).

product of federal common law, and not the Constitution's Speech or Debate Clause. *See Nunes*, 2024 WL1500945, at *2 (citing *Perez v. Perry,* 2014 WL106927, at *16 (W.D. Tex. 2014) ("[t]he *legislative privilege* is a personal one and may be waived or asserted by each individual legislator") (emphasis added); and *Gilby v. Hughs*, 471 F.Supp. 3d 763 (W.D. Tex. 2020) ("*Legislative privilege* is a personal one and may be waived or asserted by each individual legislator…[a] legislator cannot assert or waive the privilege on behalf of another legislator") (emphasis added).

All of the government's arguments seek to circumvent the straightforward application of black-letter law in this case: the protections of the Speech or Debate Clause are absolute and are not presumed waived just because the legislator who performed the act in question is not a party. *See In re Sealed Case*, 80 F.4th355, 365 (D.C. Cir. 2023) ("If a Member's act qualifies as legislative under *Gravel*, the privilege applies and the Clause confers three 'absolute' protections, [including]…an evidentiary privilege").

For largely the same reasons, there is no plausible argument that Senator Menendez waived the protections of the Speech or Debate Clause through his counsel's opening statement. ECF 448 at 2-3. A Speech or Debate Clause "waiver can be found only after explicit and unequivocal renunciation of the protection," *Helstoski*, 442 U.S. at 491, of which there was none. Further, the government's letter acknowledges that the government referenced the resolutions in its opening, requiring Senator Menendez to respond. ECF 448 at 2-3; Government Opening Trial Tr. 62:17-18 ("Daibes suggested ways Menendez could help Qatar, like by supporting a senate resolution praising Qatar.").

Accordingly, government exhibits GXs 10G-1, A104-E, A104-4, and A-104-5 violate the Speech or Debate Clause and should be precluded from evidence at trial and struck from the summary chart GX 1304.

      Respectfully submitted,

      /s/ *Adam Fee*
      Adam Fee
      Avi Weitzman

      *Attorneys for Defendant Robert Menendez*