# PAUL HASTINGS

June 13, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   *United States v. Menendez et al.*, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write briefly to advise the Court of two additional facts relevant to today's arguments regarding the proffered testimony concerning FARA registration. In light of the government's repeated statements about what Senator Menendez "could have" done to search for FARA filing, we are obliged to bring to the Court's attention two highly relevant facts.

*First*, the online FARA database referenced by the government today is not comprehensive. Specifically, the DOJ's FARA.gov database includes the disclaimer that it contains online the "vast majority" of FARA registration documents, but that, due to "potential privacy issues, a limited number of FARA documents may only be accessed at the FARA public office" in person. *See* FARA.gov. Thus, even were the Court to permit arguments about what the Senator "could have" done to search FARA databases – which would, for the reasons discussed earlier, amount to evidence of uncharged criminal acts – it would be genuinely misleading to the jury to suggest these could be completed merely through an online search. The government's arguments would invite the jury to adopt the false conclusions that (1) elected officials have an obligation or practice of searching visitors' names in DOJ's FARA database; and (2) have full and complete online access to the FARA database.

*Second*, during argument this morning, the government stated several times that the Senator "could have" checked for whether "lobbyists" were acting on behalf of foreign entities. That is not an accurate statement of the law, and highlights just some of the complexity and prejudice arising from the government's attempt to inject this issue into the case. Many lobbyists are, in fact, exempted from FARA registration even when they are representing the interests of a foreign government or official so long as the foreign principal is a secondary, not "primary," beneficiary of the lobbying activities. Specifically, FARA excludes from its requirements those entities or individuals required to register under a separate statute, the Lobbying Disclosure Act, 2 U.S.C. 1601 ("LDA"). LDA registrants are *not* included in DOJ's FARA database, and may only be

identified through searching separate portals maintained by the House and Senate. *See* https://www.justice.gov/nsd-fara/frequently-asked-questions, "*What is the exemption for registration under the Lobbying Disclosure Act?*" ("[T]he LDA exemption applies to those who lobby Congress and/or certain high-level executive branch officials on behalf of the covered entities.").

We bring these additional facts to the Court's attention solely because the government's arguments were premised, at least in part, on the suggestion that identifying FARA registrants is both easily done and effective at identifying those advocating on behalf of foreign entities. Neither is true in practice.

Very truly yours,

/s/ *Adam Fee*
Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*