# PAUL HASTINGS

June 13, 2024

<u>*VIA ECF*</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

We write to object, pursuant to FRE 403, to the government's proposal that it offer GX 4A-3 (the "Redacted Presentation") through a paralegal who lacks any substantive knowledge of the exhibit.

The Redacted Presentation is excerpts of a slide deck that Senator Menendez's then-counsel, Abbe Lowell of the Winston & Strawn firm, provided to prosecutors on September 11, 2023 – before Senator Menendez was charged with any crime. The government argues that certain statements in the Redacted Presentation are false, and seeks to show the jury the Redacted Presentation as alleged proof that Senator Menendez "caused his then-counsel to make false and misleading statements to the United States Attorney's Office for the Southern District of New York." S4 Indict. ¶¶ 116(g), 118. After insisting for several months that it intended to call Mr. Lowell to authenticate and explain the relevance of these materials, the government has shifted course this week and now seeks to admit the Redacted Presentation through a paralegal who has no knowledge of how it was created, the sources of the information contained within it, or any statements made contemporaneously with the presentation of the underlying slide deck.

To be clear, Senator Menendez would *not* object to the government calling Mr. Lowell to testify regarding his preparation of the presentation, Senator Menendez's involvement in its review and authorization (if any), and the details surrounding Mr. Lowell's in-person presentation to the prosecutors. Critically, Mr. Lowell would be subject to cross-examination on those same topics. However, offering the Redacted Presentation divorced from this context risks leaving the jury with a profoundly unfair misimpression. *See* Fed R. Evid. 403.

If admitted in its current form through a government paralegal, the jury is likely to conclude – based solely on the title and structure of the Redacted Presentation – that Senator Menendez authorized his counsel to deliver the statements therein, in precisely the form in which they are

1

written. This is not a speculative risk: at oral argument on Wednesday, June 12, one of the *prosecutors* stated that the title of the presentation was "Senator Robert Menendez, Presentation to U.S. Attorney's Office, Southern District of New York, September 11, 2023" and observed that "it certainly **looks** authorized." Trial Tr. 3579:18-21, 3581:7-11 (emphasis added). This is precisely the improper inference that the jury will draw if the Redacted Presentation were to be admitted unmoored from any context or explanation.

But Senator Menendez's authorization of his attorney's statements to prosecutors (or lack thereof) is an essential element of the government's obstruction case. If he authorized these statements to be made only in limited or caveated form—as is routinely done when making attorney proffers to prosecutors—the jury could reasonably conclude that the Senator did not "act[] with the wrongful intent or improper purpose to influence the judicial . . . proceeding." *United States v. Quattrone*, 441 F.3d 153, 170 (2d Cir. 2006).

The government's now-preferred method of presenting this evidence seeks to give the jury a distorted, and unfairly pro-government view of what actually happened during the presentation. We suspect that, in truth, Mr. Lowell delivered the presentation to prosecutors while also making some of the typically qualifications that accompany virtually every attorney proffer (*e.g.*, that the proffer is based only on the facts as counsel presently understands them, that counsel's investigation is ongoing, that counsel has not yet reviewed all discovery in the matter, etc.). These or similar disclaimers – if they were made – would be critical evidence, permitting an inference that that Senator Menendez *did not* authorize Mr. Lowell to make unadorned assertions about the purpose of various payments, but rather that Senator Menendez understood that his attorney would provide the prosecutors only with his best understanding of the evidence at the time. That, too, would negate the *mens rea* required to sustain an obstruction of justice conviction. *Quattrone*, 441 F.3d at 170.

It is insufficient for the government to retort that Senator Menendez can call Mr. Lowell during his defense case. That Senator Menendez may have an avenue to partially ameliorate misimpressions later in the case is not a reason to let the government create them in the first place.

                                            Respectfully submitted,

                                            */s/ Adam Fee*
                                            Adam Fee
                                            Avi Weitzman

                                            *Attorneys for Defendant Robert Menendez*