UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| ROBERT MENENDEZ, NADINE MENENDEZ, WAEL HANA, and FRED DAIBES, | 23-Cr-490 (SHS) |
| Defendants. | ORDER |

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Robert Menendez has raised Speech or Debate Clause objections to two lines contained in the draft summary chart labeled GX 1304 as well as the four exhibits underlying those lines; specifically, GX A104-4, GX 10G-1, GX A104-5, and GX A104-E. (*See* ECF No. 448; ECF No. 458.) These lines—and the corresponding exhibits—relate to text messages, and the links and attachments contained therein, that defendant Fred Daibes sent to Menendez concerning then-pending Senate Resolution 390 (S. Res. 390), titled "A resolution expressing appreciation for the State of Qatar's efforts to assist the United States during Operation Allies Refuge." (*See* ECF No. 448 at 1-2.)

Neither of the summary chart lines at issue, nor any of the exhibits underlying those lines, is barred by the Speech or Debate Clause. The first summary chart line at issue refers to an exhibit containing text messages from no later than September 29, 2021. (*See* ECF No. 448, Ex. A.) The second summary chart line at issue refers to an exhibit containing text messages from no later than November 4, 2021. (*See* ECF No. 448, Ex. C.) Both of these dates occurred well before May 24, 2022, which is the date that Senator Menendez reported S. Res. 390 out of the Senate Committee on Foreign Relations. (*See* S. Res. 390 — 117th Congress (2021-2022): A resolution expressing appreciation for the State of Qatar's efforts to assist the United States during Operation Allies Refuge, S. Res. 390, 117th Cong. (2022), https://www.congress.gov/bill/117th-congress/senate-resolution/390/all-actions.) Menendez had not taken *any* legislative act with regard to S. Res. 390 as of the date of the text messages at issue.

Consequently, the evidence at issue here is of a far different stripe than the evidence that was at issue in this Court's Order dated May 24, 2024, concerning the Speech or Debate Clause. (*See* ECF No. 420.) In that Order, the Court precluded certain items in the Government's proposed summary chart, GX 1302, from being admitted into evidence because the evidence referenced prior legislative acts. Such evidence is plainly barred from admission pursuant to the Supreme Court's holding that "references to past legislative acts of a Member cannot be admitted without undermining the values

protected by the [Speech or Debate] Clause." *United States v. Helstoski*, 442 U.S. 477, 489 (1979).

The evidence at issue here, though, in distinction, is not backward looking, but forward looking. It contemplates not a legislative act already performed, but, at most, a request for a future legislative act that may or may not be performed at some unknown subsequent time. As *Helstoski* itself sets forth, "it is clear from the language of the [Speech or Debate] Clause that protection extends only to an act that has *already been performed*." *Helstoski*, 442 U.S. at 490 (emphasis added). Again, as of the latest date represented in the exhibits underlying the summary chart lines to which Menendez objects—November 4, 2021—no legislative act related to S. Res. 390 had "already been performed" by Menendez, and thus Speech or Debate Clause protection does not extend to that evidence.

This is not a close call. *Helstoski* further delineates that "[a] promise to deliver a speech, to vote, or to solicit other votes at some future date is not 'speech or debate.'" *Id.* As already set forth, it is without question that a text to a senator, sent by an individual who is neither a legislator nor an aide, providing that senator with publicly available information regarding a pending resolution as to which the senator has yet to take any legislative act is not "speech or debate."[1]

Menendez urges that because the Government's proffered exhibits make references to the legislative acts of *other* senators, those proffered exhibits are barred by the Speech or Debate Clause. (*See* ECF No. 458 at 2-3.) To be sure, all members of Congress enjoy a testimonial privilege emanating from the Speech or Debate Clause, and that privilege cannot be waived by any other member. *See U.S. Football League v. National Football League*, 842 F.2d 1335, 1374-75 (2d Cir. 1988). As the Supreme Court has set forth, the purpose of the Speech or Debate Clause is "to protect the integrity of the legislative process by insuring the independence of individual legislators." *United States v. Brewster*, 408 U.S. 501, 507 (1972).

But the "independence of individual legislators" is not threatened if the identities of those legislators are withheld from the relevant documents. As the Court has previously ruled, while the Government may not introduce into evidence a document that names a senator in relation to a legislative act performed by that senator, that same document is

---

[1] The Government alternatively urges that Menendez's Speech or Debate Clause objections should be dismissed as belated or waived. (*See* ECF No. 448 at 3.) But the threshold to waiver of the Speech or Debate Clause's protections is a high one, and is not met here. A waiver of the Speech or Debate Clause's protections "can be found only after explicit and unequivocal renunciation of the protection." *Helstoski*, 442 U.S. at 491. There has been no "explicit and unequivocal" renunciation of the protection here.

admissible provided the senator's name is redacted or replaced by a pseudonym. (*See* Trial Tr. at 1018:13-1019:6.)

The Government represents that, for the proffered exhibits at issue, it will redact the identities of the senators who performed the legislative acts referenced in those exhibits. Specifically, the senators' names will be redacted and replaced by the pseudonyms "Senator-2" and "Senator-5". (*See* ECF No. 448, Exs. B, D.) Redacted in this manner, the proffered exhibits cannot be said to infringe upon the "independence of individual legislators"—as the exhibits would not reveal the identities of any individual legislators—and thus would not run afoul of the Speech or Debate Clause.

Therefore, Menendez's objections on Speech or Debate Clause grounds to two lines in summary exhibit GX 1304, as well as the four exhibits underlying them—GX A104-4, GX 10G-1, GX A104-5, and GX A104-E—are overruled. This evidence is not foreclosed by the Speech or Debate Clause.

Dated: New York, New York
       June 14, 2024

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.