

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 14, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Robert Menendez, et al.*,
     S4 23 Cr. 490 (SHS)

Dear Judge Stein:

  The Government respectfully writes in the above-captioned matter in response to defendant Robert Menendez's letter of yesterday, June 13, 2024 (Dkt. 462 ("Def. Ltr.")), objecting to Government Exhibit 4A-3. The challenged exhibit is a redacted PowerPoint presentation that the Government intends to authenticate and offer through a paralegal with the United States Attorney's Office, accompanied by a limiting instruction that it is not offered for the truth of any matter asserted, as discussed with the Court earlier this week. That exhibit is enclosed. Menendez does not dispute that the exhibit is relevant, authentic, fairly redacted, and, to the extent offered by the Government, not hearsay. He objects solely on the ground that the exhibit, if offered through a paralegal rather than Menendez's former counsel, violates Federal Rule of Evidence 403. Menendez is wrong.

  Earlier this week, during argument in court, Menendez appeared to suggest that he objected to the redactions to the exhibit under the rule of completeness. He does not raise such an argument in his letter, and any such claim would be baseless. That rule is strictly applied, leading the Second Circuit to hold, for example, that a defendant could not introduce a portion of his confession relating "to the *execution* of a robbery," where the portion introduced by the Government concerned only "plans to *execute* the robbery." *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (emphases in original). Menendez bears the burden to demonstrate that other portions of what would be inadmissible hearsay if offered by him should be admitted under that rule, and "[m]ere allusions by a party to 'fairness' or 'context,'" as Menendez offered earlier this week— and repeats again in aid of his Rule 403 argument (Def. Ltr. 1, 2)—"do not satisfy" that burden. *United States v. Ramsey*, No. 21 Cr. 495 (ARR), 2023 WL 2523193, at *3 (E.D.N.Y. Mar. 15, 2023); *see also, e.g.*, *United States v. Odiase*, 788 F. App'x 760, 773 (2d Cir. 2019) (rejecting claim that "entire video was necessary to put the admitted statements in context and to explain [the defendant's] emotional state"). For the same reason, Menendez should not be permitted to put before the jury other portions of the presentation in the guise of cross-examination.

As to his sole remaining objection, Menendez's suggestion that he can only "suspect" what his former counsel did in preparing and giving this presentation (Def. Ltr. 2) should be rejected out of hand. Menendez has 18 U.S.C. § 3500 material on that subject, a stipulation on the same subject (which stipulation Menendez has declined to sign, without disputing its substantive accuracy), and, most importantly, access to his former counsel, who has ongoing ethical duties to Menendez. In any event, the Government is unaware of any legal authority—and Menendez offers none—standing for the proposition that a court should preclude evidence on the ground that an opposing party may, if the evidence is admitted, call a witness who could offer testimony related to the evidence. That is not the law for emails, text messages, or any other form of evidence.

Menendez appears to claim that the presentation is different because the jury may conclude that, based on the circumstances, its cover, and its content, Menendez "authorized his counsel to deliver the statements therein, in precisely the form in which they are written." (Def. Ltr. 1-2.) That is certainly a logical inference. It is also entirely proper. As the Second Circuit has stated, "the relationship between a lawyer and client is one of agent and principal." *Carter v. Healthport Techs., LLC*, 822 F.3d 47, 58 (2d Cir. 2016). Indeed, the presentation itself reflects that—as Menendez's former counsel would be expected to say, were it necessary to call him to testify—Menendez reviewed the presentation and authorized its contents, which contain multiple unambiguous statements about what Menendez purportedly did not know. *See United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984) (client's participatory role in an attorney's statement is evident inferentially when the statement "is a direct assertion of a fact which in all probability had to have been confirmed by the defendant"); *see also United States v. Mercado*, No. S1 02 Cr 675 (WHP), 2003 WL 21756084, at *8 (S.D.N.Y. July 30, 2003).

To be sure, Menendez is entitled to argue that the jury should believe the statements denying his knowledge. Menendez is also entitled to argue that Menendez lacked obstructive intent because the statements were conveyed by a lawyer. But Menendez is not entitled to shield the statements from the jury's consideration unless the lawyer himself testifies about what he said after the presentation was transmitted to the United States Attorney's Office. That is particularly so where Menendez has no good faith basis for his suggestion that the lawyer's testimony would demonstrate that the statements were not authorized—although the Court need not rest its decision on that ground, because the presentation, standing alone, is admissible, and if Menendez wishes to call his former counsel, and offer non-hearsay testimony, he may do so.

At bottom, Menendez's argument is a paradigmatic example of the kind of argument that goes to weight, not admissibility. Otherwise admissible evidence is subject to preclusion under Rule 403 only if its probative value is "substantially outweighed" by the danger of, among other things, unfair prejudice or misleading or confusing the jury. Fed. R. Evid. 403. Evidence is not excludable, however, simply because it is "prejudicial." As the Second Circuit has explained:

> To be sure, all evidence incriminating a defendant is, in one sense of the term, "prejudicial" to him: that is, it does harm to him. In that sense, the more pertinent evidence is, the more prejudicial it is. What "prejudice" as used in Rule 403 means is that the admission is, as the rule itself literally requires, "unfair" rather than "harmful."

Honorable Sidney H. Stein
June 14, 2024
Page 3

*United States v. Jimenez*, 789 F.2d 167, 171 (2d Cir. 1986); *see also, e.g.*, *Oregon v. Kennedy*, 456 U.S. 667, 674 (1982) ("Every act on the part of a rational prosecutor during a trial is designed to 'prejudice' the defendant by placing before the judge or jury evidence leading to a finding of his guilt"). In short, "[b]ecause virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403 the prejudice must be *unfair*." *Costantino v. Herzog*, 203 F.3d 164, 174 (2d Cir. 2000) (emphasis in original). There is no unfairness here, much less such substantial unfairness that the exhibit should be precluded. What would be unfair is the opposite: forcing the Government to call in its case-in-chief a witness affiliated with and who has duties to the defendant, whom the defendant may then "cross-examine," making the trial both longer and more complicated, simply to authentic and have admitted what is plainly authentic and admissible. Menendez's objection should be overruled.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:    s/ Daniel C. Richenthal
    Eli J. Mark
    Daniel C. Richenthal
    Paul M. Monteleoni
    Lara Pomerantz
    Catherine E. Ghosh
    Assistant United States Attorneys
    (212) 637-2431/2109/2219/2343/1114
    Christina A. Clark
    Special Assistant United States Attorney
    (202) 307-5191

Enclosure

cc:    (by ECF)

    Counsel of Record