# PAUL HASTINGS

June 21, 2024

<u>*VIA ECF*</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:  <u>United States v. Menendez et al.</u>, No. S4 23 Cr. 490 (SHS)

Dear Judge Stein:

In Court yesterday, the government stated that it intends to examine one of Senator Menendez's former legislative aides ("Staffer-1") on "some particularly important conversations [she had] with Senator Menendez about his posture relating to Egypt" and "certain events involving Menendez's activities . . . on the Senate Foreign Relations Committee."  Trial Tr. 4338:8-15.  The government asserted that such testimony is permissible under the Speech or Debate Clause, but failed to detail the substance of the testimony or identify any law supporting that statement.[1]  That's because the law is clearly to the contrary.

The government continues to myopically view the scope of the Clause's protection, which extends broadly to any act that is an "integral part of the ***deliberative and communicative processes*** by which Members participate in committee and House proceedings with respect to . . . matters which the Constitution places within the jurisdiction of either House."  *Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491, 504 (1975).[2]  Consistent with that broad scope, the Supreme Court has held that the Clause prohibits testimony "***concerning communications between [a] Senator and his aides*** during the term of their employment and related to [an at-issue subcommittee meeting] or ***any other legislative act of the Senator***." *Gravel v. United States*, 408 U.S. 606, 612–13 (1972).

The government cannot claim that conversations between Staffer-1 and Senator Menendez

---

[1] We attempted to confer with the government today regarding the details of Staffer-1's testimony, but none of the prosecutors were available until late tonight (at the earliest). In an effort to avoid a weekend or late night filing, we are filing this objection before having the opportunity to learn additional details regarding Staffer-1's testimony.  We will continue to attempt to confer with the government in good faith this weekend to narrow any dispute.

[2] All emphases in quotations throughout this letter are added.

1

"about his posture relating to Egypt" are somehow unrelated to the Senator's legislative acts affecting Egypt. That is because Senator Menendez's "posture relating to Egypt"— that is, how Senator Menendez believes the United States Congress should act vis-à-vis Egypt—necessarily underpins his decisions on legislative acts, including the imposition or lifting of holds on foreign military sales, as well as "weigh[ing] in on foreign aid," all of which this Court has found to be protected legislative activity under the Clause. ECF No. 252 at 7. It is obvious that the Senator could not rationally make decisions about imposing or lifting holds on aid to Egypt without leaning heavily on his "posture relating to Egypt."

The D.C. Circuit's recent decision in *In re Sealed Case*, 80 F.4th 355 (D.C. Cir. 2023), is instructive. There, the district court enforced a subpoena seeking Congressman Scott Perry's communications with other Members regarding "alleged fraud in the 2020 presidential election," ruling that such communications were "purely political rather than legislative" and, "at best. . . merely incidental" to any legislative act. *See* 80 F.4th at 372. The D.C. Circuit reversed in part, explaining that because certain of these discussions took place "***shortly prior*** to Congress's scheduled January 2021 vote on whether to certify the electoral results" or "***while*** the House was considering a bill that would modify federal election procedures," the discussions "are within the heartland of 'the deliberative and communicative processes'" that the Clause protects. *Id* (quoting *Gravel*, 408 U.S. at 625). As the D.C. Circuit observed, "a Member's deliberation about whether to certify a presidential election or how to ***assess information relevant to legislation*** about federal election procedures are ***textbook legislative acts*** protected by *Gravel*." *Id.*

The same is true of Senator Menendez's conversations with Staffer-1 regarding Egypt. In his capacity as Chairman or Ranking Member of the SFRC during the relevant period, Senator Menendez constantly communicated with Staffer-1 regarding potential legislative acts that implicate Egypt, including whether to impose or lift holds on proposed military aid. Just as Congressman Perry's discussions about alleged fraud and how that might affect federal election procedures are "textbook legislative acts," so too are Senator Menendez's discussions with Staffer-1 regarding the Senator's posture toward Egypt, as they occur in the context of the SFRC's ongoing deliberation about military aid to Egypt, human rights abuses in Egypt, and other legislative issues relating to Egypt and the Middle East.

Any attempt by the government to elicit testimony from Staffer-1 regarding conversations about Senator Menendez' views or positions on Egypt *only* as they relate to *non-legislative acts* (such as Senator Menendez's "public statements related to Egypt," Trial Tr. at 4339:22-4340:4) would be an end-run around the Clause.[3] Senator Menendez's discussions with Staffer-1 about Egypt never concern solely a public statement; rather, any such public statement is inextricably intertwined with deliberation or communication about his legislative acts like FMS and FMF holds. For example, suppose Senator Menendez told Staffer-1 that he wanted to issue a public statement favorable to Egypt (a non-legislative act) because he was impressed with the Egyptian leadership's improvement in protecting human rights. There is no question that the very same

---

[3] In any case, the government has already advised that at least some of the testimony it plans to elicit from Staffer-1 directly implicates discussion of legislative acts – including discussion of human rights concerns in the context of Egypt requesting military aid without conditions.

position and discussion with Staffer-1 likewise factored into his decisions regarding lifting or imposing holds (a legislative act) or otherwise taking legislative acts relating to Egypt—frequent subjects of discussion between Staffer-1 and Senator Menendez  Indeed, the unity of those two concepts — attitudes toward both non-legislative and legislative acts — is precisely the reason the government seeks to elicit the proffered testimony from Staffer-1 in the first place.[4]

And, in any case, there is ample reason to expect that the government's examination of Staffer-1 will veer into the realm of the Senator's policy positions and legislative acts.  Staffer-1's 3500 material, for example, contains vague references to Staffer-1's statements that Senator Menendez "chang[ed] his approach on Egypt" (3502-066), which presumably included his approach relating to holds, foreign aid, and other legislative acts.  Any such opinion and testimony would plainly be barred by the Speech or Debate Clause for the same reason that testimony about such legislative acts is inadmissible.

To be clear, the Court has already ruled that the Speech or Debate Clause does not preclude the government from questioning about general political topics, and we do not seek to reverse that here.  Accordingly, the government's plan to ask her, for example, "what she understands the Eastern Mediterranean Gas Forum to be" is appropriate if she has admissible testimony to offer.  *See* Trial Tr. 4341:7-8.  Nor would questioning about the United States' relationship with Egypt generally run afoul of the Clause.  But the Constitution does not permit the government to elicit testimony regarding the "deliberative and communicative processes" underlying Senator Menendez's considered or actual legislative acts.  Such proffered testimony from Staffer-1 must therefore be excluded.

                                                                        Very truly yours,

                                                                        /s/ *Adam Fee*
                                                                        Adam Fee
                                                                        Avi Weitzman

                                                                        *Attorneys for Defendant Robert Menendez*

---

[4] Indeed, Staffer-1 has confirmed that her work on the SFRC necessarily implicated both legislative and non-legislative acts and that the two cannot really be separated.  She has acknowledged, for example, that she would typically prepare a "briefing memo" that contains "background info, latest news, and talking point[s]" for any meeting with senior foreign officials, even if that meeting was not intended to focus on a potential legislative act (3502-066).  It's precisely this deliberative and communicative process that the Speech or Debate Clause is intended to protect.  *See In re Sealed Case*, 80 F.4th at 372.