

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 22, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Robert Menendez, et al.*,
            S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter to request that the Court order defendant Robert Menendez to provide the Government with (a) a list of those witnesses whom he presently intends to call in his case, and (b) substantive proffers of the expected testimony of those witnesses "immediately," in accordance with the Court's oral order at the conclusion of the trial day on June 20, 2024. (Trial Tr. 4346.) The Government seeks such relief after attempting to confer, in good faith, with the defense and so that the Government can raise any motions in a timely and organized fashion for the Court. In particular, without such proffers, the Government expects material delays and disruptions in the presentation of evidence in the defense case.

      **I.**    **Background**

      On June 15, 2024, Menendez provided the Government with his alleged witness list, which included 48 named witnesses, one or more unidentified summary witnesses, and unidentified documents/records custodians. The Government requested that Menendez provide a substantive proffer for each defense witness, which counsel for Menendez declined to provide, stating that there was "obviously no obligation" for defense counsel to provide such proffers.

      On June 17, 2024, the Government advised the Court that Menendez's alleged witness list included 48 witnesses. The Court stated that Menendez was not to "sandbag the government here with 48 names." (Trial Tr. 3761.)

Honorable Sidney H. Stein
June 22, 2024
Page 2

On June 20, 2024, the Court ordered Menendez to provide the Government with "a real witness list" and proffers for defense witnesses "immediately." (Trial Tr. 4346.) That evening, counsel for Menendez sent the Government a revised witness list, which includes: (i) 21 named witnesses, "some or all" of whom Menendez asserts he may call; (ii) unidentified summary witnesses and/or records custodians, "one or more" of whom Menendez may call; (iii) three Government witnesses, whom Menendez states he reserves the right to call, depending on the Government's scope objections on cross-examination, which objections Menendez does not describe; and (iv) three additional named witnesses whom Menendez may call, depending on the scope and nature of Staffer-1's expected testimony on Monday.[1] With respect to summary witnesses, Menendez has not provided any proposed summary charts pursuant to Rule 1006, or even stated on what subject(s) these unidentified witnesses may testify.

Yesterday morning, the day after the Court's order, the Government requested that, pursuant to the Court's order, Menendez provide the Government by noon with a proffer for each defense witness or that, at a minimum, Menendez direct the Government to the relevant portion(s) of the witness's 18 U.S.C. § 3500 or Rule 26.2 material. Counsel for Menendez informed the Government that they intended to provide a proffer for each witness, but stated that they needed additional time to do so. The Government accordingly asked when counsel expected to be ready to provide proffers, and requested that the proffers be provided by 2:30 p.m. Counsel responded that they intended to provide the Government with proffers "today when its ready," but the Court's order of "'immediately' yesterday obviously was not literal." Counsel further stated that the Government should not "email [counsel] again about this topic with [the Government's] artificial deadlines."[2]

Last evening, at approximately 6:44 p.m., counsel for Menendez emailed the Government with "a proffer as to the subject matters we currently anticipate each witness may testify about," stating, "We believe that this goes well beyond what we are required by law to provide, given that there is no obligation to create 26.2 materials for witnesses." Menendez's so-called proffers, which

---

[1] Two of those witnesses have already been deposed pursuant to Rule 15 on consent of the Government. The wide-ranging nature of these depositions, concerning numerous irrelevant and objectional lines of questioning, and their length, reinforces the Government's substantial concern about the testimony Menendez may seek to offer in his defense case, and the need for a real witness list and substantive proffers.

[2] Counsel for Menendez also filed a letter motion at 6:27 p.m. the same evening (Dkt. 476) seeking to preclude certain anticipated testimony of Staffer-1 on Monday, notwithstanding that the parties had agreed to confer on any potential outstanding issues, and that those issues had been the subject of extensive prior conferring and described in 18 U.S.C. § 3500 material for more than a month. Prior to defense counsel filing this motion, the Government offered multiple times when it was available to confer, including at 9 p.m., or anytime over the weekend, as the defense counsel's proposed time of 6:00 p.m. did not work for the Government. The Government did so, in good faith, in an effort to narrow or moot any disputes, as the Court had requested. Rather than respond to the Government, defense counsel filed a motion. That motion is both belated and baseless, and the Government expects to respond this weekend, so as to not to delay Staffer-1's testimony.

the Government encloses, consist of a single sentence for each witness. Although certain of the proffers reference a general subject matter about which a witness will testify, the majority of the proffers merely state that the witness will testify regarding subject matters, plural, detailed in 3500 material produced by the Government. The Government does not understand these proffers to satisfy the Court's order, nor do they assist the parties in conferring or the Government in preparing timely motions.[3]

## II. Discussion

The Government requests that the Court order Menendez to provide the Government with (a) a list of those witnesses whom he presently intends to call in his case, *i.e.*, in the Court's words, a "real witness list," and (b) substantive proffers of the expected testimony of those defense witnesses "immediately," both as previously and unambiguously ordered by the Court. (Trial Tr. 4346.)

As described above, the proffers Menendez provided are woefully inadequate. Rather than providing any substantive information, the bulk of the so-called proffers do no more than refer to unidentified "subject matters" somewhere in the witness's 3500 materials. Particularly given the breadth of the investigation in this matter, and the volume of 3500 material, such a reference provides no real information, much less sufficient information for the Government to identify potential concerns (of which it already has a number), seek to confer with defense counsel, and prepare and file motions on a schedule that will avoid further disruption of the trial.

Indeed, one so-called proffer—for a witness that has no 26.2 or 3500 material—provides even less information. For that witness, Menendez's counsel has stated that if that particular witness is called to testify, the witness will "testify regarding relevant interactions with Nadine Arslanian, as referenced in prior examinations." Informing the Government that a witness will testify about "relevant interactions with Nadine Arslanian, as referenced in prior [unidentified] examinations" in a trial now entering its seventh week is plainly not a good faith proffer, and does not allow the Government to raise potential issues—including hearsay—in advance of testimony.

The Government is highly concerned that a number of topics that Menendez appears interested in presenting are inadmissible hearsay, irrelevant, and/or fail under Federal Rule of Evidence 403. If not promptly corrected, Menendez's failure to provide a good-faith witness list and actual proffers of expected testimony accordingly threatens to materially disrupt the already-delayed conclusion of this trial. This is so because the Government, through review of Menendez's *1,000 plus* exhibits list (which is not linked to any particular witness, and which he supplemented last night), already has identified a number of potential and serious concerns about what Menendez appears to intend to do. Some of those concerns may be validated by a proffer, and the parties could then confer, and motions, if necessary, could be filed timely. Other of those concerns may

---

[3] The Government is submitting counsel's email under seal, because it names third-parties, at least certain of whom may not testify, and will confer with the defendants regarding redactions to a public version.

Honorable Sidney H. Stein
June 22, 2024
Page 4

be unwarranted in whole or in part, yet the Government has no ability to discern if that is so, given that it has little or no information. And the Government may have additional or different concerns, were it to be provided with adequate information. This places the Government in the untenable position of either having to draft and file motions that will be both overinclusive and underinclusive, or to wait to do so until closer to or during the defense case, requiring that case to be disrupted or delayed. That is not in the interest of the Court, the jury, or the public.

To choose just one example, some of the witnesses on the revised list appear to be expected to provide testimony regarding internal beliefs or operations of the New Jersey Attorney's General Office concerning the investigation of Elvis Parra and others, of which no defendant or other person at issue would have had contemporaneous knowledge. Such testimony is irrelevant, and, at minimum, should be precluded under Rule 403. As it stands, given that the defense will begin calling witnesses next week, the Government must file a motion to preclude such testimony without the Government or the Court knowing whether those topics are *actually* going to be the subject of testimony, and if so, on what basis. Similarly, at least one witness appears to be expected to provide testimony concerning due diligence regarding the investment by Heritage Advisors in a Fred Daibes-related project. That too appears irrelevant, and, at minimum, should be precluded under Rule 403, but again, without more information, the Government must file a motion that could prove to be unnecessary or misdirected. Still other witnesses appear to be expected to provide testimony based in large part on inadmissible hearsay or that fails under Rule 403, but without more information, the Government cannot meaningfully engage with defense counsel or file appropriate motions.

To be sure, a defendant in a criminal case has no burden and no obligation to present a case. But where he chooses to do so, as he has here, he must comply with established procedures—and court orders—designed to ensure a fair and efficient presentation of admissible evidence. *See generally Nix v. Whiteside*, 475 U.S. 157, 167 (1986) ("the very nature of a trial" is "a search for truth"); *Williams v. Florida*, 399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played."). It is time for Menendez do so.

Honorable Sidney H. Stein
June 22, 2024
Page 5

                                                      Respectfully submitted,

                                                      DAMIAN WILLIAMS
                                                      United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
        Eli J. Mark
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2431/2109/2219/2343/1114
        Christina A. Clark
        Special Assistant United States Attorney
        (202) 307-5191

Enclosure

cc:    (by ECF)

       Counsel of Record