# THE LAW FIRM OF
# CÉSAR DE CASTRO, P.C.
ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Fax
cdecastro@cdecastrolaw.com
cdecastrolaw.com

June 23, 2024

*Via* ECF

The Honorable Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. Menendez, et al.,* 23 Cr. 490 (SHS)

Dear Judge Stein,

We submit this letter motion to seek clarification regarding the parameters of the Court's prior ruling permitting the defense to introduce evidence concerning Mr. Daibes' habitual gift giving through witnesses called by the defense. Mr. Daibes should, in his case, be permitted to not only introduce evidence relating to his habitual gift giving, but also evidence of specific instances of gift giving that are relevant to the charged offenses.

At the final pretrial conference on May 6, 2024, the Court ruled that Mr. Daibes was permitted to introduce character evidence concerning Mr. Daibes' habitual gift giving through defense witnesses in the form of opinion and reputation testimony. While Mr. Daibes understands the Court's ruling to permit him to introduce specific acts of gift giving through witnesses called by the defense, we understand from the government that it will object to the admission of such evidence. We respectfully request that the Court permit, in addition to admissible opinion and reputation evidence concerning Mr. Daibes habitual gift giving, evidence of specific acts of Mr. Daibes' generosity and gift giving pursuant to Federal Rules of Evidence 405(b) (as an essential element to the charge of bribery and Mr. Daibes' defense to that charge) and Rule 406 (acts taken by Mr. Daibes at issue in this case were in accordance with his habit or routine practice).

In opposition to the government's *in limine* motion to preclude the defense from introducing evidence of the defendants' prior commission of good acts (ECF No. 317), Mr. Daibes argued that evidence of his gift giving and generosity were admissible pursuant to both Rules 405(b) and 406. At the final pretrial conference, the Court ruled that "the fact that [Mr. Daibes is] a habitual gift giver" was admissible. Pretrial Conf. Tr. at 14:8-12. The Court noted, without objection

from the government, that the Court assumed the government agreed that such evidence was admissible. *See id*. The defense understood the Court's ruling to permit the three forms of character evidence addressed in Rule 406, *i.e.*, opinion evidence, reputation evidence, and evidence of specific acts. Furthermore, based on its statements to the Court in support of its argument that the defense's cross examination of government witness Jamela Maali should be limited in scope by precluding specific instances of gift giving by Mr. Daibes, it is clear that the government interpreted the Court's ruling concerning the admissibility of Mr. Daibes habitual gift giving as applying solely to reputation and opinion evidence and not to evidence of specific acts. *See* Trial Tr. 1103:22-1104:12.

While the Court precluded the defense from cross examining Ms. Maali concerning specific acts of Mr. Daibes gift giving as inadmissible pursuant to Rule 404(b)(1) during the government's case, the Court noted that such evidence could be admissible on direct if Mr. Daibes chose to call Ms. Maali as a defense witness. *See* Trial Tr. 1104:13-1105:25. If called as a defense witness, Ms. Maali can testify regarding a specific act of gift giving about which the government introduced evidence last week. The government's latest summary exhibit, *i.e.*, GX 1304, which was admitted as evidence in trial on June 20, 2024, contains various references to a handbag given to Nadine Menendez by Mr. Daibes. *See* GX 1304 at Lines 251 and 260. Ms. Maali can describe in detail the circumstances surrounding Mr. Daibes' purchase and provision of the handbag. In fact, Ms. Maali spoke with Mrs. Menendez about her desire for the handbag, which she communicated to Mr. Daibes. Ms. Maali then accompanied Mr. Daibes to the store where he purchased the handbag for Mrs. Menendez. While purchasing the handbag for Mrs. Menendez, Mr. Daibes, for no apparent reason other than generosity, purchased a handbag for Ms. Maali, which cost thousands of dollars as well. While it might seem suspect for an individual to provide an expensive handbag to a friend for no reason except as a token of appreciation, the fact that he did so with another person supports the essential element of Mr. Daibes defense that he did not possess a corrupt intent when he gifted the handbag to Mrs. Menendez.

The reason why Rules 404(a)(2) makes an exception for the use of character evidence by defendants in criminal cases, the methods of which are dictated by Rule 405, is because "the rule was relaxed to allow the criminal defendant with so much at stake and so little available in the way of conventional proof to have special dispensation to tell the fact-finder just what sort of person he really is." Richard Uviller, Evidence of Character to Prove Conduct: Illusion, Illogic, and Injustice in the Courtroom, 130 U.Pa.L.Rev. 845, 855 (1982). Mr. Daibes should not be precluded from introducing admissible evidence concerning his specific acts of habitual gift giving as it is essential to the charges and his defense to them.

Prior to determining which witnesses, if any, Mr. Daibes intends to call to testify, the defense requests that the Court clarify the permissible scope with respect to admissible character evidence of Mr. Daibes habitual gift giving, including whether in addition to opinion and reputation evidence the Court will permit the defense to elicit evidence of specific acts of gift giving through its witnesses. As argued in Mr. Daibes' opposition to the government's motion *in limine*, because corrupt intent is an essential element of the charges at issue, evidence of specific acts of Mr. Daibes' gift giving, especially gifts of gold and/or cash, is admissible pursuant to Rule 405(b). Additionally, such evidence is admissible pursuant to Rule 406 to show that acts taken by Mr. Daibes at issue in this case were in accordance with his habit or routine practice.

Rule 405(b) permits the defense to prove the defendant's character or character trait by relevant specific instances of the defendant's conduct where the "character or character trait is an essential element of a charge, claim or defense[.]"  The government, as it must, recognizes that while generally character evidence in the form of specific acts is inadmissible, the exception to that is where, as here, the character trait at issue is an essential element of the charges.  *See* ECF No. 291 at 18 ("a defendant can neither testify nor offer other proof to establish specific acts in conformity with that trait that **are not an element of the offense**.") (emphasis added).  Indeed, all of the cases that the government cited in support of this point either dealt with Rule 404(b) as opposed to Rule 405, or recognize that Rule 405(b) provides for an exception to the preclusion of character evidence in the form of specific acts where the character or trait is an essential element of the charges.  Specific instances of Mr. Daibes' generosity and penchant to give gifts to those with whom he enjoys a lasting and close personal relationship for no reason but to show his affection towards those individuals are relevant to an essential element of the charges – whether Mr. Daibes harbored a corrupt intent in gifting gold and cash to Senator Menendez.  Therefore, specific instances of gift giving is admissible pursuant to Rule 405(b).

While courts in the Second Circuit have previously recognized that specific acts of good character are inadmissible to prove lack of intent, that applies in cases dealing with general intent as opposed to the instant case which requires the government to prove that the defendant harbored the specific *mens rea* of corrupt intent.  *See United States v. Zodhiates*, 235 F. Supp. 3d 439, 452 (W.D.N.Y. 2017), aff'd, 901 F.3d 137 (2d Cir. 2018) (citing *United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997)).  As the court is aware, Mr. Daibes has not disputed that he provided the gold and cash tied to him found at Nadine Menendez's residence and her safe deposit box.  The critical element is whether or not Mr. Daibes provided those items with a corrupt intent.  Specific acts showing his habitual gift giving are admissible to negate the government's circumstantial corrupt intent arguments.  Where, as is the case here, the only evidence the government offers as to corrupt intent is circumstantial, the defense should not be limited in its ability to refute such evidence.  Mr. Daibes' habitual gift giving without an ulterior motive or expectation of anything in return is an essential aspect of his defense and specific acts demonstrating this are admissible pursuant to Rule 405(b).

In addition to being admissible pursuant to Rule 405(b), specific acts of Mr. Daibes' habitual gift giving are independently admissible pursuant to Rule 406 to show Mr. Daibes' routine practice of gifting gold and cash in specific circumstances.  Under Rule 406, "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit or routine practice."  Ms. Maali and other potential defense witnesses would testify that Mr. Daibes has a routine practice of gifting gold and cash to those with which he maintains relationships.  Indeed, these witnesses would establish that the act of giving gold and cash to those he maintains relationships with on particular occasions is "more than a mere tendency to act in a given manner, but rather, conduct that is semi-automatic in nature." *United States v. Al Kassar*, 582 F. Supp. 2d 498, 501 (S.D.N.Y. 2008) (quoting *Zubulake v. UBS Warburg LLC*, 382 F.Supp.2d 536, 542 (S.D.N.Y.2005)) (internal quotation marks omitted).  Accordingly, in addition to being permissible pursuant to Rule 405(b), the Court should permit the defense to elicit evidence of specific acts of Mr. Daibes' habitual gift giving of gold and cash as permissible habit evidence pursuant to Rule 406.

Respectfully submitted,

/s/

César de Castro
Valerie Gotlib
Shannon McManus
Seth Agata


cc: All Counsel (*via* ECF)