

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 25, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

     Re:    *United States v. Robert Menendez, et al.*,
              S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in response to defendant Fred Daibes's letter motion filed on June 23, 2024 (Dkt. 481) (the "Daibes Letter"), which purports to seek clarification of the Court's prior rulings pertaining to the admissibility of both general evidence regarding Daibes's alleged character for generosity and specific acts of gift giving. Consistent with uniform and settled law, the Court has already ruled that specific acts of gift giving are positive propensity evidence that is inadmissible pursuant to Federal Rules of Evidence 404(b) and 405(b). Even if the Court had not already ruled, Daibes's motion should be denied.

     **I.**    **Background**

        **A. Prior Rulings**

      In its omnibus pretrial motions *in limine*, the Government moved to preclude the defendants from presenting evidence or arguments concerning their prior commission of good acts, or specific-act propensity evidence pursuant to Rule 404(b). (Dkt. 291, at 17). With respect to Daibes's alleged character for generosity, at the pretrial conference, the Court stated that, "if it's admissible," Daibes could "put in *the fact* that he's a habitual gift giver." (Pretrial Conf. Tr. 14:8-10 (emphasis added).) The Court said nothing about specific acts evidence, and the Government understood the Court's ruling to permit only character evidence of *the fact* of habitual gift giving, or generosity, pursuant to Rule 405(a), whether admitted through cross-examination of the Government's witnesses or in a defense case. Accordingly, the Government did not respond further to the Court's ruling, based on the Government's understanding that the fact of Daibes's

Honorable Sidney H. Stein
June 25, 2024
Page 2

generosity could only be introduced "if it's admissible" (*id.*), *i.e.*, only in the form permitted by the Federal Rules of Evidence.

Accordingly, consistent with Rule 404(b)'s and Rule 405(b)'s prohibitions on specific act evidence, during the testimony of Mierna Hanna, the Government objected when defendant Wael Hana sought to introduce specific examples of Daibes's alleged gift giving. (*See* Trial Tr. 960:10-11.) The Court sustained the Government's objection, and subsequently agreed with the Government that, with respect to the testimony of a different witness, Jamela Maali, eliciting specific past alleged acts of gift giving would constitute "404(b)(1) evidence of any other act," which is "not admissible to prove a person's character in order to show that on a particular occasion, the person acted in accordance with the character." (*Id.* 1104:13-1.) In contesting the Court's ruling, counsel for Daibes raised a specific instance in which Daibes purchased a handbag for Nadine Menendez. Counsel for Daibes argued that he should have been able to question Ms. Maali concerning that purchase. However, the Court ruled that such testimony was both beyond the scope of the direct examination and also stated, that, in any event, "I have trouble with the 404(b)(1) issue." (*Id.* 1105:15-25.) Nonetheless, counsel for Daibes asked numerous questions about alleged specific instances of gift giving, to which the Court sustained objections. (*See id.* 1129:5-20, 1130:3-20, 1133:13-17, 1142:17-22.)

### B. The Parties Conferring

On June 20, 2024, the Government conferred with counsel for Daibes regarding Daibes's defense case (should he choose to put on one) and advised Daibes that, consistent with the Court's rulings, the Government understood that Daibes would be permitted to elicit character testimony regarding Daibes's alleged character for generosity pursuant to Rule 405(a), but that Daibes would be prohibited from eliciting alleged evidence of specific acts of gift giving because such evidence is barred under Rules 404(b) and 405(b). Daibes's characterization of the Government's position in his letter motion is accordingly incorrect (although the Government assumes that the mischaracterization is inadvertent). (*See* Daibes Ltr. at 2 ("[I]t is clear that the government interpreted the Court's ruling concerning the admissibility of Mr. Daibes habitual gift giving as applying solely to reputation and opinion evidence and not to evidence of specific acts").)

## II. Discussion

Irrespective of the scope of or alleged lack of clarity in the Court's prior rulings, what Daibes now seeks is barred under uniform and settled law.

### A. Rules 404(b) and 405(b) Prohibit Evidence of Specific Acts to Prove Action in Conformity with That Character Trait

Although a defendant may offer evidence of a defendant's "pertinent character trait," Fed. R. Evid. 404(a)(2), "[e]vidence of a person's character or character trait is *not* admissible to prove that on a particular occasion the person acted in accordance with the character or character trait." *Id.* 404(a)(1) (emphasis added). Any character evidence must also conform to the requirements of Rule 405, which permits reputation or opinion testimony regarding that trait, but expressly

Honorable Sidney H. Stein
June 25, 2024
Page 3

prohibits evidence of specific instances of conduct unless the "character or character trait is an essential element of a charge, claim, or defense." *Id.* 405(a), (b).

Moreover, it is settled law—even where specific acts evidence may otherwise meet the requirements of Rule 405—that for evidence of specific prior acts to be admissible under Rule 404(b), such evidence "must serve a non-propensity purpose." *United States v. Quattrone*, 441 F.3d 153, 191 (2d Cir. 2006). This is so because otherwise the two rules (Rules 404 and 405) would seem to conflict.

Accordingly, it does not matter whether the alleged acts in question were "good acts" or "bad acts." *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) (citing Fed. R. Evid. 404(b)); *see also United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (evidence of defendant's specific acts improperly admitted because "character evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts"); *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) ("No less than evidence of a defendant's prior 'bad acts' used to show he committed the crime charged, such 'good acts' evidence is only relevant if we assume that a defendant acted in conformity with those prior good acts—*i.e.*, if we make the exact propensity inference Rule 404(b)(1) is designed to prohibit."); *United States v. Rossy*, 22 Cr. 550-02 (NSR), 2023 WL 8039500, at *6 (S.D.N.Y. Nov. 20, 2023) (explaining that, while a defendant would be "permitted to offer evidence as to her character for truthfulness," she was not permitted to offer evidence of "any prior good acts").

Here, the evidence Daibes seeks to introduce is indisputably offered for a propensity purpose. Daibes has acknowledged that what he intends to do is to seek elicit that Daibes "gives gifts of gold" (Trial Tr. 1103:3-4), handbags (*id.* 1104:21-23), and more generally, that he gives gifts "on all different fronts" (*id.* 1103:14-15). In short, Daibes seeks to do precisely what Rule 404(b) prohibits—offer evidence of specific acts of gift-giving on other occasions to seek to show that on the particular occasions where Daibes gave the Menendezes items of value, the provision of such items was consistent with Daibes's alleged other gift giving, and thus the items must have been gifts, not bribes. (*See* Daibes's Ltr. at 2 (that he "provide[d] an expensive handbag to a friend for no reason except as a token of appreciation . . . supports the essential element of Mr. Daibes defense that he did not possess a corrupt intent when he gifted the handbag to Mrs. Menendez"); (*see also* Trial Tr. 1104:25-1105:4 ("[the Government is] going to bring out gift giving and they are just calling it a bribe. . . . We're calling it gift giving,"). That is precisely what Rules 404(b) and 405(b) prohibit.

Daibes does not appear to disagree that Rules 404(b) and 405(b) generally prohibit what he seeks to do, and indeed, they do so expressly. He therefore points to Rule 405(b)'s narrow exception, which allows specific act evidence where a person's "character trait is an essential element of a charge, claim or defense." (Daibes Ltr. at 2-3.) This exception plainly does not apply. Indeed, "[i]t is rare that character is an essential element. The typical example of such a case is defamation—where injury to reputation must be proven." *Johnson v. Pistilli*, 95 Civ. 6424, 1996 WL 587554, at *3 n.5 (N.D. Ill. Oct. 8, 1996); *Government of Virgin Islands v. Grant*, 775 F.2d 508, 511 (3d Cir. 1985) (same). In short, "[c]haracter is directly in issue" only

Honorable Sidney H. Stein
June 25, 2024
Page 4

"when it is a material fact that under the substantive law determines rights and liabilities of the parties." *United States v. Morris*, 41 F. App'x 160, 164 (10th Cir. 2002).

Here, Daibes argues that because the Government must prove that he acted with corrupt intent to prove bribery, evidence that, in his view, tends to show that he had a different intent—namely, mere gift giving—renders non-generosity an "essential element" of bribery. (Daibes Ltr. at 3.) That is wrong. As an initial matter, corrupt intent for these purposes means intent to engage in *a quid pro quo*; whether someone is a "generous" person is not inconsistent with having that intent at specific times. Put differently, nothing in this case makes "the existence or nonexistence of the character trait"—here, generosity—one that "itself determines the rights and liabilities of the parties." *Morris*, 41 F. App'x at 164. Rather, Daibes simply wants to offer specific acts of his alleged generosity at other times in support of the argument that, at the pertinent times in this case, he did not engage in bribery. That is a propensity argument, and it is not permitted. Indeed, this argument is indistinguishable from asserting that, in a fraud case, specific acts evidence of truthfulness on other occasions is admissible, or that, in a case charging a doctor with illegally writing prescriptions for a controlled substance, specific acts evidence of being detailed-oriented in ensuring patient care on other occasions is admissible. In short, the proposition that Daibes advances would effectively repeal Rule 405(b). As the Second Circuit has explained, "if specific good deeds could be introduced to disprove knowledge or intention, which are elements of most crimes, the exception of Rule 405(b) would swallow the general rule of 405(a) that proof of specific acts is not allowed." *United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997).

It is thus unsurprising that Daibes points to no case, from any court, that has accepted his argument. Nor is it surprising that, to the Government's knowledge, every court to consider such an argument has rejected it. *See, e.g.*, *United States v. Zodhiates*, 235 F. Supp. 3d 439, 452 (W.D.N.Y. 2017) (excluding reverse 404(b) evidence that went to knowledge and explaining that the "admission of specific-acts character evidence" should be limited to "cases in which character is, in the strict sense, in issue and deserving of a searching inquiry") (internal citations omitted), *aff'd*, 901 F.3d 137 (2d Cir. 2018); *United States v. Nektalov*, S2 03 Cr. 828 (PKL), 2004 WL 1637010, at *2 (S.D.N.Y. July 21, 2004) (character not "in issue" when the defendant is charged with money laundering); *United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013) (specific evidence of law-abidingness was "not an essential element of a wire fraud charge, nor a defense to it" thus evidence was not admissible under Rule 404(b)); *United States v. McMahan*, 394 Fed. App'x 453, 463-64 (10th Cir. 2010) (prohibiting specific acts evidence to seek to prove lack of intent to commit bribery); *United States v. Marrero*, 904 F.2d 251, 259-60 (5th Cir. 1990) (holding a defendant may not use specific instances of conduct to seek to prove lack of intent).

Finally, even if such evidence was admissible under Rule 404 or Rule 405, which it is not, the evidence is nonetheless inadmissible under Rule 403 because any marginal relevance of such evidence would be substantially outweighed by the risk of misleading the jury, confusing the issues, and wasting the jury's time. *See Zodhiates*, 235 F. Supp. at 452-53 ("Of the three methods of proving character provided by [Rule 405] evidence of specific instances of conduct is the most convincing. At the same time it possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time.") (citing Advisory Committee Note to Fed. R. 405).

### B. Daibes's Alleged Specific Acts of Gift Giving Do Not Constitute "Habit" Evidence Pursuant to Rule 406

Daibes also argues that specific acts of his gift giving are "independently admissible pursuant to Rule 406 to show [his] routine practice of gifting gold and cash in specific circumstances." (Daibes Ltr. at 3.) Not so. Habit evidence is "particularized conduct" that is "capable of almost identical repetition," *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 542 (S.D.NY. 2005), or something that is almost "semi-automatic," *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011). Habit may not be proven by a "few isolated prior acts" but instead involves a "person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time." *Id.* (internal citations omitted). Although there is no precise formula "for determining when the behavior may become so consistent as to rise to the level of habit," *Reyes v. Missouri Pac. R.R. Co.*, 489 F.2d 791, 795 (5th Cir. 1979), "[i]t is only when examples offered to establish such pattern of conduct or habit are numerous enough to base an inference of systematic conduct, that examples are admissible," *Zubulake*, 382 F. Supp. 2d at 542 (quoting *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1524 (11th Cir. 1985)).

In contrast to habit, character "is a generalized description of a person's disposition or a general trait such as honesty, violence or peacefulness." *Id.* Courts are "cautious in permitting the admission of habit or pattern-of-conduct evidence under Rule 406 because it necessarily engenders the very real possibility that such evidence will be used to establish a party's propensity to act in conformity with its general character, thereby thwarting Rule 404's prohibition against the use of character evidence except for narrowly prescribed purposes." *Id.* (quoting *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988)).

Daibes's alleged provision of "gold and cash in specific circumstances"—whether to Menendez or others—are clearly "isolated prior acts" that do not rise to a "regular practice of meeting a particular kind of situation with a specific type of conduct." *Al Kassar*, 660 F.3d at 123. Indeed, it is highly unlikely that each time Daibes brought donuts to a colleague or took a friend to dinner, he both picked up the check and gave them kilogram gold bars. Nor does Daibes, who bears the burden to demonstrate admissibility, argue otherwise. Without such a semi-automatic practice or evidence of systematic conduct undertaken in "a particular kind of situation," Daibes's specific acts of gift giving do not satisfy the requirements for Rule 406 habit evidence and should be precluded. *See Louissier v. Universal Music Group, Inc.*, No. 02 Civ. 2447 (KMW), 2005 WL 5644420, at *2 (S.D.N.Y. Aug. 30, 2005) (cautioning against evidence "that attempts to prove a pattern of conduct as habit, because of the risk that such evidence will be used to establish a party's propensity to act in conformity with his general character, which is specifically prohibited by Fed. R. Evid. 404") (citations omitted); *cf. Zubulake*, 382 F. Supp. 2d at 543 (excluding evidence of insubordination and lack of teamwork as habit evidence because insubordination was "not of sufficient frequency to show the type of semi-automatic conduct envisioned in Rule 406"). Nor does Daibes even attempt to explain how his argument, if accepted, could be reconciled with the plain language of Rule 405(b) and uniform case law interpreting it.

Honorable Sidney H. Stein
June 25, 2024
Page 6

### III. Conclusion

The Court has already ruled that specific acts of Daibes's gift giving are inadmissible. That ruling was correct, and Daibes has offered no persuasive basis for the Court to reconsider that ruling. Accordingly, any such evidence should be precluded pursuant to Rules 403, 404, and 405.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Christina A. Clark
      Eli J. Mark
      Daniel C. Richenthal
      Paul M. Monteleoni
      Lara Pomerantz
      Catherine E. Ghosh
      Assistant United States Attorneys
      (212) 637-2431/2109/2219/2343/1114
      Christina A. Clark
      Special Assistant United States Attorney
      (202) 307-5191

cc:   (by ECF)

      Counsel of Record