

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 26, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:  ***United States v. Robert Menendez, et al.,***
> **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

The Government respectfully writes in the above-captioned matter to identify for the Court and seek the resolution of objections raised by defendant Robert Menendez to certain exhibits that the Government intends to offer in connection with the testimony of Shannon Kopplin of the United States Senate Select Committee on Ethics. Ms. Kopplin is expected to testify today, Wednesday, June 26, 2024, in the afternoon.

Specifically, while Menendez does not object to his public Senate financial disclosures for calendar years 2018 through 2022 being admitted, he has advised the Government that he objects on hearsay grounds to admission of the public instructions as to how those disclosures are filled out. This objection may reasonably be characterized as frivolous. The instructions are not assertions of "fact," and thus are not hearsay. But even if they were, they are not offered to prove a "fact," but because they were said, that is, they are instructions to the forms Menendez filled out. Indeed, without the instructions, the forms—which repeatedly ask whether there is a "reportable" event—are near-incomprehensible. A sample disclosure form (GX 10E-5) and the corresponding instructions (GX 10E-11), for calendar year 2021, are enclosed as Exhibits A and B.

Menendez also objects on hearsay grounds to any portion of the public Senate Ethics Manual being admitted. This objection fails for the same reason. The Senate Ethics Manual is not an assertion of fact, nor, in any event, is it offered for that purpose. Rather, the Government offers a very limited excerpt to help demonstrate Menendez's knowledge of the prohibition set forth in 18 U.S.C. § 219. The excerpt the Government has marked (GX 10I-1A) is enclosed as Exhibit C.

Honorable Sidney H. Stein
June 26, 2024
Page 2

## I.    Background

Prior to trial, Menendez filed a motion *in limine* seeking to preclude his public Senate financial disclosure forms.  (Dkt. 292, at 3-6.)  Menendez did not distinguish between the forms and the instructions thereto in making this motion, and he did not raise a hearsay objection.

The Government opposed Menendez's motion, explaining that uniform case law permits such evidence, and it is commonly admitted in all manner of cases, including those charging corruption and honest services fraud. (Dkt. 315, at 15-21.) *See, e.g.*, *United States v. Ash*, No. 22-1048-CR, 2022 WL 16955057, at *3 (2d Cir. Nov. 16, 2022) ("[Defendant] contends that the district court erred in overruling her objections to evidence of valuable benefits she received for being on the Board and her failure to disclose those benefits on her obligatory financial disclosure forms.  This evidence was admissible as it tended to show motive and consciousness of guilt."); *United States v. Silver*, 184 F. Supp. 3d 33, 44-45 (S.D.N.Y. 2016) ("[A] rational juror could conclude that [defendant's] financial forms and disclosures to the press . . . were far from forthright and thus were evidence of consciousness of guilt."), *vacated and remanded on other grounds*, 864 F.3d 102 (2d Cir. 2017); *see also id.* at 53 n.10 ("How [defendant] filled out his financial disclosure forms was not, however, a 'collateral dispute' nor mere 'details.' . . . [T]he forms were relevant as circumstantial evidence of [defendant's] consciousness of guilt."); *United States v. Mangano*, No. 16 Cr. 540 (JMA), 2022 WL 65775, at *43 (E.D.N.Y. Jan. 6, 2022) (in bribery scheme, where financial disclosure form falsely disclosed bribe payments made to defendant, via his wife, as her salary, "[defendant's] submission of this financial disclosure—an attempt to lull Nassau County and the citizens of Nassau County . . . from discovering [defendant's] bribery scheme—was an act in furtherance of that scheme"); *United States v. Sampson*, No. 13 Cr. 269 (DLI), 2015 WL 2066073, at *7 (E.D.N.Y. May 4, 2015) (admitting financial disclosure forms in obstruction of justice case because "Defendant's failure to report the Associate Transaction on his Senate Financial Disclosure Forms suggests that Defendant was using the money for an illicit purpose, *i.e.* the embezzlements. Therefore, the Senate Financial Disclosure Forms help to complete the government's story regarding the embezzlements and the resulting interference in a federal investigation.").

At the final pretrial conference, the Court denied Menendez's motion. (Final Pretrial Conf. Tr. 22 ("I'm going to allow it in.  It's part of the crime itself.  That is, his failure to disclose things of value received from co-conspirators seeking to i[nfluence] official[] acts.  It's evidence of consciousness of guilt, and, as I say, it's an act in furtherance of the scheme.").)

## II.    Discussion

### A.  The Instructions to the Disclosure Forms Are Admissible

As an initial matter, it is unclear whether Menendez even may raise a hearsay objection now to the disclosure forms, given that he did not raise one in his motion *in limine*, and he had no basis to believe that the Government would offer the disclosure forms, but not the instructions thereto, without which the disclosure forms would be rendered near-incomprehensible. *See United States v. Yu-Leung*, 51 F.3d 1116, 1120 (2d Cir. 1991) ("To be timely, an objection must be made

Honorable Sidney H. Stein
June 26, 2024
Page 3

as soon as the ground of it is known, or reasonably should have been known to the objector." (internal quotation marks omitted; alterations incorporated)). In any event, Menendez's objection fails for multiple reasons.

*First*, his suggestion that the instructions could even be deemed hearsay is wrong. Hearsay is defined in Federal Rule of Evidence 801 as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion" which is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(a), (c). The instructions are not an "assertion" by a "person" that is "intended as an assertion," much less an assertion that one could "prove" to be "true." They are *instructions*, not factual statements. And indeed, it is settled law that directives, instructions, or commands are not hearsay. *See, e.g.*, *United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999) ("Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay.").

*Second*, even if one assumed that the instructions contained assertions of fact—which they do not—they are not offered to prove the "truth" of any alleged "fact," but because they are instructions, *i.e.*, explain the forms that Menendez filled out (which are plainly not hearsay for multiple reasons, including that they are not offered to show that they true, but just the opposite, and are offered by the Government). Unsurprisingly, in every case of which the Government is aware in which financial disclosure forms were admitted, they were admitted with the instructions, whether the instructions are separate documents, *see United States v. Ash*, No. 19 Cr. 780 (LAK) (S.D.N.Y. Dec. 7, 2021) (Tr. 605 *et seq.*), or part of the same document, *United States v. Silver*, No. 15 Cr. 93 (VEC) (S.D.N.Y. May 8, 2018) (Tr. 1528 *et seq.*).

*Third*, as noted above, without the instructions, the disclosure forms would be rendered near-incomprehensible. One cannot discern what is "reportable" (Ex. B, at 1, 3, 4), without reading the instructions. It is settled law that the bar against hearsay does not bar statements without which a defendant's statements would make little sense. *See, e.g.*, *United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006); *United States v. Sorrentino*, 72 F.3d 294, 298 (2d Cir. 1995). Menendez is not entitled to leave the jury guessing as to how to read his own financial disclosures.

B.    The Senate Ethics Manual Excerpt Is Admissible

For substantially the same reasons, the very limited excerpt of the public Senate Ethics Manual that the Government seeks to offer is admissible. The excerpt does not contain an "assertion" by a "person" that is "intended as an assertion," much less an assertion that on could "prove" to be "true." And the excerpt is not, in any event, offered to prove an alleged fact. Rather, it is offered to show that Menendez was advised of the prohibition set forth in 18 U.S.C. § 219, which is probative of his consciousness of wrongfulness, and particularly appropriate in light of his repeated arguments about his alleged belief in the propriety of his work with and for Egypt.

Honorable Sidney H. Stein
June 26, 2024
Page 4

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     s/ Daniel C. Richenthal
        Eli J. Mark
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2431/2109/2219/2343/1114
        Christina A. Clark
        Special Assistant United States Attorney
        (202) 307-5191

Enclosures

cc:     (by ECF)

        Counsel of Record