GOVERNMENT
EXHIBIT
10E-11
23 Cr. 490 (SHS)

# U.S. Senate Select Committee on Ethics

# Financial Disclosure Instructions for Calendar Year 2021



### For Use By:

### Members, Candidates, Officers, and Certain Employees of the Legislative Branch

**Issued March 2022**

**These instructions supersede all previous versions**

## Table of Contents

I.  **INTRODUCTION** ................................................................................................................ 1

    **Who Must File** ................................................................................................................ 1

        Members ...................................................................................................................... 1

        Officers ....................................................................................................................... 1

        Employees Paid At or Above the Filing Threshold ...................................................... 1

        Fellows and Detailees ................................................................................................ 2

        Certain Employees of Other Legislative Branch Offices ............................................ 2

        Political Fund Designees ............................................................................................. 2

        Principal Assistants ..................................................................................................... 2

        Candidates ................................................................................................................. 3

    **Filing Deadlines** ........................................................................................................... 3

        New Filer Reports ....................................................................................................... 3

        Annual Reports ........................................................................................................... 3

        Termination Reports ................................................................................................... 3

        Candidate Reports ...................................................................................................... 3

        Periodic Transaction Reports ..................................................................................... 4

    **Extensions** ................................................................................................................... 4

    **Penalty for Late Filing** ................................................................................................. 4

    **Penalty for Failure to File a Report or Filing a False Report** ...................................... 4

    **Amending Reports** ....................................................................................................... 4

    **Public Access** .............................................................................................................. 5

    **Unlawful Use of Reports** ............................................................................................. 5


II.  *e*FD **FEATURES AND GENERAL INSTRUCTIONS** ............................................... 6

    **Maintaining Your *e*FD Profile** ..................................................................................... 6

    **What You Should Know** ................................................................................................ 6

    **What You Can Do** ........................................................................................................ 6

    **Ways to Get Help** ........................................................................................................ 7


III.  **CONTENTS OF REPORTS** ...................................................................................... 8

    **Reporting Periods** ....................................................................................................... 8

        New Filer and Candidate Reports .............................................................................. 8

        Annual Reports ........................................................................................................... 8

        Termination Reports ................................................................................................... 9

    **Definitions of Terms** .................................................................................................... 10

        Category of Amount .................................................................................................... 10

        Category of Value ....................................................................................................... 10

        Dependent Child ......................................................................................................... 10

        Excepted Investment Funds (EIFs) ............................................................................ 10

        Three-Part Exemption Test ......................................................................................... 11

        Honoraria ................................................................................................................... 12

        Necessary Travel-Related Expenses .......................................................................... 12

        Relative ...................................................................................................................... 12

**Disclosure of Information Concerning Spouse and Dependent Children** ................................. 12

**Part 1: Honoraria Payments or Payments to Charity in Lieu of Honoraria** ......................... 12
    General Instructions........................................................................................... 12
**Part 2: Earned and Non-Investment Income**........................................................ 13
    General Instructions........................................................................................... 13
    Ensuring Consistency Throughout Your Report ........................................... 13
    Outside Earned Income Limit ............................................................................ 14
**Part 3: Assets and Unearned Income Sources** ................................................... 14
    General Instructions........................................................................................... 14
    Identification of Assets and Unearned Income Sources ................................. 14
    Reporting Complex Financial Arrangements ................................................... 18
    Valuation of Assets............................................................................................ 20
    Type and Amount of Unearned Income and Investment Income................... 20
    Three-Part Exemption Test ................................................................................ 21
**Part 4a: Periodic Transaction Reports (PTRs) Summary** ................................... 21
**Part 4b: Other Transactions**................................................................................. 22
    General Instructions........................................................................................... 22
    Exclusions .......................................................................................................... 23
    Three-Part Exemption Test ................................................................................ 23
**Part 5: Gifts** .......................................................................................................... 23
    General Instructions........................................................................................... 23
    Exclusions .......................................................................................................... 24
**Part 6: Travel Reimbursements** ........................................................................... 24
    General Instructions........................................................................................... 24
    Exclusions .......................................................................................................... 25
**Part 7: Liabilities** .................................................................................................. 25
    General Instructions........................................................................................... 25
    Mortgages and Other Liabilities Secured by a Personal Residence ............... 26
    Exclusions .......................................................................................................... 26
    Three-Part Exemption Test ................................................................................ 27
**Part 8: Positions Held Outside the U.S. Government** .......................................... 27
    General Instructions........................................................................................... 27
    Exclusions .......................................................................................................... 27
**Part 9: Agreements or Arrangements** .................................................................. 27
    General Instructions........................................................................................... 27
**Part 10: Compensation in Excess of $5,000 Paid by One Source** ..................... 28
    General Instructions........................................................................................... 28
    Exclusions .......................................................................................................... 28

**IV.  PERIODIC TRANSACTION REPORTS (PTRs)**................................................... 30

Appendix A: United States Senate Financial Disclosure Report
Appendix B: United States Senate Periodic Transaction Report

## Introduction

Federal law and Senate Rules, specifically the Ethics in Government Act of 1978, 5 U.S.C. app. § 101 et seq. (EIGA), and Senate Rules 34 and 41, require Senate Members, officers, certain employees, and candidates to file public Financial Disclosure Reports with the Secretary of the Senate, Office of Public Records (OPR).  The Senate Select Committee on Ethics (the Committee) administers the financial disclosure reporting program for the U.S. Senate.

In addition, the Stop Trading on Congressional Knowledge Act (the STOCK Act) requires the Senate to establish and maintain an electronic filing system for Financial Disclosure Reports.  The Senate's electronic system, *e*FD, is available at efd.senate.gov.  The *e*FD system provides secure online access for filers to complete and file Financial Disclosure Reports, amendments to such reports, and requests for extensions.  All Senate filers **must** set up an *e*FD account at efd.senate.gov.

These instructions supersede all previous versions.  Some additional notes governing these instructions:

- ▪ Do not rely on statements in these instructions for tax or investment advice.
- ▪ Disclosure of information through a Financial Disclosure Report does not establish the permissibility of underlying conduct under Senate Rules or applicable law and standards of conduct.
- ▪ Please contact the Committee with any financial disclosure questions not answered in this guide.

- ▪ **Who Must File**

  **It is the individual responsibility of each Member, officer, employee, and candidate to monitor their own filing status, obtain an eFD account, and file all required Financial Disclosure Reports**.

  The following individuals must file Financial Disclosure Reports.  Except where noted below, all individuals must file: (1) a New Filer Report or Candidate Report; (2) Annual Report(s); (3) a Termination Report; and (4) Periodic Transaction Reports (*see* p. 30, *infra*).

  - o <u>Members</u>.

  - o <u>Officers</u>.

  - o <u>Employees Paid At or Above the Filing Threshold</u>:  An "employee" is any individual, other than a Member or the Vice President, whose salary is disbursed by the Secretary of the Senate. Senate employees must file Financial Disclosure Reports if their rate of pay is at or above the "filing threshold."  The term "*filing threshold*" is defined as 120% of the basic rate of pay in effect for GS15 of the General Schedule (5 U.S.C. § 5332).  For calendar year 2021, the filing threshold was $132,552.  For calendar year 2022, the filing threshold is $135,468.

    - ▪ **Part-Time Employees**:  Part-time employees are required to file if their rate of pay, after adjustment to reflect full-time service, is at or above the filing threshold.

      ***Example***:  *An employee is paid $75,000 per year.  She works for a Senate office two and a half days per week, for a total of 20 hours.  In her office, a full-time employee works 40 hours per week.  For financial disclosure purposes, this individual's rate of pay is $150,000 ($75,000 x 2), and she is required to file Financial Disclosure Reports.*

    - ▪ **Shared Employees**:  Employees who work for more than one Senate office at the same time are required to file if their combined rate of pay from all Senate sources is at or above the filing threshold.  Shared employees whose combined salary is at or above the filing threshold must communicate their status as a shared employee to the Committee.

> *__Example__: An employee is paid at a rate of $70,000 per year by Senator A's personal office and $70,000 per year by Senator B's personal office. The two offices share the employee, who, in total, works full-time for the Senate. Because the combined rate of pay of the employee, $140,000, is above the filing threshold the employee is required to file Financial Disclosure Reports.*

- **Employees Hired During the Calendar Year:** Employees who are hired during the calendar year are required to file if their regular rate of pay is at or above the filing threshold during the portion of the calendar year that they commenced their Senate employment.

  > *__Example__: An employee is hired in October 2021 and paid at a rate of $160,000 per year by Senator A's personal office. At the end of the calendar year, the employee has only received $40,000 total pay for the calendar year. Because the rate of pay of the employee, $160,000 per year, is above the filing threshold, the employee is required to file Financial Disclosure Reports.*

- **Employees Who Receive a Temporary Pay Increase**: Employees whose regular rate of pay is below the filing threshold, but who receive one or more temporary pay increases (*e.g.*, bonuses) that increase their pay to a rate at or above the threshold, must file an Annual Report for any calendar year in which: (1) their rate of pay was at or above the filing threshold for at least 60 days **and** (2) their gross pay was at or above the filing threshold for that calendar year. Senate employees who only meet one prong of this standard in a calendar year due to a temporary pay increase do not need to file an Annual Report, unless they are required to file Financial Disclosure Reports for another reason (*e.g.*, Political Fund Designees).

  Employees who file an Annual Report solely due to a temporary pay increase are not required to file a New Filer Report, a Termination Report, or Periodic Transaction Reports.

  > *__Example__: A Senate employee paid at a rate of pay of $124,000 receives a bonus that increases her rate of pay to $155,000 for three months (91 days) in CY 2021. At the end of the year, her gross salary is approximately $132,729, which is above the financial disclosure threshold for CY 2021 ($132,552). Because (1) her rate of pay was above the threshold for more than 60 days during the calendar year and (2) her gross pay at the end of the calendar year exceeded the threshold, she is required to file an Annual Report for CY 2021.*

- **Re-Employed Annuitants**: For financial disclosure purposes, the pay of any re-employed annuitant includes amounts received by the employee as an annuity.

o <u>Fellows and Detailees</u>: Pursuant to Senate Rules 41.3 and 41.4, any person paid by an outside source to provide services to the Senate (*i.e.*, fellows and detailees) is treated as a Senate employee whose pay is disbursed by the Secretary of the Senate. Such employees must therefore file to the same extent as Senate employees (that is, if their pay from their sponsoring entity is at or above the financial disclosure threshold), except that they are not required to file Periodic Transaction Reports. Fellows or detailees who receive special pay (*e.g.*, locality pay, flight pay, LEAP) must contact the Committee to determine their filing requirements. Detailees may need to file financial disclosure reports through their home agency in addition to the reports filed with the Committee.

o <u>Certain Employees of Other Legislative Branch Offices</u>: Employees of certain other Legislative Branch offices must also file Financial Disclosure Reports with the Secretary of the Senate. These offices are: the Government Accountability Office (GAO); the Office of the Attending Physician; and any agency or commission in the legislative branch where the statute establishing such agency or commission designates filing with the Secretary of the Senate, or, if there is no such designation, any agency or commission established in an even numbered calendar year. Employees in these offices, other than GAO, file reports based on the rate of pay criteria established for Senate employees, as described above. GAO employees should seek separate guidance from the Office of the General Counsel at GAO.

- o <u>Political Fund Designees</u>:  Any employee designated under Senate Rule 41 as a Political Fund Designee (PFD) must file an Annual Report for each calendar year in which they hold that position and a Termination Report 30 days after leaving the PFD position.  Employees who must file exclusively based on PFD status (*i.e.*, employees paid below the filing threshold) are not required to file New Filer Reports or Periodic Transaction Reports.

- o <u>Principal Assistants</u>:  If a Member does not have an employee paid at or above the filing threshold during a given calendar year, the Member must designate a Principal Assistant to file an Annual Report for that calendar year.  The Principal Assistant must also file a Termination Report 30 days after leaving the Principal Assistant position or after leaving Senate employment.  The Principal Assistant is not required to file a New Filer Report or Periodic Transaction Reports.

- o <u>Candidates</u>:  For purposes of financial disclosure:

  - ▪ A "*candidate*" is any individual who (1) seeks nomination for election, or election to, Federal office; and has received contributions aggregating in excess of $5,000, or (2) has made expenditures aggregating in excess of $5,000; or has given consent to another to receive contributions or make expenditures on their behalf aggregating in excess of $5,000.

  - ▪ An "*election*" means (1) a general, special, primary, or run-off election, or (2) a convention or caucus of a political party that has authority to nominate a candidate.

  For candidates who have withdrawn their candidacy, see *Interpretative Ruling 413*, *Senate Ethics Manual* (2003 ed.), p. 286.

  **Note**:  Filings with the Federal Election Commission (FEC) **do not** satisfy a candidate's requirement to file a Financial Disclosure Report with the Senate pursuant to EIGA.  This is because the Committee and the FEC have separate reporting requirements and require the disclosure of different information  Candidates have an independent obligation to file Financial Disclosure Reports with the Senate.  The Committee does not initiate the financial disclosure process when a candidate files with the FEC.

- ▪ **Filing Deadlines**

- o <u>New Filer Reports</u>:  Must be filed within 30 days of assuming a filing position.  Incumbent employees who receive a permanent raise to a rate of pay that is at or above the filing threshold are required to file a New Filer Report within 30 days of receiving that permanent raise.

  Members who filed a Candidate Report prior to taking office may receive a waiver from the requirement to file a New Filer Report.  Similarly, officers and employees who left a public filing position (as specified in Title I of EIGA) within 30 days of assuming the new position may receive a waiver from the requirement to file a New Filer Report.  In both cases, the individual must submit a request that the report be waived through the *e*FD system.  Contact the Committee with any questions.

- o <u>Annual Reports</u>:  Must be filed each year, no later than May 15.  If May 15 falls on a weekend or a federal holiday, the filing deadline is the next business day.  **The filing deadline for Annual Reports covering calendar year 2021 is Monday, May 16, 2022**.

- o <u>Termination Reports</u>:  Must be filed within 30 days of terminating a filing position.  A Member, officer, or employee who begins another public filing position (as specified in Title I of EIGA) within 30 days of the date of termination may receive a waiver from the requirement to file a Termination Report.  In such a case, the individual must submit a request that the report be waived through the *e*FD system.  Contact the Committee with any questions.

- o <u>Candidate Reports</u>:  Must be filed no later than 30 days after becoming a candidate for nomination or election to the office of Member or by May 15 of that calendar year, whichever is later, but at least 30 days

before the primary or general election.  Subsequent candidate reports are due on or before May 15 of each succeeding year the individual continues to be a candidate.  Any candidate who is an incumbent Member of Congress is not required to file a Candidate Report.

> *Example*: *An individual became a candidate on November 15, 2021.  The candidate would be required to file a Candidate Report with the Senate by December 15, 2021, as long as that date is 30 or more days before a primary or general election in which the individual is a candidate.  The candidate is required to file another Candidate Report by May 15 in each succeeding year in which the individual remains a candidate.*

> *Example*: *An individual became a candidate on January 1, 2022.  The candidate would be required to file a Candidate Report by May 16, 2022, as long as that date is 30 or more days before a primary or general election in which the individual is candidate.*

> *Example*: *An individual became a candidate on January 1, 2022.  The candidate's primary election is on June 5, 2022.  The candidate is required to file a Candidate Report no later than May 6, 2022 (30 days before the primary election).*

o  Periodic Transaction Reports (PTRs):  Must be filed no later than 30 days after receiving written notification that a transaction has occurred, but in no case later than 45 days after the transaction date.  For further information regarding PTR requirements, see p. 30, *infra*.

A report is timely filed when filed through the *e*FD system by **11:59 p.m. ET** on the date the report is due.  Any electronic report filed after 11:59 p.m. ET on the due date is late.  When a report is filed successfully, *e*FD will display a confirmation screen.  Each filer will also receive an email confirming that the report has been filed successfully.  This includes Periodic Transaction Reports. If a filer does not receive both an on-screen receipt and an email confirmation, the report has not been filed

A paper report is timely filed when filed with the Office of Public Records before the office's close of business on the date the report is due.  Any paper report filed after close of business on the due date is late. If the due date for a paper report falls on a weekend or a holiday, the report must be filed with the Office of Public Records before the office's close of business on the last business day prior to the due date.

▪  **Extensions**

The Committee may, in its discretion, grant reasonable extensions of time for filing Annual, New Filer, Candidate, and Termination Reports.  The total of any extensions granted for any one report, including amendments, may not exceed 90 days.  To obtain an extension, submit an extension request in *e*FD.  All extension requests must be submitted **on or before the filing deadline**

**Note**:  If you intend to file your report on paper, you must submit an extension request via paper.

**Note**:  Extension requests for Candidate Reports cannot be granted if the requested due date is fewer than 30 days prior to a primary or general election in which the reporting individual is a candidate.

▪  **Penalty for Late Filing**

Any individual who is required to file a report and files such report more than 30 days after the due date, or, if an extension is granted, more than 30 days after the last day of the filing extension period, **shall be subject to a $200 penalty**.  The Committee will send the filer a penalty notification letter explaining how to pay any penalty that is due.  Payment must be delivered to the Committee and made payable for deposit in the United States Treasury.

The Committee may waive a penalty only in **extraordinary circumstances**.  Penalty waiver requests, should be submitted online via *e*FD and must indicate the specific, extraordinary circumstances that led to the untimely filing of the required report.

- **Penalty for Failure to File a Report or Filing a False Report**

An individual who is required to file a report and who knowingly or willfully falsifies information, or fails to file or report information required to be reported by § 102 of EIGA, may be subject to a civil penalty of up to $50,000 and disciplinary action by the Committee and/or any other appropriate authority under § 104 of EIGA.  Knowing and willful falsification of information required to be reported by § 102 of EIGA may also be subject to criminal prosecution under 18 U.S.C. § 1001.

- **Amending Reports**

The Committee will review the information contained in a report and any attachments thereto within 60 days of filing to determine whether the report is in compliance with applicable laws, rules, and regulations.  If the Committee identifies an error, omission, or discrepancy in a report, Committee staff will notify the filer in writing via an amendment request letter and ask the filer to correct or clarify the information by amendment within 30 days of receiving the request.  Additionally, if a filer believes that they made an error on a previous report, they may submit an unsolicited amendment to that report.  Amendments must be filed using the same method (eFD or paper) used to file the original report. If a filer believes an amendment was requested in error, they must contact the Committee before the filing deadline for the amendment, and the Committee will determine whether the amendment is required.

- **Public Access**

Financial Disclosure Reports are made publicly available by the Office of Public Records within 30 calendar days of being filed.  Any person requesting a copy of a report may be required to pay a reasonable fee to cover the cost of reproduction and mailing.  Each filer may inspect applications for public access to their reports upon request at the Office of Public Records or in eFD.  All Financial Disclosure Reports—except Candidate Reports for those candidates who were not elected—shall remain available for public inspection for a period of six (6) years after receipt.  In addition, § 8(a) of the STOCK Act, as amended, requires the Secretary of the Senate to ensure that Financial Disclosure Reports filed by Members and candidates since calendar year 2012 are made available to the public online.  These reports are available at efdsearch.senate.gov.

- **Unlawful Use of Reports**

It is unlawful for any person to obtain or use a Financial Disclosure Report for: (1) any unlawful purpose; (2) any commercial purpose, other than by news and communications media for dissemination to the general public; (3) determining or establishing the credit rating of an individual; or (4) use, directly or indirectly, in the solicitation of money for any political, charitable, or other purpose.

An individual who obtains or uses a report for any of the prohibited purposes outlined above may be subject to civil penalties and any other remedy available under statutory or common law.

### eFD Features and General Instructions

- **Maintaining Your *e*FD Profile**

  To create an *e*FD account, you must provide your full name, primary and secondary email addresses, Senate office or agency, Senate office address, Senate office phone number, personal phone number, and home address.  Your email address, home address, and personal phone number are confidential and **will not** be made available to the public.

  The Committee will use the email addresses listed on your profile page for communications regarding your reports, including reporting requirements.  **If your email addresses are not correct, you may not receive notifications regarding report due dates, amendment requests, or penalties.  It is the filer's responsibility to ensure that this information is complete and accurate, and to update it if the information changes.**  If you are leaving Senate employment, you must ensure that you have at least one non-Senate email address as part of your profile so that you continue to receive notifications and can access your *e*FD account.

  You will be required to certify that all profile information is up-to-date before filing any report in the *e*FD system.

- **What You Should Know**

  o  <u>Secure access anytime, from work or home</u>.  You can access your filed and in-progress reports at any time in your *e*FD account.  All reports and communications sent through the application are accessible in *e*FD.  You do not need to be connected to the Senate network to access *e*FD.

  o  <u>Reports are saved automatically</u>.  Until you file your report, it is considered "in-progress."  The *e*FD system automatically saves changes made to an in-progress report, which gives you the option to log-out and return later to finish your report.

     **Note**:  There is no record of information you delete from an in-progress report.

  o  <u>Information marked confidential is never made public</u>.  Certain information, such as profile contact information, will not appear publicly.  The Committee uses appropriate safety measures to protect this information.  However, since all reports are publicly available, avoid including unnecessary identifying information in any report (*e.g.*, children's names, street address of personal residence).

  o  <u>Amending a report does not delete the original report from the public record</u>.  If you amend your report after filing, any information deleted via the amendment will still appear in the original report and will remain publicly accessible.  Therefore, you should review your report thoroughly before filing it.

- **What You Can Do**

  o  <u>File reports</u>.  Once your report is complete, you must file it.  The Office of Public Records automatically receives a copy of all reports filed through *e*FD.  After you successfully file your report, you will receive both a receipt and an email confirmation.  If you do not receive a receipt and email confirmation, contact the Committee to ensure your report was filed properly.

  o  <u>File an amendment to a report</u>.  If you need to make a correction to a report that you previously filed, you must file an amendment.  You may do so by logging on to your *e*FD account, selecting the option to create an amendment, making the necessary change(s), and then filing the amended report.

  o  <u>Request extensions</u>.  The Reports page displays the date or dates on which each report is due.  You may request an extension for an Annual, New Filer, Termination, or Candidate Report.

     **Note**:  By statute, the Committee cannot grant an extension for a Periodic Transaction Report (PTRs).

o Designate filer assistants. You may designate another individual, such as an accountant or attorney, to help you complete your reports. A filer assistant can create a new report, edit an in-progress report, request an extension, and view all filed and in-progress reports. You may designate more than one filer assistant. However, filer assistants cannot file a report. Only you may file your report.

o See who has viewed your report. Your *e*FD account lists the name of each person who has viewed your report(s) through the Office of Public Records.

▪ **Ways to Get Help**

o Make an in-progress report viewable to the Committee. By default, in-progress reports are viewable only by you and your designated filer assistants. However, if you need help, you can give the Committee permission to view your in-progress report by checking the box entitled "Allow the Select Committee on Ethics to view this report," located near the top of your screen. Note that the Committee does not receive a notification that a report has been made viewable. If you would like the Committee to review an in-progress report, you must check this box and then contact the Committee. The Committee will make every effort to review your report prior to submission. However, as the due date approaches, resources for draft reviews may be limited and the Committee may be unable to review the report.

o Call the Committee: If you have any questions about your report, you can speak with a member of the Committee staff by calling 202-224-2981 and asking for the Financial Disclosure Specialist or an available Counsel.

o Meet with the Committee. If you would like to meet in person to discuss your report, contact the Committee to schedule an appointment. Please bring a printed copy of your report to this appointment.

## Contents of Reports

- **Reporting Periods**

    As used below, the term "*date of filing*" refers to the original due date for the report.  <u>Extensions to due dates do not affect the date of filing when determining the reporting period</u>.

    o   <u>New Filer/Candidate</u>

        Part 1 (Honoraria):  Report honoraria received during the preceding calendar year and current calendar year through the date of filing.

        Part 2 (Earned Income):  Report income received during the preceding calendar year and current calendar year through the date of filing.

        Part 3 (Assets):  Value assets as of any date within 31 days of the date of filing.  Report income received during the preceding calendar year and current calendar year through the date of filing.

        Part 4a (PTR Summary):  Not required

        Part 4b (Transactions):  Not required

        Part 5 (Gifts):  Not required

        Part 6 (Travel):  Not required

        Part 7 (Liabilities):  For revolving charge accounts (*e.g.*, credit cards), report the amount owed as of date of filing.  For all other liabilities, report the highest amount owed during the preceding calendar year and current calendar year through the date of filing.

        Part 8 (Positions):  Report positions held at any time during the preceding two calendar years through the date of filing.

        Part 9 (Agreements):  Report agreements and arrangements as of the date of filing.

        Part 10 (Compensation):  Report sources of compensation in any of the preceding two calendar years through the date of filing.

    o   <u>Annual</u>

        Part 1 (Honoraria):  Report honoraria received during the preceding calendar year.

        Part 2 (Earned Income):  Report income received during the preceding calendar year.

        Part 3 (Assets):  Value assets as of December 31.  Report income received during the preceding calendar year.

        Part 4a (PTR Summary):  Report transactions that occurred during the preceding calendar year.  Do not include transactions made during a period when the filer was not a Federal employee.

        Part 4b (Transactions):  Report transactions that occurred during the preceding calendar year.  Do not include transactions made during a period when the filer was not a Federal employee.

        Part 5 (Gifts):  Report gifts received during the preceding calendar year.  Do not include gifts received during a period when the filer was not a Federal employee.

Part 6 (Travel):  Report travel received during the preceding calendar year.  Do not include travel received during a period when the filer was not a Federal employee

Part 7 (Liabilities):  For revolving charge accounts (*e.g.*, credit cards), report the amount owed as of December 31.  For all other liabilities, report the highest amount owed during the preceding calendar year.

Part 8 (Positions):  Report positions held at any time during the current calendar year through the date of filing.

Part 9 (Agreements):  Report agreements and arrangements as of the date of filing

Part 10 (Compensation):  Required for first time filers only. Report sources of compensation in any of the preceding two calendar years through the date of filing.

o    <u>Termination</u>

Part 1 (Honoraria):  Report honoraria received from the end of the period covered by the previous report through the termination date.

Part 2 (Earned Income):  Report income received from the end of the period covered by the previous report through the termination date.

Part 3 (Assets):  Value assets as of any date within 31 days of the termination date.  Report income received from the end of the period covered by the previous report through the termination date.

Part 4a (PTR Summary):  Report transactions that occurred from the end of the period covered by the previous report through the termination date.

Part 4b (Transactions):  Report transactions that occurred from the end of the period covered by the previous report through the termination date.

Part 5 (Gifts):  Report gifts received from the end of the period covered by the previous report through the termination date.

Part 6 (Travel):  Report travel received from the end of the period covered by the previous report through the termination date.

Part 7 (Liabilities):  For revolving charge accounts (*e.g.*, credit cards), report the amount owed as of the termination date.  For all other liabilities, report the highest amount owed from the end of the period covered by the previous report through the termination date.

Part 8 (Positions):  Report positions held at any time from the end of the period covered by the previous report through the termination date.

Part 9 (Agreements):  Report agreements and arrangements as of the termination date.

Part 10 (Compensation):  Required for first time filers only. Report sources of compensation in any of the previous two calendar year through the termination date.

▪ **Definitions of Terms**

o <u>Category of Amount</u>

Reportable financial interests are disclosed either by actual amount or by category of amount, depending on the interest.  You may, but are not required to, indicate an actual amount where the report provides for a category of amount.  You may not indicate a category of amount where an exact amount is required.

o <u>Category of Value</u>

The term "*value*" means the exact value.  If the exact value is unknown or not easily obtainable and is not otherwise required by the instruction, a good faith estimate may be used.

   ▪ **For assets**:  You may use any of the following options to determine the value:

   *Option 1*:  Value based upon a recent appraisal of the property interest;

   *Option 2*:  The book value of non-publicly traded stock, the exchange value of corporate stocks, or the face value of corporate bonds or comparable securities;

   *Option 3*:  The net worth of your interest (as in a business partnership or other jointly held business interest);

   *Option 4*:  The equity value of your interest (as in a solely owned business or commercial enterprise);

   *Option 5*:  Statement balance (*e.g.*, personal savings accounts; brokerage accounts; or any investment portion of an insurance policy);

   *Option 6*:  Any other recognized indication of value so long as the method of valuation is sufficiently described; or

   *Option 7*:  Where the value of real property or a real estate partnership is not ascertainable without an appraisal: (a) the assessed value of real property for tax purposes adjusted to reflect current market value if the tax assessment is computed at less than 100% of current value; or (b) the actual purchase price of the real property and the date of purchase (both should be listed on the report). An individual using *Option 7a* must describe the method used to determine this value and list an actual amount rather than a category of value on the report.

o <u>Dependent Child</u>

The term "*dependent child*" means a son, daughter, stepson, or stepdaughter, if: (1) unmarried, under age 21, and living in your household, or (2) a "*dependent*" of yours within the meaning of § 152 of the Internal Revenue Code of 1986.

o <u>Excepted Investment Funds (EIFs)</u>

An "*Excepted Investment Fund*" (EIF) is a widely held investment fund (*e.g.*, a mutual fund, pension or deferred compensation plan, or pooled investment fund) that meets **all three** of the following criteria:

   1. **Widely held**

      A fund is "*widely held*" if it has more than 100 participants or investors.  "Participants or investors" includes all individuals invested in the fund, not merely the number of partnerships, LLCs, and/or other legal entities invested in the fund.

*__Example__: Ten members and six limited partnerships invest in XYZ, LLC.  Each limited partnership is comprised of 20 members.    To determine if XYZ, LLC is widely held, the filer must count the total number of members and individual investors in the LLC. In this example, XYZ, LLC is widely held because it has 130 total participants.*

2. **Publicly traded/available or widely diversified**

   A fund is "*publicly traded or available*" if it is open for investment by any member of the public.   A fund may be publicly available without being publicly traded.  A fund that was publicly available at the time of investment but is now closed is still considered publicly available.  A fund may be considered publicly available even if it has minimum net worth or initial investment requirements. However, an investment fund that is only available to members of a family or employees of a certain company is not publicly available.

   *__Example__: ABC Fund is not publicly traded.  In order to participate, investors must contribute a minimum of $250,000 to the fund.  However, the fund is open to all new investors.  As such, the fund is "publicly available."*

   A fund is widely diversified when no one security of an issuer (other than the U.S. Government) makes up more than 5% of its portfolio, and no particular economic or geographic sector makes up more than 20% of its portfolio.

3. **Filer does not have control over the underlying financial interests**

   A fund is not subject to a filer's control over its underlying financial interests if the filer does not have the ability to choose how the fund is invested, where and when the investments are made, or make decisions about administering the fund.  A fund is under the control of the filer if they have the ability to control underlying investments, regardless of whether the filer actually exercises that ability.  Filers generally do have the ability to decide which securities are included in their individual retirement or brokerage accounts, but do not have the ability to direct the underlying investment activity of a publicly traded mutual fund.

If **all three of the above criteria** are satisfied, a filer may disclose only the name of the fund, their proportional share of its year-end value, and the type and amount of income earned during the reporting period.   The filer is not required to list the underlying assets of the fund or the transactions that occurred within the fund.  However, if a filer purchases or sells their interest in the fund itself, the transaction must be reported if it is in excess of $1,000 on *Part 4b* (Transactions) of the relevant Annual Report.

o   <u>Three-Part Exemption Test</u>

A filer is not required to report an asset, transaction, or liability if the reporting individual certifies that:  (1) the asset, transaction, or liability meets all three parts of the Three-Part Exemption Test.  This Three-Part Exemption Test requires that:  (1) the asset, transaction, or liability represents a spouse or dependent child's sole financial interest or responsibility and is not known to the reporting individual; (2) the asset, transaction, or liability is not in any way, past or present, derived from the income, assets, or activities of the reporting individual; and (3) the reporting individual neither derives, nor expects to derive, any financial or economic benefit from the asset, transaction, or liability.

It is **extremely rare** that an asset, transaction, or liability meets all three parts of this Three-Part Exemption Test.  **If you believe that an asset, transaction, or liability meets the Three-Part Exemption Test, you must contact the Committee well before your report is due to determine whether or not this exemption applies**.  If the Committee determines that the Three-Part Exemption Test applies, you must indicate that one or more items have been omitted by checking the appropriate box on the "Review and File Report" section of your *e*FD report.

- o Honoraria

    The term "*honoraria*" means a payment of money or any thing of value for an appearance, speech, or article, excluding any actual and necessary travel expenses incurred by an individual, and one relative, and the amount otherwise determined shall be reduced by the amount of any such expenses, to the extent that such expenses are not paid or reimbursed.

- o Necessary Travel Related Expenses

    The term "*necessary travel related expenses*" refers to the cost of transportation, lodging, and meals accepted by a Member, officer, or employee, or a relative of any such individual while they are away from their residence or principal place of employment.

- o Relative

    The term "*relative*" refers to a filer's father, mother, son, daughter, brother, sister, uncle, aunt, great uncle, great aunt, first cousin, nephew, niece, husband, wife, grandfather, grandmother, grandson, granddaughter, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half-brother, half-sister, spouse's grandfather or grandmother, or fiancé or fiancée.

- **Disclosure of Information Concerning Spouse and Dependent Children**

    In addition to reporting your individual financial information, EIGA requires you to report information concerning your spouse and dependent children in several parts of the report.  You must specify the owner of any asset, interest, or obligation to indicate that your spouse or dependent child owns the item.  It is the responsibility of each reporting individual to ascertain whether a spouse or dependent child has or had any items that should be disclosed on the report.

    Reporting is not required for your spouse if they are living separate and apart from you with the intention of permanently separating or terminating the marriage.  In addition, reporting is not required for the receipt or payment of alimony, child support, or other income related to a property settlement arising from a permanent separation from a spouse or the dissolution of a marriage (*e.g.*, divorce).

- **Part 1:  Honoraria or Payments to Charity in Lieu of Honoraria**
    Reporting individuals for this part:  You and your spouse.

    - o General Instructions

        You must report all honoraria and donations to charity in lieu of honoraria made in connection with speeches, appearances, or articles by you or your spouse.  For donations to charity in lieu of honoraria, you must report the date the payment was made or, if unascertainable, the date of the speech, article, or appearance; the name and address of the organization making the payment; the activity generating the payment; the exact amount of the payment; and the exact name of the charitable organization to which the payment was made.  For all donations to charity in lieu of honoraria, you must certify that neither you nor your parent, sibling, spouse, child, or dependent relative derived any financial benefit from the charity.

        The name of the charitable organization receiving such payment is confidential and will only be seen by the Committee.

        For honoraria over $200 paid directly to you (for individuals not subject to the honoraria ban), or your spouse, you must report the name and address of the source of the honoraria; the date the payment was made; and the activity (speech, appearance, or article) generating the payment.  For payments received through a speakers' bureau, list the actual payer—not the speakers' bureau—as the source.

**Note**:  Disclosure of honoraria does not authorize their acceptance or establish the permissibility of the underlying activities from which the honoraria are derived.  Federal law generally prohibits Members, officers, and employees from accepting or receiving honoraria in any amount.  Federal law permits Members, officers, and employees to accept, in lieu of an honorarium, a donation to a charity qualified under § 170(c) of the Internal Revenue Code under certain circumstances.  For more information, see *Senate Ethics Manual* (2003 ed.), pp. 98-103.  Contact the Committee with any questions regarding honoraria or the honoraria ban.

- **Part 2:  Earned Income and Non-Investment Income**
  Reporting individuals for this part:  You and your spouse.

  o  <u>General Instructions</u>

  Report the source, type, and amount or value of earned income and non-investment income aggregating $200 or more from any one source.  Include the name and location of each source of income.  For your spouse, you are only required to report sources of earned income and non-investment income aggregating $1,000 or more from any one source.  You are not required to report the exact amount of income received by your spouse.  You are not required to report earned income for your dependent children.  All income reported on *Part 2* should reflect the gross amount.

  Include all earned income and non-investment income, including, but not limited to, fees, commissions, salaries, income from personal services, retirement income, pension payments, royalty payments, and gambling or lottery winnings.  **Exclude all income from the U.S. Government, including, but not limited to, your Senate salary, military pay from military reserve duty, social security income, and federal retirement income**.

  If you or your spouse is self-employed, report the income earned from that business or profession.

  > ***Example***:  *Your spouse is a practicing psychologist.  For the source of their income, you should report "self-employed practicing psychologist; Alexandria, VA."  The type of income is "self-employment income."  For spouse income, you are only required to report the income amount as "Over $1,000."*

  **Note**:  Disclosure of income does not authorize its acceptance or establish the permissibility of the underlying activities from which the income is derived.  Disclosure of income earned from outside employment is not a substitute for obtaining the approval of your supervising Member or officer for an outside activity, as required by Senate Rule 37.3.  Similarly, receiving approval to participate in an outside activity does not exempt the activity from disclosure.  Certain outside employment may create a conflict of interest under Senate Rule 37 (Conflict of Interest) or violate applicable law and standards of conduct.  Contact the Committee with any questions.

  o  <u>Ensuring Consistency Throughout Your Report</u>

  Your disclosure of earned and non-investment income on *Part 2* must be consistent with the rest of your report.  For example, if you disclosed a:

  - **Member Draw or Partnership Distribution**:  If you report income from a Limited Liability Company (LLC) or partnership, and you have a corresponding equity interest in the LLC or partnership, you must disclose the equity interest as an asset on *Part 3*.  Also, any position you hold with the LLC or partnership must be disclosed on *Part 8* unless it is a passive investment interest (*i.e.*, you are just an investor and provide no services).

  - **Retirement Distribution**:  If you report income from a retirement distribution, you must disclose any corresponding retirement account and its underlying assets on *Part 3*.  If assets were sold to produce the retirement distribution, you must disclose the sale transaction(s) on *Part 4b* (*see* p. 22, *infra*), or on a Periodic Transaction Report (PTR) (*see* p. 30, *infra*), as necessary.

- ▪ **Royalty Payment**: If you report royalty income from a book or other intellectual property, you must disclose any corresponding royalty agreement on *Part 9*.

- ▪ **Salary, Wage, or Other Earned Compensation from an Employer**: If you report compensation from an employer, you must disclose your position with the employer on *Part 8*.

- ▪ **Source of Compensation Greater than $5,000**: If this is your first report or you are a candidate, and you report earned income over $5,000, you must also report the source of the income over $5,000 on *Part 10*.

o Outside Earned Income Limit

Senate Rule 36 limits the outside earned income of individuals paid at or above the filing threshold. The outside earned income limit for calendar year 2021 was $29,595 and the outside earned income limit for calendar year 2022 is $29,895. Contact the Committee if you have any questions regarding the outside earned income limit.

Individuals who work for the Senate for part of the year are subject to a pro-rated outside earned income limit for outside income earned while employed by the Senate. To calculate the pro-rated limit, divide the number of days at or above the threshold by 365, then multiply that number by the outside earned income limit.

> **_Example_**: *If an individual begins Senate employment on June 30, 2021, there are 184 remaining days in the year. The outside earned income limit for CY2021 is $29,595. 184/365 = 0.50411; and 0.50411 x $29,595 = $14,919.13. This number—$14,919.13—represents the pro-rated outside earned income limit for this employee.*

- ▪ **Part 3: Assets and Unearned Income Sources**
  Reporting individuals for this part: You, your spouse, and your dependent children.

o General Instructions

Report the complete identity and category of value of any interest in property attributable to or held by you, your spouse, or your dependent children in a trade or business, or for investment or the production of income, with a fair market value exceeding $1,000 as of the close of the reporting period **or** from which you received or accrued unearned income in excess of $200 during the reporting period. You must report the value of each asset and the type and amount of income generated by each asset or received from each source.

**Unless otherwise specified, the following instructions refer to assets held by you, your spouse, and your dependent children, even if the instructions use only the word "you."**

**Note:** Disclosure of assets or income does not authorize ownership of the assets or the receipt of income. Certain assets or income may create a conflict of interest under Senate Rule 37 (Conflict of Interest) or violate applicable law and standards of conduct. Further, employees on the staff of a Committee are subject to a divestiture requirement under Senate Rule 37.7. Contact the Committee with any questions.

o Identification of Assets and Unearned Income Sources

Reportable assets include, but are not limited to, stocks, bonds, pension interests, annuities, futures contracts, mutual funds, IRAs and their underlying investments, personal savings or other bank accounts, excepted and qualified blind trusts, private tax shelters, beneficial interests in trusts or estates, real estate, commercial crops, accounts (or other funds) receivable, and collectible items held for resale or investment. For publicly traded assets, *e*FD includes a "lookup" feature to assist you with entering the correct asset

ticker symbol and asset name. If the asset is not publicly traded, you must enter the complete asset name. The following are examples of reportable assets:

- **Bank Deposits**: Report the complete name of each financial institution in which you have personal deposit accounts aggregating more than $5,000 as of the close of the reporting period or that generated more than $200 in unearned income during the reporting period. This includes checking accounts, savings accounts, certificates of deposit, sweep accounts, and any other type of account offered through a financial institution. You must aggregate all accounts with an institution to determine whether you have reached the reporting thresholds. Do not combine accounts at separate financial institutions or accounts held by different asset owners at the same institution (*e.g.*, do not combine bank accounts held by you with bank accounts held by your dependent child).

- **Bonds**: Report the complete name of each bond, identifying the bond by the name of the government entity (*e.g.*, state, municipality), company, or other issuer and the bond type (*e.g.*, general obligation, revenue). For each bond, you must also disclose the coupon and full maturity date. If the bond has a floating coupon, you must indicate that it is a floating rate bond and adjust the coupon as appropriate on each report.

- **Brokerage Accounts**: Report the complete name of a brokerage account in which you hold at least one reportable asset. Report (1) the name of the account, and (2) each underlying asset that is reportable.

  To report a brokerage account in *e*FD, the account should be added first and then the holdings should be added to the account. For example, in the snapshot below from *e*FD, the account titled "Personal Brokerage Account" has been added as asset #1 and the underlying asset "Example Stock XX" has been added to it as asset #1.1.



- **College and Other Education Savings Plans**:

  o For prepaid tuition plans, report the complete name of the plan and sponsor.

  o For college savings plans (*e.g.,* 529 College Savings Plans), report the complete name of the plan and each underlying investment that is separately reportable. College savings plans are investment accounts that hold individual underlying assets. Most of the investment choices offered by these plans will qualify as Excepted Investment Funds (EIFs). **Income generated by assets held in a college savings plan is tax-deferred; therefore, select "None (or less than $201)" for the income value.** To report this in *e*FD, first add the plan, and then report its underlying assets.

  o For Coverdell Education Savings Accounts, report each underlying asset that is separately reportable.

- **Cryptocurrency**: Report the complete name of any virtual currency and, if held through an exchange or platform, indicate the name of the exchange or platform on which it is held.

  <u>Note</u>: Please contact the Committee with any questions regarding reporting cryptocurrencies.

- **Estates**:  Report any estate in which you hold a vested beneficial interest under controlling state law.  If you have a vested beneficial interest in an estate but distribution has not yet occurred, provide a brief and general statement of the interest.  After distribution, report assets and income distributed from the estate during the reporting period in the same manner as other assets and income (*see Interpretative Ruling 311, Senate Ethics Manual* (2003 ed.), p. 253).

- **Excepted Investment Funds (EIFs)**:  Report the complete name of the fund.  You are not required to report the fund's underlying assets.  To review the definition of an EIF, see p. 10, *supra*.

- **Investment Clubs or Other Holding Arrangements**:  For investment clubs or similar entities that are organized to hold publicly traded assets for the purposes of investment, report the investment club and identify each reportable underlying investment asset or property held by the club unless shares in the investment club are publicly traded or the club itself meets the definition of an EIF (*see* p. 10, *supra*).  To report this in *e*FD, first add the investment club, and then report its underlying assets.

- **Mutual Funds and Exchange Traded Funds (ETFs)**:  Report the complete name of the mutual fund or ETF.  You must provide the name of the investment institution offering the mutual fund or ETF (*e.g.*, Vanguard, Fidelity) and the specific fund name (*e.g.*, Fidelity 500 Index Fund).  You may also identify the mutual fund or ETF by providing a ticker symbol for the asset (*e.g.*, "VUVLX" for the "Vanguard U.S. Value Fund").

- **Non-Public Stock**:  Additional information is required for non-public stock, as information about the company is not publicly disclosed to exchanges or the Securities and Exchange Commission.  For non-public stock, report the complete legal name of the company, its location (city and state), and a description of the primary nature of the company's business.  If you hold a position with the company, you must also disclose that position on *Part 8*.

- **Limited Liability Companies (LLCs), Non-Public Equity or Partnership Interests**:  For LLCs, non-public equity interests, partnership interests, and other types of non-public business entities, report the complete name of the interest, its location (city and state), the type of entity, and a description of the primary nature of the entity's trade or business, as well as underlying interests and assets that are not solely incidental to the trade or business.  To report this in *e*FD, first add the entity, and then report its underlying assets.  If you hold a position related to an LLC, non-public equity or partnership interest, you must also disclose that position on *Part 8* unless it is a passive investment interest (*i.e.*, you are just an investor and provide no services)

  > **_Example_**:  *You hold an ownership interest in XYZ Company, a private real estate rental company that primarily owns and rents real estate, but also buys stock in a bank.  You must disclose your interest in XYZ Company on Part 3, reporting the value of and income generated by each property, as well as the value of and income generated by the company's bank stock.*

- **Options**:  Report any option (*e.g.*, call option, put option) with a fair market value exceeding $1,000 as of the close of the reporting period or that generated more than $200 in unearned income during the reporting period.  For each option, you must provide the complete asset name or ticker symbol for which the option was issued, the strike price, option type, and expiration date.  For purposes of reporting employee stock options, if the options are vested (*i.e.*, exercisable before or at the close of the reporting period), value the options by using the difference between the fair market price (within 31 days of the close of the reporting period) and the option price.  If the employee stock options are contingent upon the occurrence of some future event, including the passage of time, then the options are not considered a vested interest for purposes of disclosure and are not yet reportable.

- **Personal Property**:  Report personal property if it is held in a trade or business or for investment or the production of income.  For intermittent sales of personal property, such as collections of

antiques or art holdings, indicate that the items are held for investment or the production of income and must be reported.

- **Publicly Traded Stock**:  Report either (1) the complete name of the company, or (2) the complete trading symbol for the stock.

  If you hold different types of stock of the same corporation (*e.g.*, both common and preferred stock), aggregate the value of the interests for purposes of determining whether the interests meet the value and income reporting thresholds.

- **Real Property**:  Report any real property held for investment or the production of income. Generally, you are not required to report a residence if it is not used to produce rental income. If any portion of a personal residence or other real property was rented for any period during the reporting period, or if the property includes a working farm, ranch, mineral excavation, or other income-generating asset, the property must be reported.  Other requirements may apply if the real property is held by a trust, LLC, or other entity.

- **Retirement Plans**:  For defined contribution retirement plans (*e.g.,* an IRA, SEP, 401(k)), report the name of the account and each underlying asset held in the retirement plan.  Defined contribution retirement plans are generally investment accounts that hold individual underlying assets.  To report this in *e*FD, first add the plan, and then report its underlying assets.  These types of retirement plans generally do not meet the test for an EIF because the underlying investments are held only by the individual account owner, and therefore are not "widely held."   If the retirement plan contains an individually or privately managed portfolio, report the portfolio in the same amount of detail as if each investment was directly held.

  In *e*FD, similar to brokerage accounts, retirement accounts should be added first and then the holdings should be added to the account.  For example, in the snapshot below from *e*FD, the account titled "Spouse IRA" has been added as asset #2 and the underlying asset "Target Fund 2055" has been added to it as asset #2.1.



For a defined benefit plan (*e.g.,* California State Teachers Retirement System (CalSTRS) or other pension plan), report the name of the plan and its overall value at the end of the reporting period.  If unknown, you may report the value as "Unascertainable."

**Income generated by retirement assets is not realized until withdrawal**; therefore, select "None (or less than $201)" for the income value if you did not receive any distributions from the account during the reporting period.  Report any distribution received from a retirement account on *Part 2*.

**Note**:  If you disclose an interest in an employer-based retirement plan, you must disclose a "Continuing Participation in an Employee Benefit Plan" agreement on *Part 9*.

**Note:  You are not required to report any retirement benefits derived from Federal Government employment, including the Thrift Savings Plan (TSP), or any Social Security benefits**.

- **Separately Managed Accounts**:  For a separately managed account, report (1) the name of the account, and (2) each underlying asset of the account that separately meets the reporting threshold.  To report this in *e*FD, first add the account, and then report its underlying assets.  A

separately managed account is generally not an Excepted Investment Fund (EIF) because you own each underlying asset in the account individually and directly in your own name, rather than owning shares of a fund.  This is true even if the account manager offers the option to select a pre-determined "investment strategy" or "portfolio" of assets.  Unless your account meets the definition of an EIF, you must disclose all reportable transactions associated with the account, on *Part 4b* and, if applicable, Periodic Transaction Reports.  This means that you must report any purchase, sale, or exchange exceeding $1,000 involving any underlying assets held within a separately managed account.

- **Trusts**:  Report any trust in which you hold a vested beneficial interest under controlling state law.  Generally, you must report an irrevocable trust if you received income during the reporting period, are currently entitled to receive income or to access the trust principal, or have a vested future interest (*e.g.*, remainder interest) in the trust principal or income.  You must also report a revocable trust if you are the grantor or receive mandatory distributions.  Report the complete name of the trust and all underlying assets of the trust that separately meet the reporting threshold, unless the trust is a "*qualified blind trust*" or an "*excepted trust*."  To report a trust (other than a "*qualified blind trust*" or an "*excepted trust*") in *e*FD, first add the trust, and then report its underlying assets.

  - A "*qualified blind trust*" is one in which the trust instrument has been submitted to and approved by the Committee, in accordance with Senate Rule 34 and § 102(d)(1) of EIGA.  A qualified blind trust is not established until it has received the Committee's written approval and the executed trust agreement has been filed with the Office of Public Records.

  - An "*excepted trust*" is one which (1) was not created by you, your spouse, or dependent children; and (2) has holdings or sources of income of which you, your spouse, and your dependent children have no knowledge.

    Contributions by you, your spouse, or your dependent children to the corpus of the trust, or payment of the trust taxes by you, your spouse or your dependent children will remove a trust from this "excepted" status.  Note that you cannot "create" an excepted trust by instructing a trustee not to divulge information or by otherwise avoiding previous sources of knowledge upon entering government service.

  For both qualified blind trusts and excepted trusts, report the complete name and category of value of the trust (unless the qualified blind trust was executed prior to July 24, 1995 **and** precludes you from receiving information of the trust's fair market value), but exclude underlying assets.  If the value of an "excepted trust" is unknown, you may report the value as "Unascertainable."  If trust income to you, your spouse, or dependent children exceeded $200 during the reporting period, you must report the trust.

- Reporting Complex Financial Arrangements

  To report a complex financial arrangement that does not qualify as an EIF, follow the instructions below.

  - **Reporting Non-EIFs, Generally**:  If a complex financial arrangement or investment fund does not meet the definition of an EIF, **you must report the holding's underlying assets**.  More specifically, each of the holding's underlying assets must be "broken out," with each underlying asset's name, value, and type and amount of income reported.  You must disclose any underlying asset that had a value exceeding $1,000 at the end of the reporting period or generated more than $200 in unearned income during the reporting period.

    If a complex financial arrangement or investment fund does not meet the definition of an EIF, you must report all transactions exceeding $1,000 involving the holding's underlying assets.  Additionally, any transaction exceeding $1,000 of a stock, bond, or other security must be reported on a Periodic Transaction Report (PTR) within 30 days of the transaction (*see* p. 30, *infra*).

To report multi-tiered ownership arrangements, you must break out all successive levels of underlying assets that meet the disclosure thresholds discussed above. Transactions involving the underlying assets must also be reported. Examples of such investment arrangements include, but are not limited to, a limited liability company that owns or invests in limited partnerships, a holding company and its investments, or a parent company and its subsidiaries.

▪ **Alternative Disclosure Method**: In very rare circumstances, when it is not possible to obtain all of the information necessary to fully report a holding's underlying assets, the Committee may permit filers to use the alternative disclosure method described below. You may only use the alternative disclosure method with the **prior written approval** of the Committee. Requests to use the alternative disclosure method must be submitted **well in advance** of the report due date. The alternative disclosure method will only be considered for financial arrangements where:

  o  neither you, your spouse, nor your dependent child is entitled by law or contract to receive complete financial statements for the arrangement, or when the information necessary for disclosure is subject to a confidentiality agreement; and

  o  neither you, your spouse, nor your dependent child has the power or authority to direct the investments of the financial arrangement.

Use of this method may only be requested when the required information is not legally obtainable by the filer. The Committee has previously approved the use of this method when investment fund managers treated the information subject to reporting as proprietary, or otherwise did not make the relevant information available to investors. The Committee has also approved this method when the information necessary to disclosure is subject to a confidentiality agreement prohibiting its disclosure. In deciding whether to approve a request for use of this alternative disclosure method, the expense in obtaining information required to be disclosed on the report is not relevant. Similarly, failing to ask for information that would otherwise be available is not an excuse for nondisclosure. Further, if you, your spouse, or your dependent child has the power to direct investments, but chooses not to exercise that power, the alternative method will not be approved.

To seek approval to use this method, you must submit a signed, written request to the Committee that:

  o  includes details of the investment ownership;

  o  describes the complexity of transactions and holdings;

  o  notes the existence (or not) of a confidentiality agreement; and

  o  describes the availability (or not) of information about such transactions and holdings.

You must also submit a signed statement from an authorized representative of the financial arrangement confirming all of the information listed above. The representative providing this statement must be an individual who has the knowledge and authority to make such a representation.

You may not use the alternative disclosure method unless the Committee has issued a written approval letter for your use of this method. If the Committee approves the alternative disclosure method, you must disclose all information about the underlying assets that is available and not subject to a confidentiality agreement. In addition, you must include a statement with each report filed under this method that describes the steps taken to report all of the information necessary for disclosure, states that additional information is not known or ascertainable, and states that you have no power or authority to direct the investments of the financial arrangement.

If there are material changes to the nature of the asset or your terms of ownership after the Committee has approved the use of the alternative disclosure method, you must contact the Committee for further guidance.

o    Valuation of Assets

After you have identified the asset or income source, you must report the value attributable to that interest by selecting the appropriate category of value.  Only the category of value, rather than the actual value of the property interest or asset, must be shown.  Note that *Option 7* (*see* p. 10, *supra*) requires that you provide the exact value.  If the value is below the reporting threshold, select "None (or less than $201)."

The "Over $1,000,000" category of value applies only if your spouse or dependent child held the asset independently.

If you sold an asset in its entirety (*e.g.*, you sold all shares of "GHI Corp." that you owned) during the calendar year and the asset generated more than $200 in income, you must report it on your next filed report.  You must list the asset value as "None (or less than $1,001)" and report all income generated during the reporting period.  If the asset generated less than $200 in income, it can be removed from your report.

o    Type and Amount of Unearned Income and Investment Income

Report the type and amount of unearned income and investment income received by (or accrued to the benefit of) you, your spouse, or your dependent children that exceeded $200 from any one source during the reporting period.  As with value, report income using the value categories provided by eFD, rather than the exact amount, except where specially noted.  If a holding had no unearned income or investment income, or if the income was below the reporting threshold, report the income amount as "None (or less than $201)" option.  **Generally, all income reported on *Part 3* should reflect the gross dollar amount**.

As with value, the "Over $1,000,000" category of income applies only if the specific asset was held independently by your spouse or dependent child.

If you do not see an option to select the type of income generated by an asset, choose "Other," specify the type(s), and report the exact amount of income.  Only unearned income of the types listed in eFD may be reported by category.

To determine whether an asset's income meets the "over $200" threshold, you must aggregate all types of income from the same source.  Income attributable to you, your spouse, or your dependent children are aggregated separately.  Unearned income or investment income includes, but is not limited to, gross income derived from business (and net income if you elect to include it); gains derived from dealings in property; interest; rents; dividends; capital gains; income from life insurance and endowment contracts; income from discharge of indebtedness; distributive share of partnership income; and income from an interest in an estate or trust.

Select all applicable types of income and the corresponding category or categories of amounts, unless the asset is an EIF.

▪    **Capital Gains**:  Report the type and category of income from capital gains realized from sales or exchanges of business interests or securities.

▪    **Dividends**:  Report the type and category of income received or accrued as dividends from investment sources, including common and preferred securities.

- **Excepted Investment Fund Income**:  Report the type and category of income from EIFs that exceeded $200.  Instead of identifying each type of income (*e.g.*, dividends, capital gains) generated by an EIF, you should select "Excepted Investment Fund" as the income type.

- **Interest**:  Report the type and category of income for any interest received or accrued from investment holdings, including bills and notes, loans, personal savings accounts, annuity funds, bonds, and other securities.

- **Rent/Royalties**:  Report the type and category of income received or accrued as rental or lease payments for occupancy or use of personal or real property.  In addition, report the type and category of income received or accrued from mineral leases, rental or lease of business equipment, or other similar interests.

- **Trust Income**:  Report the type and category of income received or accrued from any trust.  Generally, the investment holdings of the trust and the income derived from each holding must be identified to the same extent as if held directly.  However, as described in *Part 3* (*see* p. 18, *supra*), you are not required to report underlying assets of a qualified blind trust or an excepted trust.

  If an asset in a qualified blind trust generated income in excess of $200 during a reporting period prior to its placement in the qualified blind trust, you must report the asset as a separate source of income.  Likewise, if an asset is removed from a qualified blind trust during a reporting period, income from the asset must be separately reported for the time that the asset was held outside the trust.

- **Payments from a Legal Expense Trust Fund**:  Report the exact amount of all legal expenses paid on your behalf by any legal expense trust fund established according to the Senate regulations governing such trust funds, whether or not you are a named beneficiary to the trust.  The establishment of a legal expense trust fund requires the written approval of the Committee (*see Senate Ethics Manual* (2003 ed.), p. 30).

- **Other Unearned Income or Investment Income**:  Report any unearned income or investment income over $200 of a type not listed above by identifying the specific type and amount of the income.  An exact dollar amount is required.  This may include items such as annuities, the investment portion of life insurance contracts, endowment contracts, estate income, or a distributive share of a publicly traded partnership or joint business venture income.

o Three-Part Exemption Test

  Assets of your spouse or dependent child that meet the Three-Part Exemption Test (*see* p. 11, *supra*), may be omitted.  If you omit any such assets, you must indicate the omission by checking the appropriate box on the "Review and File Report" section of your *e*FD report.  You must contact the Committee **prior to** checking this box and filing your report.

- **Part 4a:  Periodic Transaction Reports (PTRs) Summary**
  Reporting individuals for this part:  You, your spouse, and your dependent children.

  Generally, all filers are required to disclose any purchase, sale, or exchange of any stock, bond, commodity future, or other security when the transaction exceeds $1,000 by filing Periodic Transaction Reports (PTRs).  For further instructions regarding PTR requirements, including whether you have to file PTRs, see p. 30, *infra*.

  All transactions reported on PTRs must also be disclosed on *Part 4a* of the relevant Annual or Termination Report.  If you file an electronic Annual or Termination Report, any PTRs filed electronically should automatically appear on this section of your report.

If you filed one or more paper PTRs with the Office of Public Records listing transactions that occurred during the reporting period, those PTR transactions will not automatically appear on your next electronic report.  You must enter all transactions that occurred during the reporting period and were reported on a paper PTR on *Part 4b* of the relevant Annual or Termination Report.  If you file a paper Annual or Termination Report, you must report all transactions that occurred during the reporting period on *Part 4b*, regardless of whether the transaction was initially reported on a PTR.

- **Part 4b: Other Transactions**
  Reporting individuals for this part:  You, your spouse, and your dependent children.

  Report the identity, trade date, and category of amount of any purchase, sale, or exchange of an asset not already reported on *Part 4a* by you, your spouse, or your dependent children when the amount involved in the transaction exceeded $1,000.  This includes any sale or exchange of an asset involving an amount that exceeded $1,000 when the sold or exchanged asset did not yield income of more than $200 (and therefore was not reported on *Part 3*).  It also includes the purchase of an asset involving an amount that exceeded $1,000, even if, at the end of the reporting period, the asset had a value of $1,000 or less and earned income of $200 or less during the reporting period (and therefore was not reported on *Part 3*).

  The "Over $1,000,000" category of amount applies only if your spouse or dependent child held the specific asset independently.

  o  General Instructions

  To enter a transaction in *e*FD, you must name or otherwise identify the property or security involved in the purchase, sale, or exchange, and provide the trade date of the transaction.  You must report the appropriate category of value for the gross purchase or sale price.  For an exchange, you must report the fair market value of the assets being exchanged.  Disclosure of income derived from a sale is not required on this section, but must be disclosed on *Part 3* if over $200.

  An exchange takes place when one or more items are given directly for another item(s) of equal value, such as shares of stock in a corporate merger.  You must identify both the item(s) given and the item(s) received in any reportable exchange.  If you sell one item in order to purchase another, the transactions must be listed as separate sale and purchase transactions, not as an exchange.

  Certain actions involving assets do not constitute reportable transactions because they are not purchases, sales, or exchanges.  These include maturity, redemption, and calling of a bond, stock splits, gifts given or received, mere receipt or expiration of options (as opposed to exercising an option), and share class changes.  Similarly, fulfilling a capital call is not considered a transaction unless the filer is given something in exchange (*e.g.*, increased equity in the firm or another form of consideration).

  For investment clubs or other holding arrangements, you must report each of the underlying assets of the club or arrangement that was bought or sold during the reporting period when you, your spouse, or your dependent children's interest in the asset was greater than $1,000.

  You must report any underlying transactions of a non-public business or commercial enterprise, investment pool, or other entity in which you, your spouse, or your dependent children have a direct proprietary, general partnership, or other interest unless: (1) the entity is an EIF, or (2) the transaction is incidental to the primary trade or business of the entity.  Transactions within a trust or other financial arrangement should be described in the same manner as any other transaction, but the reporting individual may indicate that these transactions were made at the direction of a trustee.  Transactions involving your children's assets do not need to be reported once the child is no longer a "dependent child" (*see* p. 10, *supra).*

  **Note**:  Disclosure of a transaction does not establish its permissibility.  Certain transactions may create a conflict of interest under Senate Rule 37 (Conflict of Interest) or violate applicable law and standards of conduct.  Contact the Committee with any questions.

    o   <u>Exclusions</u>

You are not required to report the following:

- Transactions already reported on *Part 4a*;

- Transactions involving your personal residence(s) (as long as the residence is not used to generate income and is not held by a trust, LLC, or other entity);

- Transactions involving a money market account, money market mutual fund, personal savings account, or certificate of deposit;

- Transactions involving an asset of your spouse or dependent child if the asset meets the Three-Part Exemption Test;

- Transactions involving the underlying assets of an EIF, a qualified blind trust, or an excepted trust;

- Transactions involving U.S. treasury bills, notes, and bonds;

- Transactions that occurred prior to your Federal Government employment; and

- Transactions solely by and between you, your spouse, and your dependent children.

    o   <u>Three-Part Exemption Test</u>

Transactions involving assets of your spouse or dependent child that meet the Three-Part Exemption Test (*see* p. 11, *supra*), may be omitted.  If you omit any such transactions, you must indicate the omission by checking the appropriate box on the "Review and File Report" section of your *e*FD report.  You must contact the Committee **prior to** checking this box and filing your report.

- **Part 5:  Gifts**
Reporting individuals for this part:  You, your spouse, and your dependent children.

EIGA requires you to disclose gifts received by you, your spouse, and your dependent children from any source other than the U.S. Government during the applicable reporting period.  A "*gift*" means any payment, forbearance, advance, rendering or deposit of money, or anything of value, unless the donor receives consideration of equal or greater value.  The term "*gift*" includes, but is not limited to, tangible items, gratuities, discounts, services, training, transportation, lodging, meals, or entertainment.  Generally, this reporting requirement does not apply to gifts received by your spouse or dependent children if the gift was given to them independent of their relationship to you and given without your knowledge or acquiescence.

    o   <u>General Instructions</u>

Report all gifts received by you, your spouse, or your dependent children from any one source during the reporting period that aggregated more than $415 in value (CY 2021).  Do not aggregate gifts given to separate recipients (*e.g.*, separate gifts to you and your spouse) by the same source for purposes of determining if the gifts meet the threshold amount.

To report a gift, report the name and address of the source, a brief description of and the value by exact amount of the item(s) received.  If an item is given jointly to you (or your spouse or dependent child) and any other person, and is not readily divisible, the gift must be reported as if the entire gift were given to you (or your spouse or dependent child) individually (*see Interpretative Ruling 201*, *Senate Ethics Manual* (2003 ed.), p. 231).

**Note**:  Disclosure of a gift does not authorize its acceptance.  Acceptance of a gift may violate Senate Rule 35 (the Gifts Rule) or applicable law and standards of conduct  Similarly, receiving approval to accept a gift consistent with an exception to the Gifts Rule does not exempt the gift from disclosure. Contact the Committee with any questions.

> ___Example___: *You received Committee approval to accept a concert ticket valued at $450 under the personal friendship exception to the Gifts Rule.  You must report the receipt of this concert ticket on the relevant Financial Disclosure Report.*

o  <u>Exclusions</u>

In determining which tangible gifts must be reported or aggregated, exclude the following:

- Gifts valued at or below $166 (CY 2021);

- Gifts received from "relatives" (*see* p. 12, *supra*);

- Bequests and other forms of inheritance;

- Food and beverages not consumed in connection with a gift of overnight lodging;

- Generally, gifts given to a spouse or dependent child totally independent of their relationship to you and without your knowledge and acquiescence;

- Gift items in the nature of communications to your office, such as subscriptions to newspapers and periodicals;

- Gifts received during non-Federal Government employment periods;

- Campaign contributions;

- Gifts for which you received a publicly available waiver of this reporting requirement from the Committee;

- Food, lodging, transportation, and entertainment provided by federal, D.C., state, or local governments, or by a foreign government pursuant to the Foreign Gifts and Decorations Act (5 U.S.C. § 7342); and

- Gifts of personal hospitality, as defined in the *Senate Ethics Manual* (2003 ed.), p. 37.

- **Part 6:  Travel Reimbursements**
Reporting individuals for this part:  You, your spouse, and your dependent children.

  o  <u>General Instructions</u>

Report all payments to cover travel related expenses received by you, your spouse, or your dependent children from any one source that aggregated more than $415 (CY 2021).  This reporting requirement applies regardless of the purpose of the travel (personal, official, campaign), although official and campaign travel may not be reportable due to an exemption described below.  Additionally, this reporting requirement applies regardless of whether your travel expenses were paid directly by a third party, whether you were given money for travel expenses in advance of the travel, or whether you were reimbursed for your travel related expenses.  Generally, this reporting requirement does not apply to travel received by your spouse or dependent children if the reimbursement was given to them independent of their relationship to you.

Report the name and address of the source and a brief description (including an exact travel itinerary, dates, and the nature of expenses provided) of any reimbursements. Amounts of reimbursements need not be specified unless the payments were made using campaign funds, or the travel was paid for by personal friends or colleagues. You must report any travel reimbursements you received from a foreign government as part of a program approved under § 108A of the Mutual Educational and Cultural Exchange Act (MECEA) (22 U.S.C. § 2451 *et seq*).

> **_Example_**: *If you flew from Washington, D.C. to Paris, and then to Lyon before returning to Washington, D.C., you must disclose the itinerary for the trip as, "Washington, D.C. to Paris, France to Lyon, France to Washington, D.C." If you were reimbursed for both travel and lodging, you must disclose that you were reimbursed for, "Round trip airfare and two nights' lodging."*

Members are also required to disclose as a reimbursement the use of any campaign funds to defray otherwise unreimbursed expenses incurred in connection with official duties. Disclosure must include the identity of the campaign committee from which funds were received, the date and purpose(s) of the disbursement, the amount, and the individual or organization to whom payments were made. This disclosure is not required, however, if disbursements are itemized in reports filed with the Federal Election Commission under the Federal Election Campaign Act (*see Interpretative Ruling 389*, *Senate Ethics Manual* (2003 ed.), p. 277).

**Note**: Disclosure of travel does not authorize its acceptance. Acceptance of travel may violate Senate Rule 35 (the Gifts Rule) or applicable law and standards of conduct. Similarly, receiving approval to accept travel consistent with an exception to the Gifts Rule does not exempt the gift from disclosure. Contact the Committee with any questions.

- o <u>Exclusions</u>

  You are not required to report the following:

  - ▪ Reimbursements received during non-Federal Government employment periods;

  - ▪ Reimbursements provided by the U.S. Government, the D.C. Government, and any state or local government;

  - ▪ Reimbursements required to be reported under the Foreign Gifts and Decorations Act (5 U.S.C. § 7342);

  - ▪ Reimbursements for trips that were required to be reported under section 304 of the Federal Election Campaign Act of 1971 (52 U.S.C. § 30104); and

  - ▪ Reimbursements reported to the Office of Public Records, pursuant to Senate Rule 35 and the *Regulations and Guidelines for Privately-Sponsored Travel*, if the filing was timely.

- ▪ **Part 7: Liabilities**
  Reporting individuals for this part: You, your spouse, and your dependent children.

  - o <u>General Instructions</u>

    Identify and provide the category of amount for each liability that you, your spouse, or your dependent child owed to any creditor that exceeded $10,000 at any time during the reporting period, unless that liability is a revolving charge account (*e.g.*, a credit card). For liabilities other than revolving charge accounts, report **the highest amount owed** during the reporting period, not the amount owed at the end of the period. If the liability was satisfied (*i.e.*, repaid in full) during the reporting period, you may note that on the report. For a revolving charge account, value the liability as of the last day of the reporting period, and report only if the value exceeded $10,000.

Common types of reportable liabilities include education loans, lines of credit, mortgages (see detailed instructions below), most capital commitments, and liabilities for which you co-signed and have a current legal obligation to repay. For each liability, report the name and address (city and state) of the creditor to whom the liability is owed, the type of liability, the date incurred, the interest rate, and the term (if applicable). If the interest rate is variable, indicate the range of the rate during the year, or the formula used to vary the rate if it can be determined by public reference (*e.g.*, prime +2%). The reported term may be the original length of the liability or the time remaining until the liability is paid off (in months or years).

If you are unable to identify the creditor for a liability, and in the report you certify that you made a good faith effort but were unable to do so, you may give the name and address of the fiduciary, rather than providing the name of the actual creditor.

You are required to report liabilities of any business, investment pool, or other entity in which you, your spouse, or your dependent children have an interest, unless: (1) the liability is incidental to the primary trade or business of the entity; (2) the entity is an Excepted Investment Fund (EIF) reportable on *Part 3*; or (3) the entity is publicly traded and described in standard reference manuals for publicly traded entities reportable on *Part 3*.

The "Over $1,000,000" category applies only if a liability was held independently by you, your spouse or dependent child.

**Note**: Disclosure of a liability does not establish its permissibility. Contact the Committee with any questions.

o <u>Mortgages and Other Liabilities Secured by a Personal Residence</u>

Members must disclose all mortgages for personal residences and include the name and address of the creditor, the type of liability (an initial mortgage or refinance, home equity loan, or home equity line of credit), the date incurred, the interest rate and any discount points used to pay down the rate, the term or duration, and the range of value.

Filers **other than Members** are not required to report a mortgage or home equity loan secured for a personal residence, as long as the property is not used to generate income and is not held by a trust, LLC, or other entity.

o <u>Exclusions</u>

You are not required to report the following:

- A personal liability owed to a spouse or dependent child; or to a parent, brother, sister, or child of you, your spouse, or your dependent children;

- A loan secured by a personal motor vehicle, or by household furniture or appliances, where the loan does not exceed the purchase price of the item;

- A revolving charge account where the outstanding liability did not exceed $10,000 as of the close of the reporting period; and

- Any liability of your spouse or dependent children which meets the Three-Part Exemption Test set forth below

o <u>Three-Part Exemption Test</u>

Liabilities owed by your spouse or dependent child that meet the Three-Part Exemption Test (*see* p. 11, *supra*) may be omitted. If you omit any such liabilities, you must indicate the omission by checking the

appropriate box on the "Review and File Report" section of your FD report.  You must contact the Committee **prior to** checking this box and filing your report.

- **Part 8:  Positions Held Outside the U.S. Government**
  Reporting individuals for this part:  Only you.

  o  <u>General Instructions</u>

  Report all compensated and uncompensated positions held by you during the reporting period, as well as those positions you currently hold as an officer, director, trustee, general partner, proprietor, representative, employee, or consultant of (1) any corporation, company, firm, partnership, trust, or other business enterprise; (2) any non-profit organization; (3) any labor organization; (4) any educational institution; or (5) any organization other than the U.S. Government.  This does not include passive investment interests as a limited partner or nonmanaging member of a limited liability company (*i.e.*, you are just an investor and provide no services). Provide the name, address (city and state), and type of organization, the title or a brief functional description of the position, and the dates you held the position.

  You must report earned income of $200 or more received from any position on *Part 2* (*see* p. 14, *supra*).

  **Note**:  Disclosure of an outside position does not establish its permissibility.  Positions may create a conflict of interest under Senate Rule 37 (Conflict of Interest) or violate applicable law and standards of conduct.  Holding an outside position requires the approval of your supervising Member or officer, as required by Senate Rule 37.3.  Similarly, receiving approval to participate in outside positions does not exempt the position from disclosure.  Contact the Committee with any questions.

  o  <u>Exclusions</u>

  You are not required to report the following:

  - Positions held in any religious, social, fraternal, or political entity;

  - Any position held with the U.S. Government; and

  - Any position solely of an honorary nature.

- **Part 9:  Agreements or Arrangements**
  Reporting individuals for this part:  Only you.

  o  <u>General Instructions</u>

  You must report any agreements or arrangements made concerning (1) future employment (including any current arrangement with a publisher to write a book or any portion thereof for compensation); (2) a leave of absence during your period of Federal Government service; (3) continuation of payments by a former employer other than the U.S. Government; or (4) continuing participation in an employee welfare or benefit plan maintained by a former employer other than the U.S. Government.

  Report the date (month and year) the agreement or arrangement was made, the person/entity with whom the agreement or arrangement was made (the name and title of the official, corporate officer, or principal person responsible for carrying out the terms of the agreement or arrangement), and the type of agreement or arrangement.  Describe the status and terms of the agreement or arrangement with appropriate specificity.

  You must disclose any negotiations for future employment from the point you and a potential private sector employer have agreed to your future employment by that employer whether or not you have settled all of the terms, listing the name of the employer, city and state in which the employer is located, date that

you will begin employment, and your future title.  You must also disclose any benefits or other payments that you will receive prior to beginning your employment.

**Note**:  Disclosure of an agreement or arrangement does not establish its permissibility.  Agreements or arrangements may create a conflict of interest under Senate Rule 37 (Conflict of Interest) or violate applicable law and standards of conduct.  In addition to reporting negotiations or agreements for future employment on your Financial Disclosure Report, you may have additional disclosure obligations to your employing office, the Committee, and, for fellows, interns, and detailees, your "home agency."  Contact the Committee with any questions.

- ▪ **Part 10:  Compensation in Excess of $5,000 Paid By One Source**
  Reporting individuals for this part:  Only you.

  - ○ General Instructions

    Report all sources of compensation who paid more than $5,000 to you, or for services provided by you, in any of the two preceding calendar years through the date of filing.  You must report not only the source of your salary or other fees, but also any clients (other than the U.S. Government) for whom you personally provided more than $5,000 in services, even if the clients' payments were made to your employer, firm, or other business affiliation.

    > ***Example***:  *You joined the Senate in May 2022 from a career in consulting.  You provided services totaling $10,000 to Client A during calendar year 2021.  Additionally, you provided to services to Client B totaling $2,000 in 2020, $2,000 in 2021, and $1,500 since January 2022. You must report Client A on Part 10, but not Client B.*

    In identifying the source of compensation, report the name and address of the source of the payments and the nature of the duties performed or services rendered for each source (other than the U.S. Government) from which you derived or generated compensation in excess of $5,000.  This part does not require you to disclose the value of the compensation for these services; however, it does require a brief description of the services provided.

    When a source has paid you directly, you may have a corresponding entry for the income on *Part 2* (*see* p. 14, *supra*).  A client who paid your employer, firm, or other business affiliation more than $5,000 for your services may appear only in this section of your report.

    **Note**:  Disclosure of compensation does not authorize its acceptance.  Contact the Committee with any questions.

  - ○ Exclusions

    You are not required to report the following:

    - ▪ Information that it is considered confidential as a result of a privileged relationship established by law.  The name of a client of a law firm is not generally considered confidential;

    - ▪ Information about clients for whom services were provided by a business entity or affiliation of which you were a member, general partner, or employer unless you were directly involved in the provision of the services; or

    - ▪ Sources of compensation paid to your spouse or dependent children.

    If you are excluding a source of compensation on the basis of an established law, you must state the number of sources you are withholding and the relevant law.

- **Periodic Transaction Reports (PTRs)**
  Reporting individuals for PTRs:  You, your spouse, and your dependent children

  The Stop Trading on Congressional Knowledge Act (the STOCK Act), Pub. L. 112-105, requires filers to disclose certain transactions periodically on Periodic Transaction Reports (PTRs).

  o  <u>Who Must File</u>

  Members, officers, and employees paid at or above the filing threshold.  PTRs are not required for fellows, detailees, Political Fund Designees (PFDs) and Principal Assistants paid below the filing threshold, or filers required to file a single Annual Report based on a temporary pay increase (*e.g.*, a bonus) (*see* p. 2, *supra*).

  o  <u>Qualifying Transactions</u>

  You must file PTRs for any purchase, sale, or exchange exceeding $1,000 of any stock, bond, commodity future, or other security.

  o  <u>Exclusions</u>

  PTRs are not required for:

    - transactions involving an Excepted Investment Fund (EIF), such as a mutual fund or exchange traded fund (ETF) (*see* p. 10, *supra*);

    - transactions involving real property;

    - transactions involving a money market account, money market mutual fund, personal savings account, or certificate of deposit; transactions involving the underlying assets of a "qualified blind trust" or "excepted trust" (*see* p. 18, *supra*);

    - transactions involving U.S. Treasury bills, notes, and bonds;

    - transactions solely by and between you, your spouse, or your dependent child; and

    - transactions involving an asset of your spouse or dependent child if the asset meets the Three-Part Exemption Test (*see* p. 11, *supra*).

  o  <u>Due Dates</u>

  PTRs must be filed **<u>no later than 30 days after receiving written "notification" of the transaction, but in no case later than 45 days after such transaction, regardless of whether or not the filer is aware of the transaction</u>**.  The STOCK Act was intended to require contemporaneous reporting of certain transactions.  Accordingly, the law does not permit any extensions for PTRs.

  "*Notification*" is when a filer receives written communication that a transaction has occurred, such as when a filer receives an email or other written confirmation from his or her broker or financial advisor, or when a filer receives a monthly account statement reflecting any transaction.

  o  <u>General Instructions</u>

  When filing a PTR, you must identify for each transaction:  (1) the name of the asset(s) involved; (2) the trade date; (3) the gross purchase price, sale price, or fair market value (the gain or loss on a sale is **not** included in this value determination); and (3) the type of asset(s) involved.  As discussed above, all PTR transactions must also be reported on *Part 4a* of the Annual Financial Disclosure Report (*see* p. 21, *supra*).

It is your responsibility to monitor your accounts, recognize reportable transactions, and file PTRs in a timely manner. To ensure timely reporting, the Committee strongly recommends that you receive and review account statements on at least a monthly basis.

Note that, in addition to the requirement to report certain transactions initiated by you, your spouse, or your dependent children, you are required to report exchange transactions resulting from corporate activity (*e.g.*, a merger or buyout). You may not be notified that a corporate event has occurred. Contact the Committee for assistance if you have any questions regarding corporate events or your PTR requirements.

Additionally, certain actions involving assets do not constitute reportable transactions because they are not purchases, sales, or exchanges. These include maturity, redemption, and calling of a bond, stock splits, gifts given or received, mere receipt or expiration of options (as opposed to exercising of stock options), and share class changes. Similarly, fulfilling a capital call is not considered a transaction unless the filer is given something in exchange (*e.g.*, increased equity in the firm or another form of consideration).

**Note**: Disclosure of a transaction does not establish its permissibility. Certain transactions may create a conflict of interest under Senate Rule 37 (Conflict of Interest) or violate applicable law and standards of conduct. Contact the Committee with any questions.

o  <u>Transactions within Complex Financial Arrangements and Non-Excepted Investment Funds (EIFs)</u>

You must report any underlying transactions of a non-public business or commercial enterprise, investment pool, or other entity in which you, your spouse, or your dependent children have a direct proprietary, general partnership, or other interest unless: (1) the entity is an EIF, or (2) the transaction is incidental to the primary trade or business of the entity. Transactions of a trust or other financial arrangement should be described in the same manner as any other transaction, but the reporting individual may indicate that these transactions were made at the direction of a trustee. Transactions involving your children's assets do not need to be reported once the child is no longer a "dependent child" (*see* p. 10, *supra)*.

**Note**: Periodic transaction reports are generally required for transactions of cryptocurrencies. Please contact the Committee with any questions regarding reporting cryptocurrencies.