**84.**     **MULTIPLE CONSPIRACIES**

As you know, the Government has charged that a conspiracy existed in Count One (conspiracy to bribe a public official), Count Two (conspiracy to commit honest services wire fraud), and Count Fifteen (conspiracy for a public official to act as a foreign agent). The defendants contend that the Government's proof fails to show the existence of only one overall conspiracy in each of Counts One and ,Two, and Fifteen. Rather, they claim that the Government's proof only supports allegations of several separate and independent conspiracies with various groups of members in each of those Counts.

Whether there existed a single unlawful agreement in each of these Counts, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the following instructions.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in each of Counts One and ,Two, and Fifteen, unless one of the conspiracies proved happens to be the single conspiracy described in the Count you are considering.

A single conspiracy does not become multiple conspiracies, however, merely because it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance.[1]  You may find that there was a single conspiracy in the

---

[1] From the charge of the Honorable J. Paul Oetken in *United States v. John Pauling*, 16 Cr. 563 (JPO); *see also United States v. Berger*, 224 F.3d 107, 114- 15 (2d Cir. 2000) ("[A] single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it might involve two or more phases or spheres of operation"); *United States v. Felder*, 214 F. Supp. 3d 220, 225 (S.D.N.Y. 2016) ("In the context of narcotics operations, . . . [the Second Circuit has]

Count you are considering despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the ~~entire~~ duration of the conspiracy for the purpose(s) charged in the Count you are considering. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist. In addition, if you find a master conspiracy that includes certain sub-schemes, that does not necessarily constitute a finding of multiple unrelated conspiracies.[2]

In determining whether a series of events constitutes a single conspiracy or a separate and unrelated conspiracy or conspiracies, you should consider whether there is a common goal or goals among the alleged conspirators, whether there existed common or similar methods, whether and to what extent alleged participants overlapped in their various dealings, whether and to what extent the activities of the alleged conspirators were related and interdependent, how helpful each alleged conspirator's contributions were to the goal of the others, and whether the scheme contemplated a constituting objective that could not be achieved without the ongoing consideration of the conspirators.[3]

---

held that even where there are multiple groups within an alleged conspiracy, a single conspiracy exists where the groups share a common goal and depend upon and assist each other, and we can reasonably infer that each actor was aware of his part in a larger organization where others performed similar roles." (internal quotation marks and citations omitted)); *United States v. Ohle*, 678 F. Supp. 2d 215, 222 (S.D.N.Y. 2010) ("Each member of the conspiracy is not required to have conspired directly with every other member of the conspiracy; a member need only have participated in the alleged enterprise with a consciousness of its general nature and extent." (internal quotation marks and citations omitted)).

[2] *Id.*

[3] *See also United States v. Muyet*, 994 F. Supp. 501, 513 (S.D.N.Y. 1998) ("If a defendant participates in drug trafficking activities where he knew, or had reason to know, that others were involved in a broader project and that his own benefits probably depended on the success of the entire venture, the jury properly may infer that the defendant agreed to enter a single overarching conspiracy. When advanced plans for the steady and continuous sale and trafficking of narcotics exist, the jury may presume that participants in the scheme know that they are part of a broader conspiracy." (internal quotation marks and citations omitted)).

A single conspiracy may exist even if all of the members did not know each other or of each other's involvement, or did not know what role all other members would play.[4] You may find that there was a single conspiracy despite the fact that there were changes in either personnel (by the termination, withdrawal of some members, or addition of new members) or changes in activities, or both, so long as you find that some of the co-conspirators continued to act for the duration of the conspiracy for the purposes charged in the Indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist. A single conspiracy may exist even if different members join at different times or the membership of the conspiracy changes over time.[5] Similarly, there may be a single conspiracy even though there were different subgroups operating in different places or many acts or transactions were committed over a long period of time. The participants' goals need not be coincide exactly for a single conspiracy to exist, so long as their goals are not at cross purposes, and coconspirators need not agree on all of the details of conspiracy, where the essential nature of the plan is agreed upon.[6]

On the other hand, if you find that the specific, single conspiracy charged in the Count you are considering did not exist, you cannot find any defendant guilty of that conspiracy. This

---

[4] *Id.; see also United States v. Sureff*, 15 F.3d 225, 230 (2d Cir. 1994) ("A single conspiracy may encompass members who neither know one another's identities, *United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ('The defendant need not know the identities of all of the other conspirators, nor all of the details of the conspiracy.'), nor specifically know of one another's involvement, *Blumenthal v. United States*, 332 U.S. 539, 557 (1947) ('The law rightly gives room for allowing the conviction of those discovered upon showing sufficiently the essential nature of the plan and their connections with it, without requiring evidence of knowledge of all of its details or of the participation of others.')").

[5] *Id.*

[6] *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181 (2d Cir. 1989) ("The participants goals need not be congruent for a single conspiracy to exist, so long as their goals are not at cross purposes, and coconspirators need not agree on all of the details of conspiracy, where the essential nature of the plan is agreed upon.").

is so even if you find that some conspiracy other than the one charged in the Count you are considering existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the ones charged in Count you are considering, then you must acquit that defendant of the conspiracy charges for the applicable Count or Counts.

Therefore, what you must do is determine whether the conspiracies charged in Counts One and Two~~, and Fifteen~~ in fact existed. If they did, you then must determine the nature of the conspiracy and who its members were.