O7F3MENF

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4               v.                          23 Cr. 490 (SHS)

5    ROBERT MENENDEZ,
     WAEL HANA, a/k/a "Will Hana,"
6    and FRED DAIBES,

7               Defendants.
                                            Trial
8    ------------------------------x

9                                           New York, N.Y.
                                            July 15, 2024
10                                          9:30 a.m.

11

12   Before:

13
                          HON. SIDNEY H. STEIN,
14
                                            District Judge
15                                          -and a Jury-

16                        APPEARANCES

17   DAMIAN WILLIAMS
          United States Attorney for the
18        Southern District of New York
     BY:  DANIEL C. RICHENTHAL
19        ELI J. MARK
          CATHERINE E. GHOSH
20        Assistant United States Attorneys

21

22

23

24

25

O7F3MENF

1

2                               APPEARANCES CONTINUED

3

PAUL HASTINGS LLP
4        Attorneys for Defendant Menendez
BY:  ADAM FEE
5        AVI WEITZMAN

6

7  GIBBONS, P.C.
         Attorneys for Defendant Hana
8  BY:  LAWRENCE S. LUSTBERG
         ANNE M. COLLART
9        RICARDO SOLANO, Jr.

10

11 CESAR DE CASTRO
   SETH H. AGATA
12 SHANNON M. McMANUS
         Attorneys for Defendant Daibes

13

14
   Also Present:
15 Bachar Alhalabi, Interpreter (Arabic)
   Rodina Mikhail, Interpreter (Arabic)
16

17

18

19

20

21

22

23

24

25

O7F3MEN2                    Deliberations

1          (Trial resumed; jury present time noted 9:42 a.m.)

2          THE COURT:  Good morning, ladies and gentlemen.  Thank

3   you for being here.  You may continue with your deliberations.

4   We're here whenever you need us.

5          (Jury continues deliberations.  Time noted 9:43 a.m.)

6          THE COURT:  Thank you.

7          (Recess pending verdict)

8          (In open court; jury not present)

9          THE COURT:  We have received a note from the jury.  It

10  says:  "Does a not guilty verdict on a single count require

11  unanimity?"

12          I've assembled the lawyers and the lawyers have agreed

13  upon the following response:  "Jury, your vote -- whether

14  guilty or not guilty -- must be unanimous as to each count and

15  each defendant."

16          Government?

17          MR. MARK:  No objection, your Honor.

18          MR. FEE:  Your Honor, with a bit more consideration we

19  would make a very minor suggestion for this reason.  What your

20  Honor just read does say each count and each defendant.  The

21  note doesn't reference defendants.  The note says does a not

22  guilty verdict on a single count require unanimity.

23          So the one suggestion we would propose, just to make

24  it a little even more clear, is the portion of the Court's

25  charge, it is charge 89 on page 132, the first paragraph on

O7F3MEN2                        Deliberations

```
 1        this issue.  And I'm happy to read it once the Court is there.
 2                THE COURT:  Go ahead.
 3                MR. FEE:  I'm going to read one proposed addition just
 4        to make clear these are alleged.  But it reads on page 132, I'm
 5        going to drop "in addition" and start with, "You must consider
 6        each count of the indictment and each defendant's alleged
 7        involvement in that count separately, and you must return a
 8        separate verdict on each defendant for each count in which he
 9        is charged."
10                Same idea.  Just I think slightly more specific, given
11        the general nature of the question here.
12                MR. RICHENTHAL:  We object to that.  It doesn't
13        respond to the note.
14                THE COURT:  I'm sorry.  I didn't mean to speak over
15        you.
16                MR. RICHENTHAL:  It does not respond to the note.
17                THE COURT:  Yes.  I think that's correct.  The
18        government does not object to it.  That really is a separate
19        issue, Mr. Fee.  I think this response is directly responsive.
20                Mr. Lustberg?
21                MR. LUSTBERG:  We're fine with it, your Honor.  I
22        always prefer if the Court says not guilty or guilty as opposed
23        to guilty or not guilty, particularly given note.  So I ask you
24        reverse those two.  But other than that, I'm fine with it.
25                THE COURT:  It's already written and it follows the
```

O7F3MEN3                    Deliberations

1    layout of the verdict sheet.

2            MR. DE CASTRO:  We're fine with it, Judge.

3            THE COURT:  All right.  Let's send this back in.

4    Again it says, "Your vote -- whether guilty or not guilty --

5    must be unanimous as to each count and each defendant."

6            Thank you very much.

7            (Recess pending verdict)

8            (In open court; jury not present)

9            THE COURT:  Just so the record is complete, at 12:25,

10   I received Court Exhibit No. 4, a note from the jury, "Can the

11   jury go to the eighth floor outside terrace for a break at

12   12:30 p.m."  And I assembled the lawyers and everyone agreed

13   that they could.

14           We now have Court Exhibit No. 5, timed at 1:55 p.m.

15   It is a note from the jury "Does intervening in the federal

16   prosecution of Daibes in New Jersey fall under Counts Eleven

17   and Twelve in the indictment."

18           Seems to me the answer to that is yes, assuming they

19   find that the elements are met.

20           MR. RICHENTHAL:  That's exactly right.  And we would

21   have no objection obviously with the Court so instructing.

22           It may be helpful that the jury be given a redacted

23   copy of the indictment, precisely so that this issue, meaning

24   what actions fall into what counts, is more clear.

25           MR. WEITZMAN:  Your Honor, I'm not sure I agree with

O7F3MEN3                          Deliberations

1    the assessment on in that regard, either by the government or

2    as to the answer.

3              THE COURT:  Just a moment.  Earlier, I had requested

4    the parties to agree upon a redacted indictment which I said I

5    would send in if they asked for it.  They haven't done that

6    yet.

7              Does somebody have a copy of that agreed-upon redacted

8    copy?

9              MR. RICHENTHAL:  There is an agreed-upon copy.  We can

10   print copies for the Court.

11             THE COURT:  Can you do that now?

12             But I have the unredacted copy, so let me hear

13   Mr. Weitzman.

14             MR. WEITZMAN:  Yes, your Honor.  So, it may well be

15   that the jury is using "intervening in the federal prosecution

16   of Daibes" as a shorthand for what is actually charged in Count

17   Eleven.

18             But Count Eleven is actually substantially different

19   than mere intervening in the case.  Specifically, when you look

20   at paragraph 99 of Count Eleven, which is the to wit clause, it

21   concerns --

22             THE COURT:  Just a moment.  See, the version I have --

23   the copy I have hasn't been redacted to take Mrs. Menendez out.

24   Can somebody give me a copy of what they have?

25             MR. RICHENTHAL:  Our paralegals are printing the copy

O7F3MEN3                        Deliberations

1    that the parties have agreed upon.

2            THE COURT:  All right.

3            MR. WEITZMAN:  In any event, your Honor, though,

4    whether Nadine is mentioned or not, the to wit clause in Count

5    Eleven does not refer to intervening in the federal

6    prosecution.  It refers to using Menendez's official authority

7    and influence to recommend that the --

8            THE COURT:  Just let me find it.  Just a moment.

9            MR. WEITZMAN:  Yes.

10           THE COURT:  Where are you reading from, sir?

11           MR. WEITZMAN:  I'm reading this from the to wit clause

12    of paragraph 99 in the S4 indictment.

13           THE COURT:  I have that under Count Ten.

14           MR. WEITZMAN:  It may be that I'm looking at the

15    redacted indictment.  My apologies.

16           Do you see the language in any event?  But it's the to

17    wit clause of Count Eleven.

18           THE COURT:  To wit, Menendez solicited and obtained

19    thing of value.

20           MR. WEITZMAN:  Correct, your Honor.  And the point

21    being this is a bribery count.  It is not an obstruction count.

22    It is not a different count.  They need to understand what

23    Count Eleven actually charges, which isn't just mere

24    intervention in the Daibes case.

25           And so, what we would propose would be to start with

O7F3MEN3                      Deliberations

1    respect to the Count Eleven, on page 52 of your Honor's charge

2    where it summarizes Count Eleven, just generically, in

3    paragraph 2, it states Count Eleven, the second sentence:

4    Count Eleven charges Robert Menendez with, and then it

5    continues.  And then I would continue --

6              THE COURT:  Let me find it.  Yes, I see it, sir.

7              MR. WEITZMAN:  Then we would continue more

8    specifically, and then quote the to wit clause).

9              THE COURT:  I would like to make it simpler for the

10   jury.

11             MR. RICHENTHAL:  I think there are actually two

12   issues, your Honor.  One is that's not that simple.  But the

13   other is there is a specific way in which it's not simple that

14   is going to give them a misimpression.  And what that is, as

15   the Court knows, is Mr. Menendez is charged in the conjunctive,

16   but the jury can find him guilty in the disjunctive.  In other

17   words, it is not the case that the jury must find all of the

18   listed items in that to wit clause to find him guilty of the

19   counts.

20             So if the Court were to do as Mr. Weitzman requests,

21   the jury would be under the legally incorrect misimpression it

22   would have to find that Mr. Menendez did all of those things.

23   In fact, they can find he only did one of them, they can find

24   he did two of them, or they can find he did all of them.

25             MR. WEITZMAN:  I'm quoting the government's own to wit

O7F3MEN3                         Deliberations

1   clause.  This is their language.  I don't think that stating

2   "yes" is the right answer.  Their question misunderstands the

3   charge.  It doesn't understand that it is a bribery charge.  It

4   just says intervening in a federal prosecution.

5          THE COURT:  I understand.  Let me see if I can craft

6   something, and if the parties want to do that, that's fine,

7   too.  Just give me a couple of minutes here.

8          I suggest this:  Count Eleven charges Menendez with

9   demanding, receiving, and accepting a bribe from Daibes in

10  return for being influenced in the performance of an official

11  act.

12         Intervening in the federal prosecution of Daibes would

13  fall under Count Eleven if the jury finds each of the elements

14  of Count Eleven have been met beyond a reasonable doubt.

15         Mr. Weitzman?

16         MR. WEITZMAN:  Your Honor, may I ask you to repeat

17  that one more time?

18         THE COURT:  Yes.

19         Count Eleven charges Menendez -- I'll make it

20  Mr. Menendez -- with demanding, receiving, and accepting a

21  bribe from Mr. Daibes in return for being influenced in the

22  performance of an official act.

23         Intervening in the federal prosecution of Daibes or

24  Mr. Daibes would fall under Count Eleven, if the jury finds

25  each of the elements of Count Eleven have been met beyond a

O7F3MEN3                        Deliberations

1   reasonable doubt.

2          The elements of Count Eleven can be found on pages

3   52-53 of the jury charge.

4          MR. RICHENTHAL:  Your Honor, there's one statement in

5   the Court's instruction, which is otherwise fine for the

6   government, that I think adopts I think inadvertently the thing

7   that I was saying should not be done, which the Court said

8   demanding, receiving, and accepting.  It can be "and/or" or it

9   can be "or," meaning it does not have to be both demanding and

10  receiving and accepting.  He can do any one of those.

11         THE COURT:  I understand.

12         MR. RICHENTHAL:  And the Court's instructions say

13  that.  That is page --

14         THE COURT:  I'm looking.  The instructions in the

15  title use the conjunctive, because that's how the statute

16  reads.

17         MR. RICHENTHAL:  Correct.

18         THE COURT:  Let me look.

19         MR. RICHENTHAL:  But the first sentence of the

20  instruction itself, I'm referring to page 52.

21         THE COURT:  You are correct.

22         MR. WEITZMAN:  Your Honor, we have a concern with that

23  charge.  Intervening --

24         THE COURT:  You mean with the note.

25         MR. WEITZMAN:  Intervening is not charged in this

O7F3MEN3                          Deliberations

1    case.  It is not an intervening case, whatever that means.  It

2    could result in a variance.  We don't know what they mean when

3    they say intervening.

4         The simplest and most accurate way of dealing with it

5    is to quote from the charge.  So the language we would propose,

6    I'll read it once and then if you are amenable, I'll slow it

7    down.

8         Count Eleven charges Robert Menendez with demanding,

9    receiving, or accepting bribes in return for certain official

10   actions to benefit Daibes, and to assist Daibes by acting for

11   the benefit of the government of Qatar.

12        The official action charged in Count Eleven is that

13   Menendez solicited and obtained things of value in exchange for

14   his agreement to use his official authority and influence to

15   recommend that the president nominate a candidate for U.S.

16   Attorney for the District of New Jersey who Menendez believed

17   could be influenced by Menendez with respect to Daibes'

18   criminal case, and attempted to cause, through advice and

19   pressure, the U.S. Attorney's Office for the District of New

20   Jersey to act favorably to Daibes in Daibes' criminal case.

21        The point is there needs to be a reference to advice

22   and pressure which is the *McDonnell* test.  And while it's

23   referenced in the four pages that you're referring to, it can't

24   just be intervention because that is not advice and pressure.

25        THE COURT:  I understand the point.

1           MR. RICHENTHAL:  I'm not going to repeat what I said

2    before, but that's completely wrong.  The jury does not have to

3    find all those things.  Also Mr. Weitzman left out the final

4    part of the to wit clause.  So if the jury is going to be told

5    all the things Mr. Menendez is alleged to have done, they

6    should be told all of them, not just some of them.  But they

7    don't have to find all of them.

8           MR. WEITZMAN:  Your Honor --

9           THE COURT:  What is it that he left out that you want?

10   Knowing that Daibes expected Menendez in exchange?

11          MR. RICHENTHAL:  Yes.  Because among the things he is

12   alleged to have done is received money with that expectation.

13          To be clear, this note to me is not controversial.

14   The jury wants to know if factually intervening -- that's their

15   word, not mine -- in this case would fall within this count.

16   And that question makes some sense because the Court's

17   instruction at page 52 says official actions.  It doesn't say

18   which ones.  I think the jury simply wants to know does this

19   set of facts, assuming they find them to be facts, count, and

20   the answer is yes if all the other elements are met.  The

21   Court's proposal is entirely right.

22          THE COURT:  I want to look at what I wrote.

23          MR. WEITZMAN:  I don't understand how the government

24   can run away from its own to wit clause.

25          THE COURT:  I don't think the to wit clause assists

O7F3MEN3                    Deliberations

1    the jury because it just has a lot of legalese, and they're

2    asking a very straightforward question.

3            MR. WEITZMAN:  I know.  But the legalese that -- the

4    word that they're using "intervention," is nowhere in the

5    charge or in the indictment.  So to adopt that word is to,

6    unfortunately, it could result in a variance or it could result

7    in just deviating from what --

8            THE COURT:  I understand the point.  Let me put pencil

9    to paper.

10           Count Eleven charges Mr. Menendez with demanding,

11   receiving, or accepting a bribe from Mr. Daibes in return for

12   being influenced in the performance of an official act.

13           Actions by Mr. Menendez involving the federal

14   prosecution of Mr. Daibes would fall under Count Eleven, if the

15   jury finds each of the elements of Count Eleven have been met

16   beyond a reasonable doubt.

17           The elements of Count Eleven can be found on pages

18   52-53 of the jury charge.

19           What I've done is I've taken the word "intervening"

20   out, and substituted "actions by Mr. Menendez."

21           Mr. Weitzman?  That gets "intervening" out and I think

22   it does what we need.

23           MR. WEITZMAN:  Your Honor, I think the issue from our

24   perspective is that they seem not to understand what Count

25   Eleven and Counts Twelve actually charge.

O7F3MEN3                    Deliberations

1             And so, in the absence of a to wit clause, referring

2     them to the elements when they still don't understand what the

3     subject matter of Count Eleven and Twelve is, is the problem.

4             THE COURT:  I say it charges Menendez with demanding,

5     receiving, or accepting a bribe.

6             MR. WEITZMAN:  The question is with respect to what.

7     So it says be influenced in the performance of an official act.

8     That is the same amorphousness that is in the current charge.

9     What they're asking about is what does the count charge as an

10    official act.  And so we think that it needs to specify exactly

11    what the charge by the government was of an official act.  They

12    seem to be confused as to what Count Eleven and Twelve actually

13    charge.

14            THE COURT:  Why do you say that?

15            MR. WEITZMAN:  Because they're asking what falls under

16    Count Eleven and Twelve, and then they're asking whether

17    intervening in the federal prosecution of Daibes falls under

18    those counts.

19            There is nothing in the jury instruction that actually

20    describe what is the alleged official actions to benefit Daibes

21    were.  That's the issue that I think they're struggling with.

22    So we want to give them the guidance to what the official

23    actions charged.

24            THE COURT:  Yeah, but the problem is, I don't think

25    the to wit clause does that.

O7F3MEN3                        Deliberations

1              MR. WEITZMAN:  Your Honor, the to wit clause is what

2    our client was charged with in Count Eleven and what Mr. Daibes

3    was charged with in Count Twelve.  That's the language that the

4    government chose to charge.  It is the language the government

5    is stuck with in its charge.  And that's what the jury should

6    be advised of.

7              MR. RICHENTHAL:  As I think the Court knows, to wit

8    clauses are not for the jury.  They're not written for this

9    purpose.  They're written to put Mr. Menendez on notice of the

10   full panoply of actions the government may choose to charge.

11   It would be utterly incomprehensible to answer their question

12   that way.

13             The question is very simple.  Do the actions involving

14   the District of New Jersey count under Counts Eleven and Twelve

15   or not.  The answer is they do.

16             The Court's original proposal was correct.  The

17   Court's new proposal is correct.  The Court should simply

18   answer what the jury is asking.

19             THE COURT:  Just a moment.

20             I'm going to use the language of actions.  Let me read

21   it to you now, and I'll add in Count Twelve.

22             Count Eleven charges Mr. Menendez with demanding,

23   receiving, or accepting a bribe from Mr. Daibes in return for

24   being influenced in the performance of an official act.

25             Actions by Mr. Menendez involving the federal

O7F3MEN3                      Deliberations

1   prosecution of Mr. Daibes fall under Count Eleven if the jury

2   finds each of the elements of Count Eleven have been met beyond

3   a reasonable doubt.

4           The elements of Count Eleven can be found on pages

5   52-53 of the jury charge.

6           Count Twelve charges Mr. Daibes with demanding or

7   accepting a bribe in exchange for official actions to benefit

8   Daibes, and to assist Daibes by acting for the benefit of the

9   government of Qatar, in exchange for official actions to

10  benefit Daibes and to assist Daibes by acting for the benefit

11  of the government of Qatar.

12          In order for the jury to find Mr. Daibes guilty of

13  Count Twelve, the jury must find each of the elements of Count

14  Twelve have been met beyond a reasonable doubt.

15          Those elements can be found on pages 63-64 of the jury

16  charge.

17          MR. WEITZMAN:  Your Honor, I'm noting my objection

18  but --

19          THE COURT:  Just a moment.  I need it to be printed

20  out and to see it.

21          Yes, Mr. Weitzman.

22          MR. WEITZMAN:  Your Honor, this is a confusing

23  instruction and it does not do what the jury needs in two

24  respects with respect to Count Eleven.

25          The first is that broadening Count Eleven to refer to

O7F3MEN3                    Deliberations

1    actions involving the federal prosecution of Mr. Daibes as the

2    Court proposes goes well beyond what is charged and what the

3    evidence would sustain.

4            THE COURT:  Yes, but I'm trying to answer their

5    question and you don't want me to use the word "intervening."

6            MR. WEITZMAN:  Exactly, your Honor.  But it's

7    certainly not all actions involving the federal prosecution.

8    So for example, your Honor --

9            THE COURT:  That's true.  It is only those that beyond

10   a reasonable doubt meet the four elements.

11           MR. WEITZMAN:  Your Honor, while that's correct, that

12   shorthand is confusing and it suggests that lots of actions

13   could satisfy that.

14           There are only two actions that are charged here, your

15   Honor.  Two actions.  And it is in the to wit clause.

16   Nominating someone who Senator Menendez believed would be

17   beneficial to the Daibes case, and then two, using advice and

18   pressure, causing through advice and pressure the U.S.

19   Attorney's Office for the District of New Jersey to act

20   favorably to Daibes.  Those are the two actions.  No other

21   action can sustain the indictment.  And so, that's with respect

22   to Count Eleven.

23           With respect to Count Twelve, which is not our count,

24   but I did notice that you said Mr. Daibes demands or accepted a

25   bribe.  It is the opposite, the charging language for Count

O7F3MEN3                      Deliberations

1    Twelve, because it's Mr. Daibes gave, offered, or promised to

2    offer -- promises things of value or bribes.

3              THE COURT:  Let me look at it.  I think you're right.

4    Just let me look.  Offering or paying.

5              MR. WEITZMAN:  Yeah.  I mean, not my count.  But...

6              THE COURT:  Just let me change that because I think

7    you're right.  Go ahead.

8              MR. WEITZMAN:  I'll also note that there is an

9    inconsistency with respect to Count Twelve.  You reference

10   Qatar, which is the same charge as in Count Eleven, just the

11   inverse of it but --

12             THE COURT:  Right.

13             MR. WEITZMAN:  But I very much believe that the jury

14   needs to be informed of what the government has charged here.

15   And they're not being informed of that.

16             MR. RICHENTHAL:  That's wrong legally for the reasons

17   I've already explained.

18             THE COURT:  Just a moment.

19             I think in Twelve, just to make it correct, Count

20   Twelve charges Mr. Daibes with offering or paying a bribe in

21   exchange for official actions to benefit Daibes.

22             Mr. Richenthal, what were you going to say?

23             MR. RICHENTHAL:  I was just going to say, I think

24   Mr. Weitzman's arguments are well preserved, but with respect

25   to the proposal, the Court had language for the first count

O7F3MEN3                    Deliberations

1    that we're talking, about Count Eleven, answering the jury's

2    question which is does conduct involving the District of New

3    Jersey count.

4         I don't think the Court had the equivalent language

5    for Count Twelve.  The answer is "yes."  The jury is asking

6    something very simple, and the Court's instruction on Count

7    Eleven says, in sum, yes.  Those actions, if you otherwise find

8    they meet the elements, satisfy Count Eleven.  I don't think

9    the Court, at least as I heard it and as I'm seeing on the

10   screen, had the equivalent sentence for Count Twelve.  The

11   answer is also "yes."

12        THE COURT:  You're talking about actions by

13   Mr. Menendez -- actions by Mr. Daibe -- what do you proffer is

14   the equivalent language?

15        MR. RICHENTHAL:  It would be that Mr. Daibes offered

16   or paid a bribe for those actions.  It is, as Mr. Weitzman

17   used, the inverse.  That is the actions count.  Now here we are

18   talking about what he's paying for, rather than what the money

19   is being received for.

20        But the jury's question, as I understand it, is very

21   simple.  Are those in these counts or not.  And the answer is

22   yes, these actions are in each of these counts.

23        THE COURT:  You know what I'm going to do?  We've

24   gotten too convoluted here, and I think I'm going to boil it

25   down, but include the requirement that the government must

O7F3MEN3                         Deliberations

 1   prove beyond a reasonable doubt.

 2                MR. WEITZMAN:  Your Honor.

 3                THE COURT:  Yes.

 4                MR. WEITZMAN:  I have one other suggestion.  We still

 5   maintain that --

 6                THE COURT:  Look, I want to get this back to the jury.

 7                MR. WEITZMAN:  I do too.  We still maintain the

 8   proposal we had before is the right proposal.

 9                THE COURT:  You have your exception, sir.  If you want

10   to argue a variance, that's up to you, if indeed there is a

11   conviction.

12                MR. WEITZMAN:  But, the change in language is just a

13   few words, your Honor.  Instead of "actions involving the

14   federal prosecution," I would say "actions to improperly

15   influence the federal prosecution."  Because there needs to be

16   some understanding that, for instance, not every -- that there

17   has to be advice and pressure to influence, which is the

18   language of the indictment.  The words influence.

19                THE COURT:  This is what I'm going to do.

20                You have asked me "Does intervening in the federal

21   prosecution of Daibes in New Jersey fall under Counts Eleven

22   and Twelve in the indictment."

23                The answer to your question is yes, as long as the

24   jury concludes that the government has proven each of the

25   elements of Counts Eleven and Twelve beyond a reasonable doubt.

O7F3MEN3                          Deliberations

1          The elements of Count Eleven that must be proven

2     beyond a reasonable doubt may be found on pages 52-53 of the

3     jury charge; the elements of Count Twelve that must be proven

4     beyond a reasonable doubt may be found on pages 63-64 of the

5     jury charge.

6          MR. WEITZMAN:  Your Honor, respectfully, I think that

7     just got worse.

8          THE COURT:  No.  I would assume you thought that.  I'm

9     trying to boil it down and you have your objection.

10         MR. WEITZMAN:  But your Honor, it would be better to

11    just refer them to the charge without the "yes."  To adopt the

12    language of intervening in the federal action as what is

13    charged is incorrect.

14         THE COURT:  I understand.  Let me look at it.

15         MR. RICHENTHAL:  It is what is charged.

16         THE COURT:  Pardon me?

17         MR. RICHENTHAL:  I just responded to Mr. Weitzman

18    saying it is what is charged.  I literally used those words in

19    rebuttal.  It is not the only thing that's charged, but it is

20    what's charged.

21         THE COURT:  I've changed it slightly and this

22    discussion is at an end.

23         My note to the jury will read:  You have asked me

24    "Does intervening in the federal prosecution of Daibes in New

25    Jersey fall under Counts Eleven and Twelve in the indictment?"

1    I will respond, "Intervening in the federal

2    prosecution of Daibes" falls within Counts Eleven and Twelve,

3    only if the jury concludes that the government has proven each

4    of the elements of Counts Eleven and Twelve beyond a reasonable

5    doubt.

6    The elements of Count Eleven that must be proven

7    beyond a reasonable doubt may be found on pages 52-53 of the

8    jury charge; the elements of Count Twelve that must be proven

9    beyond a reasonable doubt may be found on pages 63-64 of the

10   jury charge.

11   I'm going to send that back in to the jury.

12   Mr. Menendez's defense has an exception.  I need to get this

13   back to the jury.

14   MR. RICHENTHAL:  Just for clarity of the record, can

15   your Honor ask Mr. Daibes' counsel his position?

16   Mr. Menendez's counsel doesn't have standing.

17   MR. DE CASTRO:  We're fine with the Court's

18   instruction.

19   THE COURT:  Thank you.

20   MR. DE CASTRO:  Your Honor, are you marking these as

21   court exhibits just so I know what you send back in?

22   THE COURT:  This one, on the other one, I had just

23   written on the original one.

24   MR. DE CASTRO:  I see.

25   THE COURT:  This one I'm writing out, I'm typing out a

O7F3MEN4                           Deliberations

1  separate note, so I will mark it as Court Exhibit 6.   The

2  earlier one was written on the jury's note, so they have it

3  back in the jury room.

4          And I'm signing this.  I'm dating it 7/15/24,

5  3:10 p.m.  I'm sending it back in to the jury.  Thank you.

6          No need to rise.  I'm leaving the bench.

7          (Recess pending verdict)

8          (In open court; jury not present)

9          THE COURT:  Bring the jury in.  I have a note which

10  I'm going to mark with the next number.  It says "The jury is

11  finished for the day."

12          (Jury present.  Time noted 4:40 p.m.)

13          THE COURT:  Good afternoon, ladies and gentlemen.

14  Thank you for your note.  I received it and you said you're

15  finished for the day.

16          We'll see you tomorrow.  Keep an open mind.  Don't

17  deliberate or look at exhibits until I see all 12 of you are

18  here and I have told you to recommence your deliberations.

19  Thank you.  See you tomorrow at 9:30.

20          (Jury not present)

21          THE COURT:  9:30.  Thank you.

22          (Adjourned until July 16, 2024, at 9:30 a.m.)

23

24

25