

Barry Coburn  
Admitted DC, MD, VA, NY  
202-643-9472  
barry@coburngreenbaum.com

April 1, 2025

VIA ECF  
The Honorable Sidney H. Stein  
United States District Judge  
United States District Court for the  
 Southern District of New York  
500 Pearl Street  
New York, NY  10007

Re: <u>United States v. Nadine Menendez, (S4) 23-cr-490 (SHS)/Uribe Testimony</u>

Dear Judge Stein:

I am writing to follow up on the parties' colloquy with the Court about the issue we raised concerning Mr. Uribe's upcoming testimony, relating to ensuring that his testimony about his plea of guilty cannot be used by the jury as substantive evidence against the Defendant.  We offer the following additional cases for the Court's consideration, concerning our argument concerning the nature of the testimony that the government is permitted to elicit on this subject:

*United States v. Gaev*, 24 F.3d 473m 479 (3d Cir. 1994) ("We have long recognized the hazards of admitting evidence of a co-conspirator's guilty plea to a conspiracy charge. *Thomas*, 998 F.2d at 1206; *Gambino*, 926 F.2d at 1367; *Bisaccia*, 623 F.2d at 312-13; *United States v. Toner*, 173 F.2d 140, 142 (3d Cir. 1949). Conspiracy by definition requires the participation of more than one party, and the jury may take a guilty plea by a co-conspirator as evidence of the defendant's guilt, an impermissible inference").

*United States v. Weaver*, 698 F. App'x 629 (2d Cir. 2017) ("A prosecutor is not permitted "to suggest to a jury that the conviction of a testifying co-conspirator is evidence that a defendant on trial is guilty").

*United States v. Halbert*, 640 F.2d 1004 (9th Cir. 1981) ("As a principle of general acceptance, the guilty plea or conviction of a codefendant may not be offered by the government and received over objection as substantive evidence of the guilt of those on trial").

1710 Rhode Island Avenue, NW · 2nd Floor · Washington DC 20036  
202.630.2844 · fax 866.561.9712 · coburngreenbaum.com

Further, we propose the following contemporaneous limiting instruction for the Court's consideration:

Members of the jury, you have heard testimony from Mr. Uribe concerning what he has described as his participation in conspiratorial conduct and plea of guilty to conspiracy and related charges. I instruct you that no aspect of this testimony about Mr. Uribe's plea of guilty may be used by you as substantive evidence against Ms. Menendez. This testimony is admitted for the sole purpose of allowing you to evaluate Mr. Uribe's credibility as a witness.

Respectfully submitted,

Barry Coburn