

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 3, 2025

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Nadine Menendez*,
               **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter to request that the Court order the defendant to: (a) promptly produce all Rule 26.2 material currently in her possession, promptly produce any such material that may come into her possession, and comply with Rule 26.2(c), and (b) promptly provide meaningful substantive proffers for all defense witnesses, other than the defendant herself.

      As set forth below, despite the Court's written Order regarding Rule 26.2 material and defense witness proffers (Dkt. 716), the Court's oral directive on April 1, 2025 regarding expanding such proffers to ensure they are useful "actual" proffers (Tr. 1333), and repeated requests by the Government, the defendant has not provided *any* Rule 26.2 material, and has provided only limited and general proffers. With the defendant's case expected to commence in only a few business days, these failures are neither fair nor reasonable, and are likely to result in delay or disruption of trial. They also present the significant risk of the presentation of inadmissible testimony to the jury. The Court has the authority—and indeed, the obligation—to take appropriate steps to ensure that only admissible evidence is presented. *See* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."); *see generally Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("[T]he accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."); *Nix v. Whiteside*, 475 U.S. 157, 167 (1986) ("the very nature of a trial" is

Honorable Sidney H. Stein
April 3, 2025
Page 2

"a search for truth"); *Williams v. Florida*, 399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played.").

It should exercise that authority by ordering the above relief, just as it did during the first trial. (*See* First Trial Tr. 4346.)

I.   Background

Before trial, the Court ordered that, at least 10 days before the anticipated start of the defense case (should the defendant choose to present one), the defendant produce (a) defense exhibits to be used in its case, (b) a defense witness list, (c) Rule 26.2 material, and (d) proffers of defense witness testimony if the Rule 26.2 material is not adequate. (Dkt. 716.)

On Friday, March 28, the Government advised defense counsel that, in light of the pace of the trial, the Government presently expected that the defendant's case, should she present one, would commence on or about Monday, April 7, *i.e.*, in 10 days.[1]

That evening, defense counsel provided the names of 11 individuals, not including the defendant, and limited proffers concerning their expected testimony. Defense counsel did not provide any Rule 26.2 material.

On Sunday, March 30, the Government asked defense counsel questions regarding this list, including for more specifics with respect to a number of the proffers. The Government also expressed concerns about the relevance and admissibility of several apparent lines of examination. Defense counsel responded only in part, without expanding the proffers. In the same response, defense counsel added two more names to the defense witness list. (Dkt 809-1.)

Subsequently, defense counsel added two more names to the defendant's list, for a total of 15 individuals, not including the defendant, but still did not expand the proffers, and for one individual did not provide any proffer. Nor did defense counsel provide any Rule 26.2 material.

On Tuesday, April 1, the Government expressed concern to the Court that the defendant still had not provided any Rule 26,2 material and had only provided limited and general proffers, at most. (Tr. 1331-32.) The Court ordered the defendant to expand its proffers to ensure they are useful and "actual." (Tr. 1333.) Defense counsel responded that he would provide a proffer for the witness for which one was entirely missing the same day, and would "expand[]" the other proffers. (*Id.*)

Defense counsel did not provide the missing proffer that day, as he said that he would.

The following day, yesterday, Wednesday, April 2, defense counsel provided proffers for 13 of the 15 individuals, other than the defendant, on the defendant's witness list, without

---

[1] Given the recent delay in the trial, the Government currently expects any defense case to commence on or about Wednesday, April 9.

Honorable Sidney H. Stein
April 3, 2025
Page 3

providing any Rule 26.2 material, answering the remaining questions the Government asked on March 30 or since, or indicating whether the two individuals for which no proffers were provided remained on the defense list. The Government responded by noting these deficiencies, and asking for more specifics, since many of the allegedly expanded proffers were materially the same as the prior proffers. The Government asked for a response by 6 p.m., so it could determine if a motion was necessary. Defense counsel has not responded in any way.

    II.    The Defendant's Limited Proffers

Below are the latest of the defendant's proffers (or with respect to two individuals, the only proffers provided), verbatim, followed by a brief recitation, in bullet form, of the Government's principal concerns, which are the same concerns that the Government has conveyed to the defendant, often more than once.[2]

**Wael Hana**: "Would testify consistently with his proffer of underlying events reflected in his presentence report, including the history of his interactions with Robert and Nadine Menendez and the mortgage loan."

**Fred Daibes**: "Would testify about the history of his interactions with Robert and Nadine Menendez including gift giving and real estate interests, with a focus on the timing and rationale for any things of value he provided to the Defendant."

**Katia Tabourian**: "Would testify about the Defendant's family history, her attitude toward gift-giving and receiving, and her character and reputation for honesty and truthfulness, in addition to other relevant character traits."

- This proffer does not identify what the defendant means by "family history," including whether she intends to elicit anything about the defendant's lack of criminal history, prior boyfriend, alleged mistreatment, and/or medical condition(s).

- This proffer references "other [allegedly] relevant character traits" (in addition to honesty and truthfulness) but does not identify what these are.

- This proffer does not explain what is meant by "attitude towards gift-giving and receiving." The Government is not aware of any admissible basis for such testimony. *See* Fed. R. Evid 405(a).

- This proffer does not explain whether the defendant is attempting to offer any out-of-court statements for the truth of a matter asserted, and if so, what hearsay exception(s) she believes applies. *See, e.g.*, *United States v. Brooks*, No. 08 Cr. 35

---

[2] That the Government only comments herein on certain of the proffers below does not necessarily mean that the Government believes that remaining proffers are adequate or the testimony admissible. Rather, the Government is presently focusing on these matters in the interest of narrowing, mooting, or teeing up disputes for timely resolution by the Court.

Honorable Sidney H. Stein
April 3, 2025
Page 4

> (PKL), 2008 WL 2332371, at *1 (S.D.N.Y. June 4, 2008) ("As the proponent of the proposed testimony, defendant has the burden of establishing admissibility by a preponderance of the evidence."); *United States v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005) ("defendants as proponents of the evidence bear the burden of [admissibility]").

- Given the general nature of the proffer, it is also not clear whether the defendant seeks to offer specific instances of alleged good conduct, or lack of bad conduct, by the defendant, which is not permitted. *See, e.g.*, *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990).

**Robert Menendez**: "If we call him, would testify about every aspect of the indictment as it relates to his wife, as well as his relationship with her and her character and reputation for truthfulness."

**Jonathan Cohen**: "Would testify about Mr. Menendez's policies and practices, while a senator, relating to the Middle East, particularly his opposition to Egyptian human rights abuses. He would focus on the way Mr. Menendez addressed issues with Egypt before and during the relevant time period."

- The Government is not presently aware of admissible testimony Mr. Cohen could offer on a disputed and relevant matter, and "policies and practices," without more information, including without a time period, is too general for the Government to advise the defendant or the Court of any concerns. This proffer also does not indicate whether the alleged testimony rests on out-of-court statements of others, such as Robert Menendez.

**Garbis Tabourian**: "Similar to his daughter Katia."

- The Government has the same concerns outlined above with respect to the defendant's sister.

**Nicholas Lewin**: "Would testify about a financial transaction in which he was involved with Jose Uribe and the Defendant, relating to an alleged loan transaction."

- For the reasons previously briefed and discussed with the Court, the Government expects to object to Mr. Lewin's testimony, to the extent the Government presently understands what the defendant seeks, which appears irrelevant, improper (including to the extent it falls within Rule 608(b)), raises significant concerns about privilege, and, among other things, fails under Rule 403. The Government accordingly expects that this testimony should be precluded, just as the Court quashed a subpoena issued by the defense to Mr. Lewin during the first trial.

**Michael Critchley:** "Would testify that he represented Parra and negotiated the plea for him, he would describe his conversations with Robert Menendez about the case, including why he believed it was an unfair and inappropriate prosecution."

- As the Court is aware, and the defendant is aware, Mr. Critchley was deposed, on video, in connection with the first trial. The Court thereafter limited what portions of his testimony could be admitted. The Government expects that the same limits should be enforced here, along with other limits, to the extent that the defendant is being tried alone. To the extent that the defendant's reference to him being asked to "describe his conversations with Robert Menendez about the case, including why he believed it was an unfair and inappropriate prosecution," for example, means that the defendant would seek to elicit Mr. Critchley's *own views* as to the fairness or lack thereof of the case, that is neither relevant or admissible, nor could Mr. Critchley opine as to what others were thinking (rather than what they said, if relevant and not hearsay).

**John Moldovan**: "Would expand upon his testimony during the government's case, including all of the substance of his testimony in Trial 1."

- Mr. Moldovan already testified and was subject to cross-examination, and, as with two other listed witnesses (Meirna Hanna and Jamela Maali), the defendant did not seek to expand cross-examination, using non-leading questions, to avoid the purported need for him to testify again. In any event, this proffer does not explain what admissible, non-cumulative testimony she would seek to elicit from him that "expand[s]" on what he already testified to and that does not violate the Court's previous rulings, including regarding specific instances of gift-giving (as the Government raised in a motion *in limine* (Dkt. 663) and the Court ruled would not be permitted (1/16/25 Tr. at 5)).[3]

**Ana Peguero**: "Expected to testify about the criminal investigation, her knowledge regarding Jose Uribe's related actions, and her related interactions with Jose Uribe."

- This proffer fails to provide specifics as to what the defendant intends to elicit, including what "interactions" with Mr. Uribe she believes are non-hearsay, relevant, and admissible, including not being barred under Rule 608(b).

**Meirna Hanna**: "Would testify about her experience working at IS EG Halal, interactions with Wael Hana and Nadine Menendez, and Wael's reputation for gift giving in the business community."

- With respect to "her experience working at IS EG Halal and interactions with Wael Hana," she already testified on these subjects, and the defendant declined to cross-examine her. In any event, this proffer does not explain what "experience" and "interactions" the defendant believes are relevant, admissible, and non-cumulative.

---

[3] To the extent that defendant re-calls this witness, or any other witness, she should use non-leading questions in her examination. *See* Fed. Rule Evid. 611(c).

Honorable Sidney H. Stein
April 3, 2025
Page 6

- With respect to "interactions" with the defendant, the Government understands that such interactions were extraordinarily limited, and that in person, they exchanged no more than mere pleasantries. The proffer does not identify which such interactions are allegedly relevant and admissible.

- With respect to "Wael's [alleged] reputation for gift giving in the business community," this issue was discussed with the Court prior to Ms. Hanna taking the stand, and the Court reserved decision, thereby letting the defendant seek to explore the area on cross-examination. (Tr. 1134-35.) However, the defendant chose not to do so. (Tr. 1156.) The Government continues to believe that this line of inquiry is inadmissible unless the defendant can proffer a good-faith admissible basis to link the alleged reputation to the defendant, which the Government does not understand Ms. Hanna to be competent to do. *See, e.g.*, *United States v. Kaplan*, 490 F.3d 110, 121-22 (2d Cir. 2007) (holding district court erred in admitting evidence of one person's knowledge to show defendant's knowledge without evidence that defendant was aware of the same information, expressing doubt that evidence was relevant, and explaining that, in any event, it should have been precluded under Rule 403 because it "required [the jury] to draw a series of inferences, unsupported by other evidence," yet was offered on "the ultimate issue in the case"); *United States v. Martoma*, 993 F. Supp. 2d 452, 455-56 (S.D.N.Y. 2014) (in insider trading case, excluding expert opinion that a stock was overvalued absent evidence that the defendant had himself conducted such analyses or been contemporaneously reading such analyses).

**Carolina Silvarredonda:** "Would testify about her experience working at IS EG Halal, interactions with Wael Hana and Nadine Menendez, and the work Nadine did for ISEG Halal."

- As discussed during the first trial, not all experiences at or alleged work of IS EG Halal are relevant, including experiences/alleged work post-dating the events at issue in the indictment. (*See* Dkt. 485 at 1-3.) The Court agreed, precluding certain such evidence. (*See* First Trial Tr. 6063-64, 6068-69.) Accordingly, the defendant should identify what she means by "experience working at IS EG Halal" and "interactions with Wael Hana," including subject matter and time period.

- This potential witness's testimony also raises significant hearsay concerns. (*See* Dkt. 485 at 5.) This proffer should accordingly also include the source(s) of the witness's expected testimony concerning the alleged work of the defendant.

**Jamela Maali:** "Would testify about her experience working with Fred Daibes, her knowledge of gift giving from Mr. Daibes to Nadine Menendez, his reputation for gift giving, and her knowledge of Mr. Daibes' real estate interests."

- The Government has the same questions and comments as with Ms. Hanna above concerning her lack of cross-examination on this or any other subject and the insufficient basis to seek to elicit Fred Daibes's alleged reputation.

Honorable Sidney H. Stein
April 3, 2025
Page 7

- In addition, this proffer does not identify what "experience" and "real estate interests" are allegedly relevant, including time period.

**Mohammed Badeer and an Individual With a Particular Nickname:** "Information about the award of the Halal certification 'monopoly' to ISEG." (Dkt. 809-1.)[4]

- This proffer does not identify what admissible "information" the defendant seeks to offer or the source(s) of the alleged information.

\*\*\*

For the foregoing reasons, the defendant should be ordered to (a) promptly produce all Rule 26.2 material currently in her possession, promptly produce any such material that may come into her possession, and comply with Rule 26.2(c),[5] and (b) promptly provide meaningful substantive proffers for all defense witnesses, other than the defendant herself.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   s/ Daniel C. Richenthal
      Daniel C. Richenthal
      Paul M. Monteleoni
      Lara Pomerantz
      Catherine Ghosh
      Assistant United States Attorneys
      (212) 637-2109/2219/2343/1114

cc:   (by ECF)

      Counsel of Record

---

[4] These are the two individuals for whom the defendant did not provide a proffer yesterday, and accordingly may no longer be on her witness list, but the defendant has not responded to the Government's inquiry as to whether that is so.

[5] Rule 26.2(c) provides in pertinent part: "If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party."