

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 16, 2025

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Nadine Menendez*,
               **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in response to the defendant's request to modify the Court's instructions on official acts (Dkt. 827). While, in the context of this particular case, the Government has no objection to the addition of the words "or in opposition to," the Government believes that the charge should include an additional clarifying phrase to conform as closely as reasonably possible to the Supreme Court's language in *McDonnell v. United States*, 579 U.S. 550 (2016), and avoid confusion that might otherwise result from the insertion of the defendant's proposed language.

      In *McDonnell*, as the Government briefly discussed at the charge conference yesterday, the Supreme Court recognized that simply expressing general support for an idea—there, a research study—was insufficient for an official act, but only if the official expressing support does not thereby intend to exert pressure or provide advice. *See* 579 U.S. at 573 ("Simply expressing support for the research study at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call—similarly does not qualify as a decision or action on the study, *as long as the public official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an 'official act.'*" (emphasis added)).

      In this particular case, while the Government has no objection to including, at the defendant's request, the concept of opposition as the inverse of support, to avoid juror confusion (which may be exacerbated based on the different connotations certain jurors may attach to the phrases "expressing support for" and "expressing opposition to" in the context of an official), the

Honorable Sidney H. Stein
April 16, 2025
Page 2

Government believes it is appropriate to include clarifying language more closely drawn from *McDonnell*'s literal sentence structure, as set forth below. Indeed, without such language, the Government is concerned that the jury may have a misimpression on a material point. The Government accordingly proposes that the below bolded and italicized language be added to the pertinent charge:

> Some examples of actions that are not, without more, "official acts" are setting up a meeting, talking with a lobbyist or another official, organizing an event, or expressing support for**, *or opposition to*,** an action, decision, or idea**, *as long as the public official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an "official act*.**

*Cf. McDonnell*, 579 U.S. at 573 ("Simply *expressing support for* the research study . . . similarly does not qualify as a decision or action on the study, *as long as the public official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an 'official act.'*" (emphasis added)). Although the concepts of advice or pressure are covered elsewhere in the Court's charge, that does not mean that they should not be included in explaining the important limit on what expressing support or opposition means, just as the Supreme Court repeated and directly related those concepts to expressing support in *McDonnell*, even though they too had already been covered earlier in the opinion. *See, e.g.*, *McDonnell*, 579 U.S. at 572.

          Respectfully submitted,

          MATTHEW PODOLSKY
          Acting United States Attorney

By:    s/ Paul M. Monteleoni
        Daniel C. Richenthal
        Paul M. Monteleoni
        Lara Pomerantz
        Catherine Ghosh
        Assistant United States Attorneys
        (212) 637-2109/2219/2343/1114

cc:    (by ECF)

      Counsel of Record