

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

April 13, 2025

*EX PARTE* **AND UNDER SEAL**
**BY EMAIL**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    **Re:** *United States v. Nadine Menendez,*
          S4 23 Cr. 490 (SHS)

Dear Judge Stein:

    The Government writes *ex parte* and under seal to respectfully request an order authorizing disclosure of the Pretrial Services Report for the defendant (the "Pretrial Report") in the possession of the U.S. Pretrial Services Office for the Southern District of New York ("Pretrial"). The defense has notified the Government that it is unlikely that the defendant will testify at trial, but has not ruled out the possibility that she may testify. As set forth below, the Second Circuit has made clear that a defendant's statements to Pretrial are admissible to impeach her credibility. Because the Government seeks the Pretrial Report for purposes of potentially impeaching the defendant should she elect to testify at trial, the Government respectfully requests that this application be maintained *ex parte* and under seal until after the trial. A proposed order is enclosed for the Court's consideration.[1]

Handwritten annotation: April 18, 2025 — Motion for an order of disclosure dismissed as moot. Motion to seal denied. So ordered, Sidney H. Stein U.S.D.J.

---

[1] The Government does not concede that a court order is necessary for the Government to access and use the Pretrial Report to cross-examine a defendant. In this case, however, in an abundance of caution, it seeks the proposed order.

**Request for Court Order**

The defendant appeared before the Honorable Ona T. Wang, United States Magistrate Judge, on or about September 27, 2023 after being issued a summons. That same day, she participated in an interview with Pretrial, and Pretrial created the Pretrial Report.

On April 10, 2025, defense counsel informed the Court that he thought "the defendant's testifying is very unlikely" but has not ruled out that possibility. (Tr. 2270.) The Government anticipates that if she were to testify, the defendant may testify about, among other things, sources of cash and income and her employment history, in efforts to explain, among other things, the cash and gold bars found at the defendant's house and safety deposit box. The Government seeks the proposed order to review the Pretrial Report and, should the defendant testify, determine whether any of her statements are inconsistent with those she made to Pretrial and can be used for impeachment purposes in cross-examining the defendant.

The Pretrial Report. In this district, Pretrial does not permanently release copies of pretrial reports to any of the parties, and instead, permits the parties to review a hard copy of pretrial reports prior to bail proceedings or upon request at the Pretrial Office. Historically, the Government has reviewed a defendant's pretrial report upon request and without a court order, but has not been able to maintain possession of a pretrial report without a court order. The Government presently understands that Pretrial requests a court order before providing a digital copy of the Pretrial Report to the Government for the purpose of impeaching the defendant should she testify at trial. The Second Circuit has held that a "defendant's statements to pretrial services are admissible against the defendant when used to impeach the defendant's credibility." *United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004); *see also United States v. Londono*, 175 F. App'x 370, 374 (2d Cir. 2006). In *Griffin*, the Second Circuit rejected the defendant's claim that 18 U.S.C. § 3153 precludes the Government from cross-examining a defendant about statements made to Pretrial. 385 F.3d at 126. The Second Circuit explained that, while the Government could not offer the defendant's statements to Pretrial "on the issue of guilt in a criminal proceeding," 18 U.S.C. § 3153, it could offer them on "the question of truthfulness and credibility." *Id.* (citing *United States v. Nixon*, 418 U.S. 683, 710 (1974); Fed. R. Evid. 608(b)). The Second Circuit concluded that "[i]n view of the strong principle favoring admissibility of relevant evidence at trial," it would "not read the exception to admissibility in § 3153(c)(3) beyond its plain meaning." *Id.*

At this stage, the Government seeks the opportunity to review the Pretrial Report, and will determine if the defendant's statements to Pretrial constitute impeachment material after the defendant testifies, should she elect to do so. Because the Pretrial Report may be used to impeach the defendant, the Court should accordingly order its disclosure to the Government. *See id.* (citing *United States v. Nixon*, 418 U.S. 683, 710 (1974) ("Whatever their origins, . . . exceptions to the demand for every [person's] evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.")); *see also United States v. Sands*, 24 Cr. 288 (ALC) (S.D.N.Y. Apr. 12, 2025) (*ex parte* and sealed order ordering pretrial to release to the Government a copy of the Pretrial Services report for the defendant and any supplemental reports).

### Request to File Application and Order *Ex Parte* and Under Seal

The Government respectfully requests that this application and the requested order remain *ex parte* and under seal because it seeks to review the Pretrial Report to potentially use to impeach the defendant, should she elect to testify at trial. Disclosure of this application and/or the proposed order to the defendant would not be in the interests of justice because it would encourage the defendant to shape her testimony to be consistent with her statements to Pretrial. Given the contents of this letter, the Government expects that it could be unsealed and/or publicly filed, with redactions to the extent warranted, following the verdict in this matter. The Government will advise the Court as to what portions, if any, it believes should be redacted in such a public filing, and requests that it be maintained under seal until such time.

### Conclusion

For the foregoing reasons, the Government respectfully requests that the Court enter the attached proposed order, and that this application and the order remain *ex parte* and under seal.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   s/ Lara Pomerantz
      Daniel C. Richenthal
      Paul M. Monteleoni
      Lara Pomerantz
      Catherine Ghosh
      Assistant United States Attorneys
      (212) 637-2109/2219/2343/1114

cc:   (by ECF)

      Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

NADINE MENENDEZ,

Defendant.

23 Cr. 490 (SHS)

EX PARTE/SEALED ORDER

Upon the application of the United States, by the Acting United States Attorney for the Southern District of New York, Matthew Podolsky, by Assistant United States Attorneys Catherine Ghosh, Paul M. Monteleoni, Lara Pomerantz, and Daniel C. Richenthal, dated April 13, 2025;

WHEREAS on or about September 27, 2023, the defendant was presented in this district, and in connection with her presentment, participated in an interview with the United States Pretrial Services Office ("Pretrial"), which created a report based on that interview (the "Pretrial Report");

WHEREAS trial in this matter has commenced, and the defendant may elect to testify at trial;

WHEREAS the Pretrial Report may be used for purposes of impeaching the defendant should she elect to testify;

IT IS HEREBY ORDERED that the U.S. Pretrial Services Office shall release to the U.S. Attorney's Office for the Southern District of New York an electronic copy of the Pretrial Report

for NADINE MENENDEZ, the defendant, prepared on or about September 27, 2023, and any supplemental reports; and

IT IS FURTHER ORDERED that this Order and the Government's application shall be filed *ex parte* and under seal.

SO ORDERED.

Dated:   New York, New York
         April ___, 2025

                                                    _____
                                                    HONORABLE SIDNEY H. STEIN
                                                    UNITED STATES DISTRICT JUDGE