

Edward J. Canter
615.985.8875
ted@litson.co

July 5, 2026

**<u>VIA ECF</u>**

The Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    ***United States v. Nadine Menendez*, 1:23-cr-00490-SHS**

Dear Judge Stein:

We write on behalf of Mrs. Nadine Menendez in response to the Court's order directing counsel to explain the timing of the motion filed on July 2, 2026. (Dkt. 947.)

Counsel apologizes to the Court for the disruption caused by filing this request on the eve of a holiday weekend. We respect this Court's schedule and its mandate to enforce the sentences it imposes. The timing of the filing was driven by an effort to adhere to the Court's instructions at sentencing and to present a complete record. It was not the result of strategic delay or any lack of urgency.

At sentencing, the Court stated that the surrender date would be a date certain, subject only to the Bureau of Prisons ("BOP") indicating it was unable to provide the necessary medical care. (Sent. Tr. 42:10-12.) Given that admonishment, counsel believed it was necessary to engage with the BOP, present Mrs. Menendez's medical records, and ascertain the BOP's position before petitioning the Court.

To that end, our firm initiated correspondence with the BOP shortly after appearing in this matter in April 2026, providing medical information regarding Mrs. Menendez's cancer diagnosis, treatment history, and surgical needs. Over the course of May and June 2026, the firm engaged in ongoing communication with the Office of the Deputy Attorney General and BOP personnel regarding the matter. Following these efforts, we connected with Rick Stover, Special Assistant to the Director of the BOP, on June 18 to discuss Mrs. Menendez's medical situation.

Litson PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
www.litson.co

On June 24, BOP personnel informed our firm that the BOP had reached out to the Court regarding the proper procedure to submit the BOP's position regarding a delayed surrender due to medical issues. The BOP advised us that we should submit a request directly to the Court sharing the BOP's position on the matter. Our firm requested written confirmation of non-opposition from the BOP to attach to our filing, which the BOP provided the following day, June 25. *See* Ex. A.

With BOP's position confirmed, our firm reached out to the office of Mrs. Menendez's treating physician, Dr. Lisa Schneider, on June 25 to obtain a supporting medical letter. Dr. Schneider was on a two-week trip to Japan and traveling without a laptop, but she graciously called our team from Japan to let us know she was flying home on June 27–28 and would provide the necessary letter the week of June 29. Dr. Schneider sent the letter on June 29, providing updated information on the recommended surgeries and their proposed staging. Counsel spent June 30 gathering documentation regarding the medical history in the letter.

On July 1, counsel reached out to the Assistant United States Attorneys to inform them of our request for a delayed surrender, requesting their position. Counsel maintained communication with the AUSAs through July 2 but had not yet received a response regarding their position.[1] For that reason, counsel held the filing as long as possible on Thursday to allow the government's review to continue, and, with the July 10 surrender date fast approaching, filed the letter motion in the afternoon.

The timing of the motion was ultimately shaped by the practical realities of coordinating with administrative officials, working with a treating physician who assisted while traveling abroad, and gathering supporting documentation. Mrs. Menendez respects the sentence imposed by the Court and does not seek to avoid it through this request. She only seeks to move her surrender date so that she can finish the cancer-related surgeries that are currently underway.[2]

Pursuant to the recommendation of her medical team, Mrs. Menendez planned to proceed with her treatment as originally contemplated: a first surgery that combined the implant removal and the DIEP flap reconstruction, followed by a final surgery. As detailed in the letter motion, Mrs. Menendez's surgical timeline had already been affected by various delays. Abnormal lab results in May further delayed the procedure, and surgery was rescheduled for June 10. The day before the

---

[1]    To be clear, counsel does not fault the government for not being able to respond by July 2. In addition to the proximity to the holiday, the medical information was new; the information related to the June 10 procedure was confusing, owing to a change in the planned course of surgery; and the government is not merely entitled, but has a responsibility, to verify all the details before taking a position.

[2]    Nor is Mrs. Menendez waiting on the Court's ruling to prepare for her eventual sentence. She is making every arrangement to surrender should the Court deny relief.

scheduled surgery, the Second Circuit denied Mrs. Menendez's motion for release pending appeal. Mrs. Menendez, in consultation with her medical providers, proceeded with only part of the first surgery—the removal of her implants—leaving the reconstruction portion of the first surgery, and the final surgery, still ahead.[3]

Counsel recognizes both that this accommodation cannot be indefinite and that a surrender date set too far in the future would raise additional concerns, given the government's and the Court's interest in enforcing Mrs. Menendez's sentence. The September status conference and October control date put forward in the letter motion were proposed as a mechanism for the Court to maintain supervision over Mrs. Menendez's medical procedures—a close-to-real-time report on the September surgery, with the Court retaining oversight over any further scheduling.

Counsel's sole objective is to ensure that Mrs. Menendez may safely serve the sentence the Court has imposed, and we welcome any arrangement the Court deems appropriate to secure both that objective and the enforcement of the sentence. We thank the Court for its consideration of our letter motion, and we apologize again for the burden the timing of this filing imposed on the Court and the government.

Respectfully submitted,

*/s/ Edward J. Canter*
Edward J. Canter
LITSON PLLC
54 Music Square East, Suite 300
Nashville, Tennessee 37203

*Attorney for Nadine Menendez*

Cc:   All counsel of record (via ECF)

---

[3]   This change in the surgical plan also led to some initial confusion about which procedures had been performed on June 10, and that misunderstanding was communicated to BOP, *see* Ex. A—a further reason counsel took care to confirm the details and gather supporting documentation before finalizing the motion.